**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Karl Worthington, #018703
admin@wb-law.com
*Attorneys for Defendant Thomas C. Horne*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jane Doe, by her next friends and parents Helen Doe and James Doe; and Megan Roe, by her next friends and parents, Kate Roe and Robert Roe,** | Case No. 4:23-cv-00185-JGZ |
| **Plaintiffs,** | **DEFENDANT HORNE'S MOTION TO TRANSFER** |
| v. | |
| **Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene school District; the Gregory School; and Arizona Interscholastic Association, Inc.,** | |
| **Defendants.** | |

Defendant Thomas C. Horne in his official capacity as State Superintendent of Public Instructions ("Superintendent Horne") moves pursuant to 28 U.S.C. 1404(a) and (b) for transfer of this action to the Phoenix Division of the Arizona District Court.

## **FACTUAL BACKGROUND**

Nearly all of the parties to the lawsuit are located in the Phoenix area.

Case 4:23-cv-00185-JGZ   Document 21   Filed 05/02/23   Page 2 of 7

- Plaintiff Jane Doe resides in Maricopa County, Arizona and attends school in the Kyrene School District.
- Defendant Superintendent Horne resides in Maricopa County and the Arizona Department of Education which Horne leads is headquartered in Phoenix.
- Defendant Laura Toenjes, Superintendent of the Kyrene School District executes her official duties in Maricopa County.
- Defendant Kyrene School District is a public school district serving parts of Maricopa County.
- Defendant Arizona Interscholastic Association, Inc. ("AIA") is located in Phoenix.

Defendant The Gregory School is located in Tucson. But based on Superintendent Horne's understanding, The Gregory School is a nominal defendant only and does not intend to oppose or take an active role in litigating against Plaintiffs' lawsuit, meaning its location in Tucson is irrelevant for purposes of this motion.

Moreover, Superintendent Horne understands and anticipates that the Arizona Legislature will intervene in this lawsuit to defend the Statute. The Arizona Legislature is in Phoenix.

The only true party to this action with any relation to a Tucson venue is Plaintiff Megan Roe who resides in Pima County. The other parties are all located in Maricopa County, proximate to the Phoenix Division of the Arizona District Court.

Crucially, counsel for the parties are located in Phoenix. Even Plaintiffs are represented by local counsel in Phoenix, as is counsel for Superintendent Horne. The result is that all of the Arizona lawyers are located in Phoenix, none are located in Tucson. That makes an overwhelming difference in the expense to the parties in litigating this case. "[S]ince Plaintiff, Plaintiff's counsel, and Defendant's counsel reside in the Central District, it will be cheaper and more efficient for both parties to litigate there." *Park v. Dole Fresh Vegetables, Inc.,* 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013) (granting motion to transfer).

Neither The Gregory School nor the Kyrene School District have yet taken any action to apply the Statute against Plaintiffs. The only events that have occurred about which Plaintiffs complain are actions taken by the Legislature and Governor in Phoenix in adopting the Statute.

2

Moreover, if the Statute is applied against Plaintiffs, as discussed in the argument section, those actions will occur at least as much in Maricopa County as in Pima County. The witnesses relevant to this lawsuit are overwhelmingly located in Maricopa County. As further discussed below, the convenience of the witnesses is a crucial factor the Courts consider. Similarly, the documents that will be used in this lawsuit will primarily be records maintained in the Phoenix area.

Here are the reasons why Maricopa County is the most convenient forum:

- Location of the parties;
- Arizona statutes recognize the inconvenience of lawsuits against public officers in counties in which the public officers do not reside;
- Location of witnesses;
- Location of documents and other evidence.

## ARGUMENT

**A. DEFENDANT RESPECTFULLY REQUESTS TRANSFER TO THE PHOENIX DIVISION FOR THE CONVENIENCE OF THE PARTIES AND BASED ON THE FACTORS RELEVANT TO 28 U.S.C. 1404(a) & (b).**

Federal law provides a mechanism for a defendant like Superintendent Horne to request transfer of an action to another division where the lawsuit might have otherwise been brought:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . .
>
> Upon motion, . . . any action . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

28 U.S.C. 1404(a) & (b) (the "Transfer Statute").

The Transfer Statute expressly recognizes that the convenience of the parties and witnesses is a basis for transfer. And convenience is often the *primary* basis for ordering a transfer. "The convenience of witnesses 'is often the most important factor in resolving a motion to transfer.'" *Airbus DS Optronics GmbH v. Nivisys, LLC*, 2015 WL 3439143, 4 (D. Ariz.) *quoting Park v. Dole Fresh Vegetables, Inc.,* 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013).

