D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Proposed Intervenor-Defendants President Petersen and Speaker Toma*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Reply in Support of Motion to Intervene of the President of the Arizona Senate and Speaker of the Arizona House of Representatives** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................... iii

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 2

   I.   Intervention should be granted as of right. ................................................... 2

     A.   Intervention is necessary to adequately represent the Legislative Leaders' interests. ................................................................................................................ 2

     1.   The existing defendants will not undoubtedly make all of the Legislative Leaders' arguments. ...................................................................................................... 3

     2.   The existing defendants are not capable or willing to make all of Legislative Leaders' arguments. ...................................................................................................... 4

     3.   The Legislative Leaders will offer necessary elements to the proceeding that other parties would neglect. ........................................................................................ 5

   B.   The Legislative Leaders have a significant protectable interest that will be impaired without their participation. ............................................................................... 6

     1.   The Legislative Leaders have an interest protectable under some law. ............. 6

     2.   A relationship exists between the legally protected interest and the claims at issue. .................................................................................................................... 7

   II.   Permissive intervention should be granted. ......................................... 8

CONCLUSION ..................................................................................................... 10

CERTIFICATE OF SERVICE .............................................................................. 12

ii

**TABLE OF AUTHORITIES**

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) ........................................................ 3

*Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269 (D. Ariz. 2020) .......................... 4

*Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191 (2022).................... 5, 7

*California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078 (9th Cir. 2022)........................................................................................................................... 6

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022) . 8, 9

*Coal. for Econ. Equity v. Wilson*, 122 F.3d 718 (9th Cir. 1997)........................................ 7

*Cooper v. Newsom*, 13 F.4th 857 (9th Cir. 2021) (VanDyke, J., dissenting) ................... 2

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir.1995)............. 2

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011)............... 8

*Isaacson v. Mayes*, No. CV-21-01417-PHX-DLR, 2023 WL 2403519 (D. Ariz. Mar. 8, 2023)............................................................................................................................. 6

*Maine v. Taylor*, 477 U.S. 131 (1986)................................................................................ 7

*Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) ............................ 7

*Miracle v. Hobbs*, 333 F.R.D. 151 (D. Ariz. 2019)............................................................ 8

*Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947 (9th Cir. 2009) ............................ 4

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ....................... 5, 6

*U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 (9th Cir. 1992) ............... 2

*United States v. City of Los Angeles, Cal.*, 288 F.3d 391 (9th Cir. 2002)................. 4, 7, 10

*United States v. Idaho*, 342 F.R.D. 144 (D. Idaho 2022) ........................................... 7, 10

*W. Watersheds Project v. Haaland*, 22 F.4th 828 (9th Cir. 2022) .................................... 4

*Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ........... 2, 6

*Women's Health Ctr. of W. Virginia v. Sheth*, No. 2:23-CV-00079, 2023 WL 2146255 (S.D.W. Va. Feb. 21, 2023)........................................................................................ 10

**Statutes**

A.R.S. § 12-1841 ................................................................................. 6

A.R.S. § 15-231 ................................................................................. 5

A.R.S. § 15-251 ................................................................................. 5

# INTRODUCTION

Plaintiffs oppose the Legislative Leaders' motion to intervene by arguing that the state defendant they selected is the only adequate representative to protect the State's interests.  But Plaintiffs' arguments fail.

Plaintiffs are incorrect that the Legislative Leaders are adequately represented by an existing party, as filings already demonstrate.  Unlike Defendant Horne, the Legislative Leaders filed a motion to dismiss, raised strong legal arguments, submitted three expert declarations prepared for this case, and did not suggest alternative remedies.  Horne has informed the court that the attorney general "has refused to pay for his independent counsel."  Horne's financial concern coupled with the filings to date make it apparent that Horne does not adequately represent the Legislative Leaders' interests.  The Legislative Leaders offer important contributions to the proceeding that Horne and other parties do not provide, from expert testimony to legal arguments.

