**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KRISTIAN E. NELSON, SBA No. 025111
Kristian.Nelson@lewisbrisbois.com
GREGG E. CLIFTON, SBA No. 028893
Gregg.Clifton@lewisbrisbois.com
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
azdocketing@lewisbrisbois.com

*Attorneys for Defendant*
*Arizona Interscholastic Association, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, TUCSON

| | |
|---|---|
| Jane Doe, by her next friends and parents Helen Doe and James Doe; and Megan Roe, by her next friends and parents, Kate Roe and Robert Roe,<br><br>Plaintiffs,<br><br>vs.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association, Inc.,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**DEFENDANT ARIZONA INTERSCHOLASTIC ASSOCIATION, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Arizona Interscholastic Association, Inc. (hereinafter "AIA"), through its counsel undersigned, for its Answer to Plaintiffs' Complaint ("PC") filed on April 17, 2023, hereby admits, denies and alleges as follows:

## **INTRODUCTION**

1. AIA admits the allegations contained in paragraph 1 of the PC.

2. AIA denies the allegations contained in paragraph 2 of PC.

3. AIA denies the allegations contained in paragraph 3 of PC.

4. The allegations contained in paragraph 4 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond. Nevertheless, to the extent the allegations in paragraph 4 of the PC could be considered factual in nature, AIA denies the same.

5. The allegations contained in paragraph 5 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond. Nevertheless, to the extent the allegations in paragraph 5 of the PC could be considered factual in nature, AIA denies the same.

6. AIA denies the allegations contained in paragraph 6 of PC to the extent they are directed at AIA.

**PARTIES**

**I.    Plaintiffs**

7. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of PC and, therefore, denies same by operation of law.

8. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of PC and, therefore, denies same by operation of law.

**II.    Defendants**

9. AIA admits the allegations contained in paragraph 9 of the PC.

10. AIA admits the allegations contained in paragraph 10 of the PC.

11. AIA admits only the allegations contained in the first sentence of paragraph 11 of the PC. AIA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of PC and, therefore, denies the same by operation of law.

12. AIA admits only the allegations contained in the first sentence of paragraph 12 of the PC that The Gregory School is a private middle and high school located in Tucson, Arizona. AIA lacks knowledge and information sufficient to form a belief as to the truth of



the remaining allegations contained in paragraph 12 of PC and, therefore, denies same by operation of law.

13. AIA admits only the allegations contained in paragraph 13 of the PC that AIA is a membership organization of public and private high schools that oversees interscholastic athletic competition in the State of Arizona. The remaining factual allegations contained in paragraph 13 of PC are denied.

## JURISDICTION AND VENUE

14. AIA admits Plaintiffs are attempting to assert a cause of action under 42 USC § 1983 for perceived deprivation of rights under the Constitution, Title IX, the ADA and the Rehabilitation Act.

15. AIA admits the allegations contained in paragraph 15 of the PC.

16. AIA admits the venue is proper in the United States District Court in and for the District of Arizona. AIA joins in Defendant Horne's assertion that the most convenient and cost-efficient venue for this action is in Phoenix, rather than Tucson.

17. AIA admits the allegations contained in paragraph 17 of the PC.

18. AIA admits only that the court has personal jurisdiction over AIA. AIA denies the remaining allegations contained in paragraph 18 of the PC.

## FACTUAL ALLEGATIONS

I.   **Arizona's Ban**

19. Given the vagueness of the allegations, AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of PC and, therefore, denies same by operation of law.

20. AIA admits only that it considered requests for students with gender identities different than what they were assigned at birth to participate on terms with the same gender designation. AIA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the PC and, therefore, denies the same by operation of law.

21. AIA admits the allegations contained in paragraph 21 of the PC.

22. AIA deny the allegations contained in paragraph 22 of the PC.

23. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of PC and, therefore, denies same by operation of law.

24. AIA admits A.R.S. § 15-120.02 passed the legislature and was signed into law by Governor Ducey in March 2022.

25. AIA denies that the allegations contained in paragraph 25 of the PC accurately recite A.R.S. §15-120.02.

26. AIA admits the allegations contained in paragraph 26 of the PC.

27. AIA denies the allegations contained in paragraph 27 of PC.

28. AIA denies the allegations contained in paragraph 28 of PC.

**II.  Transgender People and Sports**

29. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of PC and, therefore, denies same by operation of law.

30. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of PC and, therefore, denies same by operation of law.

31. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of PC and, therefore, denies same by operation of law.

32. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of PC and, therefore, denies same by operation of law.

33. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of PC and, therefore, denies same by operation of law.

34. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of PC and, therefore, denies same by operation of law.

35. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of PC and, therefore, denies same by operation of law.

36. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of PC and, therefore, denies same by operation of law.

37. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of PC and, therefore, denies same by operation of law.

### III. The Benefits of School Sports

38. AIA admits the allegations contained in paragraph 38 of the PC.

39. AIA admits the allegations contained in the first four sentences of paragraph 39 of the PC.  AIA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of PC and, therefore, denies same by operation of law.

40. AIA admits the allegations contained in paragraph 40 of the PC.

41. AIA admits the allegations contained in paragraph 41 of the PC.

42. AIA admits the allegations contained in paragraph 42 of the PC.

43. AIA admits the allegations contained in paragraph 43 of the PC.

### IV. Plaintiffs' Medical Treatment and Participation in Sports

**A. Jane Doe**

44. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of PC and, therefore, denies same by operation of law.

45. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of PC and, therefore, denies same by operation of law.

46. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of PC and, therefore, denies same by operation of law.

47. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of PC and, therefore, denies same by operation of law.

48. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of PC and, therefore, denies same by operation of law.

49. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of PC and, therefore, denies same by operation of law.

50. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of PC and, therefore, denies same by operation of law.

51. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of PC and, therefore, denies same by operation of law.

52. AIA denies the allegations contained in the first sentence of paragraph 52 of PC. AIA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of PC and, therefore, denies same by operation of law.

53. AIA denies the allegations contained in paragraph 53 of PC.

54. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of PC and, therefore, denies same by operation of law.

55. AIA denies the allegations contained in paragraph 55 of PC.

**B. <u>Megan Roe</u>**

56. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of PC and, therefore, denies same by operation of law.

57. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of PC and, therefore, denies same by operation of law.

58. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of PC and, therefore, denies same by operation of law.

59. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of PC and, therefore, denies same by operation of law.

60. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of PC and, therefore, denies same by operation of law.

61. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of PC and, therefore, denies same by operation of law.

62. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of PC and, therefore, denies same by operation of law.

63. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of PC and, therefore, denies same by operation of law.

64. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of PC and, therefore, denies same by operation of law.

65. AIA denies the allegations contained in the first sentence of paragraph 65 of PC. AIA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of PC and, therefore, denies same by operation of law.

66. AIA denies the allegations contained in paragraph 66 of PC.

67. AIA denies the allegations contained in paragraph 67 of PC.

## CLAIMS FOR RELIEF

### COUNT I

Deprivation of Equal Protection
U.S. Const. Amend. XIV
(Against Defendants Horne, Toenjes, Kyrene School District,
and the Arizona Interscholastic Association)

68. AIA incorporates by reference herein each and every response set forth above.

69. AIA admits the allegations contained in paragraph 69 of the PC.

70. The AIA admits only that Plaintiffs have quoted part of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

71. AIA denies the allegations contained in paragraph 71 of PC.

72. The allegations contained in paragraph 72 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond. Nevertheless, to the extent the allegations are considered to be factual in nature, the AIA denies the remaining allegations contained in Paragraph 72 of PC.

73. The allegations contained in Paragraph 73 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond.

Nevertheless, to the extent the allegations are considered to be factual AIA denies the remaining allegations contained in Paragraph 73 of PC.

### COUNT II

Violation of Title IX
20 U.S.C. § 1681, *et seq.*
(Against All Defendants)

74. AIA incorporates by reference herein each and every response set forth above.

75. AIA admits only that Plaintiffs have quoted part of Title IX.

76. AIA admits the allegations contained in paragraph 76 of the PC.

77. The allegations contained in paragraph 77 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond. Nevertheless, to the extent the allegations are considered to be factual in natures, AIA denies the remaining allegations contained in paragraph 77 of PC.

78. The allegations contained in paragraph 78 of PC are not factual in nature and instead amount to a legal conclusion for which Defendant is not required to respond. Nevertheless, to the extent the allegations are considered to be factual in nature, the AIA denies the remaining allegations contained in paragraph 78 of PC.

