**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KRISTIAN E. NELSON, SBA No. 025111
Kristian.Nelson@lewisbrisbois.com
GREGG E. CLIFTON, SBA No. 028893
Gregg.Clifton@lewisbrisbois.com
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
azdocketing@lewisbrisbois.com

*Attorneys for Defendant*
*Arizona Interscholastic Association, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, TUCSON

| | |
|---|---|
| Jane Doe, by her next friends and parents Helen Doe and James Doe; and Megan Roe, by her next friends and parents, Kate Roe and Robert Roe,<br><br>Plaintiffs,<br><br>vs.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association, Inc.,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**DEFENDANT ARIZONA INTERSCHOLASTIC ASSOCIATION, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Arizona Interscholastic Association, Inc. ("AIA") supports all children's safe and healthy participation in athletic events – regardless of their assigned sex at birth or their gender identity. With that backdrop, it is clear that Plaintiffs' Motion for a Preliminary Injunction should be denied as to AIA because it is not AIA that enacted the Save Women's Sports Act (i.e., A.R.S. §15-120.02) and it is not AIA that enforces compliance with the statute. In fact, AIA does not have control over which students participate in sports or what designations are given to teams, as now required under the statute. As the AIA's

Constitution, Bylaw, Policies and Procedures make clear, it is the principal of each school that is ultimately responsible in all matters pertaining to interscholastic activities of each school, including student eligibility. Not only has AIA not taken any adverse action against Plaintiffs, AIA has not even adopted an association rule precluding the acts that Plaintiffs now claim must be enjoined. Thus, because Plaintiffs cannot show a high likelihood of prevailing on the merits of their claims against AIA and cannot demonstrate irreparable harm if an injunction is not issued against AIA, the Motion for Preliminary Injunction should be denied as to AIA.

AIA's Response to Plaintiffs' Motion for Preliminary Injunction is supported by the following memorandum of points and authorities and the attached exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

The AIA is a non-profit corporation under the laws of the state of Arizona, operating as a voluntary association of member high schools. *See* AIA's 2022-2023 Constitution, Bylaws, Policies and Procedures, Article 1, ¶1.1., a copy of which is attached as **Exhibit 1**. The AIA's philosophy is that "interscholastic athletics and activities are beneficial to the total education program." *Id*. at ¶1.3. And to this end, the AIA "is committed to the inclusion of equitable interscholastic opportunities for both girls and boys in all AIA member high schools." *Id*. at ¶ 1.3.1.

When it comes to determining which sports a member high school will assemble teams for and how teams will be designated (i.e., boys only, girls only, or co-ed), such decision is ultimately left to the principal of each member school. *Id*. at Article 2, ¶2.5.2 ("School Principal - Final authority and ultimate responsibility in all matters pertaining to interscholastic activities of each school shall be vested in the school principal."). This includes the responsibility for verifying all student eligibility rules. *Id*. at ¶2.5.3 ("The school administration must assume responsibility for verification of all student eligibility

rules."). And, when it comes to participation in sports, the AIA has adopted a Transgender Policy for its members that is inclusive of all students:

> GENDER IDENTITY PARTICIPATION – all students should have the opportunity to participate in Arizona Interscholastic Association (AIA) activities in a manner that is consistent with their gender identity, irrespective of the sex listed on a student's eligibility for participation in interscholastic athletics or in a gender that does not match the sex at birth . . .

*Id* at Article 41, ¶41.9. In fact, as Plaintiffs even point out in their Complaint, prior to the enactment of the Save Women's Sports Act, the AIA permitted students whose gender identities were different than those assigned to them at birth to participate in interscholastic events on teams whose gender matched the student's gender identity. *See* Doc. 1 (Complaint) at ¶¶20, 21. At no point in time since the adoption of the new statute has the AIA amended[1] its Transgender Policy, nor has it taken any adverse action with respect to Plaintiffs. Thus, this action is not one based on past discriminatory practices, but rather pure speculation as to what may happen in the future when school principals (not the AIA) determine how to comply with the newly enacted law.[2]

## II. Legal Argument

### a. Standard for Preliminary Injunction

The Supreme Court has called preliminary injunctions "drastic and extraordinary". *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) ("An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."). A preliminary injunction therefore "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citation omitted) (emphasis added in Mazurek); *accord Winter*, 555

---

[1] In April 2023, AIA was contacted by a staff member of the Arizona legislature and notified of the enactment of A.R.S. §15-120.02. The AIA added, on an emergent basis, a prefatory statement acknowledging its awareness of the new law, but did not modify the substantive policy in any manner.

[2] *See, e.g.,* Motion for Preliminary Injunction at 4:23 (Speaking in the future tense, the statute "will apply when [Jane Doe] enters Kyrene Aprende Middle School tis July.").



