**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Pending before the Court is Defendant Horne's Motion to Transfer this case to the Phoenix Division of the District of Arizona. (Doc. 21.) Plaintiffs and Defendant The Gregory School oppose transfer. (Docs. 27, 34.) Defendant Horne filed a Reply. (Doc. 47.) For the following reasons, the Court will deny the Motion.

## BACKGROUND

On April 17, 2023, Plaintiffs Megan Roe and Jane Doe filed suit against Thomas C. Horne, Arizona's State Superintendent of Public Instruction, The Gregory School (TGS), Arizona Interscholastic Association, Inc. (AIA), the Kyrene School District, and Laura Toenjes, the Superintendent of Kyrene School District, seeking declaratory and injunctive relief. (Docs. 1, 2.) Plaintiffs allege that A.R.S. § 15-120.02, which prohibits transgender girls from participating in an athletic team or sport designated for "females," "women," or "girls," violates the Equal Protection Clause of the Fourteenth Amendment, Title IX, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

(*Id.* ¶ 3–5.)

Megan Roe is a fifteen year-old girl who resides in Pima County and attends TGS, a private middle and high school located in Tucson, Arizona. (Doc. 1 ¶¶ 12, 56.) Megan intends to try out for the girls' volleyball team at TGS in the fall, but Section 15-120.02 prohibits her from participating because she is transgender. (*Id.* ¶¶ 63–64.) Jane Doe is an eleven year-old girl who will attend Kyrene Aprende Middle School in Chandler, Arizona in July 2023 and intends to try out for the girls' soccer, cross-country, and basketball teams. (*Id.* ¶¶ 44, 49–50.) Under Section 15-120.02, Jane cannot participate in the girls' teams because she is transgender. (*Id.* ¶ 54.)

On May 2, 2023, Defendant Horne filed the present Motion to Transfer, requesting that the Court transfer this case to the Phoenix Division because "Maricopa County is the most convenient forum." (Doc 21 at 3.) Plaintiffs, who chose the Tucson Division of this Court as the forum for their suit, oppose the motion. Plaintiffs argue that the convenience of the parties, the convenience of the witnesses, and the interests of justice do not justify transfer. (Doc. 34 at 4.) TGS also opposes transfer and asserts Phoenix is not more convenient, for the parties or potential witnesses, than Tucson.[1] (Doc. 27 at 6.)

## DISCUSSION

Under 28 U.S.C. § 1404(a), a party may move for transfer, and a district court has discretion to transfer, any civil action to any other district or division where it might have been brought, for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To determine whether the convenience of the parties, the convenience of the witnesses, and the interests of justice favor transfer, the court may consider the following factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff' cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of

---

[1] Defendants Laura Toenjes and the Kyrene School District have not appeared in this matter. Defendant AIA has appeared but did not respond to the Motion to Transfer.

- 2 -

proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The relevant public policy of the forum state, if any, may also be a factor to determine if transfer is in the interest of justice. *Id.* at 499 n.2. A party moving to transfer venue must "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This showing requires a demonstration that the alternate forum is *more* convenient, "not a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

The Court concludes that the factors do not weigh in favor of transferring venue to the Phoenix Division. The first, second, and seventh *Jones* factors are irrelevant because there is no agreement at issue, the Tucson and Phoenix Divisions are equally familiar with Arizona law, and a district judge in Tucson has the same power to issue subpoenas as a district judge in Phoenix.

As to the third factor, Plaintiffs have chosen the Tucson Division as their forum, which weighs against transfer, and Plaintiff Megan Roe resides and attends school in Tucson. *See Warfield v. Gardner*, 346 F. Supp. 2d 1033, 1044 (D. Ariz. 2004) (plaintiff's choice of home forum is to be given substantial deference). While Jane Doe resides in Maricopa County and will attend school in Chandler, this fact "does not undermine the weight to be given plaintiffs' choice of forum." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3 772, 778–79 (N.D. Cal. 2014).

The fourth and fifth *Jones* factors similarly do not weigh in favor of transfer, because Megan Roe and Defendant TGS have significant contacts within the Tucson Division, and Defendants Horne and AIA serve residents of the entire state of Arizona, which includes both the Tucson and Phoenix divisions.

