**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Pending before the Court is Defendant Horne's Motion for Reconsideration. (Doc. 67.) Pursuant to Local Rule of Civil Procedure 7.2(g), Defendant Horne requests that the Court reconsider its May 26, 2023 Order, (Doc. 52), denying Defendant Horne's Motion to Transfer.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. *Id.*

A court may construe a motion to reconsider brought under its local rules as a motion filed pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991). It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *School Dist. No. 1J, Multnomah County v.*

*ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id.* (quoting *Fuller*, 950 F.2d at 1442); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Defendant Horne's Motion to Transfer, the Court's May 26, 2023 Order, and the Motion for Reconsideration. The Court finds no basis to reconsider its decision. Thus, the Court will deny the motion.

Accordingly,

**IT IS ORDERED** that Defendant Horne's Motion for Reconsideration (Doc. 67) is **DENIED**.

Dated this 2nd day of June, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge