D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Proposed Intervenor-Defendants President Petersen and Speaker Toma*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **Proposed Intervenors' Response to Plaintiffs' Motion to Strike the Proposed Intervenors' Proposed Motion to Dismiss** |

Plaintiffs' Motion to Strike Proposed Intervenors' Proposed Motion to Dismiss, Doc. 63, contends that the proposed motion fails to satisfy the meet-and-confer requirement of Local Civil Rule 12.1(c) and this Court's Notice to the Parties of April 19, 2023, Doc. 13. This motion lacks merit because it is both premature and moot.

## PROCEDURAL BACKGROUND

Plaintiffs filed this case challenging the validity of an Arizona statute on April 17, 2023. Doc. 1. On April 21, 2023, the Attorney General of Arizona notified the State Superintendent of Public Instruction that the Attorney General would not defend the statute and authorized the Superintendent to employ outside legal counsel under A.R.S. § 41-192(E) to defend the statute. Doc. 19-1, at 1. The Attorney General did not, however, provide any funding to pay outside counsel, thus requiring the Superintendent "to make expenditures and incur indebtedness to employ attorneys to provide the representation." A.R.S. § 41-192(E). The Superintendent's budget does not include appropriations for litigation in federal court to defend Arizona statutes, so the Superintendent was left to defend the statute's validity under significant resource constraints. *See* Doc. 43, at 1.

On May 1, 2023, Proposed Intervenors, President of the Arizona Senate Warren Petersen and Speaker of the Arizona House of Representatives Ben Toma, filed a motion to intervene to defend the statute passed by the Arizona legislature. Doc. 19. Because the motion to intervene was filed before responsive pleadings were due from the existing defendants, Proposed Intervenors noted that they would file their proposed pleading in intervention later. Doc. 19, at 1-2 n.1. On May 18, 2023—the date that the existing parties stipulated as the due date for responsive pleadings—Proposed Intervenors filed a proposed motion to dismiss as their proposed pleading in intervention, Doc. 38-1, along with a proposed brief in opposition to Plaintiffs' motion for preliminary injunction, which the proposed motion to dismiss partially incorporates by reference, Doc. 38-2. Proposed Intervenors' motion to intervene is fully briefed, and the Court has not yet ruled on it.

**ARGUMENT**

Plaintiffs' Motion to Strike should be denied because it is both premature and moot. It is premature because the meet-and-confer requirement applies to a "party" filing a motion under "Federal Rule of Civil Procedure 12(b)(6)." Proposed Intervenors are not yet parties because the Court has not yet ruled on their motion to intervene, and they have filed their proposed motion to dismiss as a proposed pleading in intervention under Rule 24(c); they have not yet filed a motion under Rule 12(b)(6). In the alternative, the motion to strike is moot because, if the requirement applies, Proposed Intervenors have satisfied it by advising Plaintiffs with the relief requested in their proposed motion to dismiss and requesting that they amend their Complaint accordingly.

**A.   The Motion to Strike is premature because Proposed Intervenors are not yet parties.**

First, Plaintiffs' motion to strike is premature. This Court's Civil Local Rule 12.1(c) calls for existing parties to meet and confer about a possible neutralizing amendment before filing a motion to dismiss under Rule 12(b)(6). The Rule states that

> [n]o motion to dismiss for failure to state a claim … *pursuant to Federal Rule of Civil Procedure 12(b)(6)* … will be considered or decided unless the moving *party* includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by possible amendment offered by the pleading party.

D. Ariz. LRCiv. 12.1(c) (emphases added).

Because the Court has not yet ruled on their motion to intervene, Proposed Intervenors are not yet "parties" to the case. *See, e.g.,* Fed. R. Civ. P. 24(b)(2), (b)(3), (c) (distinguishing proposed intervenors from "parties" to the case); *Gomez v. City of Chicago*, No. 85 C 149, 1986 WL 8733, at *1 (N.D. Ill. Aug. 1, 1986) ("[P]roposed intervenors, not being parties to this action, cannot seek reinstatement of this case …."). Thus, Proposed Intervenors have not yet filed a motion to dismiss "pursuant to Federal Rule of Civil

2

Procedure 12(b)(6)"—they have filed a *proposed* motion to dismiss as their proposed pleading in intervention under Fed. R. Civ. P. 24(c). *See* Doc. 38 (noting that Proposed Intervenors' proposed motion to dismiss is filed "[p]ursuant to Rule 24(c)"). Once they are granted leave to intervene, Proposed Intervenors plan to file their proposed motion as a motion to dismiss under Rule 12(b)(6), to which the conference requirement of Local Civil Rule 12.1(c) will then apply.

Proposed Intervenors' approach is also consistent with this Court's Order of April 19, 2023, which is entitled "Notice to the *Parties*" and begins, "The *Parties* Are Advised." Doc. 13, at 1 (emphases added). That order, like the Local Rule itself, notes that the "moving *party*" should confer with the "opposing *party*" before filing a motion to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id.* (emphases added). As noted, Proposed Intervenors are not yet parties and have not yet filed a motion to dismiss under Rule 12(b)(6)—they are proposed parties who have filed a proposed motion to dismiss under Rule 12(b)(6) as a proposed pleading in intervention under Rule 24(c).

This approach, moreover, is consistent with the purposes of Local Civil Rule 12.1(c). Plaintiffs dispute Proposed Intervenors' right to file a motion to dismiss at all, because they oppose Proposed Intervenors' motion to intervene. Doc. 35. Plaintiffs, therefore, are quite unlikely to agree to amend their pleading to obviate issues raised in Proposed Intervenors' proposed motion to dismiss, when they dispute that the motion should be filed at all. The conference requirement is more likely to be effective once Proposed Intervenors have been granted intervention and their right to file the proposed motion to dismiss is established by the Court.

Moreover, if the purpose of the Rule is to avoid unnecessary motion practice, Plaintiffs could have raised this issue before they filed their Motion to Strike, and Proposed Intervenors would have been happy to confer with them. Plaintiffs did not do so, instead filing a motion to strike along with a written response to the proposed motion to dismiss that does not suggest any willingness to amend their pleading to address Proposed Intervenors' arguments. Doc. 64, at 9-12. This unnecessary motion practice could have

3

been avoided if Plaintiffs had contacted Proposed Intervenors before filing their Motion to Strike and advised Proposed Intervenors of their view that the conferral requirement of Local Civil Rule 12.1(c) applies before intervention is granted.

**B.  The motion to strike is moot because Proposed Intervenors have complied with the conference requirement of Local Rule 12.1(c).**

In the alternative, the Motion to Strike is moot. If the conference requirement of Local Civil Rule 12.1(c) applies to Proposed Intervenors, Plaintiffs' motion to strike is moot because Proposed Intervenors have satisfied the conference requirement. On June 6, 2023, after receiving Plaintiffs' Motion to Strike, in order to obviate this issue and prevent further needless motion practice, Proposed Intervenors formally notified Plaintiffs by email of the issues raised in their proposed motion to dismiss by emailing them a copy of the motion and their proposed preliminary-injunction opposition brief, and requesting that they amend their pleading accordingly. On June 7, 2023, Proposed Intervenors followed up with another email to Plaintiffs, seeking to confer with them on this issue. Plaintiffs have not responded to either email, despite engaging in a series of other case-related communications in the same time frame. Attached to this response as Exhibit A is an updated version of Proposed Intervenors' Proposed Motion to Dismiss that includes the certification provided in Local Civil Rule 12.1(c).

In the sole case cited by Plaintiffs, this Court struck an intervenor's proposed motion to dismiss for failure to comply with Local Rule 12.1(c). *Center for Biological Diversity v. Jewell*, No. CV-15-00019-TUC-JGZ, 2015 WL 13037049 (D. Ariz. May 12, 2015), at *1. Then the Court (1) ruled that a proposed motion to dismiss is a proper proposed pleading in intervention under "the Ninth Circuit's liberal reading of the Rule 24(c) requirement," (2) granted the proposed intervenor leave to intervene, and (3) granted the intervenor leave to "file its Motion to Dismiss, if it has first complied with the Court's April 27, 2015 order," which had required "a certification that the moving party notified the plaintiff of alleged defects in the complaint." *Id.* at *2. So also here, if the Court determines that Proposed Intervenors should have conferred with Plaintiffs under LRCiv

12.1(c) before filing their proposed motion to dismiss as their proposed pleading in intervention, the Court should grant Proposed Intervenors' leave to file the attached version of their Proposed Motion to Dismiss, which includes the certification required by Local Rule 12.1(c) and this Court's April 19, 2023 order, as their proposed pleading in intervention.  *See* Ex. A, attached.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion to Strike, Doc. 63, should be denied.

Dated: June 8, 2023                                   Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Proposed Intervenor-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 8, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*