D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Proposed Intervenor-Defendants President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **[Intervenors' Proposed] Motion to Dismiss** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... iii

CERTIFICATION UNDER LOCAL CIVIL RULE 12.1(c) ............................................. 1

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD ....................................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.   Plaintiffs' Equal Protection Clause and Title IX claims should be dismissed. .......... 2

    II.   Plaintiffs' Americans with Disability Act claim should be dismissed. ................. 2

        A.   Congress expressly excluded Plaintiffs' gender dysphoria—known at that time as gender identity disorder—from the definition of "disability" in the Americans with Disability Act ..................................................................................................... 2

        B.   Plaintiffs do not provide factual allegations that their gender identity results from a physical impairment. ....................................................................................... 4

        C.   Plaintiffs do not allege a major life activity has been substantially limited. ....... 5

        D.   The Fourth Circuit's decision is unpersuasive and inconsistent with the statutory text………………………………………………………………………………….6

CONCLUSION ................................................................................................................. 7

CERTIFICATE OF SERVICE ......................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075 (9th Cir. 2015) .............................. 2

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ................................. 1, 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 1

*Diamond v. Allen*, No. 7:14–CV–124 HL, 2014 WL 6461730 (M.D. Ga. Nov. 17, 2014) 4

*E.E.O.C. v. United Parcel Serv., Inc.*, 306 F.3d 794 (9th Cir.), *opinion amended on denial of reh'g*, 311 F.3d 1132 (9th Cir. 2002) ........................................................................ 5

*F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307 (1993) ...................................................... 2

*Griego v. Barton Leasing Inc.*, No. 08–cv2325, 2010 WL 618281 (D. Colo. Feb. 19, 2010) ............................................................................................................................... 5

*Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, (4th Cir. 2020), *as amended* (Aug. 28, 2020) ............................................................................................................................ 2, 3

*Gulley–Fernandez v. Wisconsin Dep't of Corr.*, No. 15–CV–995, 2015 WL 7777997 (E.D. Wis. Dec. 1, 2015) ........................................................................................................ 4

*Kastl v. Maricopa Cty. Cmty. Coll. Dist.*, No. CIV.02–1531PHX–SRB, 2004 WL 2008954 (D. Ariz. June 3, 2004) ................................................................................................... 4

*Kincaid v. Williams*, 22-633 (U.S.) ................................................................................... 7

*Lange v. Houston Cnty., Georgia*, 608 F. Supp. 3d 1340 (M.D. Ga. 2022) ....................... 4

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .................................................. 2

*Marsh v. Terra Int'l (Oklahoma), Inc.*, 122 F. Supp. 3d 1267 (N.D. Okla. 2015) ......... 5, 6

*Mitchell v. Wall*, No. 15–CV–108–WMC, 2015 WL 10936775 (W.D. Wis. Aug. 6, 2015) ........................................................................................................................................ 4

*Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744 (S.D. Ohio 2018).......................... 4

*Pritchard v. Fla. High Sch. Athletic Ass'n, Inc.*, No. 2:19-CV-94-FTM-29MRM, 2020 WL 3542652 (M.D. Fla. June 30, 2020) ............................................................................... 6

*Robinson v. Lockheed Martin Co.*, No. 04–3143, 2006 WL 5629118 (E.D. Pa. Feb. 1, 2006) ........................................................................................................................................ 5

*Rosa v. Brink's Inc.,* 103 F.Supp.2d 287 (S.D.N.Y.2000) ................................................... 5

*Walter v. Birdville Indep. Sch. Dist.*, No. 4:18-CV-301-A, 2018 WL 3974714 (N.D. Tex. Aug. 20, 2018) ........................................................................................................................ 6

*Williams v. Kincaid*, 45 F.4th 759 (4th Cir. 2022) .......................................................... 6, 7

*Williams v. Kincaid*, 50 F.4th 429 (4th Cir. 2022) ............................................................. 6

*Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067 (2018) .......................................... 3

**Statutes**

42 U.S.C. § 12102 ................................................................................................................ 5

42 U.S.C. § 12211 ................................................................................................................ 3

**Other Authorities**

American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders – Third Edition* (1980) ........................................................................................................ 4

John W. Barnhill, *Introduction*, *in DSM-5 Clinical Cases* (John W. Barnhill ed., 2014) .. 3

Kevin M. Barry et al., *A Bare Desire to Harm: Transgender People and the Equal Protection Clause*, 57 B.C. L. Rev. 507 (2016) ................................................................. 3

**Rules**

LRCiv 7.1 .............................................................................................................................. 2

**Regulations**

29 C.F.R. 1630.2 ................................................................................................................... 5

**CERTIFICATION UNDER LOCAL CIVIL RULE 12.1(c)**

The undersigned counsel hereby certify, pursuant to Local Civil Rule 12.1(c), that they notified Plaintiffs of the issues to be asserted in this proposed motion by emailing them a copy of the motion on June 6, 2023, with a request for them to amend their Complaint to cure the deficiencies addressed in the motion and an invitation to meet and confer by phone. Further, they followed up with another email on June 7, 2023, seeking Plaintiffs' position on whether they were willing to amend their Complaint to address the issues raised in this proposed motion to dismiss. Plaintiffs did not respond to either communication and thus have declined to meet and confer on this issue.

**INTRODUCTION**

Plaintiffs' Complaint should be dismissed for the same reasons set forth in the Legislative Leaders' Opposition to Plaintiffs' Motion for Preliminary Injunction: Plaintiffs' claims fail as a matter of law. The Legislative Leaders' opposition details why Plaintiffs' equal protection and Title IX claims fail.

Plaintiffs' claim under the Americans with Disabilities Act ("ADA") also fails. Congress excluded Plaintiffs' gender dysphoria from the definition of "disability" under the ADA. Plaintiffs do not provide factual allegations that their gender identity disorder results from a physical impairment. Plaintiffs also do not allege a major life activity has been substantially limited, and courts have concluded that playing sports is not a major life activity under the ADA.

The Court should dismiss Plaintiffs' Complaint.

**LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) if it fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (internal citation omitted). "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668,

679 (9th Cir. 2001). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *Balistreri*, 797 F.2d at 745.

## ARGUMENT

### I. Plaintiffs' Equal Protection Clause and Title IX claims should be dismissed.

The Court should dismiss Plaintiffs' equal protection and Title IX claims for the reasons set forth in the Legislative Leaders' opposition to Plaintiffs' motion for preliminary injunction. "[A] complaint cannot state a plausible claim for relief if there is no chance of success on the merits." *Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1087 (9th Cir. 2015) (internal quotation omitted). The same arguments and the same legal reasoning undermine both Plaintiffs' complaint and motion for preliminary injunction. This overlap is because Plaintiffs have no chance of success on the merits. *See id.* "[R]egardless of what facts plaintiffs might prove during the course of litigation, 'a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.'" *Id.* (quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)). For these reasons, the Legislative Leaders incorporate by reference all arguments raised in their opposition to the motion for preliminary injunction as if raised herein. *See* LRCiv 7.1(d)(2).

### II. Plaintiffs' Americans with Disability Act claim should be dismissed.

**A. Congress expressly excluded Plaintiffs' gender dysphoria—known at that time as gender identity disorder—from the definition of "disability" in the Americans with Disability Act.**

When Congress enacted the Americans with Disability Act, it expressly excluded Plaintiffs' claimed disability. "[E]ven though being transgender was marked as a mental illness, coverage for transgender persons was excluded from the Americans with Disabilities Act of 1990 (ADA) after a floor debate in which two senators referred to these diagnoses as 'sexual behavior disorders.' The following year, Congress added an identical exclusion to the Rehabilitation Act of 1973, . . . ." *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 611 (4th Cir. 2020), *as amended* (Aug. 28, 2020) (quoting Kevin M. Barry et al.,

*A Bare Desire to Harm: Transgender People and the Equal Protection Clause*, 57 B.C. L. Rev. 507, 510, 556 (2016)).

In full, the statutory exclusion provide:

> (a) Homosexuality and bisexuality
>
> For purposes of the definition of "disability" in section 12102(2) of this title, homosexuality and bisexuality are not impairments and as such are not disabilities under this chapter.
>
> (b) Certain conditions
>
> Under this chapter, the term "disability" shall not include--
>
> (1) transvestism, *transsexualism*, pedophilia, exhibitionism, voyeurism, *gender identity disorders not resulting from physical impairments*, or other sexual behavior disorders;
>
> (2) compulsive gambling, kleptomania, or pyromania; or
>
> (3) psychoactive substance use disorders resulting from current illegal use of drugs.

42 U.S.C. § 12211 (emphasis added).

Courts interpret words in a statute "consistent with their ordinary meaning . . . at the time Congress enacted the statute." *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018) (internal citation omitted). At the time Congress enacted the Americans with Disability Act and its statutory exclusion, "one could receive a diagnosis of 'transsexualism' or 'gender identity disorder,' 'indicat[ing] that the clinical problem was the discordant gender identity.'" *Grimm*, 972 F.3d at 611 (quoting John W. Barnhill, *Introduction*, *in DSM-5 Clinical Cases* 237–38 (John W. Barnhill ed., 2014)). As one court explained regarding the DSM-III that was operative at the time of the ADA's passage:

> Under the DSM-III, the 'gender identity disorders' subclass of psychosexual disorders was 'characterized by the individual's feelings of discomfort and inappropriateness about his or her

>anatomic sex and by persistent behaviors generally associated with the other sex.' The DSM-III further defined the 'essential feature' of the gender identity disorders subclass as 'an incongruence between anatomic sex and gender identity.' The descriptive term used in the DSM-III clearly includes the subsequently refined specific diagnosis of gender dysphoria.

*Lange v. Houston Cnty., Georgia*, 608 F. Supp. 3d 1340, 1362 (M.D. Ga. 2022) (quoting American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders – Third Edition*, at 261 (1980)).

"The clear result is that Congress intended to exclude from the ADA's protection both disabling and non-disabling gender identity disorders that do not result from a physical impairment. The majority of federal cases have concluded as much." *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 754 (S.D. Ohio 2018) (citing *Gulley–Fernandez v. Wisconsin Dep't of Corr.*, No. 15–CV–995, 2015 WL 7777997, at *2 (E.D. Wis. Dec. 1, 2015); *Mitchell v. Wall*, No. 15–CV–108–WMC, 2015 WL 10936775, at *1 (W.D. Wis. Aug. 6, 2015); *Diamond v. Allen*, No. 7:14–CV–124 HL, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014); *Kastl v. Maricopa Cty. Cmty. Coll. Dist.*, No. CIV.02–1531PHX–SRB, 2004 WL 2008954, at *4 (D. Ariz. June 3, 2004)).

**B.    Plaintiffs do not provide factual allegations that their gender identity results from a physical impairment.**

Plaintiffs cannot avoid the gender identity disorder exclusion unless their gender dysphoria came from a physical impairment. Plaintiffs conclusory allege that their gender dysphoria results from physical impairments. Comp., ¶ 84. However, Plaintiffs provide no factual allegations to substantiate this legal conclusion. Courts have skeptically viewed similar allegations and found no physical impairment was alleged. *See, e.g.*, *Lange v. Houston Cnty., Georgia*, 608 F. Supp. 3d 1340, 1362-63 (M.D. Ga. 2022); *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 755 (S.D. Ohio 2018).

### C. Plaintiffs do not allege a major life activity has been substantially limited.

Plaintiffs' claim falters even if they could somehow surmount the statutory exclusion. Under the ADA, "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ." 42 U.S.C. § 12102(1)(A). "Thus, to be disabled for purposes of the ADA, a person must have an impairment, that impairment must limit a major life activity, and the limitation on the major life activity must be substantial." *E.E.O.C. v. United Parcel Serv., Inc.*, 306 F.3d 794, 801 (9th Cir.), *opinion amended on denial of reh'g*, 311 F.3d 1132 (9th Cir. 2002).

Plaintiffs have not alleged that a major life activity has been impaired, nor which major life activity they believe has been impaired. But assuming from their complaint that playing sports is Plaintiffs' allegedly impaired major life activity, playing sports is not a "major life activity" under the ADA. Regulations define "major life activities" to include, but not be limited to, "Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. 1630.2(i)(1)(i). Before amendments to the ADA in 2008, "courts consistently held that sporting activities . . . did not qualify as major life activities." *Marsh v. Terra Int'l (Oklahoma), Inc.*, 122 F. Supp. 3d 1267, 1279 (N.D. Okla. 2015) (citing *Griego v. Barton Leasing Inc.,* No. 08–cv2325, 2010 WL 618281, at *4 (D. Colo. Feb. 19, 2010) (holding that "participating in sports" and "playing sports with children" were not major life activities); *Robinson v. Lockheed Martin Co.,* No. 04–3143, 2006 WL 5629118, at *7 (E.D. Pa. Feb. 1, 2006) (holding that sporting activities were not major life activities); *Rosa v. Brink's Inc.,* 103 F.Supp.2d 287, 290 (S.D.N.Y.2000) (holding that sports activities "are not major life activities at all")). The federal court in *Marsh* concluded that even after the 2008 amendments, sporting activities "do not constitute major life activities." *Id.*

The intrinsic benefits sports can provide do not convert playing sports into a major life activity. "Unlike standing, sitting, breathing, thinking, communicating, interacting

with others, or other examples in the regulation, a person can live (and many do) without ever participating in sports," reasoned the court. *Id.* "These activities may enhance one's life and may be important to particular individuals, but the ADA is ultimately aimed at fereting out discrimination and ensuring that employers provide reasonable accommodations to disabled individuals." *Id.* Other courts have reached the same conclusion that playing sports is not a major life activity under the ADA. *Pritchard v. Fla. High Sch. Athletic Ass'n, Inc.*, No. 2:19-CV-94-FTM-29MRM, 2020 WL 3542652, at *4 (M.D. Fla. June 30, 2020) ("From the outset, the Court finds that the inability to play sports does not constitute a substantial impairment of a major life activity.") (internal quotation omitted); *Walter v. Birdville Indep. Sch. Dist.*, No. 4:18-CV-301-A, 2018 WL 3974714, at *3 (N.D. Tex. Aug. 20, 2018) ("Participating in sports is not a major life activity.).

Accordingly, because playing sports is not a major life activity under the ADA, Plaintiffs' ADA claim fails.

**D. The Fourth Circuit's decision is unpersuasive and inconsistent with the statutory text.**

A divided panel of the Fourth Circuit took a different course and held that gender dysphoria was not excluded as a "gender identity disorder" and that Plaintiffs had sufficiently alleged physical impairment to survive a motion to dismiss. *Williams v. Kincaid*, 45 F.4th 759, 765–74 (4th Cir. 2022). To reach its conclusion that gender dysphoria was not excluded as a "gender identity disorder," the majority hinged its analysis on the DSM-V definition of gender dysphoria in 2013. *Id.* at 767. But the court's "focus must be on what gender identity disorders meant in 1990, not what the APA did in 2013." *Id.* at 785 (Quattlebaum, J., dissenting). "Otherwise," reasoned the dissent, "we give organizations like the [American Psychiatric Association] to [*sic*] power to effectively modify statutes passed by Congress and signed into law by the President." *Id.*[1]

---

[1] The Fourth Circuit denied rehearing the case en banc 8-6. *Williams v. Kincaid*, 50 F.4th 429 (4th Cir. 2022). The defendant petitioned the Supreme Court of the United States, for a writ of certiorari. The Court has distributed the cert petition for review at two conferences in the last month, but it has not yet rendered a decision on if it will hear the case. *Kincaid*

6

The majority's conclusion on physical impairment fares no better. The majority grasped at straws by suggesting that "the need for hormone therapy may well indicate that her gender dysphoria has some physical basis" and noting Plaintiffs' citations to "medical and scientific research identifying possible physical bases of gender dysphoria." *Id.* at 771. But the statute excludes gender identity disorders only if they are "resulting from physical impairments." It is insufficient to speculate whether a physical basis may exist.

## CONCLUSION

Plaintiffs are not likely to succeed on their claims. The Court should dismiss Plaintiffs' Complaint.

Dated: June 8, 2023　　　　　　　　　　Respectfully submitted,


JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* pro hac vice

*Attorneys for Proposed Intervenor-Defendants*

---

*v. Williams*, 22-633 (U.S.).

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 8, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*