**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

On May 1, 2023, Senator Warren Peterson, President of the Arizona State Senate, and Representative Ben Toma, Speaker of the Arizona House of Representatives (the Legislators), filed a Motion to Intervene in this action. (Doc. 19.) Plaintiffs responded in opposition and the Legislators replied. (Docs. 35, 43.) For the following reasons, the Court will deny the motion to the extent the Legislators seek to intervene as of right, but will grant permissive intervention on a limited basis to allow the Legislators to present argument and evidence in opposition to Plaintiffs' pending Motion for Preliminary Injunction.

**BACKGROUND**

In 2022, the Arizona Legislature and then-Governor Doug Ducey enacted A.R.S. § 15-120.02, which provides that interscholastic or intramural "[a]thletic teams or sports designated for 'females', 'women' or 'girls' may not be open to students of the male sex." The law went into effect in on September 23, 2022. Plaintiffs Jane Doe and Megan Roe are two transgender girls who attend Arizona schools and intend to try out for

girls' sports teams in the upcoming academic year. Plaintiffs allege that section 15-120.02 violates the Equal Protection Clause of the Fourteenth Amendment, Title IX, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. Plaintiffs named five defendants in this action: (1) Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; (2) Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; (3) the Kyrene School District; (4) The Gregory School, an independent school organized as a 501(c)(3) non-profit; and (5) the Arizona Interscholastic Association (AIA). With their Complaint, Plaintiffs filed a motion for a preliminary injunction on their Title IX and Equal Protection claims, seeking to enjoin Defendants from enforcing section 15-120.02 against them so that they may have "an equal opportunity to try out for and participate on the girls' volleyball, soccer, basketball, and cross-country teams" during the upcoming school year while this case proceeds. (Doc. 3 at 5.)

Before any defendant made an appearance, the Legislators filed the present motion, seeking to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). Defendants Horne, The Gregory School, and AIA have since made appearances.[1] Upon the parties' stipulations, the Court entered a briefing schedule for Defendants Horne, The Gregory School, and AIA. (Docs. 25, 30.) Defendants Horne and AIA timely answered the complaint, The Gregory School filed a motion to dismiss, and each responded in opposition to Plaintiffs' motion for a preliminary injunction. (Docs. 36, 37, 39, 40, 50, 51.) The Legislators also lodged a proposed motion to dismiss and a proposed response in opposition to the motion for preliminary injunction with three supporting declarations. (Doc. 38.)

Plaintiffs argue that the Court should deny intervention as of right under Rule 24(a) and deny permissive intervention under Rule 24(b). Plaintiffs assert that, because Defendant Horne is vigorously defending the challenged statute in his official capacity as

---

[1] Laura Toenjes and the Kyrene School District filed a Stipulation in lieu of Answer, informing the Court that they "will not be an active participant in this case, including filing any response to Motions currently pending before the Court." (Doc. 59 at 2.)

State Superintendent of Public Instruction and shares the same interest as the Legislators, their interests will be adequately represented and their arguments subject to full and fair adversarial testing. (Doc. 35 at 7, 9.)

**DISCUSSION**

### I.   Intervention as of Right

The Federal Rules of Civil Procedure permit a party to intervene as of right under Rule 24(a) and permissively under Rule 24(b). *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021). The Legislators argue that they are entitled to intervene as of right in this action because Arizona law permits the President of the State Senate and the Speaker of the House of Representatives to intervene when a state statute's constitutionality is challenged, and because the present defendants do not adequately represent their interest. (Doc. 19 at 10, 15.) Plaintiffs argue that Legislators cannot intervene as of right because Defendant Horne is vigorously defending the challenged law on behalf of the State. (Doc. 35 at 7.) Because the Legislators have failed to show that their interests will not be adequately represented by Defendant Horne, the Court will deny the application to intervene as of right.

Rule 24(a)(2) provides that a court "must permit anyone to intervene" who, on timely motion, (1) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless (2) "existing parties adequately represent that interest." Courts construe Rule 24(a) broadly in favor of proposed intervenors, and "are guided primarily by practical and equitable considerations." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). An applicant seeking intervention bears the burden of proving these requirements are met. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Failure to satisfy any one of the requirements is fatal to the application. *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Plaintiffs dispute that the Legislators have a protectable interest and that their protectable interest will not be adequately represented. (Doc. 35 at 5, 6 n.1.)

The Legislators assert that their interest in this action is "defending the constitutionality of state statutes." (Doc. 19 at 10.) Arizona law requires that, when a state court proceeding alleges a state statute is unconstitutional, "the attorney general and the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard." A.R.S. § 12-1841(A). Further, "[t]he attorney general, the speaker of the house of representatives or the president of the senate, in the party's discretion, may intervene as a party, may file briefs in the matter or may choose not to participate in a proceeding that is subject to the notice requirements of this section." § 12-1841(D). Thus, the Court concludes that the Legislators have a protectable interest in defending the constitutionality of A.R.S. § 15-120.02 that may be practically impaired or impeded without their participation in this action. *See Berger v. North Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022) ("[F]ederal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law.").

However, that is not the end of the inquiry. While Arizona law expressly permits the Legislators to intervene in a state court proceeding challenging the constitutionality of a state statute, the requirements of Rule 24(a) must be met to allow intervention as of right in this federal court action. *Berger*, 142 S. Ct. at 2200 ("Our starting point lies in Rule 24(a)(2) of the Federal Rules of Civil Procedure."); *see also Miracle v. Hobbs*, 333 F.R.D. 151, 155 ("A.R.S. § 12-1841 does not confer blanket authority upon Proposed Intervenors to defend the constitutionality of a state law—particularly where the attorney general is already defending the law.").

Turning, then, to whether their interest will be adequately represented, the Legislators assert that the challenged statute "may receive no adequate defense, or even

1  no defense at all," without their participation in this action. (Doc. 19 at 13.) At the time
2  the Legislators filed their motion, no defendant had yet made an appearance and the
3  Office of the Arizona Attorney General had notified Defendant Horne that it was
4  disqualified from defending the challenged law. (*See* Doc. 19-1.) The Legislators contend
5  that "even if Defendant Horne or another party were to file an appearance, it is unlikely
6  that that party or party would defend the unique *legislative* interests reflected by the
7  Legislative Leaders," because Defendant Horne is an executive officer and "necessarily
8  represents different interests than the Legislative Leaders." (Doc. 19 at 15.)

The Court is unpersuaded by the claim that Defendant Horne's interest is "necessarily" different than that of the Legislators, when both have made clear that their interest is in defending the constitutionality of the statute challenged by Plaintiffs. It is difficult to see how the Legislators' interest is unique from Defendant Horne's, regardless of whether it may be characterized as "legislative" or "executive." The Legislators state that their anticipated defense "is that the challenged laws are constitutional." (Doc. 19 at 16.) Defendant Horne's defense is the same. (*See* Doc. 40 at 3 ("A.R.S. § 15-120.02 . . . is valid under intermediate scrutiny.") As State Superintendent of Public Instruction, Defendant Horne is designated by Arizona statute as "the executive officer responsible for the execution of policies of the state board of education." A.R.S. § 15-231(B)(2). Defendant Horne has retained counsel, filed several motions, answered the Complaint, and responded in opposition to Plaintiffs' motion for a preliminary injunction. Defendant Horne has provided notice that he intends to rely on the expert witness declarations filed by the Legislators as attachments to their opposition to the motion for preliminary injunction. (Doc. 73 at 1.) Additionally, Defendant Horne has confirmed his intention to vigorously defend this lawsuit in the press, echoing public comments made by the Legislators. (*See* Doc. 35 at 7 n.2 (citing numerous media interviews).) Thus, Defendant Horne's interest is identical to the Legislators'. *See Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020) (finding that the interest of the President of the Arizona Senate and Speaker of the Arizona House of Representatives as proposed

intervenors was identical to the interest of a present party, the State represented by the Attorney General, because both sought to defend the constitutionality of state law).

When a proposed intervenor's interest is identical to that of a present party, the proposed intervenor must make a compelling showing that its interest will not be adequately represented. *Callahan*, 42 F.4th at 1021 n.5. Courts consider three factors to determine if a present party adequately represents the interests of a prospective intervenor: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Id.* at 1021 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

The Legislators argue that Defendant Horne will not make all of the Legislators' arguments because: (1) the Legislators filed a proposed motion to dismiss Plaintiffs' Complaint, while Defendant Horne filed an answer and did not specifically identify any affirmative defense; (2) Defendant Horne did not make all of the arguments raised by the Legislators in opposition to the motion for preliminary injunction, such as the definition of "sex" under Title IX; and (3) Defendant Horne suggested an alternative remedy while the Legislators did not. (Doc. 43 at 7–8.) This factor slightly weighs in the Legislators' favor, but without more, disagreement over the best way to approach litigation is insufficient to meet the compelling showing necessary to demonstrate inadequate representation when interests are aligned. *See Perry*, 587 F.3d at 954–55.

Next, the Legislators express doubt that Defendant Horne is capable of making all of the arguments advanced by the Legislators because he "does not have the budgetary resources for a complete, vigorous defense." (*Id.* at 9.) The Legislators predict that such lack of resources "risk[s] a hobbled litigation rather than a full and fair adversarial testing of the State's interests and arguments," in part because Defendant Horne has not yet prepared any expert declarations for this litigation. *Berger*, 142 S. Ct. at 2201. Yet the Supreme Court's concern in *Berger* was that plaintiffs might strategically select as

defendants "individual officials they consider most sympathetic to their cause," not that certain government officials had been allocated greater budgetary resources than others. *Id.* The *Berger* Court determined that the legislative leaders who sought to intervene in that action were not adequately represented because the named state defendants were sympathetic to the plaintiffs' position and declined to fully defend the challenged law. *Id.* at 2205 (finding intervention appropriate because the legislative leaders who sought intervention were "not burdened by misgivings about the law's wisdom" unlike the named state defendants). That is not the case here. While the Attorney General is disqualified from participation, Defendant Horne has retained outside counsel and is vigorously defending A.R.S. § 15-120.02. *See* A.R.S. § 41-192(E) ("If the agency has received written notification from the attorney general that the attorney general is disqualified . . . the state agency is authorized to make expenditures and incur indebtedness to employ attorneys to provide the representation or services.") The Court is not persuaded that Defendant Horne is incapable or unwilling to make all of the arguments advanced by the Legislators.

Finally, the Legislators assert that they will offer necessary elements to the proceeding because "the interests of schools may not be the same as the interests of the legislature." (*Id.* at 9.) As explained above, the Legislators have not demonstrated that their interest in defending the constitutionality of A.R.S. § 15-120.02 differs from Defendant Horne's.

In sum, the Legislators' concern that, absent their participation, the challenged statute "may receive no adequate defense, or even no defense at all," was resolved once Defendant Horne appeared in this action. Because the interests of the Legislators and Defendant Horne are aligned, and Defendant Horne is vigorously defending the challenged law, the Court concludes that an existing party adequately represents the interest of the Legislators. Thus, the Court will deny intervention as of right under Rule 24(a).

//

## II. Permissive Intervention

Unlike intervention as of right, permissive intervention under Rule 24(b) is discretionary. A district court may permit intervention if the movant presents: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan,* 42 F.4th at 1022 (quoting *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). The court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011). If the initial conditions are met, the court may consider other factors, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These additional factors are nonexclusive. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The court's authority to grant or deny permissive intervention "includes discretion to limit intervention to particular issues." *Lucent*, 642 F.3d at 741.

The Legislators seek permissive intervention, in the alternative, because their anticipated defense shares common questions of law and fact with Plaintiff's action. (Doc. 19 at 16). The motion is timely and, as of yet, at this early stage, the Legislators' participation would not unduly delay the litigation or prejudice the original parties' rights, particularly because Plaintiffs have filed a combined reply to both the Legislators' and Defendant Horne's arguments in opposition to a preliminary injunction. (*See* Doc. 65.) With the initial conditions met, the Court considers that while the Legislators'

interest is coextensive with Defendant Horne's and likely to be adequately represented by his defense, Defendant Horne has sought to rely on the expert declarations submitted by the Legislators in opposition to the motion for preliminary injunction. Thus, the limited participation of the Legislators in the adjudication of the motion for preliminary injunction is likely to contribute to the full development of the underlying factual issues and legal questions presented in that motion. *See, e.g., United States v. Idaho*, 342 F.R.D. 144, 152 (D. Idaho 2022).

The Legislators may therefore permissively intervene, but will be limited at this time to presenting argument and evidence in opposition to Plaintiffs' motion for preliminary injunction. The Court will not consider the Legislators' proposed Motion to Dismiss. (*See* Doc. 38-1.) For efficiency at the preliminary injunction proceedings, the Legislators and Defendant Horne shall confer prior to the hearing to ensure that duplicative evidence and argument will not be presented.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED:**

1. Proposed Intervenors the Legislators' Motion to Intervene (Doc. 19) is **GRANTED in part** and **DENIED in part**. The Legislators are directed to file a clean copy of their Opposition to Plaintiffs' Motion for a Preliminary Injunction, (filed at Doc. 38-2), along with supporting declarations.

2. Plaintiffs' Motion to Strike the Proposed Intervenors' Proposed Motion to Dismiss (Doc. 63) is **DENIED as moot**.

Dated this 12th day of June, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge