**No. 23-**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

IN RE THOMAS C. HORNE, IN HIS OFFICIAL CAPACITY AS STATE SUPERINTENDENT OF INSTRUCTION,

THOMAS C. HORNE, IN HIS OFFICIAL CAPACITY AS STATE SUPERINTENDENT OF INSTRUCTION,

*Petitioner*,

*v.*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA,

*Respondent*,

JANE DOE, BY HER NEXT FRIENDS AND PARENTS HELEN DOE AND JAMES DOE; MEGAN ROE, BY HER NEXT FRIENDS AND PARENTS, KATE ROE AND ROBERT ROE, LAURA TOENJES, IN HER OFFICAL CAPACITY AS SUPERINTENDENT OF THE KYRENE SCHOOL DISTRICT; KYRENE SCHOOL DISTRICT; THE GREGORY SCHOOL; ARIZONA INTERSCHOLASTIC ASSOCIATION, INC., SENATOR WARREN PETERSEN; AND REPRESENTATIVE BEN TOMA,

*Real Parties in Interest.*

---

On Petition for Writ of Mandamus to the United States District Court for the District of Arizona (No. 4:23-cv-00185-JGZ)

---

**EMERGENCY PETITION FOR WRIT OF MANDAMUS UNDER CIRCUIT RULE 27-3 -- RELIEF NEEDED BY JULY 7, 2023**

---

WILENCHIK & BARTNESS, P.C.
Dennis I. Wilenchik, #005350
Karl Worthington, #018703
admin@wb-law.com

Maria Syms, Bar No. 023019
Director of Legal Services
Arizona Department of Education
1535 W Jefferson, BIN #50
Phoenix, AZ 85007
Maria.Syms@azed.gov

*Counsel for Petitioner*

# CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3(a), I hereby certify that to avoid irreparable harm to petitioner Thomas C. Horne, in his capacity as State Superintendent of Instruction, relief is needed in less than 21 days' time.

1. Regarding Circuit Rule 27-3(a), Petitioner notified both the Clerk and counsel for Real Parties in Interest on Friday, June 16, 2023 of his intent to file this mandamus petition and emergency motion. The just-finalized petition and motion are being served simultaneously with filing both via the district court's CM/ECF system and via e-mail to counsel's below stated email addresses.

2. Regarding Circuit Rule 27-3(c)(i), counsel are as follows:

**Counsel for Petitioner:**
Dennis I. Wilenchik
Karl Worthington
(602) 606-2810
2810 North Third Street
Phoenix, Arizona 85004
diw@wb-law.com
mckayw@wb-law.com

Maria Syms
(602) 542-5240
1535 W Jefferson, BIN #50
Phoenix, AZ 85007
Maria.Syms@azed.gov

*Counsel for Defendant Thomas C. Horne*

**Counsel for Plaintiffs:**
Colin Proksel
(602) 640-9000
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
cproksel@omlaw.com

Jyotin Hamid
Justin R. Rassi
Amy C. Zimmerman
(212) 909-6000
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
jhamid@debevoise.com
jrassi@devevoise.com
azimmerman@debevoise.com

Amy Whelan
Rachel Berg
(415) 343-7679
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, California 94102
awhelan@nclrights.org
rberg@nclrights.org

**Counsel for remaining real parties in interest:**
Jordan Ellel
(480) 345-3746
500 West Guadalupe Road
Tempe, Arizona 85283
jellel@tempeunion.org
*Counsel for Defendants Kyrene School District and Laura Toenjes*

Kristian E. Nelson
Gregg E. Clifton
(602) 385-1040
Lewis Brisbois Bisgaard & Smith LLP
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Kristian.Nelson@lewisbrisbois.com
Gregg.Clifton@lesisbrisbois.com
azdocketing@lewisbrisbois.com
*Counsel for Defendant Arizona Interscholastic Association, Inc.*

D. John Sauer
Justin D. Smith
(314) 562-0031
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
John.Sauer@jame-otis.com
*Counsel for Defendants President Petersen and Speaker Toma*

David C. Potts
Ashley E. Caballero-Daltrey
(602) 263-4547
Jones, Skelton & Hochuli P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
dpotts@sjhfirm.com
adaltrey@jshfirm.com
*Counsel for Defendant The Gregory School*

Lisa Anne Smith
(520) 322-5000
Deconcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Ste. 200
Tucson, Arizona 85716
lasmith@dmyl.com
*Counsel for Defendant The Gregory School*

3. Regarding Circuit Rule 27-3(c)(ii), the facts showing the existence and nature of the claimed emergency are that the District Court has scheduled a hearing

on Plaintiffs' Motion for Preliminary Injunction for July 10, 2023. If the District Court should have transferred the matter to the Phoenix Division, the Phoenix Division should conduct any hearing on Plaintiffs' request for preliminary injunction. Allowing the Tucson division to hold that hearing, and potentially decide whether to impose a preliminary injunction, and only thereafter transferring the matter to the Phoenix Division would be inefficient (requiring two District judges to learn the case, rather than one), wasteful of judicial and party resources, and would inject unnecessary and potentially prejudicial inconsistency into the litigation for no purpose. One Judge should manage this litigation. Thus, relief is required by July 7, 2023 (the Friday before the Monday, July 10, 2023 preliminary injunction hearing).

4. Regarding Circuit Rule 27-3(c)(iii), The Save Women's Sports Act (A.R.S. § 15-120.02, the "Act") was signed into law on March 30, 2022. Plaintiffs nevertheless chose not to file their complaint for more than a full year, until April 17, 2023. Plaintiffs have had more than a year since the passage of the Save Women's Sports Act to research clinical studies, interview and vet scientific experts, and prepare lay and expert declarations in support of their case. In the interest of fairness, Superintendent Horne requested that the District Court not schedule a hearing on the preliminary injunction before mid-August to permit Superintendent Horne a fraction of the year-long preparation time Plaintiffs had before filing the

lawsuit in order to identify and prepare his own expert witnesses. On June 12, 2023 the District Court denied Superintendent Horne's request and scheduled the Preliminary Injunction hearing for July 10, 2023. Superintendent Horne is filing this emergency motion within one court-week of the District Court setting the hearing.

5. Regarding Circuit Rule 27-3(c)(iv), Petitioner notified both the Clerk and counsel for Real Parties in Interest via email on Friday, June 16, 2023 of his intent to file this mandamus petition and emergency motion. Counsel for Petitioner also spoke on the telephone with 9th Circuit staff regarding Petitioner's intent the same day. The petition is being served simultaneously with filing both via the district court's CM/ECF system and via e-mail to counsel's below stated email addresses.

6. Regarding Circuit Rule 27-3(c)(v), Superintendent Horne filed with the District Court a Motion to Transfer on May 2, 2023. The District Court denied the Motion to Transfer on May 26, 2023. Petitioner filed a Motion for Reconsideration on June 2, 2023 which was denied the same day.

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................vi

TABLE OF AUTHORITIES ................................................................... vii

RELIEF SOUGHT ..................................................................................1

STATEMENT OF JURISDICTION ..........................................................2

ISSUE PRESENTED ...............................................................................3

FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION ...............................................................................................5

STANDARD OF REVIEW.........................................................................8

REASONS WHY THE WRIT SHOULD ISSUE ........................................9

**I. The District Court Erred And Abused Its Discretion In Failing To Give Appropriate Weight To Ninth Circuit Precedent And In Failing To Give Appropriate Weight To Arizona's Strong Public Policy Enacted In Statutes Setting Venue For Suits Against Arizona's Public Officials. ..........................9**

**II. All The Relevant Events Have Occurred In Phoenix And Nearly All The Parties And Witnesses Reside Or Operate Near Phoenix. ............................13**

**III. Mandamus Is Appropriate For The Erroneous Denial Of A Motion To Transfer Because A Post-Judgment Appeal Cannot Remedy The Error. 16**

**IV. The District Court Erred And Abused Its Discretion In Failing To Consider The Location Of The Parties And That There Is No Defendant In Tucson Defending The Save Women's Sports Act. .......................................20**

**V. The District Court Erred And Abused Its Discretion In Failing To Consider That There Are More Witnesses In Maricopa County Than In Tucson..........................................................................................................22**

CONCLUSION .........................................................................................23

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F.Supp.2d 1147 (S.D. Cal. 2009) 22

*Airbus DS GmbH v. Nivisys, LLC*, 2015 WL 3439143 (D. Ariz.) ....................23

*Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256 (W.D. Wash. 2005)............21

*Barrera v. United States*, 2011 WL 13047392 (D. Ariz.)....................19

*Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977)....................18

*Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078 (9th Cir. 1976)....................2, 17, 18

*DePuy Synthes Sales, Inc. v. Howmedia Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022) ....................passim

*Ezieme v. Ward Int'l Trading, Inc.*, 2009 WL 2818394 (C.D. Cal. Aug. 31, 2009)22

*Grabham v. American Airlines, Inc.*, 2019 WL 316213 (D. Ariz.)....................19

*In re United States*, 791 F.3d 945 (9th Cir. 2015)....................18

*In re Van Dusen*, 654 F.3d 838 (9th Cir. 2011)....................18

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ....................passim

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)....................10

*Pacific Car & Foundry Co., v. Pence*, 403 F.2d 949 (9th Cir. 1968) ......2, 16, 17, 18

*Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088 (N.D. Cal. 2013) ..22, 23, 24

*United States v. Sherwood*, 98 F.3d 402 (9th Cir. 1996)....................8

*Williams v. County of Kern*, 2013 WL 6200214 (N.D. Cal. 2013) ....................22

**Statutes**

20 U.S.C. § 1681 ....................5

28 U.S.C. § 1391 ....................12

28 U.S.C. § 1404 ....................3, 17, 20

28 U.S.C. § 1651 ....................................................................................2
29 U.S.C. § 794 ....................................................................................5
42 U.S.C. § 28101 ....................................................................................5
A.R.S § 12-822 ....................................................................................3, 10, 11
A.R.S. § 12-401 ....................................................................................11
A.R.S. § 12-822 ....................................................................................12
A.R.S. § 15-120.02 ....................................................................................5

**Rules**

FRAP 21 ....................................................................................2

## RELIEF SOUGHT

By this Emergency Petition for Writ of Mandamus, Defendant Thomas C. Horne, in his capacity as State Superintendent of Public Instruction ("Superintendent Horne") respectfully requests that this Court (1) rule that the District Court's order denying the Motion to Transfer constituted error and an abuse of the District Court's discretion, (2) order that the District Court's order denying the Motion to Transfer be vacated, and (3) order the District Court to grant the Motion to Transfer.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this Petition pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure. The Court may consider a petition for mandamus regarding a District Court order denying a motion for transfer under *Pacific Car & Foundry Co., v. Pence*, 403 F.2d 949, 951-52 (9th Cir. 1968) and *Commercial Lighting Products, Inc. v. United States District Court*, 537 f.2d 1078, 1079 (9th Cir. 1976). The orders at issue were entered on May 25, 2023 (denial of motion to transfer), June 2, 2023 (denial of motion for reconsideration), and June 12, 2023 (denying request to not schedule preliminary injunction hearing prior to mid-August 2023). This Petition is timely filed within 30 days of the first ruling and one court-week from the latter ruling.

## ISSUE PRESENTED

1. Whether the District Court erred and abused its discretion in failing to follow this Court's holdings in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (deferring to California statute for purposes of motion to transfer), *DePuy Synthes Sales, Inc. v. Howmedia Osteonics Corp.*, 28 F.4th 956, 966 (9th Cir. 2022) (affirming decision to apply state law rather than federal law in analyzing venue dispute), and *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (reversing grant of transfer based on strong state policy), and not giving due consideration to Arizona state law, A.R.S. §§ 12-401.16, 12-822(B), providing for venue in the county in which the public official holds office for claims against an Arizona public official.

2. Whether the District Court erred and abused its discretion by denying the Motion to Transfer the suit to the Phoenix Division of the Arizona District Court where nearly all the parties and witnesses are located pursuant to 28 U.S.C. § 1404(a) & (b).

The text of 28 U.S.C. § 1404(a) & (b) follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer."

**FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION**

In light of the increasing incidents of girls and women being unfairly forced to compete against natal boys and men, and in light of the safety risks posed by such competition, Arizona's Save Women's Sports Act (A.R.S. § 15-120.02, the "Act") was signed into law on March 30, 2022. In relevant part, the Act provides that athletic teams at public schools (and private schools whose teams compete against public school teams) shall designate each team or sport as a "males", "men" or "boys" team, or as a "females", "women" or "girls" team, or as a "coed" or "mixed" team. The Act provides that "[a]thletic teams or sports designated for 'females', 'women' or 'girls' may not be open to students of the male sex."

This suit consists of claims by two plaintiffs arguing that, as applied to them, the Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title IX (20 U.S.C. § 1681 *et seq.*), the Americans with Disabilities Act (42 U.S.C. § 28101 *et seq.*), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

Notwithstanding this Court's strong decisions in three cases deferring to state venue policies and statutes, and the fact that seven parties to the case are located in Phoenix, with only one fully participating party in Tucson, Plaintiffs, represented by a law firm in New York City, and by counsel at an organization in San Francisco (along with local counsel in Phoenix, not Tucson) chose to file this action in Tucson

in transparent attempt to increase the probability of having the case heard by a more favorable Judge. This is precisely the type of forum shopping that should not be tolerated by the Court.

Plaintiffs filed the action in the Tucson Division of the Arizona District Court on April 17, 2023. Superintendent Horne, who resides in and conducts his official duties from his state office in Phoenix, filed a motion to transfer the action to the Phoenix Division of the Arizona District Court on May 2, 2023 (the "Motion to Transfer"). *See* Appendix at APP4. The Motion to Transfer was opposed by Plaintiffs on May 11, 2023 [APP5] and by Defendant The Gregory School on May 8, 2023. APP6. Superintendent Horne replied on May 23, 2023. APP7.

The District Court denied the Motion to Transfer on May 26, 2023. APP1. Superintendent Horne requested reconsideration on June 2, 2023. APP8. The District Court denied Superintendent Horne's Motion for Reconsideration on June 2, 2023. APP3.

In his response to Plaintiffs' Motion for Preliminary Injunction, Superintendent Horne had requested that no hearing be scheduled before mid-August so that he would have a fraction of the time that Plaintiffs had to identify expert witnesses and prepare expert declarations prior to the hearing, and he renewed that request in a supplement to his Response to Plaintiffs' Motion for Preliminary Injunction filed June 7, 2023. APP9. On June 12, 2023, the District Court denied

Superintendent Horne's request that the preliminary injunction hearing not be scheduled prior to mid-August, 2023 (to permit Superintendent Horne additional time to obtain and submit expert declarations) and instead scheduled the preliminary injunction to proceed on July 10, 2023. APP3 (as noted in Dkt .80, "This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.").

## STANDARD OF REVIEW

Denial of a motion to transfer is reviewed for an abuse of discretion. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 958 (9th Cir. 2022); *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996).

## REASONS WHY THE WRIT SHOULD ISSUE

### I. The District Court Erred And Abused Its Discretion In Failing To Give Appropriate Weight To Ninth Circuit Precedent And In Failing To Give Appropriate Weight To Arizona's Strong Public Policy Enacted In Statutes Setting Venue For Suits Against Arizona's Public Officials.

The District Court acknowledged, but failed to follow, Ninth Circuit precedent that expressly recognizes, respects, and grants significant weight to a state's strong public policy interest, as codified in statute, in protecting the state's residents, and here, an elected official subject to frequent lawsuits, from inconvenient venues. This Court deferred to a California state venue law holding that it "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice in litigating in a non-California venue." *Jones*, 211 F.3d at 498 (deferring to California statute for purposes of motion to transfer). The Court recognized that state public policy is "at least as significant a factor" as a forum selection clause. *Id.*

Similarly, this Court held that California's strong public policy against waiver of class-action remedies (as enacted in the California Consumers Legal Remedies Act) overrides even extremely-potent venue considerations such as a forum-selection clause. *Doe 1*, at 1083 (reversing grant of transfer based on strong state policy: "California has declared 'by judicial decision' the same AOL forum selection clause at issue here contravenes a strong public policy of California—as applied to California residents who brought claims under California statutory consumer law in

California state court."). This Court examines strong state policies related to venue decisions as part of the analysis into the "interest of justice" as required for making a transfer decision:

> "That § 1404(a), rather than state law, controls the enforcement inquiry does not imply that state law is necessarily irrelevant as one of the multiple factors to consider under § 1404(a). Indeed, the statutory text requires consideration of 'the interest of justice,' which in this circuit, includes 'the relevant public policy of the forum state.' . . . We discern no error in the district court's consideration of § 925 as part of its transfer analysis."

*DePuy Synthes Sales, Inc.*, 28 F.4th at 966 (affirming decision to apply state law rather than federal law in analyzing venue dispute) (citations omitted). *See also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brough, whether declared by statute or by judicial decision.").

The District Court thus seriously erred and abused its discretion in overlooking or failing to properly weigh the effect of two Arizona statutes requiring suits against public officials to be filed in the county in which they hold office (i.e., A.R.S. § 12-401.16), and requiring suits against the state to be filed in Maricopa County (i.e., A.R.S § 12-822(B) (the "Arizona-Venue-Policy Statutes"). Those statutes clearly reflect Arizona's strong public policy regarding venue for suits against Arizona's public officials.

Whether considered as relevant to the "interest of justice," or relevant to the convenience of the parties (or both), as held by this Court, the District Court should have given those Arizona-Venue-Policy Statutes significant weight in the transfer analysis. That is because public officials, unlike others, are subject to being repeatedly sued in their official capacity during their tenure. Because public officials are subject to more lawsuits based on their public service, the State of Arizona has enacted special venue provisions requiring that public officials be sued in a venue that is convenient to the public official: "Actions against public officers shall be brought in the county in which the officer, or one of several officers, holds office." A.R.S. § 12-401.16.

Arizona has also adopted a related statute applicable to all actions against the State: "In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa county." A.R.S § 12-822(B).[1] [2]

[1] While most of the 19 provisions of A.R.S. § 12-401 are *permissive* regarding the location of a lawsuit outside the county in which the person resides (e.g., "[p]ersons who have contracted a debt or obligation in one county and thereafter remove to another county ***may*** be sued in either county") A.R.S. § 12-401.4 (emphasis added), both A.R.S. § 12-401.16 and A.R.S. 12-822(B) are mandatory, stating that a state-court lawsuit ***must*** be brought in Maricopa County (under the instant facts of this case).

[2] The attorney general will not be litigating this case and the decision that otherwise would have been hers under A.R.S § 12-822(B)—to require that venue for the action

The statute under which Plaintiffs claim Tucson is the appropriate venue is prefaced by the following words: "Except as otherwise provided by law". 28 U.S.C. § 1391(a). The two Arizona-Venue-Policy Statutes cited above are certainly "law" that "provides" for venue in Maricopa County for cases filed in state court. While these statutes may not be dispositive in deciding whether to transfer a Federal lawsuit, they are powerful evidence that Arizona has considered the specific question of convenience to the State and to its public officers, and has determined that suits against the State and public officers are unreasonably inconvenient when filed outside of the county in which the officer resides.

Superintendent Horne therefore asked the District Court to grant due respect to Arizona's own strong public policy, specifically the Arizona-Venue-Policy Statutes regarding venue for suits against Arizona and its public officers. *Jones*, 211 F.3d at 498; *Doe 1*, 552 F.3d at 1083; *DePuy Synthes Sales, Inc.*, 28 F.4th at 966). But the District Court entirely overlooked A.R.S. § 12-822(B) and did not acknowledge or address that statute. The District Court did mention A.R.S. § 12-401.16 and even stated that "[t]he relevant public policy of the forum state, if any, may also be a factor to determine if transfer is in the interest of justice." APP1 (*quoting Jones*, 211 F.3d at 498). *See also id.* at 4:25-27 ("It is true that the Ninth

---

be changed to Maricopa County—falls to the head of the agency that will be defending itself without the Attorney General's assistance, i.e., Department of Education via its Superintendent.

Circuit has recognized that public policy of a state venue law may be relevant to the consideration of whether transferring venue is in the interest of justice.") (*citing Jones*). While the Court mentioned that particular statute, the Court did not provide any explanation or analysis of the weight that it afforded to either of the Arizona-Venue-Policy Statutes, or how it compared the weight of the Statutes against the weight afforded to the other transfer factors.

Arizona's strong policy preferences with regard to venue for lawsuits against its public officials are worthy of more respect than the District Court afforded them and Defendant Horne respectfully contends that the District Court's ruling was clearly erroneous as a matter of law based on the holdings in *Jones*, 211 F.3d at 498-99; *Doe 1*, 552 F.3d at 1083; and *DePuy Synthes Sales, Inc.*., 28 F.4th at 566.

## II. All The Relevant Events Have Occurred In Phoenix And Nearly All The Parties And Witnesses Reside Or Operate Near Phoenix.

The Save Women's Sport Act was enacted in Phoenix via actions taken at the legislature and at the Governor's office. All of the actions at issue to date have occurred in Phoenix, and none have occurred in Tucson.

Moreover, nearly all of the parties and potential witnesses to the lawsuit are located in the Phoenix/Maricopa County area.

- Plaintiff Jane Doe resides in Maricopa County, Arizona and attends school in the Kyrene School District;

- Defendant Superintendent Horne resides in Maricopa County and the Arizona Department of Education which Horne leads is headquartered in Phoenix;
- Defendant Laura Toenjes, Superintendent of the Kyrene School District executes her official duties in Maricopa County;
- Defendant Kyrene School District is a public school district serving parts of Maricopa County;
- Defendant Arizona Interscholastic Association, Inc. ("AIA") is located in Phoenix;
- Defendant Senator Warren Peterson, President of the Arizona State Senate resides in and represents constituents in Maricopa County; and
- Defendant Representative Ben Toma, Speaker of the Arizona House of Representatives, resides in and represents constituents in Maricopa County.

Seven of the parties to this litigation are located in Maricopa County.

The Gregory School is the only defendant located in Tucson. But The Gregory School has stated that it will not litigate the validity of the Act (and is instead seeking dismissal on the basis that The Gregory School does not receive public moneys and is therefore not subject to this lawsuit). The Gregory School will not argue that the Act complies with the Equal Protection Clause, Title IX, the

Americans with Disabilities Act, or the Rehabilitation Act. The Gregory School does not intend to litigate the fundamental questions in the lawsuit. The Gregory School is also likely to be dismissed from the lawsuit entirely leaving no defendant in the Tucson area.

The only fully participating party to this action with any relation to a Tucson venue is Plaintiff Megan Roe who resides in Pima County. The other fully participating parties are all located in Maricopa County, proximate to the Phoenix Division of the Arizona District Court.

Neither The Gregory School nor the Kyrene School District have yet taken any action to apply the Statute against Plaintiffs. The only events that have occurred about which Plaintiffs complain are actions taken by the Legislature and Governor—in Phoenix—by adopting the Statute. Moreover, if the Statute is applied against Plaintiffs, as discussed below, those actions will occur primarily in Maricopa County as opposed to Pima County. The parties and the witnesses relevant to this lawsuit are overwhelmingly located in Maricopa County. As further discussed below, the convenience of the witnesses is a crucial factor the Courts consider. Similarly, the documents that will be used in this lawsuit will primarily be records maintained in the Phoenix area.

## III. Mandamus Is Appropriate For The Erroneous Denial Of A Motion To Transfer Because A Post-Judgment Appeal Cannot Remedy The Error.

A party may challenge the denial of a motion to transfer by petitioning for a writ of mandamus. *Pacific Car & Foundry Co.*, at 951-52 ("This court, in line with the rule in most other circuits, will, however, review on mandamus clearly erroneous orders entered under § 1404(a)."); *Commercial Lighting Products, Inc.*, 537 F.2d at 1079 (issuing writ of mandamus and vacating transfer order: "Mandamus will lie to review a clearly erroneous transfer order entered under section 1404(a)."). Mandamus is appropriate for the erroneous denial of motion to transfer because a post-judgment appeal cannot remedy the error:

> [E]rror in denying change of venue cannot be effectively remedied on appeal from final judgment. The purpose of the rule [permitting transfer] is to avoid the disruption, expense, and inconvenience parties and witnesses must suffer by having the trial in an improper forum. To require litigants to await final judgment for relief serves to defeat the very purpose of the venue rule by requiring them to submit to the disadvantages from which the rule is designed to relieve them.

*Pacific Car & Foundry Co.*, at 952.

The Ninth Circuit considers five factors when assessing whether mandamus relief is appropriate:

> (1) whether the petitioner has other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order makes an 'oft-repeated error,' or 'manifests a persistent disregard of the federal rules'; and (5) whether

> the district court's order raises new and important problems, or legal issues of first impression.

*In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011) (*quoting Bauman v. United States District Court*, 557 F.2d 650, 654-55 (9th Cir. 1977)). "All of the factors need not be present to issue the writ . . ." but the petitioner must demonstrate a clear error of law. *In re United States*, 791 F.3d 945, 955 (9th Cir. 2015). As explained in the paragraph above, the first two factors are already established with regard to motions to transfer under *Pacific Car & Foundry Co.*, 403 F.2d at 951-52 and *Commercial Lighting Products, Inc.*, 537 F.2d at 1079. The remainder of this Petition demonstrates that the District Court's order is clearly erroneous as a matter of law under the Ninth Circuit's standard for granting a motion to transfer under 28 U.S.C. § 1404.

**IV. The Relevant Factors Should Require Transfer Of The Action To The Phoenix Division.**

In determining whether to transfer a case under 28 U.S.C. § 1404(a) & (b), the Court has announced the following relevant factors for consideration: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of

proof." *Jones*, 211 F.3d at 498-99. These factors overwhelmingly indicate transfer to the Phoenix Division is warranted.

First, not every case is a contract case. Accordingly, the first factor has repeatedly been interpreted—not as being limited to the location a contract was negotiated or executed—but as also applying to the location of the relevant events in non-contract cases. Courts have interpreted factor one to include "the location where the relevant [**events took place**]" regardless of whether the case involves a contract or not. *Barrera v. United States*, 2011 WL 13047392, 1 (D. Ariz. Nov. 23, 2011) (brackets in original, replacing *Jones'* phrase "the location where the relevant agreements were negotiated and executed.") (Emphasis added). *See also Grabham v. American Airlines, Inc.*, 2019 WL 316213, *1-2 (D. Ariz. Jan. 24, 2019) (defining and analyzing the first factor as "Location of Relevant Events" in non-contract action).[3] In this case, the actions about which Plaintiffs complain have thus far all occurred in Maricopa County (because the Act was passed in Phoenix, and as the

[3] *See also Bowling v. Westport Ins. Corp.*, 2015 WL 13203369, *9 (D. Ariz. Oct. 19, 2015) (applying the first factor not exclusively as the location where an agreement was negotiated or executed—but as the location of the events relevant to that case: "Defendants argue that venue is proper in the Phoenix Division because all claims decisions for Glen Bowlings workers' compensation claim were made in Maricopa County. (Doc 4 at 2). Plaintiffs contend that Glen Bowling was working and injured in Tucson and received all of this workers' compensation benefits and medical treatment in Tucson, where Mr. Bowling resides. (Doc. 23 at 4). The Court finds that even if Defendants made decisions about Glen Bowling's workers' compensation claim in Maricopa County, the injury that Mr. Bowling suffered due to Defendants' alleged bad faith occurred in Tucson.").

Statute has not yet been applied to the Plaintiffs). If the Act is subsequently applied against Plaintiffs those actions will occur in Maricopa County as much as in Tucson. The District Court erroneously ignored the first factor by limiting it to the location of the execution of contracts. APP1 ("The first . . . factor [is] irrelevant because there is not contract at issue . . .").

Second, both Divisions are equally familiar with the governing law and that factor does not favor either venue.

Third, Plaintiffs chose Tucson as their forum, but that factor is overwhelmed by the other factors.

Fourth, the only fully participating party having any contact with Tucson is Plaintiff Megan Roe. All of the other fully participating parties have greater contacts with the Phoenix area. This factor cuts strongly in favor of transfer.

Fifth, Plaintiff Jane Doe's contacts relating to the plaintiffs' cause of action in Phoenix are at least as great as Plaintiffs Megan Roe's contacts with Tucson. And the defendants' contacts are overwhelmingly related to Phoenix over Tucson. This factor favors transfer to the Phoenix Division.

Sixth, because all the fully participating litigants except one are located in Maricopa County, as are the majority of the witnesses, and counsel for the parties, it will be less expensive overall for the litigation to occur in Phoenix. This factor also favors transfer.

Seventh, the availability of compulsory process is equally available in both venues, so that factor is neutral.

Eighth, the ease of access to sources of proof is greater in Phoenix than in Tucson due to the location of the witnesses, parties, and documents.

Five of the eight factors favor transfer to Phoenix, two factors are neutral, and only one factor cuts against transfer to Phoenix. As noted in section I *supra*, the convenience of a Phoenix venue is powerfully bolstered by Arizona statutes that expressly seek to protect public officers from the inconvenience of being sued outside of Maricopa County. Based on all of these considerations, Superintendent Horne respectfully requests the Court to issue the writ of mandamus.

## IV. The District Court Erred And Abused Its Discretion In Failing To Consider The Location Of The Parties And That There Is No Defendant In Tucson Defending The Save Women's Sports Act.

The District Court erred and abused its discretion by failing to grant any weight to the fact that many more parties are located in Maricopa County than in Tucson. The District Court never even acknowledged that fact, let alone explained how that fact impacted its decision. But the location of the parties is a crucially important consideration in deciding whether to transfer a case and cannot be ignored in that analysis. *See* 28 U.S.C. 1404(a) ("For **the convenience of the parties** . . . a district court may transfer any civil action . . .") (emphasis added); *Jones*, at 498 (affording significant weight to convenience of the parties). *See also e.g.*, *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, (W.D. Wash. 2005) (granting

motion to transfer based in part on location of parties); *Ezieme v. Ward Int'l Trading, Inc.*, 2009 WL 2818394, at *11 (C.D. Cal. Aug. 31, 2009) (same); *Johnson v. Law*, 19 F.Supp.3d 1004, 1011 (S.D. Cal. 2014) (same); *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1048-49 (N.D. Cal. 2001) (same); *Williams v. County of Kern*, 2013 WL 6200214, * 2 (N.D. Cal. Nov. 27, 2013)(same); *Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F.Supp.2d 1147, 1151 (S.D. Cal. 2009) (same); *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013) (same).

The District Court also erred and abused its discretion in failing to acknowledge or give any consideration to The Gregory School's limited, and likely short-lived, participation in this lawsuit. Defendant Horne explained that The Gregory School has stated it will only litigate that it is not subject to Plaintiffs' claims because The Gregory School does not receive federal funds. APP3; APP6. Defendant Horne also explained that The Gregory School is likely to succeed on that basis, meaning The Gregory School is unlikely to be a party to the lawsuit for very long.

But the District Court disregarded these matters and erred by ruling as if The Gregory School were a full-fledged party that will be involved in litigating the primary issue in the case (which is incorrect) and as if The Gregory School will remain in the case. Relatedly, the Court overlooked the fact that there is only one

party in Tucson that intends to litigate the primary issue, while there are multiple parties in Phoenix that intend to litigate the primary issue.

The District Court made a clear error and abused its discretion by overlooking the fact that seven of the parties in this case are located in or near Phoenix, while only one fully participating party is located in or near Tucson.

### V. The District Court Erred And Abused Its Discretion In Failing To Consider That There Are More Witnesses In Maricopa County Than In Tucson.

Although Superintendent Horne presented the matter clearly, the District Court also failed to grant any weight to the fact that the location of the parties is also a strong indication of the location of the witnesses to this lawsuit. It is nearly certain that more witnesses are located in the Phoenix area than in Tucson. "The convenience of witnesses 'is often the most important factor in resolving a motion to transfer.'" *Airbus DS GmbH v. Nivisys, LLC*, 2015 WL 3439143, *4 (D. Ariz. May 28, 2015) (*quoting Park*, 964 F.Supp.2d at 1095).[4]

---

[4] The Court erroneously stated that "Defendant Horne does not explain why ease of access to sources of proof is greater in Phoenix than in Tucson when the parties reside in both Pima and Maricopa Counties, potential witnesses are likely to reside in both Phoenix and Tucson . . ." APP1. The Court overlooked that, as Defendant Horne explained, "if five of seven parties are located in or near Phoenix, and only two parties are located in Tucson, it is nearly certain that the majority of witnesses will also be located in or near Phoenix. Indeed, and dispositively on this point, Plaintiffs do not even argue an equal or greater number of parties or witnesses will be found in Tucson than Phoenix . . . Defendant Horne, and the Arizona Department of Education which he heads, are located in Phoenix as are the largest percentage of employees of the Department who are potential witnesses; Defendant Toenjes and the Kyrene School District which she heads are located in the Phoenix area as are

The location of the witnesses is an important factor in considering the convenience of a venue. Indeed, "[t]he convenience of witnesses 'is often the most important factor in resolving a motion to transfer.'" *Airbus DS Optronics GmbH*, at *4 (*quoting Park.*, 964 F.Supp.2d at 1095). The District Court erred and abused its discretion in failing to assign sufficient weight to the location of the witnesses in denying the Motion to Transfer.

**CONCLUSION**

It is respectfully requested that this Court, by July 7, 2023 or earlier, issue a writ of mandamus (1) vacating the District Court's order denying Superintendent Horne's Motion to Transfer, (2) directing the District Court to grant the Motion to Transfer.

**RESPECTFULLY SUBMITTED** this 20th day of June, 2023.

WILENCHIK & BARTNESS, P.C.
*s/ Dennis Wilenchik*_____
Dennis I. Wilenchik, Esq.
Karl Worthington, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

*/s/ Maria Syms*
Maria Syms, Esq.

---

the employees of Kyrene School District who are potential witnesses; Defendant AIA is headquartered in Phoenix as are the officers and employees of AIA who are potential witnesses; Plaintiff Jane Doe lives in Phoenix and would suffer the hardship that travel to Tucson would impose." APP6.

Director of Legal Services
Arizona Department of Education
1535 W Jefferson, BIN #50
Phoenix, AZ 85007
Maria.Syms@azed.gov

Counsel for Petitioner

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**Form 8. Certificate of Compliance for Briefs**

9th Cir. Case Number(s) 23-

I am the attorney or self-represented party.

This brief contains 4,934 words, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief (select only one):

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an amicus brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because (select only one):

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _______________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Signature: *s/ Karl M. Worthington*
Date: June 20, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on June 20, 2023.

I further certify that on June 20, 2023, the foregoing Petition will by filed in the underlying proceeding in the United States District Court for the District of Arizona in compliance with Federal Rule of Appellate Procedure 21(a)(1), and that all parties to the proceeding will be served with that Petition through the district court's CM/ECF system. In addition, a courtesy copy of the foregoing has been provided via email to the following counsel for Plaintiffs and other real parties in interest:

Colin Proksel
(602) 640-9000
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
cproksel@omlaw.com

Jyotin Hamid
Justin R. Rassi
Amy C. Zimmerman
(212) 909-6000
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
jhamid@debevoise.com
jrassi@devevoise.com
azimmerman@debevoise.com

Amy Whelan
Rachel Berg
(415) 343-7679
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, California 94102
awhelan@nclrights.org
rberg@nclrights.org
*Counsel for Plaintiffs*

Jordan Ellel
(480) 345-3746
500 West Guadalupe Road
Tempe, Arizona 85283
jellel@tempeunion.org
*Counsel for Defendants Kyrene School District and Laura Toenjes*

Kristian E. Nelson
Gregg E. Clifton
(602) 385-1040
Lewis Brisbois Bisgaard & Smith LLP
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Kristian.Nelson@lewisbrisbois.com
Gregg.Clifton@lesisbrisbois.com
azdocketing@lewisbrisbois.com
*Counsel for Defendant Arizona Interscholastic Association, Inc.*

D. John Sauer
Justin D. Smith
(314) 562-0031
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
John.Sauer@jame-otis.com
*Counsel for Defendants President Petersen and Speaker Toma*

David C. Potts
Ashley E. Caballero-Daltrey
(602) 263-4547
Jones, Skelton & Hochuli P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
dpotts@sjhfirm.com
adaltrey@jshfirm.com
*Counsel for Defendant The Gregory School*

Lisa Anne Smith
(520) 322-5000
Deconcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Ste. 200
Tucson, Arizona 85716
lasmith@dmyl.com
*Counsel for Defendant The Gregory School*

*s/ Karl Worthington*
Karl Worthington
Counsel for Petitioner