D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **Intervenor-Defendants' Response to Plaintiffs' Notice of Supplemental Authority** |

Plaintiffs' Notice of Supplemental Authority claims *Grabowski v. Arizona Bd. of Regents*, -- F.4th --, No. 22-15714, 2023 WL 3961123 (9th Cir. June 13, 2023), supports their position. Doc. 81, at 1. Plaintiffs are incorrect.

*First*, Plaintiffs argue *Grabowski*'s holding that "Title IX bars sexual harassment on the basis of perceived sexual orientation," 2023 WL 3961123, at *2, entails that Title IX prohibits separating sports teams by biological sex. Doc. 81, at 2. This does not follow.

As *Bostock* recognized, "sexual orientation" and "gender identity" (including transgender status) are distinct concepts.  *See Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1746-47 (2020).  Pervasive harassment based on perceived sexual orientation violates Title IX under *Grabowski*, *see* 2023 WL 3961123, at *2, but neither *Bostock* nor *Grabowski* addressed whether separating sports teams based on biological sex violates Title IX.  *See id.*  Title IX and its implementing regulations provide that sports teams separated by biological sex are permissible, *see* 34 C.F.R. § 106.41(b), and binding Ninth Circuit precedent holds the same.  *Clark, By & Through Clark v. Arizona Interscholastic Ass'n*, 695 F.2d 1126, 1127 (9th Cir. 1982).  Nothing in *Grabowski* purports to overrule *Clark*.

*Second*, Plaintiffs argue that "*Grabowski* holds that exclusion from athletics is a cognizable harm under Title IX," Doc. 81, at 2, but the cited discussion in *Grabowski* held only that the plaintiff's alleged removal from his college track team constituted an "adverse action" for purposes of a Title IX retaliation claim.  *Grabowski*, No. 22-15714, at *22.  Earlier in the opinion, *Grabowski* held that the plaintiff had *not* sufficiently alleged loss of "educational opportunities" under Title IX.  *Id.* at *7.

Dated: June 23, 2023                      Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*_____
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* pro hac vice

*Attorneys for Intervenor-Defendants*

2

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 23, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*
