**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Plaintiffs filed this action on April 17, 2023, challenging A.R.S. § 15-120.02, which provides that interscholastic or intramural "[a]thletic teams or sports designated for 'females', 'women' or 'girls' may not be open to students of the male sex." The law went into effect on September 23, 2022. Plaintiffs challenge the implementation of A.R.S. § 15-120.02 by Defendants Horn, State Superintendent of Public Instruction; Laura Toenjes, Superintendent of the Kyrene School District; the Kyrene School District; the Gregory School, and the Arizona Interscholastic Association (AIA).

On June 12, 2023, the Court granted the Intervenor Legislator Defendants permissive intervention, not intervention as a right, because the Legislators failed to show that their interests will not be adequately represented by Defendant Horne. The Court found, however, that Defendant Horn's reliance on expert declarations submitted by the Legislators in opposition to the motion for preliminary injunction meant that intervention by the legislators for the adjudication of the preliminary injunction would likely contribute to the full development of the record for resolving the Motion for Preliminary Injunction.

The Court granted intervention but limited the proposed filings by the Intervenor Legislator Defendants to the Objection to the Plaintiffs' Motion for Preliminary Injunction. *See* Order (Doc. 79) at 8-9 (citing *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.,* 642 F.3d 728, 741 (9th Cir. 2011) (explaining authority to grant or deny permissive intervention "includes discretion to limit intervention to particular issues."))

To be clear, Warren Peterson, President Arizona Senate, and Ben Toma, Speaker of the House, have been added to the case as Intervenor Legislator Defendants. The Court did not grant leave for the Intervenor Legislators to file their proposed Motion to Dismiss. The matter of the preliminary injunction being fully briefed, it is set for oral argument on Monday, July 10, 2023. (Min. Entry (Doc. 80)), with the full participation of the Intervenor Legislator Defendants.

On June 30, 2023, Arizona Women of Action (AWA) (Anna Van Hoek, Lisa Fink, and Amber Zenczak) filed a Motion to Intervene as mothers of biologically born girls, who play girls' sports at public and private schools in Arizona. The motion is not fully briefed but the Court notes that these women participated, including presenting testimony, before the Arizona legislature in favor of the passage of A.R.S. § 15-120.02. They propose filing a Motion to Dismiss. They do not seek intervention on the issue of the preliminary injunction. The Court finds that intervention as to the preliminary injunction would be untimely. *See* Order (Doc. 79) at 3, 8 (citing *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (identifying timeliness as one factor favoring intervention if it will not unduly delay or prejudice the adjudication of the original parties' rights)); *see also Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

The Court notes that the AWA proposed Motion to Dismiss (Doc. 98-1) is 26 pages long (the argument is approximately 17 pages, with additional pages for the Table of Contents and Table of Authorities). The motion exceeds the allowed page limit under the Local Rules of Practice, Rule 7.2(e), which provides the length of a motion, "unless otherwise permitted by the Court, [] including its supporting memorandum, and the

response including its supporting memorandum, [to] not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." It is not this Court's practice to treat the Table of Contents or Table of Cases as attachments.

Additionally, the Court, in the interest of judicial economy and efficiency, may exercise its broad discretion by ordering intervenor defendants to join in the same brief. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) (finding restrictions on participation may be placed on an intervenor, intervening as of right); *Res. Renewal Inst. v. Nat'l Park Serv.*, 2016 WL 11673178, at *2 (N.D. Cal. Sept. 2, 2016) (finding where intervention of right is warranted, district court retains broad discretion to set scope of intervention); *U.S. v. Blue Lake Power*, LLC, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016); *Ctr. for Biological Diversity v. Jewell*, 2015 WL 13707289, at *2 (D. Ariz. May 7, 2015) (placing restrictions on intervention of right to facilitate efficient proceedings)); *see also Ellis v. Bradbury*, 2013 WL 4777201 (N.D. Cal. Sept. 6, 2013) (requiring different pesticide companies to file joint briefs in EPA pesticide challenge); *Cal. Sea Urchin Comm'n v. Jacobson*, 2013 WL 12114517, at *6 (C.D. Cal. Oct. 2, 2013) (same).

Likewise, the Court may require intervenor defendants "to take special efforts" to ensure that their briefing and arguments are not redundant with those of the Defendants. *W. Watersheds Project v. Zinke*, 2018 WL 6816048, at *3 (D. Idaho Dec. 27, 2018), *see also Picayune Rancheria of Chukchansi Indians v. Yosemite Bank*, No. 1:13–cv–0831–LJO–MJS, 2013 WL 5154258, at *5 (E.D. Cal. Sept. 10, 2013) (conditioning intervention "upon the requirement that proposed intervenor coordinate in detail with the existing parties to avoid duplicative briefing"); *Bark v. Northrop*, No. 3:13–cv–01267–HZ, 2013 WL 6576306, at *8 (D. Or. Dec. 12, 2013) (ordering that the intervenor "must not duplicate any arguments made by the Forest Service").

In the Motion to Intervene, AWA asserts various reasons why Defendant Horn will not adequately represent their interests but ignores the commonality between AWA and the Intervenor Legislator Defendants. In the Reply, the AWA should address this issue and

propose how the two Intervenor Defendants can combine briefing to not overwhelm Plaintiffs with an unfair advantage by using their briefs to pile-on more than one bite at arguments presented in this case.

**Accordingly,**

**IT IS ORDERED** that within 14 days of the filing date of this Order, the Plaintiffs shall file a Response to the AWA Motion to Intervene (Doc. 98). AWA shall file a Reply pursuant to LRCiv. 7.2(d) and (e)(2).

**IT IS FURTHER ORDERED** that the Reply shall address the scope of intervention, if granted, for the purpose of briefing the Court regarding issues arising in this action, including jointly filed Intervenor Defendant briefs, limited in total to the same page lengths as the Plaintiffs' briefs, subject to requests for extended pages if necessary. The parties are not precluded from seeking leave to file over-length briefs, pursuant to a stipulation.

Dated this 7th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge