D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **Intervenor-Defendants' Notice of Supplemental Authority** |

Intervenor-Defendants respectfully notify this Court of the Sixth Circuit's recent decision in *L.W., et al. v. Skrmetti, et al.*, No. 23-5600 (6th Cir. July 8, 2023). A copy of the opinion is attached ("Op."). In *L.W.*, the Sixth Circuit granted the State of Tennessee a stay of a district court's injunction of a new state law that prohibited certain medical treatment like puberty blockers and administration of hormones to minors not already receiving such treatment. Op. at 2.

*L.W.* strongly supports Defendants' arguments opposing Plaintiffs' Preliminary

Injunction Motion (Doc. 3).  *First*, *L.W.* points out that "rational basis review applies to transgender-based classifications," noting further that "[i]n the context of a preliminary injunction . . . that should be nearly dispositive" in denying the injunction request.  Op. at 12.  The Court explained such issues, which are "[s]till more complex" when "about sports," pose "vexing line-drawing dilemmas for legislatures" for which the Constitution does not offer a "principled way to judge."  *Id.*  This is especially pertinent here, given the challenged Arizona statute classifies on the basis of biological sex and not transgender status.  Thus, by permitting the "vigorous, sometimes frustrating arena of public debate and legislative action across the country," rather than "remov[ing] these trying policy choices from fifty state legislatures to one Supreme Court," the judiciary would allow our "constitutional democracy" to function.  *Id.* at 12-13 (internal quotations omitted).  The Court observed the judiciary "should be wary of removing a vexing and novel topic" from the "ebbs and flows of democracy" by "construing a largely unamendable federal constitution to occupy the field."  Op. at 6.  Like plaintiffs in *L.W.*, here, Plaintiffs "seek to extend the constitutional guarantees to new territory" suggesting "the key premise of a preliminary injunction—likelihood of success on the merits—is missing."  *Id.*

*Second*, the Court noted *Bostock v. Clayton Cnty.*, upon which Plaintiffs currently rely, "does not change the analysis" because it "applies only to Title VII" and not, for example, to Title IX.  Op. at 13.

*Third*, the Court observed the irreparable harm the legislature would face under the injunction, including inability "to enforce the will of its legislature" and other public-policy considerations.  Op. at 14.

Dated: July 10, 2023                                Respectfully submitted,

                                                    JAMES OTIS LAW GROUP, LLC

                                                    */s/ Justin D. Smith*
                                                    D. John Sauer, Mo. Bar No. 58721*

Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
*pro hac vice*

*Attorneys for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*