# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Pursuant to Rules 1 and 16 of the Federal Rules of Civil Procedure, a telephonic Scheduling Conference is set for **Friday, August 25, 2023, at 3:00 p.m.**, before the Honorable Jennifer G. Zipps. Counsel will receive notification from chambers with directions to connect to the conference call.

In preparation for the Scheduling Conference, **IT IS ORDERED** as follows:

**A.    RULE 26(f) MEETING AND DISCOVERY PLAN**

The parties are directed to Rule 16, Fed. R. Civ. P., for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have the authority to enter into stipulations and make admissions regarding all matters which may be discussed.

The parties are directed to **confer at least fourteen (14) days before the conference**, in accordance with Rule 26(f), Fed. R. Civ. P., to discuss the following matters:

1.    The names and telephone numbers for counsel who are appearing at

        the Pretrial Scheduling Conference

2.    The nature of the case, setting forth the factual and legal basis of plaintiff's claims and defendant's defenses;

3.    The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions

4.    Any matters relating to jurisdiction or venue or the joinder of additional parties;

5.    A schedule of all pretrial proceedings, including development of a proposed discovery plan;

6.    Modification of pretrial procedures due to the simplicity or complexity of the case;

7.    Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Fed. R. Civ. P. Initial Disclosures shall be made at or within 14 days after the Rule 26(f) conference unless the parties stipulate to a different time or object in the manner required by Rule 26(a)(1). Counsel shall file with the Clerk of the Court, in accordance with Rule 26(a)(4) and LRCiv 5.2, a Notice of Initial Disclosure, rather than copies of the actual disclosures; and

8.    Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**B.**    **THE PARTIES' JOINT REPORT**

Counsel shall file with the Court, **at least four (4) days before the scheduled conference**, a Joint Report reflecting the results of their meeting and outlining the discovery plan. It is the responsibility of Plaintiff's counsel to initiate the communication necessary to prepare the Joint Report. Willful failure to comply will result in the imposition of sanctions. The report shall include individually numbered brief statements indicating:

1.    The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendant's defenses;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (*i.e.*, United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts-of-law rules);

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4. The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes;

5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions and legal issues about which any pretrial motions are contemplated;

8. If the parties anticipate filing cross-motions for summary judgment, whether an abbreviated briefing schedule comprised of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply, and (4) a reply to cross-motion is feasible and if so, proposed page limitations and filing deadlines for each brief;

9. A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set

forth in Rule 26(a)(1), Fed. R. Civ. P., or any objection to the applicability of the initial disclosure requirement. Objections shall be made in the manner required by Rule 26(a)(1)(C), Fed. R. Civ. P.;

10. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), Fed. R. Civ. P.;

11. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.

12. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(3), 26(f)(3));

13. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

14. Proposed deadlines for
    a. Initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P. (*see* paragraph A.6. of this Order);
    b. Addition of parties or amending complaint;
    c. Disclosure of witnesses pursuant to Rule 26(a)(3)(A)(i), Fed. R. Civ, P.;
    d. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P.;
    e. Discovery;
    f. Filing dispositive motions;
    g. Filing of the joint proposed pretrial order; and
    h. Filing of joint settlement status reports.

15. Counsel shall disclose what evidentiary hearings, such as *Daubert*, will be required and when such hearing shall be held;

16. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;
17. Whether a jury trial has been requested and whether the request for jury trial is contested;
18. The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement;
19. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2(b)(4), and;
20. Any suggestions to expedite the disposition of this matter.[1]

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pretrial motions, complete discovery, and file the proposed pretrial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order.

//
//
//
//
//
//
//

---

[1] Attached to this Order is a list of the Court's presumptive deadlines in a standard case. If the parties' proposed deadlines substantially differ from the Court's presumptive deadlines, the parties should explain the basis for its proposed deadlines.

**IT IS FURTHER ORDERED** that all parties are expected to comply with Rule 26, Fed. R. Civ. P., and to minimize the expense of discovery. Counsel should ensure that all filings comply with LRCiv 7.1 and 7.2. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced. This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Fed. R. Civ. P..

Dated this 14th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge

**Presumptive Rule 16 Deadlines**

Case Name & Number:   *Doe et al v. Horne et al.*, CV-23-000185-TUC-JGZ

Date:

Plaintiff Counsel appearing:

Defense Counsel appearing:

Intervenors:

| Deadline | Standard Deadline | Presumptive Case Deadline |
|---|---|---|
| Initial Disclosures pursuant to 26(a)(1) | At or within 14 days after the parties 26(f) conference | |
| Amend Complaint | 2 months from date of scheduling conference | 10/23/23 |
| Fact/ Lay Witnesses | 4 months from date of scheduling conference | 12/22/23 |
| Plaintiffs' Expert Witnesses | 3 months from date of scheduling conference | 11/22/23 |
| Defendants' Expert Witnesses | 4 months from date of scheduling conference | 12/22/23 |
| Plaintiffs' Expert Rebuttal | 5 months from date of scheduling conference | 1/22/24 |
| Discovery Deadline | 6 months from date of scheduling conference | 2/20/24 |

| Deadline | Standard Deadline | Presumptive Case Deadline |
|---|---|---|
| Dispositive Motion Deadline | 7 months from date of scheduling conference | 03/21/24 |
| Anticipated Cross-motions for summary judgment and possible abbreviated briefing schedule | Notify Court if cross-motions will be filed 3 weeks before dispositive motion deadline | 02/29/2024 |
| Pretrial Order | 7 months from date of scheduling conference; if dispositive motions are filed, then 30 days after resolution of dispositive motions | 03/21/24 |
| Settlement Status Report | 120 days after scheduling conference and every 90 days thereafter | 12/22/2024 |