Colin Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:    (602) 640-9000
Facsimile:    (602) 640-9050
Email:        cproksel@omlaw.com
*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### TUCSON DIVISION

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe; and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe, <br><br>     Plaintiffs, <br><br>  v. <br><br> Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc., <br><br>     Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FILED BY ANNA VAN HOEK, LISA FINK, AMBER ZENCZAK, AND ARIZONA WOMEN OF ACTION** |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 2

ARGUMENT ................................................................................................................. 3

    I.      THE COURT SHOULD DENY INTERVENTION AS OF RIGHT. ........... 3

          A.     Proposed Intervenors Lack Any Significant Protectable Interest That Would Be Impaired Without Their Participation. ........ 4

          B.     The Existing Defendants and Intervenors Will Adequately Represent the Proposed Intervenors' Purported Interests. ................. 6

          C.     The Proposed Intervenors' Application is Untimely. ........................ 9

    II.     THE COURT SHOULD DENY PERMISSIVE INTERVENTION. ........... 9

CONCLUSION ........................................................................................................... 11

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Arakaki v. Cayetano,*

4

    324 F.3d 1078 (9th Cir. 1998) ...................................................................... 6

5

*B.P.J. v. W. Va. State Bd. of Educ.,*

6

    2021 WL 5711547 (S.D. W. Va. Dec. 1, 2021)......................................... 8

7

*B.P.J. v. W. Va. State Bd. of Educ.,*

    2023 WL 1805883(S.D. W. Va. Feb. 7, 2023)......................................... 8

8

*California ex rel. Lockyer v. United States,*

9

    450 F.3d 436 (9th Cir. 2006) ...................................................................... 4

10

*Center for Biological Diversity v. Kempthorne,*

11

    2009 WL 10673068 (D. Ariz. Jan. 16, 2009) ........................................ 6

12

*Ctr. for Biological Diversity v. EPA,*

    2009 WL 10727789 (W.D. Wash. Oct. 5, 2009)..................................... 11

13

*Doe v. Schwarzenegger,*

14

    2007 WL 163252 (E.D. Cal. Jan. 18, 2007) ........................................... 10

15

*Donnelly v. Glickman,*

16

    159 F.3d 405 (9th Cir 1998) ...................................................................... 4

17

*Gallucci v. Boiron, Inc.,*

18

    2012 WL 12864924 (S.D. Cal. Apr. 25, 2012) ..................................... 11

19

*Green v. United States,*

20

    996 F.2d 973 (9th Cir. 1993) ...................................................................... 6

21

*Greene v. Raffensperger,*

    2022 WL 1045967 (N.D. Ga. Apr. 7, 2022).......................................... 8

22

*Hecox v. Little,*

23

    479 F. Supp. 3d 930 (D. Idaho 2020) ...................................................... 5

24

*Isaacson v. Brnovich,*

25

    2021 WL 5449086 (D. Ariz. Nov. 22, 2021)......................................... 11

26

*Johnson Bank v. Greenplex Invs., LLC,*

    2013 WL 6577284 (D. Ariz. Dec. 16, 2013) ........................................ 9

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Johnson v. San Francisco Unified School District,*
    500 F.2d 349 (9th Cir. 1974) ...................................................................... 7

*League of United Latin Am. Citizens v. Wilson,*
    131 F.3d 1297 (9th Cir. 1997) .................................................................. 10

*McIver v. KW Real Est./Akron Co.,*
    2016 WL 8230634 (C.D. Cal. June 15, 2016) ............................................ 9

*Med. Advocs. for Healthy Air v. Johnson,*
    2006 WL 1530094 (N.D. Cal. June 2, 2006) .............................................. 9

*Medchoice Risk Retention Grp., Inc. v. Rand,*
    2017 WL 1025173 (D. Nev. Mar. 16, 2017) ............................................ 10

*Nat'l Urb. League v. Ross,*
    2020 WL 6290353 (N.D. Cal. Oct. 26, 2020) .......................................... 10

*Perry v. Proposition 8 Off. Proponents,*
    587 F.3d 947 (9th Cir. 2009) ............................................................. 3, 6, 7

*Smith v. Los Angeles Unified School District,*
    830 F.3d 843 (9th Cir. 2016) ...................................................................... 8

*Spangler v. Pasadena City Board of Education,*
    552 F.2d 1326 (9th Cir. 1977) .................................................................... 7

*United States v. Maricopa Cnty.,*
    2012 WL 12827045 (D. Ariz. July 25, 2012) ........................................... 11

**Statutes**

Ariz. Rev. Stat. § 15-120.02 .................................................................... 1, 8

Ariz. Rev. Stat. § 41-192(E) ......................................................................... 8

**Other Authorities**

Federal Rule of Civil Procedure 24(a) ...................................................... 2, 3

Federal Rule of Civil Procedure 24(b) .......................................................... 2

Federal Rule of Civil Procedure 24(c) .......................................................... 9

## **INTRODUCTION**

More than three months ago, Plaintiffs Jane Doe and Megan Roe filed this as-applied challenge to Ariz. Rev. Stat. § 15-120.02 (the "Ban") to participate on the girls' cross-country, soccer, basketball, and volleyball teams at their schools.

Plaintiffs named five defendants in this action.  Among them, Defendant Thomas C. Horne is vigorously defending this action as this Court already found when it denied a motion to intervene as of right filed by Arizona's legislative leaders.  (Dkt. 79 at 5). Defendant Horne has filed an answer, a motion to transfer, a motion for reconsideration of the Court's order on that motion, a writ of mandamus to the Ninth Circuit regarding the same, and has defended Plaintiffs' motion for a preliminary injunction in writing and orally, all while conducting numerous press interviews confirming his intent to defend this action.  While finding that Defendant Horne adequately represented their interests, the Court nonetheless granted permissive intervention to Arizona's legislative leaders for the purpose of defending Plaintiffs' motion for a preliminary injunction, which they did in writing and orally.

Just days before the Court heard oral argument on Plaintiffs' motion for a preliminary injunction and after that motion had been fully briefed, Anna Van Hoek, Lisa Fink, and Amber Zenczak, parents of girls who play school sports in Arizona, and Arizona Women of Action ("AWA"), a political action committee ("PAC") whose members support the Ban (collectively, "Proposed Intervenors"), sought to intervene to prevent Plaintiffs from participating on girls' teams, including by filing a proposed motion to dismiss.  The Court correctly dismissed the Proposed Intervenors' intervention as untimely as it related to the fully-briefed motion for preliminary injunction (*see* Dkt. 111 at 2) and the Court should now dismiss the remainder of Proposed Intervenors' motion to intervene.

Importantly, *none* of Proposed Intervenors' daughters attend Plaintiffs' schools or schools that compete against Plaintiffs' schools.  Unlike the cases cited by Proposed

Intervenors in which intervention was permitted, such as *B.P.J.* and *Hecox*, the Plaintiffs here do not allege a facial challenge and bring only an as-applied challenge.

Thus, Proposed Intervenors are not entitled to intervene as of right under Federal Rule of Civil Procedure 24(a) because they lack a significantly protectable interest in the litigation that will be impaired without their participation, any interests they do have are adequately represented by the existing parties who are already vigorously defending the Ban, and their motion is untimely.  Permissive intervention under Rule 24(b) should be denied for the same reasons and to avoid the prejudice Plaintiffs will suffer if intervention is permitted.

## **BACKGROUND**

Plaintiffs Jane Doe and Megan Roe filed this lawsuit on April 17, 2023, seeking injunctive and declaratory relief that the Ban, as applied to them, violates the Equal Protection Clause of the Constitution, Title IX, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.  (Dkt. 1.)  Plaintiffs sued five defendants: (1) Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; (2) Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; (3) the Kyrene School District; (4) The Gregory School ("TGS"); and (5) the Arizona Interscholastic Association ("AIA").  That same day, Plaintiffs filed a motion for a preliminary injunction to enjoin enforcement of the Ban as applied to them before the start of school sports in July 2023.  (Dkt. 3.)

Before any Defendant had appeared in this lawsuit, Warren Petersen (President of the Arizona State Senate) and Ben Toma (Speaker of the Arizona House of Representatives) (collectively, "State Legislators") filed a motion to intervene.  (Dkt. 19.) Defendants Horne and AIA filed answers, Defendants Toenjes and the Kyrene School District filed a stipulation in lieu of an answer, and Defendant TGS filed a motion to dismiss.  (Dkts. 37, 39, 50, 59.)  Defendant Horne also filed a motion to transfer, a motion for reconsideration of the Court's order on that motion, and a writ of mandamus to the Ninth Circuit regarding the same.  (Dkts. 21, 67, 83.)

The Court denied the State Legislators' motion to intervene as of right but granted permissive intervention on a limited basis to allow them to present argument and evidence in opposition to Plaintiffs' motion for a preliminary injunction.  (Dkt. 79.)  Specifically, the Court held that Defendant Horne adequately represents the State Legislators' interests because he is vigorously defending the Ban. (Dkt. 79 at 5.)

Now, three parents of girls who play school sports in Arizona (Anna Van Hoek, Lisa Fink, and Amber Zenczak) and AWA, a PAC whose members purportedly support the Ban, belatedly seek to intervene in this litigation and file a motion to dismiss.  (Dkts. 98, 98-1.)  They do not explain why they have waited nearly three months since this action was filed.  None of the Proposed Intervenors' daughters attend Plaintiffs' schools or schools that compete against Plaintiffs' schools.  Nor do Proposed Intervenors raise any new arguments related to Plaintiffs' equal protection and Title IX claims that were not already substantively addressed in the briefing on Plaintiffs' motion for a preliminary injunction.

On July 20, 2023, the Court granted Plaintiffs' motion for preliminary injunction and enjoined Defendants from enforcing the Ban against the Plaintiffs.  (Dkt. 127.)

## ARGUMENT

### I.   THE COURT SHOULD DENY INTERVENTION AS OF RIGHT.

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), the movant must: (1) timely move to intervene; (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) not be adequately represented by existing parties. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  "Failure to satisfy any one of these requirements is fatal to the application." *Id*.  Proposed Intervenors cannot meet any of the requisite elements.

### A. Proposed Intervenors Lack Any Significant Protectable Interest That Would Be Impaired Without Their Participation.

Proposed Intervenors do not have any protectable interest, much less a *significant* protectable interest that will be impaired if their motion to intervene is denied. To warrant intervention as of right, a movant must show both "an interest that is protected under some law" and "a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir 1998)). Proposed Intervenors can show neither.

Proposed Intervenors assert they have a "significant interest" in this litigation based solely on the fact that they are parents of girls who play sports (*see* Dkt. 98 at 10–11), but they have not demonstrated that their daughters will suffer any "direct, non-contingent, and substantial" impacts if Plaintiffs are allowed to play on girls' teams. *See Regino v. Staley*, 2023 WL 2976381, at *2 (E.D. Cal. Apr. 17, 2023) (a party seeking to intervene as of right at minimum must "demonstrate that the resolution of the plaintiff's claims will actually affect the [intervening] party") (citing *Lockyer*, 450 F.3d at 441).

Proposed Intervenors do not allege that their daughters attend the same school as Plaintiffs or schools that compete against Plaintiffs' schools, let alone that they are in the same grade levels or that they would suffer any direct or indirect impact if Plaintiffs are allowed to compete in girls' sports. Van Hoek's younger daughter attends a high school that is part of the AIA, but she plays softball (Dkt. 98-2 ¶ 3) and thus will not compete against either Plaintiff Jane Doe, who does not play softball and will be starting middle school this year, or Plaintiff Megan Roe, who hopes to play high school volleyball, not softball. Fink's and Zenczak's daughters attend schools that are members of the Canyon Athletic Association, not the AIA. (Dkt. 98-3 ¶ 3; Dkt. 98-4 ¶ 7.) With the possible exception of a single cross-country meet—in which none of the Proposed Intervenors' daughters would participate—Plaintiffs will compete solely against schools in the AIA, not the Canyon Athletic Association. Moreover, it is insufficient that Zenczak has two

daughters for whom attending a school in the Kyrene district is a mere "possibility." (Dkt. 98 at 12; Dkt. 98-4 ¶ 3.)   Likewise, AWA has not adequately explained how allowing Plaintiffs to play on girls' sports teams would directly harm any of its members' daughters.   It does not discuss, much less provide any evidence of, a single member's daughter who would compete against Plaintiffs.   Accordingly, Proposed Intervenors fail to establish how they will be concretely and actually affected by Plaintiffs' participation on girls' sports teams given that they will not compete against Plaintiffs.

Next, Proposed Intervenors assert that "protecting equality of athletic opportunity through sex segregation is a protectable interest."  (Dkt. 98 at 12.)   This alleged interest distorts the nature of this lawsuit and the Ban.   As the Court's decision on Plaintiffs' preliminary injunction motion explains in detail, this case is an as-applied challenge to the Ban, which will solely impact whether two transgender girls who have not undergone male puberty and therefore have no athletic advantage over other girls can play school sports on girls' teams.  (*See* Dkt. 127 ¶¶ 115–120, 153, 182–184.)   Plaintiffs do not seek to challenge sex segregation in sports, nor would their participation on girls' teams impact equality of athletic opportunity.

Moreover, there is no relationship between Proposed Intervenors' purported interest and Plaintiffs' claims.   Proposed Intervenors assert that the court's decision on a similar intervention motion in *Hecox* is persuasive here.   However, unlike the broad facial challenge brought by the plaintiffs in *Hecox*, which included both transgender and non-transgender girls, this case is solely an as-applied challenge to the Ban on behalf of Jane Doe and Megan Roe.  *Cf. Hecox v. Little*, 479 F. Supp. 3d 930, 971 (D. Idaho 2020) (discussing facial and as-applied challenges).   Although they claim a protectable interest in "protecting equality of athletic opportunity through sex segregation" (Dkt. 98 at 12), Proposed Intervenors offer nothing beyond generalized grievances about co-ed teams and complaints about the behavior of boys generally to assert that this interest would be threatened if Plaintiffs were allowed to play girls' sports.   This is insufficient to justify intervention.

Proposed Intervenors further claim that if relief is granted in this case, a decision on appeal would establish Ninth Circuit precedent that will impair their interests. (Dkt. 98 at 12–13.)   However, the Ninth Circuit has held that the precedential impact of a decision must be clear to be a basis of the impairment of a protectable interest sufficient for intervention. *Green v. United States*, 996 F.2d 973, 977 (9th Cir. 1993). Proposed Intervenors cannot establish a clear precedential impact here.   It is only a mere possibility that a transgender girl who has not undergone male puberty will: (1) attend the same school as Proposed Intervenors' daughters or a school that competes against Proposed Intervenors' daughters; (2) wish to play the same sport at the same grade level as Proposed Intervenors' daughters; and (3) file a federal civil rights lawsuit alleging the ban is unconstitutional and violates Title IX, the ADA, and the Rehabilitation Act as applied to her so she can play on her school sports teams.   This is too remote to establish that Proposed Intervenors' purported interest would be impaired without their participation.[1]   Accordingly, the Court should find that Proposed Intervenors lack any significant protectable interest that would be impaired without their participation.

**B.    The Existing Defendants and Intervenors Will Adequately Represent the Proposed Intervenors' Purported Interests.**

"Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Perry*, 587 F.3d at 950–51 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 1998)).   To assess Proposed Intervenors' argument, the Ninth Circuit has held that courts should look to the following factors: "(1) whether the interest of a present party is such that it will

---

[1]   Proposed Intervenors cite *Center for Biological Diversity v. Kempthorne*, 2009 WL 10673068, at *4 (D. Ariz. Jan. 16, 2009) to support their argument that if they are not made parties to this action, they would have no legal means to challenge an injunction while it remains in effect, and their interests would be impaired as a consequence of the fact that parties to the litigation are bound by the Court's judgment. (Dkt. 98 at 13.)   However, the injunction sought by the plaintiffs in that case had a direct, immediate, and harmful effect on the proposed intervenors' legally protectable interests.   That is not true here.

undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Perry*, 587 F.3d at 952.  Proposed Intervenors do not dispute that they share the same ultimate objective as Defendant Horne and the State Legislators, and all three factors weigh against intervention here.

*First*, Proposed Intervenors assert in a vague and conclusory fashion that Defendant Horne will not make the same arguments as them because Defendant Horne represents broader public interests.  (Dkt. 98 at 14.)  However, the central issues in the case have already been fully briefed, and Proposed Intervenors do not identify any argument that Defendant Horne or the State Legislators did not make that they would like to make instead.  In fact, Proposed Intervenors' proposed motion to dismiss does not discuss *a single new argument* related to Plaintiffs' equal protection and Title IX claims that Defendant Horne or the State Legislators did not already advance.  Like Proposed Intervenors, Defendant Horne and the State Legislators argued that the Ban is constitutional and complies with Title IX because it does not discriminate based on sex and serves the important interest of fairness in athletics and safety for other girls.  There is no basis to find that Defendant Horne will not make the same or similar arguments as the case progresses.  *See Int'l Franchise Assn's, Inc. v. City of Seattle*, 2014 WL 12515261, at *3–4 (W.D. Wash. Sept. 15, 2014) (holding that the assertion that proposed intervenor's interest might diverge from the government is purely speculative and does not justify intervention as a full-fledged party).[2]

---

[2]  To support their argument to the contrary, Proposed Intervenors cite four cases, none of which are persuasive here.  First, they mention *Johnson v. San Francisco Unified School District*, 500 F.2d 349, 354 (9th Cir. 1974), in which parents of students in a school district were allowed to intervene, even though the school district was already a defendant.  In that case, however, the parents presented views that were directly in conflict with the school district.  *Id.*  That is not true here.  Similarly, in *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326 (9th Cir. 1977), the court noted that the parents' interests appeared to be in conflict with the government's, but declined to rule on whether the parents could intervene because they had not followed the correct procedure for either joinder or intervention.  *Id.* at 1329.  Last, Proposed

1         *Second*, Proposed Intervenors argue that Defendant Horne is not capable of

2    making their arguments because he lacks the necessary resources.  (Dkt. 98 at 15.)  This

3    Court has already considered and rejected that argument when it denied the State

4    Legislators' intervention as of right:

5             While the Attorney General is disqualified from participation,
              Defendant Horne has retained outside counsel and is

6             vigorously defending A.R.S. § 15-120.02.  *See* A.R.S. § 41-
              192(E) ("If the agency has received written notification from

7             the attorney general that the attorney general is disqualified
              . . . the state agency is authorized to make expenditures and

8             incur indebtedness to employ attorneys to provide the
              representation or services.")  The Court is not persuaded that

9             Defendant Horne is incapable or unwilling to make all of the
              arguments advanced by the Legislators.

10

11   (Dkt. 79 at 7.)

12        *Third*, Proposed Intervenors, citing *B.P.J.*, assert that they will offer necessary

13   elements to the proceeding that other parties would neglect.   However, contrary to

14   Plaintiffs here, the plaintiff in *B.P.J.* brought both a facial and an as-applied challenge to

15   the law at issue.  *B.P.J. v. W. Va. State Bd. of Educ.*, 2023 WL 1805883, at *2 (S.D. W.

16   Va. Feb. 7, 2023) (discussing how plaintiff alleged both facial and as-applied claims).  As

17   previously discussed, Proposed Intervenors do not have a relevant perspective to offer in

18   this as-applied challenge.   Moreover, the proposed intervenor in *B.P.J.* offered several

19   arguments she intended to make that differed from those of the defendants.  *B.P.J. v. W.*

20   *Va. State Bd. of Educ.*, 2021 WL 5711547, at 3* (S.D. W. Va. Dec. 1, 2021).  That is not

21   the case here.  Proposed Intervenors fail to identify any necessary element that they will

22   bring to the proceeding that other parties will neglect.   Accordingly, because Proposed

23   Intervenors have not rebutted the presumption that Defendant Horne is adequately

24   representing their interests, they are not entitled to intervene as of right.

25

26

27        Intervenors discuss *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 864
     (9th Cir. 2016) and *Greene v. Raffensperger*, 2022 WL 1045967, at *4 (N.D. Ga. Apr.

28   7, 2022).   However, in both of those cases, the existing parties and proposed
     intervenors did not share the same ultimate objective.

### C.     The Proposed Intervenors' Application Is Untimely.

Proposed Intervenors' motion should also be denied as untimely because it was filed after the pleading stage and after full briefing on the preliminary injunction motion, without any explanation for the delay.  *See Johnson Bank v. Greenplex Invs., LLC*, 2013 WL 6577284, at *3 (D. Ariz. Dec. 16, 2013).  This case has progressed significantly since it was filed over three months ago.  As laid out in detail above, all the parties have appeared, TGS's motion to dismiss is under advisement, and the Court has issued a decision granting Plaintiffs' motion for preliminary injunction.

Proposed Intervenors have offered no explanation for why they waited almost three months and immediately before the Court heard argument on Plaintiffs' preliminary injunction motion before they filed their motion to intervene.  *See Med. Advocs. for Healthy Air v. Johnson*, 2006 WL 1530094, at *3 (N.D. Cal. June 2, 2006) (holding that the motion to intervene was untimely because "[s]ignificantly, [proposed intervenor] has not provided *any* explanation as to why it waited until such a late date to file its Motion to Intervene.  [Proposed intervenor's] failure to provide the Court with a valid explanation for its belated Motion to Intervene is simply inexcusable." (emphasis in original)).

Moreover, Proposed Intervenors' delayed request to intervene will prejudice the non-intervening parties by causing them to relitigate issues that have already been decided.  *See McIver v. KW Real Estate/Akron Co.*, 2016 WL 8230634, at *3 (C.D. Cal. June 15, 2016) (the court must consider the prejudice resulting from the delay, not the intervention by itself).[3]  Accordingly, the Court should deny Proposed Intervenors' motion as untimely.

### II.     THE COURT SHOULD DENY PERMISSIVE INTERVENTION.

None of the six reasons Proposed Intervenors offer in favor of permissive intervention are persuasive.  As discussed above, Proposed Intervenors' motion is untimely.  *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th

---

[3]   Even if the Court allows the Proposed Intervenors to participate in this action, it should not grant leave to file a motion to dismiss.  Not only would such a motion be untimely, it does not satisfy the pleading requirements of Fed. R. Civ. P. 24(c) because a motion to dismiss is not a pleading.

Cir. 1997) ("In the context of permissive intervention, [] we analyze the timeliness element more strictly than we do with intervention as of right."); *Nat'l Urb. League v. Ross*, 2020 WL 6290353, at *3 (N.D. Cal. Oct. 26, 2020) ("[W]here intervention as of right would be untimely, permissive intervention by the same movants would be especially untimely.").

As previously discussed, Proposed Intervenors do not have a significant interest in defending the Ban as applied to Plaintiffs because they have not alleged that their daughters will suffer any direct or indirect impact if Plaintiffs are allowed to play on girls' teams or that their alleged interest in equal athletic opportunity would be impaired if they are not allowed to intervene. To the extent that Proposed Intervenors do have a cognizable interest in this action (which they do not), their interests are adequately represented by existing parties. *See Medchoice Risk Retention Grp., Inc. v. Rand*, 2017 WL 1025173, at *2 (D. Nev. Mar. 16, 2017) (denying permissive intervention because the proposed intervenors' interests were adequately represented by the defendants who have a significant interest in the case); *Doe v. Schwarzenegger*, 2007 WL 163252, at *4 (E.D. Cal. Jan. 18, 2007) (denying permissive intervention because "the interests of the [proposed intervenor] are already adequately represented by existing defendants").

The only new reason Proposed Intervenors offer for permissive intervention is that their defenses to the Ban share common questions of law and fact with the central issues in this case. (Dkt. 98 at 17.) This reason by itself is insufficient to warrant permissive intervention. *See Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021) (the district court can deny permissive intervention even where the threshold requirements, including commonality, have been met). Proposed Intervenors' involvement will unnecessarily encumber the litigation with duplication of efforts without making any significant contribution to the factual record underlying the lawsuit. *See Isaacson v. Brnovich*, 2021 WL 5449086, at *2 (D. Ariz. Nov. 22, 2021) (denying permissive intervention despite proposed intervenors sharing ultimate objectives and common questions of law and fact because their intervention was unlikely to significantly contribute to the full factual

development of the underlying issues and instead would likely result in unnecessary duplication of efforts); *Ctr. for Biological Diversity v. EPA*, 2009 WL 10727789, at \*4 (W.D. Wash. Oct. 5, 2009) (denying permissive intervention when proposed intervenors failed to show how their participation would significantly contribute to the full development of the underlying factual issues in the lawsuit).

Moreover, as discussed above, intervention would prejudice Plaintiffs and delay the adjudication of this case.  *See United States v. Maricopa Cnty.*, 2012 WL 12827045, at \*2 (D. Ariz. July 25, 2012) (denying motion to intervene when it would unduly delay and prejudice the adjudication of the case); *Gallucci v. Boiron, Inc.*, 2012 WL 12864924, at \*3 (S.D. Cal. Apr. 25, 2012) (denying permissive intervention when it would significantly delay the proceedings and prejudice the rights of the original parties). Plaintiffs should not have to suffer the unfair advantage of more than one Defendant taking the same essential position and overwhelming Plaintiffs with duplicative briefs and documents, especially in circumstances where Proposed Intervenors will not independently contribute to the development of the factual and legal issues presented in this case.

Accordingly, the Court should deny Proposed Intervenors' request for permissive intervention.  Proposed intervenors can adequately present their purported interests and perspectives in this matter as *amici*.

## **CONCLUSION**

For the foregoing reasons, the Motion to Intervene should be denied.

Respectfully submitted this 21st day of June, 2023.

*/s/ Colin M. Proksel*
Colin M. Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com

1
2
3
4
5
6

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

7
8
9
10
11

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

12

*Admitted pro hac vice.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28