IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
OR
THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Helen Doe, et al.   (Megan)       No. CV-23-00185-TUC-JGZ
    Plaintiffs      CA-9: 23-16026
  Against

Tomas C. Horne, et al.
    Defendants

## PETITION FOR A WRIT OF HABEAS CORPUS

MARK MARVIN, Someone petitioner, State Agent, Someone Petitioner (*Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022, 2049; and responsible citizen, *Miranda v. Arizona*, 1966, 384 U.S. 436, 477-478, 86 S.Ct. 1602, 1629, *Darr v. Birford*, 339 U.S. 200, 203, 70 S.Ct. 587, 590, "Rule 52(b) [Fed. Rule Crim. Proc. ] ) hereby moves this honorable court for habeas corpus, by motion or *sua sponte* in this matter in the public interest in the form of habeas corpus as the children petitioners are trapped in a de facto imprisonment, and for the following reasons:

1, The children must be presumed to be children with child-like thinking, who have no realistic ability to understand that fantasies about being girls involves amputation of healthy male body parts, specifically the court has the responsibility to protect the boys from Frankenstein medical doctors who lust for cutting off boys' penises and testicles (castration) and that being trapped and victimized by child fantasies of being castrated requires the protection that children need from rational adults such as

parents and judges and removal from dangerous entrapment.

2, That mutilation by castration is a credible threat to any individual: "Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement (for standing) where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder. (*Susan B. Anthony List v. Driehause*, 2014, 573 U.S. 149, 158, [10-11], 134 S.Ct. 2334, 2342, citing *MedImmune, Inc. Genentech Inc.* 549 U.S. 118, 128-129, 127 S.Ct. 764, *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S.Ct. 2301)

3, "(W)e need not resolve the continuing vitality of the prudential ripeness doctrine in this case because the 'fitness' and 'hardship' factors are easily satisfied here. First petitioner's challenge … is purely legal and will not be clarified by further factual development. (*Thomas v. Union Carbide Ag. Products Co.* 473 U.S. 568, 581, 105 S.Ct. 3325, 1985) And denying prompt judicial review would impose a substantial 168 hardship on petitioner, forcing them to choose between refraining from core political speech on the one hand, or engaging in that speech and risking costly Commission proceedings and criminal prosecution on the other. (*Id. Susan B. Anthony*, 167-8, 2347 [18])

4, "We are in the First Amendment field. The continuing surveillance this type of law places on teachers is 60 hostile to academic freedom (citing *Sweezy v. State of N.H.* 354 U.S. 234, 250, 77 S.Ct. 1203,

1211) .... The restraints on conscientious teachers are obvious. As we noted in the *Elfbrandt* case, even attendance at an international conference might be a trap for the innocent...." (*Whitehill v. Elkins*, 1967, 88 S.Ct. 184, 187, 389 U.S. 54, 59-60)

5, As petitioner has standing as a matter of law as a Free Speech question, which violates his constitutional right to association and he says:

6, This is an action by plaintiffs to enjoin implementation of A.R.S. 15-120.02 the Arizona law that enforces separation of male and female sexes in some sporting activities. Plaintiff claim sexual discrimination in that chemical and surgically castrated males wish to compete in sports against biological females and are prohibited by that Arizona law. The court has held that chemically and surgically castrated males are the legal equivalent of biological females, and that castration is tolerated as "equal protection" under the law and as medical treatment. (Para. 12)

7, Plaintiffs claim that because they think they are female by reason of "magical thinking", called: "gender identity" that they are really female and by reason of equal protection they are unlawfully discriminated against.

8, This court has ordered injunctive relief to prevent enforcement of A.R.S. 15-120.02 dated July 20, 2023. Consistent with this court's decision is the imperative that biological males must be referred to as "she' and "her" and that males can arbitrarily change their sex by magical thinking, and that magical thinking is now replacing rational law. Thus this court holds that

constitutional law: freedom of speech, and association and due process is inapplicable in the face of magical thinking.

9, "Doe" was male at birth, and still for life, is. Magical thinking permeates these proceedings and is the controlling factor. "Magical thinking characterizes both obsessions and compulsions. Neither has anything to do with the real, physical, world of cause and effect -- a fact of which the patient is aware." (Merck Manual, Fifteenth Edition, 1987, p. 1506)

10, "Gender identification (sex-typing) is commonly performed in conjunction with STR typing kit using PCR products generated from the amelogen gene that occurs on both the X- and Y- chromosome. A commonly used PCR primer set first published by Sullivan et al. (1993) BioTechniques 15:637-641 targets a 6 bp deletion that occurs on the X-chromosome, which enables amplicons generated from the X- and Y- chromosomes to be distinguished from one another when electrophoretic separation is performed to separate STR alleles. Most commercial STR kits utilize the Sullivan et al. (1993) primers or minor modifications. Since females are XX, X, only a single peak is observed when testing female DNA whereas males, which possess both X and Y chromosomes, exhibit two peaks with a standard amelogenin test." (*U.S. v. Williams*, not reported in F.Supp.2d (2013) 2013 WL 4518215, fn 9)

11, The United States Supreme Court held: (*District Attorney's Office for the Third Judicial Dist. v. Osborne*, 2009, 557 U.S. 52, 129 S.Ct.

2308; citing: *Atkins v. Virginia*, 536 U.S. 304, 326, 122 S.Ct. 2242 (2002)) "(I)ndeed, short tandem repeat (STR) DNA tests can in certain circumstances establish to a virtual certainty whether a given individual did or did not commit a particular crime.... the potential for virtual certainty. (80, 2327) , concurring opinion of Justices Alito, Kennedy, Thomas)

12, The court's final order was based on the Doe's irrational self-image, not on virtual certainty. It is based on magical thinking which is the antithesis of virtual certainty, and reality.

13, The court did not consider biological states of sexual hyperplasia such as occurring in pseudo hermaphrodites as opposed to true hermaphrodites, or possibly chromosome abnormalities.

14, Human history is rife with instances of males being castrated for sociological purposes. Eunuchs served many functions in society and were sometimes considered a third sex, or female, or a non-sex (neutered) Importantly eunuchs could not biologically function as birthing parents or sperm donors. They are certainly not DNA defined females.

15, The defendants supervised sporting competition only for females because males are known for thousands of years to have superior innate strength capabilities, prejudicial to females. Society has operated for thousands of years with males, of necessity being not identical to females. The differences are clearly defined by biological parameters. The government (p. 162, 179) has an interest in protecting females from

predatory males and for continuing natural and common law distinctions between the real sexes and to have a liberty interest in a continuity of humankind having males and females, which are distinguishable from one another. Females are a protected population, and our society cannot function where unidentified males are predators on the female population. This court has swept away thousands of years of humanity by holding that sexuality is defined by perceived self-identity, and where males can predatate the female population by unreasonably claiming to be female. (Wolf in sheep's clothing)

16, This court has disregarded the vital lawful "reasonable" qualification for a non-lawful "belief" qualification.
The fact that Doe says or believes himself to be female does not make it fact that he is a female. His belief is scientifically not reasonable. It is unreasonable (*Henry v. U.S.*, 361 U.S. 98, 80 S.Ct. 168) and magical thinking. This court states that "Jane ...will experience female puberty" (para. 121) This is irresponsible because Jane (he) will never produce eggs to be fertilized in an imaginary uterus. He will simply be a eunuch, and as such, an outcast in male and female society.

17, A plaintiff might believe himself to be Jesus Christ, (J. C.) or Julius Caesar, or Napoleon, but that is not judicially probative of his biological identity, and not reasonable as a matter of law.

18, The court has erroneously relied on the plaintiff's self-image as probative of his sexual group, when in fact it is probative of his sexual

dysphoria which is not treatable by destroying the perpetual liberty interest in the human population to have male and female persons defined by more permanent procreative specific parameters than a plaintiff's predatory "self-image." Petitioner's claim to femaleness is that he anticipates castration.

19, That Freedom of Speech is violated by the unreasonable legal obligation to identify, behave toward, and to refer to biological males afflicted with magical thinking incorrectly as "female" with obligatory pronouns ("she", "her", etc.)

20, That it appears that the District Court is relying on the law of magical thinking which is plain error on its face as it substitutes what a person "believes" for reality and gives mental delusion, or magical thinking the force of law and in doing so violates:   constitutional law based on due process, common law based on thousands of years of human society where males are distinguished from females by biology, not magical thinking, and natural law which defines the differences between human sexes by anatomical and biological terms which are other than what a person "believes", and makes a mockery of rational reasonable thought. (*Carter v. U.S.*, 2000, 530 U.S. 255, 264, 120 S.Ct. 2159, 2166)

21, That the trial court has created a grandiose psychiatric hospital where persons are imprisoned by irrational rulings defined by magical thinking, devoid of biological reality. In a very non-adult way, this court held that sexual mutilation of children for the sake of playing girl's sports qualifies as equal protection.

WHEREFORE, this honorable court should arrest the order in this matter to reflect the Constitutional, common law and statutory requirement for reasonable belief and not magical thinking, and grant such other and further relief as is just and proper.

Affirmed as true on information and belief,

*[signature]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
July 30, 2023

U.S. District Court, 405 W. Congress St. Suite 1500, Tucson AZ 85701-5010
U.S. Court of Appeals, 95 7 th. Street, San Francisco, CA 94103

Colin Proksel, Osborne Maldeon, 2929 North Central Ave. 21 St. Floor, Phoenix, AZ 85012-2793

Kris Mayes, Attorney General, Tucson Office, 400 West Congress, South Building, Suite 315, Tucson AZ 85701-2793

*[signature] J↻ 23 '23*