James K. Rogers (Ariz. Bar No. 027287)
  *Senior Counsel*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

*Attorneys for Proposed Defendant-Intervenors Anna Van Hoek, Lisa Fink, Amber Zenczak, and Arizona Women of Action*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*.<br><br>        Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Reply in Support of Motion to Intervene of Anna Van Hoek, Lisa Fink, Amber Zenczak, and Arizona Women of Action** |

**Introduction**

The Parent Representatives bring to this case an important perspective that would otherwise be absent: that of biological girls who play sports. On appeal, this case will likely establish controlling precedent that will affect all Arizonans and also tens of millions of others in the Ninth Circuit. The involvement of the Parent Representatives is essential to ensuring the fair adjudication of this case.

This Court should grant intervention as of right. Intervention is timely—the Motion to Intervene (Doc. 98 ("Intervention Motion")) was filed early in this case—just eleven weeks after the Complaint (Doc. 1) and before any dispositive motions. The Parent Representatives have obvious protectable interests, and their interests will not be adequately represented by the other parties. Furthermore, permissive intervention is also warranted because all the requirements for such intervention are satisfied.

**Argument**

"Rule 24 of the Federal Rules of Civil Procedure is construed liberally, in favor of the intervenor." *Ctr. for Biological Diversity v. Bernhardt*, No. CV-20-00461-TUC-JGZ, 2021 WL 2439287, at *1 (D. Ariz. June 15, 2021) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Under that forgiving standard, the Parent Representatives have more than satisfied their burden to demonstrate that they are entitled to intervention as of right and that permissive intervention should be granted.

**I.    The Parent Representatives Are Entitled to Intervention as of Right.**

**A.    The Parent Representatives Have a Protectible Interest Because They Are Intended Beneficiaries of the Save Women Sports Act.**

"[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). The Ninth Circuit has held that such practical impairment exists when the proposed intervenors "are the intended beneficiaries of this law" because "[t]he proposed intervenors' interest thus is neither 'undifferentiated' nor 'generalized'" *Id.*, 450 F.3d at 441. This is true here—the

1

plain language of the Save Women's Sports Act and the unambiguous legislative history demonstrate that the Act's intended beneficiaries are biological girls, such as the daughters of the Parent Representatives. (*See* Intervention Motion at 2 (explaining statutory text and legislative history of the Save Women's Sports Act.))

The Plaintiffs contend in their Opposition to Motion to Intervene that the Parent Representatives do not have a protectable interest because the Plaintiffs' case is an as-applied challenge and the relief they seek will not "directly harm" the Parent Representatives or their daughters. ((Doc. 130 ("Opposition") at 4-5.) Thus, they argue, the as-applied nature of this case means that the risk of the precedential impact of this case is "too remote to establish that [the Parent Representatives'] purported interest would be impaired." (Opposition at 6.)

Because of the near-certain *stare decisis* impact of this case, the Plaintiffs' contention that the Parent Representatives lack a protectable interest because this is an as-applied challenge "is disingenuous." *GHP Mgmt. Corp. v. City of Los Angeles* ("*GHP*")*,* 339 F.R.D. 621, 624 (C.D. Cal. 2021). In *GHP*, the plaintiffs similarly opposed intervention, claiming that the proposed intervenors lacked a protectable interest because the case was only an "as-applied challenge" to the COVID-19 eviction moratorium that would only be limited to the small number of parties to the case. *Id.* The court soundly rejected this argument, explaining that "[a]ny argument that this matter presents a limited question pertaining only to a small number of litigants is not well-taken" because the "Proposed Intervenors have adequately shown that this matter could affect the viability of the Moratorium's eviction protections." *Id.*

The same is true here. Superintendent Horne and the Legislative Leaders have already filed notices of appeal of this Court's preliminary injunction. (Doc. 129 and 133.) The Ninth Circuit's adjudication of this case will almost certainly establish binding precedent that will determine the constitutionality of the Save Women's Sports Act under the Equal Protection Clause and its lawfulness under Title IX, the ADA, and the Rehabilitation Act. The Plaintiffs do not offer any plausible explanation of how the

precedential effects of this case could possibly stay limited only to themselves. "To contend [otherwise] ... is naive, at best." *GHP*, 339 F.R.D. at 624.

Plaintiffs further contend "[i]t is only a mere possibility" the daughters of the Parent Representatives may be forced to compete against, or play on the same team as, a biological male. (Opposition at 6.) However, the evidence before this Court shows this risk is not merely hypothetical. The daughters of Mrs. Fink and Ms. Zenczak have *already* been harmed by being forced to play against biological males who identified as transgender, (Doc. 98-3 ¶ 7; Doc. 98-4 ¶ 9), and Ms. Van Hoek's daughters have also been harmed by competing against biological males. (Doc. 98-2 ¶¶ 5-7).

And even if the Parent Representatives were limited to only demonstrating a protectable interest by showing a direct effect from the two plaintiffs in this case, the Parent Representatives still prevail. The Complaint alleges that Plaintiff Jane Doe will attend middle school in Kyrene School District this school year and that Jane intends to try out for the soccer, cross-country, and basketball teams. (Complaint ¶¶ 49-50.) Ms. Zenczak's youngest daughter will be in eighth grade this school year and thus is also of middle school age. (Doc. 98-4 ¶ 5.).  Ms. Zenczak's daughter plays many of the same sports as Jane, including soccer and basketball, and it is a distinct possibility that Ms. Zenczak's daughter may transfer into Kyrene School District and be forced to compete against, or on the same team as, Jane. (*Id.* ¶¶ 3, 5.) *See Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1020 (5th Cir. 2022) (cleaned up) ("the intervenor need only show that if it cannot intervene, there is *a possibility* that its interest could be impaired or impeded." (emphasis added)); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307 (5th Cir. 2022) (same). Thus, there is a possibility Ms. Zenczak's daughter will be competing against or for a limited spot on various teams in the Kyrene School District.

**B.     The Existing Defendants and Intervenors Will Not Adequately Represent the Parent Representatives' Interests Because the Parent Representatives' Interests Are More Narrow and Parochial Than the Broad and Public Interests Represented by the Other Parties.**

To demonstrate inadequate representation, "the proposed intervenor must show that representation of his interest by existing parties *may* be inadequate; and the burden of making that showing *should be treated as minimal*." *WildEarth Guardians v. Zinke*, No. CV-18-00048-TUC-JGZ, 2018 WL 3475441, at *3 (D. Ariz. July 19, 2018) (cleaned up) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added). The Parent Representatives more than fulfill this minimal burden.

As the Parent Representatives pointed out in their initial motion, when the defendant in an action is a public official or agency, intervention as of right by private parties is appropriate if the intervenor's interests are "potentially more narrow and parochial than the interests of the public at large" because in such cases "the representation of [the intervenor's] interests by the [public agency defendant] may have been inadequate." *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (affirming grant of intervention); *accord, WildEarth Guardians*, 2018 WL 3475441, at *3. The Plaintiffs never address this point at all. Instead, their only rejoinder is to claim the parent representatives "share the same ultimate objective as Defendant Horne and the State Legislators," that the Parent Representatives "do not identify any argument that Defendant Horne or the State Legislators did not make that they would like to make instead," that Superintendent Horne is not under-resourced, and that the Parent Representatives "do not have a relevant perspective to offer in this as-applied challenge." (Opposition at 7-8.)

However, even though Superintendent Horne, the Legislative Leaders, and the Parent Representatives "seek the same outcome in this litigation, the interests of Defendants and the [Parent Representatives] are not entirely alike," *WildEarth Guardians*, 2018 WL 3475441, at *3. The Parent Representatives already outlined many

of those differences in their Motion to Intervene as to Superintendent Horne. (*See* Motion at 14-16.)

The Legislative Leaders also will not adequately represent the Parent Representatives for two reasons. *First*, they were only granted limited permissive intervention as to the preliminary injunction. Thus, unless this Court expands the extent of intervention, the Legislative Leaders will not be able even to represent their own interests, let alone the Parent Representatives'. *Second*, much like Superintendent Horne, the Legislative Leaders represent a much broader constituency than just biological female student athletes and their parents. Thus, they "represent broader public and institutional interests, not shared by Intervenors, that will factor into how they respond to this action." *Greene v. Raffensperger*, No. 22-CV-1294-AT, 2022 WL 1045967, at *4 (N.D. Ga. Apr. 7, 2022). Therefore, even if the Legislative Leaders continue to intervene in this case, intervention by the Parent Representatives is still warranted because their interests are "potentially more narrow and parochial." *Californians For Safe & Competitive Dump Truck Transp.*, 152 F.3d at 1190.

Furthermore, even if Superintendent Horne, the Legislative Leaders, and the Parent Representatives "have the same goal in this litigation, there is no guarantee" the Superintendent or the Legislative Leaders "will not change or adjust [their] policy or position during the course of litigation." *WildEarth Guardians*, 2018 WL 3475441, at *3.

The Plaintiffs' argument, which they repeat several times, that the Parent Representatives' "proposed motion to dismiss does not discuss *a single new argument* related to Plaintiffs' equal protection and Title IX claims" (Opposition at 7 (emphasis in original)) is particularly puzzling, as this statement actually *supports* intervention. There are three claims in this case. The Plaintiffs only claim that the Parent Representatives have failed to advance different arguments against only Counts I and II. The Plaintiffs thus apparently concede that the Parent Representatives' arguments against Count III, which is brought under the ADA and the Rehabilitation Act, are new. Indeed, the

Plaintiffs must concede this because the Parent Representatives' arguments against Count III[1] are entirely novel and have not been raised at all in this case.

Furthermore, the Parent Representatives' arguments against all three counts are not identical to those made by Superintendent Horne and the Legislative Leaders. This appears to be especially true of the Legislative Leaders' arguments in their proposed motion to dismiss. (Doc. 38-1.) This Court's order granting limited permissive intervention to the Legislative Leaders specifically stated that intervention was "limited at this time to presenting argument and evidence in opposition to Plaintiffs' motion for preliminary injunction," and that this Court "will not consider the Legislators' proposed Motion to Dismiss." (Doc. 79.) Thus, none of the arguments raised by the Legislative Leaders in their proposed motion to dismiss are before this Court.

    **C.**   **Intervention is Timely Because Parent Representatives Intervened at an Early Part of the Proceeding, No Party Will Be Prejudiced by Intervention, and Intervention After Only Eleven Weeks Fits Within Timeframes Granted by the Ninth Circuit.**

The Parent Representatives' Motion to Intervene is timely. "Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay.'" *Ctr. for Biological Diversity v. Bernhardt*, No. CV-20-00461-TUC-JGZ, 2021 WL 2439287, at *1 (D. Ariz. June 15, 2021) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). All three factors weigh in favor of intervention.

*First*, the Parent Representatives "seek[] to intervene at one of the earliest points in litigation." *Id.* At the time that the Parent Representatives filed their motion, "[t]he parties [had] filed their first pleadings and the Court [had] not 'substantively—and

---

[1] Specifically, those novel arguments are that the ADA and Rehabilitation Act exclude from the statutes' applicability Plaintiffs' gender dysphoria because the word "transsexualism" in 42 U.S.C. § 12211(b)(1) and 29 U.S.C. § 705(20)(F)(i) includes within its meaning gender dysphoria and also because the Ninth Circuit has held that "gender dysphoria" is equivalent to "gender identity disorder" as used in the ADA and Rehabilitation Act. (Doc. 98-1 at 14-17.)

substantially—engaged the issues in this case.'" *Id.* (quoting *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997)).

*Second*, the Plaintiffs will not be prejudiced by intervention. The Plaintiffs claim that intervention "will prejudice the non-intervening parties by causing them to relitigate issues that have already been decided." (Opposition at 9.) Plaintiffs fail, however, to explain what issues would need to be relitigated. The only major issue in this case that has been decided already is this Court's preliminary injunction order. Because the Parent Representatives do not seek to relitigate that issue here, then the Plaintiffs' claims of prejudice should be rejected.

*Third*, the length of time before the Parent Representatives filed their motion—eleven weeks after the complaint was filed—is short and fits well within the periods the Ninth Circuit has held as timely. *See, e.g.*, *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) ("less than three months" was timely); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1257 and 1260 n.8 (9th Cir. 2010) ("no prejudicial delay caused by Intervenors, who promptly sought leave to intervene" "[o]n October 9, 2008," ten weeks after the complaint had been filed, "[o]n July 31, 2008"); *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1149 (9th Cir. 2010) (there was no dispute about timeliness of intervention filed "within a span of four months"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (intervention filed four months after complaint was timely because "[t]he intervention motion was filed at a very early stage, before any [substantive] hearings or rulings").

Indeed, the cases cited by the Plaintiffs also support a timeliness finding here (*see* Opposition at 9), as the timespans found to be untimely in two of the three of Plaintiffs' cited cases are much greater than the eleven weeks here—48 months and ten months—and for the third case where the period was 16 weeks, a dispositive motion had been filed before the intervention attempt. *See McIver v. KW Real Est./Akron Co., LLC*, No. 810ML02151JVSFMOX, 2016 WL 8230634, at *3 (C.D. Cal. June 15, 2016) (complaint filed "forty-eight months before" intervention motion); *Johnson Bank v. Greenplex Invs.*,

7

*LLC*, No. 2:12-CV-2423 JWS, 2013 WL 6577284, at *2 (D. Ariz. Dec. 16, 2013) (motion to intervene filed ten months after complaint and five months after stipulated judgment); *Med. Advocs. For Healthy Air v. Johnson*, No. C 06-0093 SBA, 2006 WL 1530094, at *2 (N.D. Cal. June 2, 2006) (intervention motion filed 16 weeks after complaint and three weeks after partial motion for summary judgment).

"This case is at an early stage and briefing on" dispositive motions has not even started yet. *Ctr. for Biological Diversity v. Zinke*, No. CV-18-00047-TUC-JGZ, 2018 WL 3497081, at *2 (D. Ariz. July 20, 2018). There is no prejudice to intervention, and the Parent Representatives' intervention motion is therefore timely.

### D. The Parent Representatives' Proposed Motion to Dismiss Fulfills the Requirements of Rule 24(c).

The Parent Representatives' Proposed Motion to Dismiss complies with Rule 24(c) and is timely.[2] The Plaintiffs' argument that it is untimely and fails to satisfy Rule 24(c) (Opposition at 9 n.3) is not well taken.

This Court has previously rejected the same argument because "within the Ninth Circuit, failure to comply with the technical requirements of Rule 24, by failing to attach a pleading, will not affect the outcome of a motion for intervention, assuming the motion otherwise meets Rule 24's substantive requirements." *Ctr. for Biological Diversity v. Jewell*, No. CV-15-00019-TUC-JGZ, 2015 WL 13037049, at *1 (D. Ariz. May 12, 2015) (citing *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009).)

The Parent Representatives' Proposed Motion to Dismiss should be accepted because "the purpose of Rule 24(c) is 'not only to inform the court of the grounds upon which intervention is sought, but also to inform the parties against whom some right is asserted or relief sought, so they may be heard before the court passes on the

---

[2] The Parent Representatives' proposed motion, if accepted by the Court, *would* be timely. *See* Fed. R. Civ. P. 12(b) (allowing Rule 12(b) motions to dismiss "before pleading if a responsive pleading is allowed."). Indeed, this Court has accepted such motions filed by intervenors on similar timelines to that here. *See, e.g.*, *Ctr. for Biological Diversity*, 2015 WL 13037049, at *1 (accepting proposed motion to dismiss filed on April 15, 2015, where the initial complaint was filed three months earlier, on January 16, 2025).

8

application.'" *Id.* (quoting *Int'l Broth. of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 523, of Tulsa, Oklahoma v. Keystone Freighter Lines*, 123 F.2d 326, 328 (10th Cir. 1941).

Thus, this Court has found that a motion to dismiss filed in conjunction with a motion to intervene "would have complied with the substantive requirements of Rule 24(c); it puts the existing parties on sufficient notice of the [proposed intervenor's] claim or defense, such that the procedural requirements of Rule 24(c) would be met. In addition, given the Ninth Circuit's liberal reading of the Rule 24(c) requirement, the Court concludes that the [proposed intervenor] is not required to file an answer in lieu of or in addition to its motion to dismiss." *Id.*

Accordingly, the Parent Representatives request that, if this Court grants intervention, they be allowed to file their Proposed Motion to Dismiss in lieu of an answer (but only after the Parent Representatives format the motion to comply with page limits and first notify the Plaintiffs of alleged defects in the complaint and give them an opportunity to cure by filing an amended pleading). *See id.* at *1.

**II.     If the Court Does Not Grant Intervention as of Right, It Should Grant Permissive Intervention.**

If this Court does not grant intervention as of right, then it should grant permissive intervention. The Plaintiffs' only arguments against permissive intervention (*see* Opposition at 9-11) repeat the same ones they made against intervention as of right. Thus, for the same reasons stated above and in the Motion to Intervene, the Plaintiffs' arguments against permissive intervention should be rejected.

**III.    The Parent Representatives and the Legislative Leaders Will Collaborate to Eliminate Duplicative Filings.**

This Court ordered the Parent Representatives to "address ... how the two Intervenor Defendants can combine briefing to not overwhelm Plaintiffs with an unfair advantage by using their briefs to pile-on more than one bite at arguments presented in this case" and also to "address the scope of intervention, if granted, for the purpose of

briefing the Court regarding issues arising in this action, including jointly filed Intervenor Defendant briefs, limited in total to the same page lengths as the Plaintiffs' briefs, subject to requests for extended pages if necessary. The parties are not precluded from seeking leave to file over-length briefs, pursuant to a stipulation." (Doc. 111 at 3-4.)

At the outset, the Parent Representatives note that the current status of the Legislative Leaders is unclear, as this Court only granted them permissive intervention "limited at this time to presenting argument and evidence in opposition to Plaintiffs' motion for preliminary injunction." (Doc. 79 at 9.)

As to the scope of intervention, the Parent Representatives seek complete intervention in the case as a full party.

Counsel for the Parent Representatives and the Legislative Leaders (the "Proposed Intervenors") have conferred. If the Legislative Leaders are allowed to intervene beyond the preliminary injunction phase of the case, and if the Parent Representatives are granted intervention, the Proposed Intervenors have agreed to take all possible steps to eliminate duplicative filings while continuing to advocate for their respective clients' particular interests.

The Proposed Intervenors are very cognizant of this Court's concerns that the Proposed Intervenors not "overwhelm Plaintiffs with an unfair advantage by using their briefs to pile-on more than one bite at arguments presented in this case." (Doc. 111 at 4.) The Proposed Intervenors themselves also have no interest in duplicating efforts or wearying this Court by repeating the same arguments. The Legislative Leaders have already established a good track record in this case for avoiding such outcomes. During the preliminary injunction briefing in this case, the Legislative Leaders collaborated closely with the Defendants in this case and eliminated duplicative filings and arguments to the extent feasible. The Proposed Intervenors commit to maintaining those same high standards.

Where possible, the Proposed Intervenors will file joint briefs that conform to the Local Rules' page limits or will seek stipulation with the other parties and consent from

this Court before filing an over-length brief. If the Proposed Intervenors determine that it is necessary to file separate briefs on the same issue or motion, they stipulate that the total number of pages the Plaintiffs may file in response shall equal the total number of pages filed by the different Proposed Intervenors and that the total number of pages the Plaintiffs may file in Reply will equal the total number of pages the Plaintiffs would have been able to use if they had been filing separate replies to each response.

## Conclusion

Accordingly, Parent Representatives' motion to intervene should be granted.

Respectfully submitted this 4th of August, 2023.

          America First Legal Foundation

          By: /s/ *James K. Rogers*

              James K. Rogers (Ariz. Bar No. 027287)
              611 Pennsylvania Ave., SE #231
              Washington, D.C. 20003
          *Attorney for Proposed Defendant-Intervenors Anna Van Hoek, Lisa Fink, Amber Zenczak, and Arizona Women of Action*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all Defendants who have appeared are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

 /s/ *James K. Rogers*
*Attorney for Proposed Defendant-Intervenors*
*Anna Van Hoek, Lisa Fink, Amber Zenczak, and*
*Arizona Women of Action*