# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

A Scheduling Conference was conducted before the Honorable Jennifer G. Zipps on August 25, 2023, with attorneys Rachel Berg, Amy Zimmerman, and Ardis Strong for Plaintiffs; attorneys Karl Worthington and Maria Syms for Defendant Horne; attorney Jordan Ellel for Defendants Toenjes and Kyrene School District; attorneys David Potts and Lisa Anne Smith for Defendant The Gregory School; attorney Kristian Nelson for Defendant Arizona Interscholastic Association Incorporated; and attorneys Justin Smith and John Sauer for Intervenor Legislator Defendants. Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1. The parties shall exchange initial disclosures on or before **September 29, 2023**.

2. Intervenor Legislator Defendants shall file their answer or other responsive motion by **September 12, 2023**.

3. The parties' deadline for filing motions to amend pleadings and motions to join additional parties shall be **October 23, 2023**.

4. Plaintiff shall disclose all expert witnesses, exhibits and other Rule 26(a)(2) matters on or before **March 1, 2024**. Defendant shall disclose all expert witnesses, exhibits and other Rule 26(a)(2) matters on or before **April 1, 2024**. All rebuttal expert opinions shall be disclosed on or before **May 15, 2024**.

5. The parties shall disclose all lay witnesses pursuant to Rule 26(a)(3)(i), Fed. R. Civ. P., on or before **March 8, 2024**.

6. All fact discovery shall be completed on or before **March 8, 2024**, and all expert discovery shall be completed on or before **July 19, 2024**. Discovery is governed by the Federal Rules of Civil Procedure in regard to limitations on interrogatories and depositions. Leave of Court is required for any divergence from the federal rules. Interrogatories must be submitted sufficiently in advance to permit the opposing party to answer before the discovery deadline, thereby giving the party submitting the interrogatories sufficient time to undertake discovery made necessary by the answers. The parties must file Notices of Service of disclosure and discovery requests and responses and stated in LRCiv 5.2.

7. In the event of a dispute over discovery matters, counsel are cautioned to first engage in personal consultation regarding the dispute and to make a sincere effort to resolve the conflict. See LRCiv 7.2(j). Counsel should act to resolve discovery disputes quickly. If such efforts fail, counsel should then jointly call the Judge's law clerk to arrange a schedule for resolving the dispute expeditiously.

8. Dispositive motions shall be filed on or before **August 16, 2024**. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

9. All motions, memoranda, and pleadings submitted for the Court's review and decision must comply with the form requirements of the Rules of Practice and Procedure of the United States District Court for the District of Arizona. A litigant's failure to comply

with a local rule may result in sanctions, up to and including dismissal of its claim. *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). With respect to filing motions for summary judgment, the parties are directed to LRCiv 56.1. The parties are advised to pay particular attention to LRCiv 56.1(b), which states:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. No reply statement of facts may be filed.

The opposing party's separate statement must include both the controverting and additional facts in consecutively numbered paragraphs, starting with the numbered paragraphs corresponding to the moving party's separate statement of facts. In addition, filings with more than one exhibit shall be tabbed and divided and include a table of contents.

      10. Five days prior to any oral argument, hearing, or trial, counsel shall provide a Notice to Court Reporter to facilitate the creation of an accurate record. The Notice shall contain the following information that may be used during the proceeding:

      a. Proper names, including those of witnesses.

      b. Acronyms.

      c. Geographic locations.

      d. Technical/medical terms, names, or jargon.

      e. Table of authorities, in alphabetical order, which includes all the authorities on which the parties will rely at the proceeding.

The Notice to Court Reporter need not be filed but shall be provided by email to Judge Zipps' Court Reporter, Aaron LaDuke, Aaron_LaDuke@azd.uscourts.gov, with a courtesy copy to Judge Zipps' Chambers, zipps_chambers@azd.uscourts.gov.

11. Counsel shall file a Joint Proposed Pretrial Order and any Daubert motions within thirty (30) days after resolution of the dispositive motions filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **September 16, 2024**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the Form of Pretrial Order found on the Courts' website, under the tabs: Judges Information/Judges Orders, Forms and Procedures for Judge Zipps: https://perma.cc/SK55-JKK4.

12. Counsel shall file a brief Joint Settlement Status Report on or before **January 22, 2024**, and every ninety (90) days thereafter. The parties shall keep the Court informed regarding the possibility of settlement and, should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

13. All motions for an award of attorneys' fees shall be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and authorities filed in support of its motion. A party opposing a motion for attorneys' fees shall e-mail the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning

its responsive memorandum.

14. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order will be strictly enforced.

Dated this 25th day of August, 2023.

_____
Jennifer G. Zipps
United States District Judge