Colin Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:   (602) 640-9000
Facsimile:    (602) 640-9050
Email:          cproksel@omlaw.com

*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe; and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>         Plaintiffs,<br>     v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>         Defendants,<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Ben Toma, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>         Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT HORNE'S DEMAND FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 39(a)(2), Plaintiffs respectfully request that the Court strike Defendant Thomas C. Horne's Demand for a Jury Trial (Dkt. 56). The parties have met and conferred to attempt to resolve this issue, but Defendant Horne has declined to withdraw his jury trial demand.

None of Plaintiffs' claims present an issue that is "triable of right by a jury" pursuant to Rule 38(b) because neither a federal statute nor the Seventh Amendment authorizes one. First, no federal statute provides the right to a jury trial here. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) (explaining that 42 U.S.C. § 1983 "does not itself confer the jury right" and that generally a statute must provide for a legal remedy beyond just an "action at law" to bestow a right to a jury trial); *Doe v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3049, 2023 WL 2351687, at *2 (D. Neb. Mar. 3, 2023) ("[T]he provisions of Title IX do not contain explicit textual authorization for a jury trial."); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (where ADA claims seek only equitable relief, "no jury trial is available"); *see also Israelitt v. Enter. Servs. LLC*, No. 22-1382, 2023 WL 5249614, at *8 (4th Cir. Aug. 16, 2023) ("the ADA itself provides no right to a jury trial."); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) (as with the ADA, the Rehabilitation Act does not provide for a right to a jury trial on equitable claims).

Second, Plaintiffs' claims are equitable rather than legal in nature; therefore, the Seventh Amendment does not apply. *City of Monterey*, 526 U.S. at 719 (citing *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 446 (1830)). Plaintiffs seek equitable relief under 42 U.S.C. § 1983 "to redress the deprivation under color of state law of rights secured by the Fourteenth Amendment to the United States Constitution and under Title IX, the ADA, and the Rehabilitation Act." Compl. ¶ 14. Specifically, Plaintiffs ask the Court to declare that "the enforcement by Defendants of Ariz. Rev. Stat. § 15-120.02 violates Plaintiffs' rights" and "[p]reliminarily and permanently enjoin[ ] enforcement or any threat of enforcement" of Ariz. Rev. Stat. § 15-120.02 as to the Plaintiffs, thus "requiring Defendants . . . to permit Plaintiffs to try out for and play on the school sports'

teams consistent with their gender identity." Compl. at 20.  "It goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982).  Plaintiffs do not request monetary damages or common law remedies.

The Ninth Circuit has affirmed that "no right to a jury exists for equitable claims." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (citing *Dollar Sys., Inc. v. Avcar Leasing Systs., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989); *see also* Jury Instructions Committee of the Ninth Circuit, A MANUAL ON JURY TRIAL PROCEDURES (2013 ed.), pp. 4–5 ("Generally speaking, when the remedy sought is equitable in nature, there is no right to a jury trial.").  And the Supreme Court has explicitly noted that where a party seeks only injunctive relief, "the Seventh Amendment does not apply." *City of Monterey*, 526 U.S. at 719 (citing *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470 (1987)); *see also Gilman v. Perez*, 2006 WL 2091970, at *2 (E.D. Cal. July 26, 2006) ("Generally, parties are not entitled to a jury trial of issues of fact that arise in a proceeding to obtain an injunction.").

Neither do Plaintiffs' ancillary requests for a declaratory judgment and an award of attorneys' fees entitle Defendant Horne to a jury trial because Plaintiffs' claims remain "equitable in nature." *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1103 (N.D. Cal. 2007); *see also Hope Med. Enterps., Inc. v. Fagron Compounding Servs.*, 2021 WL 2941546, at *5 (C.D. Cal. July 12, 2021) ("[B]ecause the nature of each claim is equitable . . . [Plaintiff's] request for declaratory judgment does not entitle defendants to a jury trial.").  That Plaintiffs have simply "add[ed] a claim for a declaratory judgment to [their] other . . . claims for relief . . . does not create a right to a jury trial." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d at 643, 649 (7th Cir. 2002).

Similarly, a claim for attorneys' fees "is an equitable claim that does not carry a Seventh Amendment right to a jury trial." *Finato v. Fink*, 803 Fed. App'x. 84, 89 (9th Cir. 2020) (citing *Hale v. U.S. Tr.*, 509 F.3d 1139, 1147 (9th Cir. 2007)).  Moreover, it is

for the Court to decide how to apportion costs and attorneys' fees, not a jury.  *See* Fed. R. Civ. P. 54(d)(2)(C).

## CONCLUSION

For the foregoing reasons, the Court should strike Defendant Horne's demand for a jury trial.

Respectfully submitted this 3rd day of October, 2023.

*/s/ Colin M. Proksel*
Colin M. Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.*