**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Strike Defendant Horne's Demand for Jury Trial. (Doc. 156.) Defendant Horne has filed a Response and a Cross-Motion for Advisory Jury. (Doc. 159.) The motions are fully briefed. (Docs. 161, 163.) For the following reasons, the Court will grant the Motion to Strike the Demand for Jury Trial and Deny the Motion for Advisory Jury.

**BACKGROUND**

In this action, Plaintiffs request the Court (1) permanently enjoin Defendants from enforcing A.R.S. § 15-120.02 against them, and (2) declare the enforcement of A.R.S. § 15-120.02 violates Plaintiffs' rights under the Equal Protection Clause[1], Title IX, the Americans with Disability Act (ADA), and Section 504 of the Rehabilitation Act. (Doc. 1 at 16-20.) A.R.S. § 15-120.02 prohibits Plaintiffs, two transgender girls, from participating in interscholastic or intramural sports at their middle schools.

---

[1] Plaintiffs' Equal Protection Claim is asserted pursuant to 42 U.S.C. § 1983 "to redress the deprivation under color of state law of rights secured by the Fourteenth Amendment to the United States Constitution." (Doc. 1, ¶ 14.)

Defendant Horne filed a demand for jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all issues triable of right by a jury. (Doc. 56.) Plaintiffs have moved to strike the demand. (Doc. 156.) Plaintiffs also oppose Horne's cross-motion for an advisory jury. (Doc. 161.)

**ANALYSIS**

**I.     Defendant Horne has no right to a jury trial**

Rule 38 of the Federal Rules of Civil Procedure provides for the "right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute . . . [o]n any issue triable of right by a jury." When the right to a jury trial is at issue, the court first looks to whether Congress has provided a statutory right to a jury trial, and, in the absence of an explicit right, the Court determines whether the right to a jury trial exists under the Seventh Amendment. *Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990) ("[B]efore addressing the constitutional issue, we first analyze whether the statute itself expresses any intent to grant plaintiffs a jury trial."); *Sakhrani v. City of San Gabriel*, No. 216CV01756CASPLAX, 2017 WL 507209, at *4 (C.D. Cal. Feb. 6, 2017) ("Because there is no express statutory right to a jury trial in this case, the Court examines whether defendants are entitled to a jury trial under the Seventh Amendment.").

Defendant does not claim an express statutory right to a jury trial under 42 U.S.C. § 1983, Title IX, the ADA, or Section 504 of the Rehabilitation Act, and the Court finds that none exists. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999) (explaining 42 U.S.C. § 1983 "does not itself confer the jury right."); *Doe v. Bd. Of Regents of Univ. of Nebraska*, No. 4:21CV3049, 2023 WL 2351687, at *2 (D. Neb. Mar. 3, 2023) ("[T]he provisions of Title IX do not contain explicit textual authorization for a jury trial."); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) ("[N]o jury trial is available" where ADA claims seek only equitable relief.); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) (as with the ADA, the Rehabilitation Act does not provide for a right to a jury trial on equitable claims).

Defendant Horne is not entitled to a jury trial under the Seventh Amendment because Plaintiffs seek only equitable relief. The Seventh Amendment preserves the right

to trial by jury of all legal claims, but no right to a jury exists for equitable claims. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001). To determine whether a claim is legal or equitable, the Court must first "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417 (1987). The nature of the remedy is the more important of the two prongs. *Id.* at 421.

The parties do not address whether Plaintiffs' statutory claims parallel any 18th-century actions at law or equity. In *Smith v. Barton*, the Ninth Circuit determined that similar claims[2] could have been brought in 18th-century courts of law or courts of equity, depending on the relief sought. 914 F.2d at 1337. Determining the first factor unpersuasive authority either for or against the jury trial, the court turned to the second, "and more important factor," the characterization of the relief sought by plaintiffs. *Id*. Finding plaintiffs sought not only injunctive and declaratory relief, which would be equitable in nature, but also compensatory money damages—the "traditional form of relief offered in the courts of law"—the court held that Plaintiffs were entitled to a jury trial on their claims. *Id*.

Here, Plaintiffs seek injunctive relief, declaratory relief, and attorneys' fees. (Doc. 1 at 20.) Injunctive relief and attorneys' fees are equitable remedies. *City of Monterey*, 526 at U.S. 719 ("[T]he Seventh Amendment does not apply" in the context of "suits seeking only injunctive relief."); *Finato v. Fink*, 803 F. App'x 84, 89 (9th Cir. 2020) ("[T]he reasonable amount of attorneys' fees ... is an equitable claim that does not carry a Seventh Amendment right to a jury trial."). Declaratory relief, on the other hand, "is neither strictly

---

[2] The *Smith* plaintiffs claimed they were constructively discharged, in violation of section 504 of the Rehabilitation Act, because of their disabilities, and that their employer's reorganization was a retaliatory measure instituted because of their membership in a particular organization and, therefore, along with their discharge, a violation of their First Amendment right of free association and their Fourteenth Amendment rights to due process and equal protection under the law. *Smith v. Barton,* 914 F.2d at 1332-33. The Ninth Circuit concluded that, "[a]lthough there were no discrimination actions at common law, plaintiffs' action [was] most closely analogous either to an 18th–century tort action or an action brought to enforce an express or implied employment contract." *Id.* at 1337.

equitable nor legal," but rather depends on "the nature of the underlying controversy." *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987); *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939).[3] If the issue would have been tried to a jury had it arisen outside of the declaratory judgment action, then a jury trial right exists; however, if declaratory relief is the counterpart of a suit in equity, there is no right to a jury trial. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002); *see Hernandez v. Cnty. Of Monterey*, 306 F.R.D. 279, 293 (N.D. Cal. 2015) ("Because Plaintiffs seek only equitable relief in the form of a permanent injunct[ion] and declaratory relief, a jury trial simply is not available."); *see Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*, No. 219CV07748CASPLAX, 2021 WL 2941546, at *5 (C.D. Cal. July 12, 2021) (plaintiff's request for declaratory judgment did not entitle defendants to a jury trial because the additional remedies sought—disgorgement of ill-gotten profits, injunctive relief, and attorneys' fees—were equitable in nature).

Here, the declaratory relief prayed for by Plaintiffs is the counterpart of a suit in equity. First and foremost, Plaintiffs seek to enjoin Defendants from enforcing A.R.S. § 15-120.02 as it applies to them. Plaintiffs' request for a declaration accompanying the injunction is similarly equitable. Plaintiffs do not seek money damages nor any other legal remedy. Therefore, Defendant is not entitled to a jury trial under the Seventh Amendment.

**II.     The Court declines to empanel an advisory jury in this matter.**

In an action not triable of right to a jury, the Court "may try any issue with an advisory jury[.]" Fed. R. Civ. P. 39(c)(1). The decision to empanel an advisory jury is left

---

[3] Defendant Horne argues only that he is entitled to a jury trial on Plaintiffs' claim for declaratory relief, citing *Kam-Ko Biu-Pharm Trading Co. Ltd-Australia v. Mayne*, 560 F.3d 935, 942 (9th Cir. 2009), to suggest that a party has "an absolute right to a jury" in any declaratory action, "unless a jury has been waived." While it is true that the *Kam-Ko* case includes such language, it is quite clear from the context of the case as well as other relevant and binding authority, that the right to jury trial is dependent on the nature of the remedy sought, and that in *Kam-Ko,* the plaintiff was entitled to a jury trial because it sought monetary damages for breach of contract. *Id.* at 939. More importantly, in *Kam-Ko*, the plaintiff waived its jury-trial right. *Id.* at 943-44.

entirely to the trial court's discretion. *Kyei v. Oregon Dep't of Transp.*, 497 F. App'x 711, 713 (9th Cir. 2012).

Defendant Horne argues that an advisory jury is warranted because a jury would not make the same factual errors that the Court has made in its ruling on the preliminary injunction; an advisory jury could provide the Court with a sense of how a group of Arizona citizens would find facts on the dispositive issues; and "an advisory jury will be crucial to provide the Court with a sense of how the effected community of Arizonans would determine the hotly-contested factual issues that will determine the outcome." (Doc. 159 at 4; Doc. 163 at 2.)

For obvious reasons, the Court is not persuaded by Defendant's argument that most of its factual findings have been erroneous. And, although jurors provide a valuable service in finding facts and applying the law in many cases, Defendant Horne's reference to the advisory jury as "the effected community" suggests that he seeks advisory jurors whose personal beliefs about the propriety of A.R.S. § 15-120.02 might color their determination of the factual issues. Whether A.R.S. § 15-120.02 is constitutional, or whether A.R.S. § 15-120.02 violates laws enacted by Congress, are not issues to be determined by popular vote.

In its discretion, the Court will deny the request to empanel an advisory jury. The Court is capable of evaluating expert medical testimony and, under the circumstances of this case, would not likely benefit from the use of an advisory jury of citizens. Empaneling an advisory jury would not promote judicial economy; it would prolong proceedings and increase costs while providing little benefit. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal. 2010) (denying request for advisory jury in a Title IX action because an advisory jury would have added unnecessary expense, time, and

//
//
//
//

complexity to the case, and would not have assisted the court in fact-finding.)

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Strike Defendant Horne's Demand for a Jury Trial (Doc. 156) is **granted**.

**IT IS FURTHER ORDERED** Defendant's Cross-Motion for an Advisory Jury (Doc. 159) is **denied**.

Dated this 5th day of January, 2024.

Jennifer G. Zipps
United States District Judge