Colin M. Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:    (602) 640-9000
Facsimile:    (602) 640-9050
Email:        cproksel@omlaw.com

*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe; and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>　　　　Defendants,<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Ben Toma, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>　　　　Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**PLAINTIFFS' LRCIV 7.2(J)-(K) AND 37.1 STATEMENT** |

Pursuant to Local Rule of Civil Procedure 7.2(j)-(k) and 37.1(a), Plaintiffs hereby submit the following statement (the "Statement") in support of Plaintiffs' motion to compel.

## LRCIV 7.2(J)-(K) Statement

Plaintiffs served their First Sets of Interrogatories and Requests for Production of Documents to Intervenor-Defendants on October 30, 2021. (Exs. 1–2.) Intervenor-Defendants served Responses and Objections to the Interrogatories and Document Requests and a Privilege Log on November 29, 2023. (Exs. 3–5.) On February 7, 2024, Plaintiffs alerted Intervenor-Defendants of their intent to take Rule 30(b)(1) depositions. (Ex 9.) Intervenor-Defendants objected on February 8, 2024 by email. (*Id*.)

Plaintiffs first identified the issues raised in this motion in a letter to Intervenor-Defendants dated January 2, 2024. (Ex. 6.) Plaintiff subsequently addressed these issues in a correspondence dated February 9, 2024 and February 12, 2024. (Exs. 8–9.) Intervenor-Defendants addressed these issues in correspondence dated January 19, 2024. (Ex. 7.) The parties met and conferred about issues on February 16, 2024.

While the parties have resolved other discovery disputes that have arisen in this case, they have not been able to resolve the issues raised in this motion despite sincere, good-faith efforts to do so.

## LRCIV 37.1 Statement

**Plaintiffs' Request No. 1**

1. **Request:** "All documents and communications concerning S.B. 1165 or Ariz. Rev. Stat. § 15-120.02, including without limitation documents and communications concerning its enactment, legislative history, the governmental interests

2

that are allegedly advanced by S.B. 1165 or Ariz. Rev. Stat. § 15-120.02, its development, interpretation, and implementation, any complaints, concerns, emails, and texts regarding the impact of S.B. 1165, Ariz. Rev. Stat. § 15-120.02, and any other legislation that was considered regarding the participation of transgender athletes in Arizona."

    **2.**    **Objection/Response:** "The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object because the legislative history for S.B. 1165 is public information and Plaintiffs thus have more convenient, less burdensome, and less expensive access to this information than reproducing it here. The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case. The Legislative Leaders further object to this request because "any other legislation that was considered" is outside the scope permitted by Rule 26(b)(1) since legislation other than S.B. 1165 is not relevant to any party's claim or defense, and in addition is vague and ambiguous about

3

what is 'legislation that was considered.'

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165."

**3.     Reason for Deficiency:**  Intervenor-Defendants assert the legislative and deliberative process privileges over information related to the motive behind the Ban's passage.  As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims.  In any event, both privileges asserted by Intervenor-Defendants are qualified privileges that are overcome.  Thus, Plaintiffs are entitled to documents related to the Ban's passage.

**Plaintiffs' Request No. 2**

**1.     Request:**  "Without time limitation, all documents, policies, and communications concerning the participation of transgender students in any school sports at any level in Arizona, including without limitation communications between you and any school district; complaints or concerns you have received; and briefing materials provided to you."

**2.     Objection/Response:**  "The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege, such as 'briefing materials.'  *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further

4

object to the extent this request seeks documents like 'briefing materials' protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object to this request's lack of time limitation as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165."

**3.**     **Reason for Deficiency:**  Intervenor-Defendants assert the legislative privilege over information related to the motive behind passing the Ban. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims. In any event, both privileges asserted by Intervenor-Defendants are qualified privileges that are overcome. Thus, Plaintiffs are entitled to documents related to the decision-making process behind the Ban's passage.

**Plaintiffs' Request No. 3**

   **1.**     **Request:**  "All documents and communications concerning Plaintiffs or this action."

5

**2.     Objection/Response:** "The Legislative Leaders object to the extent this request seeks documents for 'this action' protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents for 'this action' protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165."

**3.     Reason for Deficiency:** Intervenor-Defendants assert the legislative and deliberative process privileges over documents and communications concerning Plaintiffs or this action. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims. In any event, both privileges asserted by Intervenor-Defendants are qualified

privileges that are overcome. Thus, Plaintiffs are entitled to documents related this action and/ or Plaintiffs.

**Plaintiffs' Request No. 5**

    **1.**    **Request:** "All documents, policies, and communications concerning sex-based separation in school sports in Arizona."

    **2.**    **Objection/Response:** "The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165."

    **3.**    **Reason for Deficiency:** Intervenor-Defendants assert the legislative

7

privilege over information related to sex-based separation in school sports in Arizona. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, and the information requested is directly relevant to Plaintiffs' claims. Thus, Plaintiffs are entitled to learn about information related to sex-based separation in school sports in Arizona.

**Plaintiffs' Request No. 6**

   1.   **Request:** "Without time limitation, all documents and communications, including without limitation data, reports, research, and/or studies, concerning any impact the participation of transgender students in interscholastic and/or intramural sports has or had on non-transgender students, including without limitation: (a) the opportunities for non-transgender students to participate in interscholastic and/or intramural sports and to advance in their respective interscholastic and/or intramural sports, including by obtaining college scholarships; (b) the fairness or preservation of girls' sports; and (c) the safety of non-transgender girls who participate in interscholastic and/or intramural sports, including any injuries incurred as a result of the participation of transgender students on sports teams."

   2.   **Objection/Response:** "The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by

the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object that this request for "all documents and communications" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here. The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that are too voluminous to reproduce here. The burden of reproducing the requested documents outweighs its likely benefit. The Legislative Leaders further object to the extent this request seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.

Subject to and without waiving these objections, the Legislative Leaders identify and incorporate by reference the following documents and the documents cited within these documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in

Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the preliminary injunction hearing.

- Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.

- Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant Horne's Response to Plaintiffs' Motion for Preliminary Injunction.

- Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the preliminary injunction hearing.

- Documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged documents are located."

**3.     Reason for Deficiency:** Intervenor-Defendants assert the legislative and deliberative process privileges over documents and communications regarding any impact the participation of transgender students in interscholastic and/or intramural sports

has or had on non-transgender students. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims. Further, Intervenor-Defendants incorrectly assert that the request "is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here." The studies and related documents and communications are central to the issues in this case. Intervenor-Defendants admit that they have "filed and cited" the studies, reports and related documents Plaintiffs request, and are in custody and control of these documents as they have already relied on and considered them. While the volume may be large, Plaintiffs are entitled to them and Intervenor-Defendants have a lesser burden and are in the best position to provide them given they are already in or have been in possession of the requested documents and communications. Thus, Plaintiffs are entitled to receive documents and communications regarding any impact the participation of transgender students in interscholastic and/or intramural sports has or had on non-transgender students.

**Plaintiffs' Request No. 7**

   1.   **Request:** "All documents from or exchanged between, and communications with, any representative of any advocacy organization, including without limitation the Alliance Defending Freedom, the Heritage Foundation, Eagle Forum, and the Family Research Council concerning the participation of transgender students in interscholastic and/or intramural sports in Arizona."

   2.   **Objection/Response:** "The Legislative Leaders object to the extent this

request seeks documents protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165."

**3.**     **Reason for Deficiency:**  Intervenor-Defendants assert the legislative and deliberative process privileges over documents and communications regarding any impact the participation of transgender students in interscholastic and/or intramural sports has or had on non-transgender students. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims. Thus, Plaintiffs are entitled to documents related

12

to documents and communications exchanged with representatives of any advocacy organization.

**Plaintiffs' Request No. 8**

   **1.**   **Request:** "For each of the governmental interests you identified in response to Interrogatory No. 6, produce all documents and communications that support each interest."

   **2.**   **Objection/Response:** "The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege. *See, e.g., Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter,* 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir,* No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege. T he Legislative Leaders further object that this request for "all documents and communications" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here.  The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that are too voluminous to reproduce here.  The burden of reproducing the requested documents outweighs its likely benefit.  The Legislative Leaders further object to the extent this request seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.

Subject to and without waiving these objections, the Legislative Leaders identify and incorporate by reference the following documents and the documents cited within these documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the preliminary injunction hearing.

- Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.
- Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant Horne's Response to Plaintiffs' Motion for Preliminary Injunction.
- Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the preliminary injunction hearing.
- Documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged documents are located."

    **3.**    **Reason for Deficiency:**  Intervenor-Defendants assert the legislative and deliberative process privileges over documents and communications regarding governmental interests Intervenor-Defendants identified in response to Interrogatory No. 6. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban, the deliberative process privilege does not apply, and the information requested is directly relevant to Plaintiffs' claims. Further, Intervenor-Defendants incorrectly assert that the request "is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here." The studies and related documents and communications are central to the issues in this case. Intervenor-Defendants admit that they have "filed and cited" the studies, reports and related documents Plaintiffs request, and are in custody and control of these documents as they have already relied on and considered them. While the volume may be large, Plaintiffs

are entitled to them and Intervenor-Defendants have a lesser burden and are in the best position to provide them given they are already in or have been in possession of the requested documents and communications. Thus, Plaintiffs are entitled to receive documents and communications regarding governmental interests Intervenor-Defendants identified in response to Interrogatory No. 6.

**Intervenor-Defendants' Privilege Log Doc. No. 3**

**1.     Email Subject:** "Third Read Consent Calendar #8 Protests"

**2.     Description:** "Communication from third party providing information to legislators pertinent to pending legislation."

**3.     Objection/Response:** "Legislative Privilege"

**4.     Reason for Deficiency:** Intervenor-Defendants assert the legislative privilege over this document. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban. In any event, the legislative process privilege is overcome. Thus, Plaintiffs are entitled to this document to learn more about the motive behind the Ban's passage.

**Intervenor-Defendants' Privilege Log Doc. No. 6**

**1.     Email Subject:** "Caucus Information for 3/15/22 »

**2.     Request:** "Communication from legislator providing information to other legislators and legislative staff pertinent to pending legislation."

**3.     Objection/Response:** "Legislative privilege"

**4.     Reason for Deficiency:** *See* Intervenor-Defendants' Privilege Log Doc. No. 3, *supra*.

///

16

**Intervenor-Defendants' Privilege Log Doc. No. 14**

    **1.**    **Email Subject:** "Fw: Womens Sports Talking pts"

    **2.**    **Request:** "Communication from legislator providing information to other legislators and legislative staff pertinent to pending legislation."

    **3.**    **Objection/Response:** "Legislative Privilege"

    **4.**    **Reason for Deficiency:** *See* Intervenor-Defendants' Privilege Log Doc. No. 3, *supra*.

**Intervenor-Defendants' Privilege Log Doc. No. 15**

    **1.**    **Email Subject:** "Save Women's Sports Act 2022 Talking Points <2002_SWS_Act.12.2021_Tps.docx> [attachment to LLPRIV000080]"

    **2**    **Request:** "Document from legislator providing information to other legislators pertinent to pending legislation. Document also was part of the decision-making process and contributed to the legislative action."

    **3.**    **Objection/Response:** "Legislative Privilege; Deliberative Process Privilege"

    **4.**    **Reason for Deficiency:** Intervenor-Defendants assert the legislative and deliberative process privileges over this document. As set forth in the motion, Intervenor-Defendants waived the legislative privilege when voluntarily intervening in defense of the Ban. Intervenor-Defendants have not carried their burden to show that this document is both predecisional and deliberative, as is required for the deliberative process privilege. In any event, both privileges are qualified and are overcome. Thus, Plaintiffs are entitled to this document to learn more about the motive behind the Ban's passage.

**Intervenor-Defendants' Privilege Log Doc. No. 18**

    **1.**    **Email Subject:**  "Re: SB 1165"

    **2.**    **Request:**  "Communication from legislator to other legislators and third party pertinent to pending legislation."

    **3.**    **Objection/Response:**  "Legislative Privilege"

    **4.**    **Reason for Deficiency:**  *See* Intervenor-Defendants' Privilege Log Doc. No. 3, *supra*.

Respectfully submitted this March 1, 2024.

*/s/ Colin M. Proksel*
Colin M. Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.

18