The convenience of the parties becomes a much more significant factor when public officials are sued. That is because public officials, unlike others, are subject to being repeatedly

3

sued in their official capacity during their tenure. Because public officials are subject to more lawsuits based on their public service, the State of Arizona has enacted special venue provisions requiring that public officials be sued in a venue that is convenient to the public official. Thus, Arizona has elevated the convenience requirement reflected in The Statute to a strict limit on venue: "**Actions against public officers shall be brought in the county in which the officer, or one of several officers, holds office**." A.R.S. § 12-401.16 (emphasis added).

Arizona has also adopted a related statute applicable to all actions against the State: "In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, **the place of trial of any such action shall be changed to Maricopa county**." A.R.S § 12-822(B) (emphasis added).[1][2]

The statute under which Plaintiffs claim Tucson is the appropriate venue (because a defendant resides there) is prefaced by the following words: "Except as otherwise provided by law". 28 U.S.C. § 1391(a). The two Arizona statutes cited above are certainly "law" that "provides" for venue in Maricopa County for cases filed in state court. While these statutes may not be controlling in deciding whether to transfer a Federal lawsuit, they are powerful evidence that Arizona has considered the specific question of convenience to the State and to its public officers, and has determined that suits against the State and public officers are unreasonably inconvenient when filed outside of the county in which the officer resides. Superintendent Horne therefore requests that the Court recognize and grant due respect to Arizona's own considered determination regarding the convenience due to the State and its public officers. *Cf. Jones v. GNC*

---

[1] While most of the 19 provisions of A.R.S. § 401 are *permissive* regarding the location of a lawsuit outside the county in which the person resides (e.g., "[p]ersons who have contracted a debt or obligation in one county and thereafter remove to another county *may* be sued in either county") A.R.S. § 401.4 (emphasis added), both A.R.S. § 12-401.16 and A.R.S. 12-822(B) are mandatory, stating that a state-court lawsuit *must* be brought in Maricopa County (under the instant facts of this case).

[2] The attorney general will not be litigating this case and the decision that otherwise would have been hers under A.R.S § 12-822(B)—to require that venue for the action be changed to Maricopa County—falls to the head of the agency that will be defending itself without the Attorney General's assistance, i.e., Department of Education via its Superintendent.

*Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (deferring to California statute passed to protect California franchisees from the inconvenience of litigating in non-California venue: "We conclude and hold that § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue.")

In making its determination whether to transfer this case to the Phoenix Division, the Court should consider the following factors announced by the Ninth Circuit: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d at 498-99. These factors overwhelmingly indicate transfer to the Phoenix Division is warranted for the convenience of the witnesses and parties as well as discovery.

First, the actions about which Plaintiffs complain have thus far all occurred in Maricopa County (as the Statute has not yet been applied to the Plaintiffs) and if the Statute is subsequently applied against Plaintiffs those actions will occur in Maricopa County more than in Tucson.

Second, both Divisions are equally familiar with the governing law and that factor does not favor either venue.

Third, Plaintiffs chose Tucson as their forum, but that factor is overwhelmed by the other factors.

Fourth, the only active party having any contact with Tucson is Plaintiff Megan Roe. All of the other active parties have greater contacts with the Phoenix area. This factor cuts strongly in favor of transfer.

Fifth, Plaintiffs' contacts relating to the plaintiffs' cause of action in Phoenix are at least as great, and apparently greater than, their contacts with Tucson. This factor favors transfer to the Phoenix Division.

Sixth, because all the active litigants except one are located in Maricopa County, as are the majority of the witnesses, and counsel for the parties, it will be less expensive overall for the litigation to occur in Phoenix. This factor also favors transfer.

Seventh, because substantially more of the relevant witnesses and documents are located in the vicinity of Phoenix than in the vicinity of Tucson, this factor strongly favors transfer to Phoenix.

Eighth, the ease of access to sources of proof is greater in Phoenix than in Tucson due to the location of the witnesses, parties, and documents.

Thus, six of the eight factors favor transfer to Phoenix, one factor is neutral, and only one factor cuts against transfer to Phoenix. As noted, considerations of the convenience of a Phoenix venue are powerfully bolstered by Arizona statutes that expressly seek to protect public officers from the inconvenience of being sued outside of Maricopa County. Based on all of these considerations, Superintendent Horne respectfully requests the Court to transfer the lawsuit to the Phoenix Division.

**RESPECTFULLY SUBMITTED** on May 2, 2023.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
Karl Worthington, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendant Thomas C. Horne*

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrant:

By:/s/ Alice Nossett