Plaintiffs also are incorrect that the Legislative Leaders do not have a significant protectable interest that will be impaired without their participation.  The Ninth Circuit has recognized that state law can confer a protectable interest.  Here, Arizona law provides that interest by empowering the Legislative Leaders to intervene to defend the constitutionality of state law, which they are exercising in this case.  This interest will be impaired if they are not allowed to intervene.

The Legislative Leaders also satisfy the standard for permissive intervention.  Plaintiffs do not challenge the initial conditions under Rule 24 to establish permissive intervention.  Instead, they challenge only two of six discretionary factors.  As already demonstrated, Horne does not adequately represent the Legislative Leaders' interests.  And the Legislative Leaders will significantly contribute to full development of the underlying factual issues in the suit, such as through expert declarations, and to the just and equitable adjudication of the legal questions presented.

Therefore, the Legislative Leaders satisfy the requirements for both intervention as of right and permissive intervention.

1

**ARGUMENT**

**I.      Intervention should be granted as of right.**

Plaintiffs do not dispute the general principles favoring intervention. Mot. to Intervene of the President of the President of the Arizona Senate and Speaker of the Arizona House of Representatives, Doc. 19 ("Mot. to Intervene"), 3-4.  Courts construe the requirements to intervene as of right "broadly in favor of proposed intervenors." *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (holding the district court erred in denying government's motion to intervene).  "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.  By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir.1995) (reversing denial of State of Arizona's motion to intervene) (abrogated by further broadening of intervention under a specific statute in *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)) (internal quotation omitted) (emphasis original).  For these reasons, "there is a presumption in favor of intervention." *Cooper v. Newsom*, 13 F.4th 857, 870–71 (9th Cir. 2021) (VanDyke, J., dissenting) (internal quotation omitted).

Plaintiffs' arguments do not overcome the presumption and policy favoring the Legislative Leaders' intervention.

**A.      Intervention is necessary to adequately represent the Legislative Leaders' interests.**

Plaintiffs' primary argument against intervention is that Defendant Horne has retained experienced counsel and made statements in the press agreeing substantively with the challenged law.  Pls.' Opp'n to Mot. to Intervene, Doc. 35 ("Pls.' Opp'n"), 3-6.  But these points do not establish that the Legislative Leaders are adequately represented.

Plaintiffs concede that the Legislative Leaders need only show that representation

of their interests *may be* inadequate and that this showing should be treated as minimal. Mot. to Intervene, 10-11.  Plaintiffs also do not contest any of the three factors the Ninth Circuit evaluates to consider whether existing parties adequately represent the interests of the proposed intervenor.  *Id.* at 10 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  Each of these three factors satisfies the Legislative Leaders' minimal burden to show that representation of their interests may be inadequate.

### 1. The existing defendants will not undoubtedly make all of the Legislative Leaders' arguments.

Plaintiffs argue that the Legislative Leaders "fail to explain why any purported interests they have in this litigation will not be 'adequately represented by a present party to the action' now that Defendant Horne has made clear his intention to defend this lawsuit."  Pls.' Opp'n, 3.  As Plaintiffs note, the Legislative Leaders moved to intervene before any defendant filed an appearance or took any action.  *Id.* at 2.

Filings since the Legislative Leaders' motion confirm that their interests will not be adequately represented because Horne will not make all of the arguments the Legislative Leaders would make.[1]  The Legislative Leaders filed a proposed motion to dismiss Plaintiffs' Complaint.  [Intervenors' Proposed] Motion to Dismiss, Doc. 38-1.  Horne, on the other hand, filed an answer.  Def. Horne's Answer, Doc. 39.  In his answer, Horne did not specifically identify any affirmative defense or otherwise assert any of the dispositive arguments raised by Intervenors in their proposed motion to dismiss.  *Id.* at 7.  Horne's response to Plaintiffs' motion for preliminary injunction also did not make arguments raised by Intervenors, such as the definition of "sex" under Title IX.  *Compare* Def. Horne's Resp. to Pls.' Mot. for a Prelim. Inj., Doc. 40 ("Horne's PI Opp'n"), *with* [Intervenors' Proposed] Opp'n to Pls.' Mot. for a Prelim. Inj. and Mem. Of Law in Supp. Thereof, Doc. 38-2, 14-15.  And Horne suggested a remedy beyond the challenged law in the form of a court order requiring a co-ed team, which Horne believes "would be a much more

[1] Plaintiffs do not argue that any defendant other than Horne may represent the Legislative Leaders' interests.  Thus, Horne is the only defendant addressed in this reply.

3

reasonable proposed remedy." Horne's PI Opp'n, 16. The Legislative Leaders have not suggested any alternative relief.

These are more than "mere differences in litigation strategy." Pls.' Opp'n, 4-5. The Ninth Circuit reversed the denial of intervention as of right when the intervening party made a compelling showing of inadequate representation by identifying arguments that the existing parties did not raise. *W. Watersheds Project v. Haaland*, 22 F.4th 828, 841 (9th Cir. 2022) ("Thus, we need not determine whether these arguments are likely to prevail. That they are colorable is sufficient at this stage."). Even the case cited by Plaintiffs for their litigation-strategy argument ultimately granted intervention of right to one party and permissive intervention to a group of other parties. *See United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 402-03 (9th Cir. 2002). The differences identified by the Legislative Leaders comprise much more than the disagreement over three stipulated facts in another case cited by Plaintiffs. *See Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 954 (9th Cir. 2009). And the Legislative Leaders have provided specific examples of differences between them and Horne, unlike in another case cited by Plaintiffs. *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020). The Legislative Leaders have satisfied the minimal showing for the first adequacy of representation factor.

### 2. The existing defendants are not capable or willing to make all of Legislative Leaders' arguments.

Filings also show that Horne, through no fault of his own, is not capable of making all the arguments that the Legislative Leaders would make in this litigation. According to Horne, the attorney general "has refused to pay for his independent counsel." Horne's PI Opp'n, 3. Further, Horne directs a state agency that does not carry a budget for constitutional defense of statutes. Horne's opposition to Plaintiffs' motion for preliminary injunction also did not attach any expert declarations prepared for this litigation. Instead, Horne attached an affidavit prepared by an expert for a different litigation. Doc 40-1. Horne reports that he "will need at least 90 days to full develop more evidence in support of the scientific evidence referenced above." Horne's PI Opp'n, 3. The Legislative

Leaders, on the other hand, retained three experts who provided extensive declarations for this case, including the expert for whom Horne submitted a different case's affidavit.  *See* Docs. 38-3, 38-4, and 38-5.

Allowing Plaintiffs to benefit from litigating against a state official who does not typically defend the State and who does not have the budgetary resources for a complete, vigorous defense of the statute violates the same principles the *Berger* court identified when it held legislative leaders could intervene to defend their state's interests:

> It would encourage plaintiffs to make strategic choices to control which state agents they will face across the aisle in federal court.  It would tempt litigants to select as their defendants those individual officials they consider most sympathetic to their cause or most inclined to settle favorably and quickly.  All of which would risk a hobbled litigation rather than a full and fair adversarial testing of the State's interests and arguments.

*Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022).  The Legislative Leaders have satisfied the minimal showing for the second factor.

### 3.   The Legislative Leaders will offer necessary elements to the proceeding that other parties would neglect.

The Legislative Leaders will offer critical elements to the proceedings that would be neglected by other parties.  As the Superintendent of Public Instruction, Horne is responsible for superintending the schools of the state, directing the performance of the department of education, and executing polices of the state board of education.  A.R.S. §§ 15-231(B), 15-251.  The Legislative Leaders represent the interests of the legislature that passed the challenged law.  These interests may diverge as the litigation progresses since the interests of schools may not be the same as the interests of the legislature in the legislation.  "[I]t is not Applicants' burden at this stage in the litigation to anticipate specific differences in trial strategy.  It is sufficient for Applicants to show that, because of the difference in interests, it is likely that Defendants will not advance the same arguments as Applicants."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001) (reversing denial of motion for leave to intervene as of right).  The Legislative Leaders

have satisfied the minimal showing for the third factor.  In fact, the likelihood that Horne "will not advance the same arguments as Applicants," *id.*, is already manifest in the significant differences between Horne's and the Legislative Leaders' responsive pleadings and responses to the pending motion for preliminary injunction.

Accordingly, the Legislative Leaders have satisfied the minimal showing that Horne does not adequately represent their interests.

**B.    The Legislative Leaders have a significant protectable interest that will be impaired without their participation.**

Plaintiffs argue the statute authorizing the Legislative Leaders to intervene should be ignored based on their repeated argument that the "State" is defending the challenged law.  Pls.' Opp'n, 6.  Although not expressly argued by Plaintiffs, the Legislative Leaders satisfy both elements the Ninth Circuit considers to determine whether a significant protectable interest exists.  Mot. to Intervene, 6 (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) ("Rather, it is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.").

**1.    The Legislative Leaders have an interest protectable under some law.**

Plaintiffs attempt to discount § 12-1841 by arguing that it "does not negate or override the federal standard for intervention."  Pls.' Opp'n, 6.  This argument misses the mark.   Section 12-1841 recognizes that the Legislative Leaders have an interest in defending the constitutionality of a state law, and it protects that interest by authorizing them to intervene in that litigation.  A.R.S. § 12-1841(A), (D).  As this Court recently found, "§ 12-1841 nonetheless demonstrates Arizona has made a policy decision to vest in its legislative leaders an interest in defending the constitutionality of the legislature's enactments." *Isaacson v. Mayes*, No. CV-21-01417-PHX-DLR, 2023 WL 2403519, at *1 (D. Ariz. Mar. 8, 2023).  The Ninth Circuit has held that a state law provides a legally protected interest for purposes of Rule 24(a)(2). *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1092 (9th Cir. 2022).  In addition, "[n]o one

questions that States possess a legitimate interest in the continued enforcement of their own statutes." *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022)) (internal quotation omitted); *see also Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[A] State clearly has a legitimate interest in the continued enforceability of its own statutes.").

Contrary to Plaintiffs' claims, *Berger* abrogated *Miracle* by holding that legislative leaders could intervene to defend a challenged law on the reasoning that "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." *Berger*, 142 S. Ct. at 2201. And in the case that Plaintiffs rely on to argue that *Berger* did not materially change the law, the district court granted the Idaho Legislature permissive intervention to present evidence and arguments that were not covered by the State. *United States v. Idaho*, 342 F.R.D. 144, 152 (D. Idaho 2022). The *Idaho* decision also relied heavily on the fact that the named defendant was the State of Idaho, which included the legislature; and the fact that the state attorney general was defending the law—both facts that are not present in this litigation. Thus, the Legislative Leaders satisfy the significant interest requirement.

## 2. A relationship exists between the legally protected interest and the claims at issue.

The Legislative Leaders also satisfy the relationship requirement. "The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation omitted). "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (internal quotation omitted); *see also Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined").

Plaintiffs' reliance on *Miracle* is misplaced. Pls.' Opp'n, 4. In addition to no longer

7

being good law after *Berger*, *Miracle* relied on facts that distinguish it from this case. In *Miracle*, the Arizona attorney general was representing the defendant and already had moved to dismiss the complaint. *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D. Ariz. 2019). Here, the attorney general is not participating and Horne did not move to dismiss the complaint.

Granting Plaintiffs' relief and declaring that § 15-120.02 is unconstitutional affects the Legislative Leaders and satisfies both the relationship requirement and the practical impairment requirement.

## II.   Permissive intervention should be granted.

Plaintiffs incorrectly claim permissive intervention should be denied unless the Legislative Leaders can show that "their interests diverge from Defendant Horne's or that his defense will be inadequate to defend the Ban." Pls.' Opp'n, 7. Plaintiffs support their argument with a partial list of additional factors the court may consider in reaching its discretionary decision. *Id.* (quoting *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022)).

Before it reached any additional factors, *Callahan* noted that the district court may permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan*, 42 F.4th at 1022. All three elements are present here. First, jurisdiction exists because there is a federal question and the Legislative Leaders do not seek to bring any counterclaims or cross-claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("We therefore clarify that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."). Second, Plaintiffs do not contest the timeliness of the motion. Pls.' Opp'n, 2 n.1. Third, there is a common question of law and fact between the Legislative Leaders' defense and the main action as demonstrated by the Legislative Leaders' motion to dismiss and opposition to Plaintiffs' motion for preliminary injunction. Thus, the Legislative Leaders satisfy the

initial conditions for permissive intervention.

Plaintiffs do not contest the initial conditions for permissive intervention, and instead argue the factors that are considered only after the initial conditions are met. Therefore, Plaintiffs have conceded that the Legislative Leaders have met the initial conditions for permissive intervention.

The court may consider other factors after it determines that the initial conditions for permissive intervention are met. *Callahan* lists six factors: (1) "the nature and extent of the intervenors' interest;" (2) "their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case;" (3) "whether changes have occurred in the litigation so that intervention that was once denied should be reexamined;" (4) "whether the intervenors' interests are adequately represented by other parties;" (5) "whether intervention will prolong or unduly delay the litigation;" and (6) "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Callahan*, 42 F.4th at 1022. Plaintiffs offer argument only relating to factors (4) and (6).

With respect to the fourth factor, the Legislative Leaders already have demonstrated why Horne does not adequately represent their interests. Horne has not filed a motion to dismiss, has not raised certain legal arguments, and has not submitted expert declarations prepared for this case in opposition to the motion for preliminary injunction. The inadequacy of Horne's representation distinguishes this case from the decisions in *Arizonans for Fair Elections* and *Miracle*. The fourth factor favors the Legislative Leaders.

With respect to the sixth factor, the Legislative Leaders' participation will significantly contribute to full development of the underlying factual issues in the suit. The Legislative Leaders already have significantly contributed to the case by submitting three detailed expert declarations that address important factual issues. The Legislative Leaders' legal arguments, many of which have not been raised by Horne, will significantly contribute to the just and equitable adjudication of the legal questions presented.

The other factors also favor the Legislative Leaders. The Legislative Leaders have an interest conferred by state law in defending the constitutionality of state statutes. They have standing to raise legal issues that relate to the constitutionality of the challenged law. Intervention has not yet been considered. Finally, granting intervention at this early stage will not prolong or unduly delay the litigation, and indeed the Legislative Leaders already have filed a motion to dismiss and opposition to preliminary injunction on the same schedule as Horne. These factors favor the Legislative Leaders.

Permissive intervention was granted in several of the cases relied upon by Plaintiffs. *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403–04 (9th Cir. 2002); *United States v. Idaho*, 342 F.R.D. 144, 146 (D. Idaho 2022). Courts have granted permissive intervention even when state officials already were defending the law. *Idaho*, 342 F.R.D. at 146 (legislature granted permissive intervention even though state attorney general already defending the State); *Women's Health Ctr. of W. Virginia v. Sheth*, No. 2:23-CV-00079, 2023 WL 2146255, at *1–2 (S.D.W. Va. Feb. 21, 2023) (State, represented by attorney general, granted permissive intervention even though state officials named as defendants). In *Women's Health Center*, the court granted permissive intervention at the outset of the case so that it did not need to "reach any conclusions on the anticipated adequacy of the representation of existing parties." 2023 WL 2146255, at *2.

Therefore, in the event that the Court does not grant the Legislative Leaders intervention as of right, it should grant permissive intervention.

## CONCLUSION

The Legislative Leaders satisfy the requirements for intervention as of right and permissive intervention. Accordingly, the Legislative Leaders respectfully request that this Court grant them intervention as of right, or in the alternative, permissive intervention.

Dated: May 22, 2023

Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*_____
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
*\* pro hac vice*

*Attorneys for Proposed Intervenor-Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 22, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*