79. Based on the vagueness of the allegations, the AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of PC, and therefore denies same by operation of law.

80. AIA denies the allegations contained in paragraph 80 of PC.

### COUNT III

Discrimination On Basis of Disability
Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*
Section 504 of the Rehabilitation Act, 29 U.S.C. § 794
(Against All Defendants)

81. AIA incorporates by reference herein each and every response set forth above.

82. AIA admits only that Plaintiffs have quoted parts of the Americans with Disabilities Act and the Rehabilitation Act.

83. AIA admits the allegations contained in paragraph 83 of the PC.

84. AIA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of PC, AIA therefore denies same by operation of law.

85. AIA denies the allegations contained in paragraph 85 of PC.

86. AIA expressly denies any and all other allegations set forth in the PC that are not admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendant AIA affirmatively incorporates all defenses available under the Federal Rules of Civil Procedure, Rule 8, as well as all defenses that may be found and revealed by further discovery.

Defendant AIA affirmatively asserts that the claims against the AIA are not ripe and that the PC fails to state a viable cause of action against AIA because the AIA is not alleged to have violated the Constitution, Title IX, the ADA, or the Rehabilitation Act.

Defendant AIA affirmatively asserts that the claims against AIA also are not viable given that AIA does not control the determination of the designation of teams and does not control the determination of student eligibility, such decision being left to the principal or designated representative of the school.

**WHEREFORE,** Defendant AIA prays for judgment against Plaintiffs as follows:

1. For Plaintiffs to take nothing from AIA by this lawsuit;

2. For all claims against AIA to be dismissed with prejudice;

3. For AIA to be awarded its reasonable attorneys' fees in defending against this lawsuit;

4. For AIA to be awarded its costs of suit; and

5. For such other and further relief in favor of AIA as the Court may deem just and proper.

1    DATED this 25th day of May, 2023.

2                                           LEWIS BRISBOIS BISGAARD & SMITH LLP

3                                           By:    *Kristian E. Nelson*
4                                                  Kristian E. Nelson
                                                   Gregg E. Clifton
5                                                  *Attorneys for Defendant*
                                                   *Arizona Interscholastic Association, Inc.*



95391678.1                              11

## CERTIFICATE OF SERVICE

I certify that on May 25, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

Colin Proksel, Esq.
OSBORN MALEDON, P.A.
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793
cproksel@omlaw.com

Jyotin Hamid, Esq.
Justin R. Rassi, Esq.
Amy C. Zimmerman, Esq.
DEBEVOISE & PLIMPTON, LLP
66 Hudson Boulevard
New York, New York 10001
jhamid@debevoise.com
jrassi@debevoise.com
azimmerman@debevoise.com

Amy Whelan, Esq.
Rachel Berg, Esq.
NATIONAL CENTER FOR LESBIAN RIGHTS
Suite 370
870 Market Street
San Francisco, California 94102
awhelan@nclrights.org
rberg@nclrights.org

*Attorneys for Plaintiffs*

Dennis Ira Wilenchik, Esq.
WILENCHIK & BARTNESS, PC
Suite 103
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendant Thomas C. Horne*

Justin D. Smith, Esq.
Dean John Sauer, Esq.
JAMES OTIS LAW GROUP, LLC
Suite 300
13321 North Outer Forty Road
St. Louis, Missouri 63017
Justin.smith@james-otis.com
John.sauer@james-otis.com
*Attorneys for Proposed Intervenor-Defendants Senator Warren Peterson and Representative Ben Toma*

95391678.1

12

David Calvin Potts, Esq.
Ashley E. Caballero-Daltrey, Esq.
JONES SKELTON & HOCHULI, PLC
Suite 2700
40 North Central Avenue
Phoenix, Arizona  85004
dpotts@jshfirm.com
adaltrey@jshfirm.colm

Lisa Anne Smith, Esq.
DECONCINI MCDONALD YETWIN & LACY, P.C.
Suite 200
2525 East Broadway Boulevard
Tucson, Arizona  85716
lasmith@dmyl.com
*Attorneys for The Gregory School*

Jordan T. Ellel, Esq.
TEMPE TRI-DISTRICT LEGAL COUNSEL
500 West Guadalupe Road
Tempe, Arizona  85283
jellel@tempeunion.org
*Attorneys for Defendants
Kyrene Superintendent and Kyrene School District*

/s/ DC Hatheway