95422817.1                                   3

U.S. at 22 (recognizing that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief") (citing Mazurek). "A plaintiff seeking a preliminary injunction must establish (1) that [the plaintiff] is likely to succeed on the merits, (2) that [the plaintiff] is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [the plaintiffs] favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Plaintiffs' Motion fails to establish these factors as it concerns AIA.

      b. **The Request for a Preliminary Injunction Against AIA Should Be Denied Because Plaintiffs Are Unlikely to Prevail on the Merits of Their Claims Against AIA at the Time of Trial.**

Plaintiffs are asserting 1983 claims against the AIA for purported violations of the Fourteenth Amendment to the U.S. Constitution, violations of Title IX, violations of the Americans with Disabilities Act, and violations of the Rehabilitation Act. Yet, Plaintiffs point to no act by AIA in their Complaint evidencing a violation of any of these federal laws. In fact, Plaintiffs' point out in their Complaint and Motion that prior to the adoption of the Save Women's Sports Act, the AIA considered requests by students who have a gender identity that is different than the one assigned to them at birth to participate on teams where the biological genders of the other participants were different. See Doc. 3 (Motion for Preliminary Injunction) at 6:20-24. Thus, Plaintiffs will not be able to demonstrate at trial that the AIA violated their equal protection rights under the Fourteenth Amendment of the Constitution or otherwise discriminated against them on the basis of their sex. Further, if the newly enacted statute is held to be constitutional, Plaintiffs claims against the AIA for any act that it may end up taking to adhere to the requirements (if any) will fail as a matter of law. Simply put, citizens and organizations like the AIA do not have discretion to disregard validly enacted laws of the State of Arizona. Because Plaintiffs fail to establish a likelihood of prevailing on the merits of their claims against the AIA, the Court need not go any further and should summarily deny the Motion for Preliminary Injunction as it concerns

the AIA. *See Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary").

    c. **The Request for a Preliminary Injunction Against AIA Should Be Denied Because Plaintiffs Fails to Demonstrate Irreparable Harm Should a Preliminary Injunction Not Be Granted Against AIA.**

As mentioned above, the AIA has not changed its Transgender Policy. Further, nowhere is it alleged that the AIA has taken any action that discriminates on the basis of sex or violates the equal protection clause of the Fourteenth Amendment. Simply put, Plaintiffs fail to identify why an injunction preventing any act by the AIA is necessary and without which they would suffer irreparable harm. Plaintiffs are free to challenge the constitutionality of the Save Women's Sports Act and Defendant Horne and representatives of the Arizona legislature are free to defend the same, but that does not show a need for the issuance of a preliminary injunction against the AIA. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").[3]

---

[3] With respect to the third factor, a district court "must balance the harm that will occur to the moving party from the denial of the preliminary injunction with the harm that the non-moving party will incur if the injunction is granted." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988). There will be no harm to Plaintiffs if a preliminary injunction is not granted, as they will still be free to participate in sports given subsection (b) of the statute does not prevent participation based on biological gender assignment, using only the phrase "male sex." With respect to the fourth factor, "the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Id*. at 1458. "[T]he public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction" when an injunction's reach "is narrow, limited only to the parties, and has no impact on non-parties." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138-39 (9th Cir. 2009). Because Plaintiffs only appear to seek an injunction that applies to them, public interest is a neutral factor in the analysis.



### III. Conclusion

In sum, Plaintiffs' Motion for a Preliminary Injunction as to Defendant AIA should be denied because Plaintiffs fail to show a highly likelihood of succeeding on the merits of their claims against the AIA and because they fail to show that they will suffer irreparable harm if an injunction is not granted. Again, the AIA supports all children's safe and healthy participation in athletic events – regardless of their assigned sex at birth or their gender identity – and has never taken or threatened action against Plaintiffs that now needs to be enjoined.

DATED this 25th day of May, 2023.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     Kristian E. Nelson
       Kristian E. Nelson
       Gregg E. Clifton
       *Attorneys for Defendant*
       *Arizona Interscholastic Association, Inc.*

# CERTIFICATE OF SERVICE

I certify that on May 25, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

Colin Proksel, Esq.
OSBORN MALEDON, P.A.
21st Floor
2929 North Central Avenue
Phoenix, Arizona  85012-2793
cproksel@omlaw.com

Jyotin Hamid, Esq.
Justin R. Rassi, Esq.
Amy C. Zimmerman, Esq.
DEBEVOISE & PLIMPTON, LLP
66 Hudson Boulevard
New York, New York  10001
jhamid@debevoise.com
jrassi@debevoise.com
azimmerman@debevoise.com

Amy Whelan, Esq.
Rachel Berg, Esq.
NATIONAL CENTER FOR LESBIAN RIGHTS
Suite 370
870 Market Street
San Francisco, California  94102
awhelan@nclrights.org
rberg@nclrights.org

*Attorneys for Plaintiffs*

Dennis Ira Wilenchik, Esq.
WILENCHIK & BARTNESS, PC
Suite 103
2810 North Third Street
Phoenix, Arizona  85004
admin@wb-law.com
*Attorneys for Defendant Thomas C. Horne*

Justin D. Smith, Esq.
Dean John Sauer, Esq.
JAMES OTIS LAW GROUP, LLC
Suite 300
13321 North Outer Forty Road
St. Louis, Missouri  63017
Justin.smith@james-otis.com
John.sauer@james-otis.com
*Attorneys for Proposed Intervenor-Defendants Senator Warren Peterson and Representative Ben Toma*

95422817.1

7

David Calvin Potts, Esq.
Ashley E. Caballero-Daltrey, Esq.
JONES SKELTON & HOCHULI, PLC
Suite 2700
40 North Central Avenue
Phoenix, Arizona  85004
dpotts@jshfirm.com
adaltrey@jshfirm.colm

Lisa Anne Smith, Esq.
DECONCINI MCDONALD YETWIN & LACY, P.C.
Suite 200
2525 East Broadway Boulevard
Tucson, Arizona  85716
lasmith@dmyl.com
*Attorneys for The Gregory School*

Jordan T. Ellel, Esq.
TEMPE TRI-DISTRICT LEGAL COUNSEL
500 West Guadalupe Road
Tempe, Arizona  85283
jellel@tempeunion.org
*Attorneys for Defendants
Kyrene Superintendent and Kyrene School District*

/s/ DC Hatheway