Defendant Horne asserts that the sixth and eighth *Jones* factors favor transfer to the Phoenix Division because the majority of potential witnesses, counsel for the parties, and relevant documents are located "in the vicinity of Phoenix" and thus "it will be less expensive overall" and easier to access sources of proof if the litigation is in Phoenix. (Doc. 21 at 6.)  Defendant TGS contests Horne's assertion that the Phoenix Division will

be a less expensive forum because "every attorney in this matter has, for the past three years, become accustomed to litigating remotely. . . . To the extent that discovery is conducted in-person, the venue for the case makes no difference—Phoenix witnesses will be deposed in Phoenix and Tucson witnesses will be deposed in Tucson, just as they would in any other case." (Doc. 27 at 5.) Further, because discovery is likely to be primarily electronic, discovery costs should be about the same in either the Phoenix Division or the Tucson Division. The Court agrees and finds that the sixth factor does not weigh in favor of transfer. *See Magedson v. Whitney Info. Network, Inc.*, 2009 WL 113477, at *5 (D. Ariz. Jan. 16, 2009) (concluding in 2009 that discovery costs should be about the same in Florida or Arizona given recent advances in electronic communication and document production). Defendant Horne does not specify how potential witnesses based in Phoenix, Maricopa County, or elsewhere who would be significantly inconvenienced by or unable to travel to Tucson as opposed to Phoenix. And the location of counsel is immaterial to the consideration of a motion to transfer venue. *See Carranza-Contreras v. Ally Fin. Inc.*, 2019 WL 3766984, at *2 (D. Ariz. Aug. 9, 2019).[2]

As to the eighth factor, TGS maintains that any discovery it finds necessary will occur in Tucson, such that "ease of access" is better in the Tucson Division. (*Id.*) Defendant Horne does not explain why ease of access to sources of proof is greater in Phoenix than in Tucson when the parties reside in both Pima and Maricopa counties, potential witnesses are likely to reside in both Phoenix and Tucson, and any documentation is likely to be electronic. The eighth factor does not weigh in favor of transfer.

Defendant Horne asserts that the convenience of public official defendants should overcome the Plaintiffs' choice of forum because public officials are subject to repeated suit and A.R.S. § 12-401.16 requires actions against public officers to be brought in the county of the officeholder. (Doc. 21 at 4.) It is true that the Ninth Circuit has recognized that public policy of a state venue law may be relevant to the consideration of whether transferring venue is in the interest of justice. *See Jones*, 211 F.3d at 498–99 (considering

---

[2] Regardless, at least two attorneys appearing in this matter reside in Tucson.

public policy declared by California statute, which voided any forum selection clause in a franchise agreement limiting venue to a non-California forum, as one factor in finding California was a more appropriate forum than Pennsylvania). Defendant Horne asserts that the public policy of Section 12-401.16 is to ensure public officials "may only be sued, in a state-court lawsuit, in a venue that is convenient to the public official." (Doc. 47 at 2.) In this federal court action, the Court must consider the convenience of the parties, as well as the witnesses, to determine if transferring venue is appropriate and in the interest of justice. Taking Arizona's public policy into account, the Court finds that Defendant Horne has not shown that the Phoenix Division is a more convenient forum than the Tucson Division.

On the other hand, the Phoenix Division would be more inconvenient than the Tucson Division for Plaintiffs. As Plaintiffs state: "Plaintiffs are individual minors, appearing in this case through their parents, and an evidentiary hearing or trial could pose a considerable burden to them and their families, with whom they would need to travel." (Doc. 34 at 7.) Plaintiffs have elected to bring their case in the Tucson Division because it "poses the least burden to them under the circumstances." (*Id.*) Generally, shifting the burden of inconvenience from some Defendants to some Plaintiffs does not justify the intradistrict transfer of a case. *See Carranza-Contreras*, 2019 WL 3766984, at *2. In light of Plaintiffs' choice of the Tucson Division as the forum for their suit and Defendant Horne's failure to demonstrate that the Phoenix Division is a more convenient forum for the parties or witnesses, the Court finds that transferring venue is not in the interest of justice.

//
//

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Horne's Motion to Transfer (Doc. 21) is **DENIED**.

Dated this 25th day of May, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge