Colin M. Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:    (602) 640-9000
Facsimile:    (602) 640-9050
Email:       cproksel@omlaw.com

*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

Jane Doe, by her next friend and parents
Helen Doe and James Doe; and Megan Roe,
by her next friend and parents, Kate Roe and
Robert Roe,

                    Plaintiffs,

          v.

Thomas C. Horne in his official capacity as
State Superintendent of Public Instruction;
Laura Toenjes, in her official capacity as
Superintendent of the Kyrene School
District; Kyrene School District; The
Gregory School; and Arizona Interscholastic
Association Inc.,

                    Defendants,

Warren Petersen, in his official capacity as
President of the Arizona State Senate, and
Ben Toma, in his official capacity as
Speaker of the Arizona House of
Representatives,

                    Intervenor-Defendants.

Case No. 4:23-cv-00185-JGZ

**DECLARATION OF RACHEL H. BERG IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

## <u>DECLARATION OF RACHEL H. BERG</u>

I, Rachel H. Berg, hereby declare as follows:

1.     I am a staff attorney at the National Center for Lesbian Rights and counsel for Plaintiffs Jane Doe and Megan Roe in the above-captioned action.  I am a member of the bar of the State of New York and the State of Tennessee.  I submit this declaration in support of Plaintiffs' Motion for a Protective Order.

2.     On February 16, 2024, counsel for Plaintiffs and Intervenor-Defendants held a meet and confer in an effort to resolve outstanding discovery issues.

3.     At the February 16, 2024 meet and confer, Plaintiffs informed Intervenor-Defendants that they would seek a protective order to prevent any depositions of Jane Doe or Megan Roe.

4.     At the same meet and confer, Plaintiffs also informed Intervenor-Defendants that they would not seek a protective order as to any depositions of Helen Doe or Kate Roe.

5.     Following the February 16, 2024 meet and confer, Plaintiffs sent opposing counsel for all Parties a list of proposed limitations for all Parties to abide by in any deposition of Jane Doe and Megan Roe.

6.     By e-mail correspondence, counsel for all Parties, except Intervenor-Defendants and Arizona Interscholastic Association, Inc. (the "AIA"), agreed to abide by all of the proposed limitations.

7.     On February 29, 2024, counsel for Plaintiffs, Intervenor-Defendants, and the AIA held another meet and confer to address the Plaintiffs' proposed limitations.

8.     At the February 29, 2024 meet and confer and by email correspondence, counsel for Intervenor-Defendants agreed to the following nine limitations:

- Intervenor-Defendants/Defendants agree to refer to the minor Plaintiffs using their pseudonyms in this case and to not use any pronouns;
- Intervenor-Defendants/Defendants agree to not use minor Plaintiffs' birth names;
- Intervenor-Defendants/Defendants agree to redact minor Plaintiffs' birth names on any documents used in their depositions;
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that there will not be more than one attorney per Party in the room;
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that the minor Plaintiffs can be accompanied by one of their parents;
- Intervenor-Defendants/Defendants agree to not ask any questions regarding the minor Plaintiffs' genitalia or that focus on their bodies;
- Intervenor-Defendants/Defendants agree there will not be questions that attempt to probe whether serious issues of trauma have occurred in the minor Plaintiffs' lives;
- Intervenor-Defendants/Defendants agree to not ask questions that attack or undermine the minor Plaintiffs' parents or family members;
- Intervenor-Defendants/Defendants agree that they will not reference the minor Plaintiffs as a "male" or "boy."

9.     Intervenor-Defendants did not agree to the following limitations:

- Intervenor-Defendants/Defendants agree there will not be questioning concerning either the legitimacy or appropriateness of the minor Plaintiffs' medical and/or mental health treatment;
- Intervenor-Defendants/Defendants agree there will not be references to the minor Plaintiffs' medical records and letters from mental health providers or questions about the contents of those records/letters;
- Intervenor-Defendants/Defendants agree that they will not ask questions referencing sexual abuse, assault, or misconduct.

10.     As to the third of the limitations discussed in Paragraph 9, Intervenor-Defendants agreed not to ask about any acts committed against Jane Doe or Megan Roe.  Intervenor-Defendants did not agree not to ask about any acts committed by Jane Doe or Megan Roe.  Intervenor-Defendants indicated that Jane Doe and Megan Roe

may have committed inappropriate actions in locker rooms or other areas and that they wanted to ask about these topics.

11.    Defendant AIA also did not agree to the proposed limitation that "there will not be references to the minor Plaintiffs' medical records and letters from mental health providers or questions about the contents of those records/letters" but otherwise agreed to all proposed limitations.

12.    Attached hereto as Exhibit A is a true and correct copy of the Parties' correspondence regarding depositions, including Intervenor-Defendants' February 14, 2024 email explaining their basis for seeking depositions of Jane Doe and Megan Roe.

13.    Attached hereto as Exhibit B is a true and correct copy of the Parties' correspondence regarding the depositions of Jane Doe and Megan Roe, including Plaintiffs' request for limitations on the scope of any deposition and Intervenor-Defendants' response thereto.

14.    Attached hereto as Exhibit C is a true and correct copy of the Parties' correspondence regarding the depositions of Jane Doe and Megan Roe, including the responses of Parties other than Intervenor-Defendants to Plaintiffs' proposed limitations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   March 8, 2024
         Nashville, Tennessee

                                    _/s/ Rachel H. Berg_____

                                    Rachel H. Berg

4

# EXHIBIT A

**Zimmerman, Amy**

| | |
|---|---|
| **From:** | Justin Smith <Justin.Smith@james-otis.com> |
| **Sent:** | Wednesday, February 14, 2024 9:39 AM |
| **To:** | Rassi, Justin R. |
| **Cc:** | Colin Proksel; Hamid, Jyotin; Zimmerman, Amy; Amy Whelan; Rachel Berg; John Sauer |
| **Subject:** | RE: 4:23-cv-00185 Doe v. Horne - Depositions |

**\*EXTERNAL\***

Justin,

We are available Friday at 12 p.m. Arizona time to meet and confer about both written discovery and depositions.  We hope the parties can have a productive conversation.

Plaintiffs' double-standard on depositions is surprising.  In Plaintiffs' view, they can depose an intervening party (despite relevance and privilege barriers), but that same party cannot depose them, the individuals that initiated the lawsuit.  It is well-settled that a defendant has the right to depose the plaintiff.  *Susilo v. Robertson*, No. CV129796CASPJWX, 2013 WL 12151377, at \*1 (C.D. Cal. Aug. 30, 2013); *Diaz v. Vigil*, No. 103CV05108OWWLJOPC, 2007 WL 427122, at \*1 (E.D. Cal. Feb. 6, 2007).  This is true even for minor plaintiffs.  *A.G.1 v. City of Fresno*, No. 116CV01914LJOSAB, 2018 WL 2045092, at \*1 (E.D. Cal. Apr. 30, 2018) ("While the Court is sympathetic that these depositions are emotional for the minors involved, the minors brought the claims in this action and Defendants are entitled to depose them."); *see also M.M. v. United States*, No. EDCV19631JGBSPX, 2020 WL 4037165, at \*3 (C.D. Cal. June 30, 2020).

The Legislative Leaders have a clear good faith basis for seeking Plaintiffs' depositions.  In addition to filing a complaint, Plaintiffs Jane Doe and Megan Roe signed declarations in support of their preliminary injunction motions.  In their initial disclosures, they also identified themselves as witnesses that Plaintiffs may use to support their claims or defenses.  Since both Plaintiffs and their mothers testified separately in declarations and are listed separately in the initial disclosures, Plaintiffs apparently do not believe their testimony is redundant.

We are disappointed that Plaintiffs would stoop to making baseless accusations.  To be clear: We are protecting our privilege to not be deposed, and our research suggests this privilege may be weakened if we take depositions to which we are clearly entitled.  But in the event the privilege is breached over our objection, we have a responsibility to ensure that we are not harmed a second time by not taking discovery we otherwise would have.  This is no "tit-for-tat."

We already have provided positions on the other issues in dispute and see no need to elaborate further before Friday.  We look forward to our discussion.

Thank you,

Justin

_____

Justin Smith
816.678.2103
Justin.Smith@james-otis.com

---

**From:** Rassi, Justin R. <jrassi@debevoise.com>
**Sent:** Monday, February 12, 2024 2:21 PM
**To:** Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>
**Cc:** Colin Proksel <cproksel@omlaw.com>; Hamid, Jyotin <jhamid@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>; Amy Whelan <awhelan@nclrights.org>; Rachel Berg <rberg@nclrights.org>; 'Dennis Wilenchik' <diw@wb-law.com>; 'McKay Worthington' <mckayw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Depositions

Colleagues:

Below is our response to your email from Thursday, both as it relates to the depositions of Plaintiffs and the Legislative Leaders.

<u>Plaintiffs</u>

Your "conditional" request to depose Plaintiffs—two of whom who are minors—simply on the basis that Plaintiffs have exercised their legal right to depose Intervenor-Defendants is unacceptable and we object.  Your email confirms that but-for Plaintiffs notifying their intent to depose Intervenor-Defendants, Intervenor-Defendants did not intend to take any depositions, including of Plaintiffs and their parents, and therefore such depositions were not necessary to Intervenor-Defendants' defense in this litigation.  Courts do not take lightly to Parties using discovery tools punitively and, as you know, discovery requests must always be made in good faith.  *Jalowsky v. Provident Life and Accident Ins. Co.,* 2020 WL 3639727, at *3 (D. Ariz. July 6, 2020) (discovery under the federal rules "require[s] the utmost good faith of attorneys at all times").  It follows that discovery under the Federal Rules of Civil Procedure is not to be conducted on a "tit-for-tat" basis.  *Nat'l Acad. of Recording Arts & Sci., Inc. v. On Point Events, LP,* 256 F.R.D. 678, 680 (C.D. Cal. 2009); *see also Sabo v. Fiskars Brands, Inc.,* 2013 WL 6816693, at *1 (D. Idaho Dec. 20, 2013) ("Discovery is not a sport, and the Court does not encourage tit-for-tat discovery concessions.").

In addition, Plaintiffs object to you taking the depositions of the minor Plaintiffs because such testimony is redundant of the testimony of their mothers and therefore unduly burdensome and not proportional to the needs of the litigation. In addition, depending on the nature of the questioning, such depositions may be emotionally difficult and harmful to the minor Plaintiffs.

<u>Legislative Leaders</u>

Plaintiffs are entitled to depose Intervenor-Defendants pursuant to Rules 30(a)(1) and (b)(1). Intervenor-Defendants affirmatively moved to become parties in this case and, having obtained party status, have since asserted numerous factual allegations to support the purported lawfulness of A.R.S. 15-120.02. Plaintiffs are fully entitled, by oral examination at a deposition, to test those factual assertions. Should Intervenor-Defendants refuse to attend and be deposed, Plaintiffs shall move to compel their attendance.

Intervenor-Defendants' meritless claims of legislative immunity, legislative privilege, the apex doctrine, and relevance are no bar to a deposition. *First*, depositions of Intervenor-Defendants are directly relevant to this case, including such topics as the legislative history of S.B. 1165 and the government's purported justifications for S.B. 1165. *Second*, Intervenor-Defendants have waived legislative immunity and its corollary, legislative privilege, in this action as we have already explained to you by separate correspondence. *Third*, for many of the same reasons that Intervenor-Defendants do not enjoy legislative immunity or legislative privilege, they also cannot rely on the apex doctrine to shield themselves from being deposed. Intervenor-Defendants cannot seek the Court's permission to intervene in this suit to protect their asserted interests, vigorously defend the suit, and only then assert a claimed lack of knowledge of the facts at issue to evade discovery. (*See* Dkt. No. 19 at 3 ("President Petersen was a co-sponsor of S.B. 1165, and *personally advocated* and voted for the Save Women's Sports Act. Speaker Toma also *personally advocated* and voted for S.B. 1165, and seeks to defend the law challenged in this action."))

Finally, Plaintiffs are not required to "exhaust" other discovery methods prior to a deposition. Even if that were a rule—which it is not—Plaintiffs have already served requests for production, requests for admission, and interrogatories on Intervenor-Defendants. Plaintiffs have determined that depositions of the Legislative Leaders are needed at this time. Intervenor-Defendants, both of whom reside in Phoenix and are backed by the resources of the State, cannot credibly complain that a single local deposition per Intervenor-Defendant is burdensome or that Plaintiffs should first manufacture further written requests that Plaintiffs do not presently believe they need. If it was going to be too burdensome for Intervenor-Defendants to sit for a deposition, then they should not have voluntarily sought to intervene in this case—particularly when S.B. 1165 was already being vigorously defended by another government actor.

In the circumstances, we propose that we meet and confer on Friday, February 16 after 11am (Tucson) together with our other meet-and-confer pertaining to discovery. Please advise if 12:00pm (Tucson) on Friday works and we shall send a Zoom link or advise another time on Friday afternoon.

Regards,

Justin

---

**Justin R. Rassi** (he/him/his) │ Associate │ Debevoise & Plimpton LLP │ jrassi@debevoise.com │ +1 212 909 6182 │ 66 Hudson Boulevard, New York, NY 10001 │ www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Justin Smith <Justin.Smith@james-otis.com>
**Sent:** Thursday, February 8, 2024 9:58 AM
**To:** Rachel Berg <rberg@nclrights.org>
**Cc:** Amy Whelan <awhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Hamid, Jyotin <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>; John Sauer <john.sauer@james-otis.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Depositions

*EXTERNAL*

Rachel,

President Petersen and Speaker Toma object to Plaintiffs' deposition requests on the grounds of legislative immunity, legislative privilege, the apex doctrine, and relevance.

As set forth in the Legislative Leaders' January 19, 2024 letter, legislative privilege covers these deposition requests.  Although Plaintiffs have not yet responded to this letter, they have promised a written response by tomorrow, February 9, 2024.  The Legislative Leaders look forward to reviewing Plaintiffs' response.

President Petersen and Speaker Toma are the leaders of the Arizona Senate and the Arizona House of Representatives.  Both chambers are currently in session.  President Petersen and Speaker Toma do not have unique, non-repetitive knowledge of the facts relating to S.B. 1165, which are contained in the publicly available legislative record that Plaintiffs have transcribed and the documents that have been produced.

In addition, Plaintiffs have not exhausted other less intrusive discovery methods.  Plaintiffs have decided not to depose any other fact witnesses or parties.  Plaintiffs served only nine interrogatories and nine requests for production on the Legislative Leaders before requesting their depositions.  The Legislative Leaders thoroughly answered all of Plaintiffs' requests about S.B. 1165, produced all but five documents that related to S.B. 1165, and have been prepared for weeks to meet and confer over Plaintiffs' limited objections relating to a past bill and litigation information.  Finally, after requesting the Legislative Leaders' depositions, Plaintiffs demonstrated that less intrusive discovery methods are available when they then served requests for admission on the Legislative Leaders and written discovery requests in lieu of depositions on Defendants Horne and AIA.

The Legislative Leaders welcome a written response from Plaintiffs to understand why these legal protections for legislators and high-ranking officials do not apply here.  As set forth in the Legislative Leaders' January 19, 2024 letter, the *Mi Familia* case cited by Plaintiffs is distinguishable in numerous ways and is inapplicable here.

The Legislative Leaders will not testify at trial in this matter and have not sought depositions from any other party or witness to date.  Unlike the cases cited by Plaintiffs, this is not a situation where the Legislative Leaders have taken depositions but are unwilling to be deposed.  However, to preserve their interests in the event that situation changes against the Legislative Leaders' will, the

Legislative Leaders conditionally request depositions of Jane Doe, Helen Doe, Megan Roe, and Kate Roe as soon as mutually convenient after any depositions of the Legislative Leaders.

Thank you,

Justin

_____

Justin Smith
816.678.2103
Justin.Smith@james-otis.com

---

**From:** Rachel Berg <RBerg@nclrights.org>
**Sent:** Wednesday, February 7, 2024 4:31 PM
**To:** John Sauer <john.sauer@james-otis.com>; Justin Smith <Justin.Smith@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; McKay Worthington <mckayw@wb-law.com>; Syms, Maria <maria.syms@azed.gov>; jellel@tuhsd.k12.az.us; DAVID POTTS <DPotts@jshfirm.com>; Smith, Lisa Anne <lasmith@dmyl.com>; Ashley Caballero-Daltrey <ADaltrey@jshfirm.com>; 'Nelson, Kristian' <Kristian.Nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** 4:23-cv-00185 Doe v. Horne - Depositions

Counsel,

Because the Judge has not yet ruled on Plaintiffs' motion to extend the fact discovery deadline and the fact discovery deadline is currently March 8, Plaintiffs would like to communicate the following regarding depositions they currently plan to take in this matter.

Given the current deadline, Plaintiffs do not plan to take any depositions of any fact witnesses from any of the Defendants in this litigation. Plaintiffs, however, reserve their rights to depose any fact witnesses from Defendants if the discovery deadline is extended and based on additional documents and/or discovery responses that are produced in this case.

Pursuant to Rule 30(b)(1), Plaintiffs will depose Intervenor-Defendants Warren Petersen and Ben Toma. The depositions will take place at Osborn Maledon's office in Phoenix. Please provide Plaintiffs with the witnesses' availability for the last two weeks of the current fact discovery period (week of February 26 and March 4). Once the deposition dates are decided, Plaintiffs will serve a formal deposition notice. Given that discovery issues remain outstanding with Intervenor-Defendants, Plaintiffs further reserve their rights to re-depose these witnesses and/or additional witnesses based on documents and/or discovery responses that are served after the deposition dates.

Thanks,
Rachel

**Rachel H. Berg | Staff Attorney**

*(Pronouns: she/her)*

[rberg@nclrights.org](mailto:rberg@nclrights.org)

(415) 343-7679 office

*Licensed to practice law in Tennessee and New York*

 **National Center for Lesbian Rights**

*Feminist Founded, Advocates for All*

[nclrights.org](http://nclrights.org)  |  [Facebook](#)  |  [Twitter](#)  |  [Instagram](#)

The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your sender immediately and delete this message from your computer. Thank you.

# EXHIBIT B

**Zimmerman, Amy**

| | |
|---|---|
| **From:** | Rachel Berg <RBerg@nclrights.org> |
| **Sent:** | Thursday, February 29, 2024 4:55 PM |
| **To:** | Nelson, Kristian; Justin Smith; John Sauer; McKay Worthington; Dennis Wilenchik; 'maria.syms@azed.gov'; 'jellel@tuhsd.k12.az.us'; 'dpotts@jshfirm.com'; 'lasmith@dmyl.com'; 'Ashley Caballero-Daltrey' |
| **Cc:** | Amy Whelan; Colin Proksel; Hamid, Jyotin; Rassi, Justin R.; Zimmerman, Amy |
| **Subject:** | RE: 4:23-cv-00185 Doe v. Horne - Discovery |

**\*EXTERNAL\***

Counsel,

Thank you for your time earlier today. As discussed on our prior call with counsel for Intervenor-Defendants, Intervenor-Defendants confirmed they were not withholding any responsive documents or information in their responses to Interrogatories Nos. 2, 3, 4, and 5 and agreed to produce responsive documents from August 19, 2019 to present, but continue to assert the legislative and deliberative process privileges. They also agreed to supplement their response to Interrogatory No. 1. On today's call, Intervenor-Defendants stated that they plan to serve their supplemental production and interrogatory response in the next several business days.

As to the deposition parameters outlined below, Plaintiffs and Intervenor-Defendants reached agreement on #1-6 and 9-11 at today's meet and confer, with #7,8, and 12 to be the subject of Plaintiffs' motion for a protective order. AIA also disputes #8.

As to a briefing schedule regarding the motion for a protective order, Plaintiffs propose the following. **Please confirm these proposed dates work for you, and we will reach out to the Court by e-mail again.**

- March 8 – Motion Due
- March 22 – Opposition Due
- March 29 – Reply Due

Given the large number of participants involved, the parties also discussed putting deposition dates on the calendar. Plaintiffs have reached out to their clients regarding deposition dates to reserve on the calendar with the understanding that they may be moved/cancelled depending on the judge's ruling and timing of such ruling. We should be getting back to you on options for dates in the next couple business days.

Best,
Rachel

**From:** Nelson, Kristian <Kristian.Nelson@lewisbrisbois.com>
**Sent:** Monday, February 26, 2024 8:04 PM
**To:** Justin Smith <Justin.Smith@james-otis.com>; Rachel Berg <RBerg@nclrights.org>; John Sauer <john.sauer@james-otis.com>; McKay Worthington <mckayw@wb-law.com>; Dennis Wilenchik <diw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Discovery

Rachel,

I am available anytime on Thursday or Friday - except 10:00 a.m. MST – 11:00 a.m. MST.  I'm tied up at that time on both days.

Regards,

Kristian



**Kristian E. Nelson**
**Partner**
Kristian.Nelson@lewisbrisbois.com

**T: 602.385.7861 F: 602.385.1051**

Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700, Phoenix, AZ 85012 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Justin Smith <Justin.Smith@james-otis.com>
**Sent:** Monday, February 26, 2024 4:02 PM
**To:** Rachel Berg <RBerg@nclrights.org>; John Sauer <john.sauer@james-otis.com>; McKay Worthington <mckayw@wb-law.com>; Dennis Wilenchik <diw@wb-

law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; Nelson, Kristian <Kristian.Nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** [EXT] RE: 4:23-cv-00185 Doe v. Horne - Discovery

Rachel,

I am available on Thursday except for 1:30-2:30 Arizona time, as well as Friday morning.

Thank you,

Justin

_____

Justin Smith
816.678.2103
Justin.Smith@james-otis.com

---

**From:** Rachel Berg <RBerg@nclrights.org>
**Sent:** Monday, February 26, 2024 9:56 AM
**To:** Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; McKay Worthington <mckayw@wb-law.com>; Dennis Wilenchik <diw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Discovery

All,

Thank you for getting back to us. As to counsel for the Intervenor-Defendants and AIA, are you available on Thursday (2/29) or Friday (3/1) for a meet and confer regarding the below? Please let me know a good time.

Given that we will need time to negotiate the below, Plaintiffs will go ahead with reaching out to the Court regarding their motion to compel with the briefing schedule we previously agreed upon and will reserve their right to file a motion for a protective order after we have finished our discussions and if the issue becomes ripe after the district court's decision. Plaintiffs plan to reach out to the Court today regarding the motion to compel.

Best,
Rachel

---

**From:** Justin Smith <Justin.Smith@james-otis.com>
**Sent:** Friday, February 23, 2024 1:23 PM
**To:** McKay Worthington <mckayw@wb-law.com>; Rachel Berg <RBerg@nclrights.org>; John Sauer <john.sauer@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Discovery

Rachel,

The Legislative Leaders renew the commitment we made during last week's meet and confer to conduct any depositions professionally and with respect toward Plaintiffs and everyone else involved. We appreciate counsel's protectiveness over their clients, and we have attempted to accommodate the parameters provided by Plaintiffs to the greatest extent possible.

As explained below, we agree to six of Plaintiffs' proposed parameters outright and seek clarifications or stipulations that would allow agreement on four more. We object to only two of the 12 parameters that Plaintiffs proposed because they seek substantive limitations related to Plaintiffs' claims.

We do not object to parameters #2, #3, #4, #5, and #11. Parameter #1, if imposed by a court, would violate the First Amendment, *see, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 511-12 (6th Cir. 2021), and the Legislative Leaders' position is that, for purposes of school sports, each plaintiff is biologically male. That said, we believe we can avoid litigating these concerns by referring to Plaintiffs by their pseudonyms in this case rather than by pronouns.

We will not object to parameter #6 if Plaintiffs agree to stipulate that they have male genitalia and do not have any intersex condition or genetic abnormality.

We cannot agree to parameters #7 and #8. Plaintiffs have placed their medical treatment at issue. For example, Count III claims that Plaintiffs are disabled because of a substantial limitation on a major life activity. In their interrogatory responses, Plaintiffs have identified a lengthy list of affected major life activities. Pls.' Responses and Objections to Intervenor-Defs.' First Set of Interrogatories, Interrog. No. 9. In addition, Plaintiffs have raised their gender dysphoria diagnosis and treatment as the basis for all of their claims. *See, e.g.*, Compl., Doc. 1, ¶¶ 32-33, 45-46, 51-52, 55, 57, 59-60, 65, 67. We are entitled to explore those allegations, including through medical records that Plaintiffs have produced.

We will not object to parameter #9 if Plaintiffs agree to stipulate that they have not had any serious issues of trauma, including suicidal ideation or self-harm attempts, either before or after beginning their treatment for gender dysphoria.  *See, e.g.*, Compl., Doc. 1, ¶ 33; Decl. of Dr. Stephanie Budge, Ph.D., Doc. 4, ¶ 33.

We ask for clarification on parameter #10 and its prohibition on questions that "attack or undermine the minor Plaintiffs' parents or family members."  We have no desire to attack or undermine anyone, including Plaintiffs' family.  However, to ensure the parties are on the same page on language that could be subject to a wide range of interpretation, we would appreciate further explanation or examples of what Plaintiffs consider to be questions that "attack or undermine."

We propose modifying parameter #12 to prohibit questions about any acts committed against Plaintiffs.  This would preserve our right to ask questions relating to any relevant actions by Plaintiffs.

We are willing to continue working with Plaintiffs to seek common ground on these issues if the depositions proceed.  Please let us know if you would like to meet and confer.

Thank you,

Justin

_____

Justin Smith
816.678.2103
Justin.Smith@james-otis.com

---

**From:** McKay Worthington <mckayw@wb-law.com>
**Sent:** Wednesday, February 21, 2024 3:53 PM
**To:** Rachel Berg <RBerg@nclrights.org>; Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** RE: 4:23-cv-00185 Doe v. Horne - Discovery

Rachel,

Superintendent Horne does not intend to brief or argue either of the discovery disputes you identify below.  Nor does Superintendent Horne intend to depose Plaintiffs.  We therefore neither oppose nor endorse your proposed approach on taking the discovery disputes to the Court.

McKay



www.wb-law.com

McKay Worthington
Attorney at Law
mckayw@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

----------------------------

## ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

----------------------------

**From:** Rachel Berg <RBerg@nclrights.org>
**Sent:** Friday, February 16, 2024 4:16 PM
**To:** 'Justin Smith' <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; McKay Worthington <mckayw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** 4:23-cv-00185 Doe v. Horne - Discovery

Counsel,

Plaintiffs and Intervenor-Defendants had a meet and confer earlier this afternoon regarding their outstanding discovery disputes. Plaintiffs will be moving to compel Intervenor-Defendants to sit for a deposition and to produce all documents and information that they have withheld based on the legislative privilege

and deliberative process privilege. Plaintiffs will also be moving for a protective order regarding the depositions of Jane Doe and Megan Roe because, *inter alia*, such testimony is redundant of the testimony of their mothers and therefore unduly burdensome and not proportional to the needs of the litigation. In addition, depending on the nature of the questioning, such depositions may be emotionally difficult and harmful to the minor Plaintiffs.

Judge Zipps mentioned in our case management conference and her scheduling order that she prefers the parties call Chambers to see if she can rule on discovery issues before filing motions on the docket. Given the difficulty of arranging a time with the large number of parties involved and the judge's calendar as well as the desire to avoid any ex parte communications, Plaintiffs are proposing emailing Chambers and cc'ing all parties to request a time for a status conference for all parties or for the Court to go ahead and order a briefing schedule regarding the above disputes. Plaintiffs and Intervenor-Defendants agreed to the following proposed briefing schedule on our meet and confer: March 1 – opening briefs, March 18 – opposition briefs, March 25 – reply briefs. **Please let us know whether you agree with this approach by Wednesday (2/21).**

As to the depositions of Jane Doe and Megan Roe (minor Plaintiffs), Plaintiffs will be requesting that if the Judge denies their motion for a protective order that she order certain parameters to the depositions. Please see below for the requested parameters. Plaintiffs ask that any party who is planning to question the minor Plaintiffs agree to these parameters. **Please let us know by Friday (2/23) whether you agree to these parameters and if not, we will schedule a time to meet and confer with all relevant parties to discuss any outstanding issues.**

Best,
Rachel

-----

- Intervenor-Defendants/Defendants agree to use she/her pronouns for the minor Plaintiffs and use the pseudonyms in this case.
- Intervenor-Defendants/Defendants agree to not use minor Plaintiffs' birth names.
- Intervenor-Defendants/Defendants agree to redact minor Plaintiffs' birth names on any documents used in their depositions.
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that there will not be more than one attorney per party in the room.
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that the minor Plaintiffs can be accompanied by one of their parents.
- Intervenor-Defendants/Defendants agree to not ask any questions regarding the minor Plaintiffs' genitalia or that focus on their bodies.
- Intervenor-Defendants/Defendants agree there will not be questioning concerning either the legitimacy or appropriateness of the minor Plaintiffs' medical and/or mental health treatment.
- Intervenor-Defendants/Defendants agree there will not be references to the minor Plaintiffs' medical records and letters from mental health providers or questions about the contents of those records/letters.
- Intervenor-Defendants/Defendants agree there will not be questions that attempt to probe whether serious issues of trauma have occurred in the minor Plaintiffs' lives. Those questions could in and of themself be upsetting and there is nothing in the record that would support such questioning.
- Intervenor-Defendants/Defendants agree to not ask questions that attack or undermine the minor Plaintiffs' parents or family members.
- Intervenor-Defendants/Defendants agree that they will not reference the minor Plaintiffs as a "male" or "boy."

- Intervenor-Defendants/Defendants agree that they will not ask questions referencing sexual abuse, assault, or misconduct (including given the lack of any basis for such questions based on the record).

**Rachel H. Berg | Staff Attorney**

*(Pronouns: she/her)*

[rberg@nclrights.org](mailto:rberg@nclrights.org)

(415) 343-7679 office

*Licensed to practice law in Tennessee and New York*

 **National Center for Lesbian Rights**
*Feminist Founded, Advocates for All*

[nclrights.org](http://nclrights.org)  |  Facebook  |  Twitter  |  Instagram

The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your sender immediately and delete this message from your computer. Thank you.

# EXHIBIT C

## McLaughlin, Grace

| | |
|---|---|
| **From:** | Nelson, Kristian <Kristian.Nelson@lewisbrisbois.com> |
| **Sent:** | Friday, February 23, 2024 10:16 PM |
| **To:** | DAVID POTTS; Jordan Ellel; Rachel Berg; Justin Smith; John Sauer; Dennis Wilenchik; McKay Worthington; maria.syms@azed.gov; lasmith@dmyl.com; Ashley Caballero-Daltrey |
| **Cc:** | Amy Whelan; Colin Proksel; Hamid, Jyotin; Rassi, Justin R.; Zimmerman, Amy; Gail Hardin |
| **Subject:** | RE: [External] 4:23-cv-00185 Doe v. Horne - Discovery |

Rachel,

The AIA is agreeable with your approach on the discovery disputes and e-mailing the court about briefing.

If the depositions of the minor Plaintiff's go forward, the AIA willing to agree to most of the requested limitations. The only one I am having trouble with is the references to medical records/letters from the providers and the contents of the same.  That limitation seems overly restrictive.  Questions in which the minors are asked if they (as opposed to their parents) ever reported XYZ info that is discussed in the records would certainly be a relevant topic of examination.  I am confident that such questions could be asked in a way that is not harmful to either of the minors.  Also, it is really impossible to know whether the AIA will need to question the minors at all – as that likely depends on responses to questions from Intervenor-Defendants, counsel for other defendants or even Plaintiffs' counsel.  With all this said, the AIA does not anticipate a need to ask many questions and, thus, its participation will be quite limited like that of TGS and Kyrene.

Regards,

Kristian



**Kristian E. Nelson**
**Partner**
**Kristian.Nelson@lewisbrisbois.com**

**T: 602.385.7861 F: 602.385.1051**

Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700, Phoenix, AZ 85012 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** DAVID POTTS <DPotts@JSHFIRM.COM>
**Sent:** Monday, February 19, 2024 12:15 PM
**To:** Jordan Ellel <jellel@tuhsd.k12.az.us>; Rachel Berg <RBerg@nclrights.org>; Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; McKay Worthington <mckayw@wb-law.com>; maria.syms@azed.gov; lasmith@dmyl.com; Ashley Caballero-Daltrey

<ADaltrey@JSHFIRM.COM>; Nelson, Kristian <Kristian.Nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid
<jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy
<azimmerman@debevoise.com>; Gail Hardin <GHardin@JSHFIRM.COM>
**Subject:** [EXT] RE: [External] 4:23-cv-00185 Doe v. Horne - Discovery

TGS:

1. Agrees to the approach outlined in terms of bringing the discovery dispute to the Court's attention, though we aren't going to be taking a position on any of these issues.
2. Agrees to the proposed parameters if the minor plaintiffs are deposed, though, as with Kyrene, I strongly suspect that we will have limited participation/questioning (if any at all) in these depositions.

Sincerely,

David



**DAVID C. POTTS** | Partner
Jones, Skelton & Hochuli, P.L.C.
40 N. Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** 602.263.4547 | **M** 480.268.6390 | **F** 602.200.7829

website | bio | vCard | map | email | linkedin

---

**From:** Jordan Ellel <jellel@tuhsd.k12.az.us>
**Sent:** Monday, February 19, 2024 10:19 AM
**To:** Rachel Berg <RBerg@nclrights.org>; Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; Dennis Wilenchik <diw@wb-law.com>; McKay Worthington <mckayw@wb-law.com>; maria.syms@azed.gov; DAVID POTTS <DPotts@JSHFIRM.COM>; lasmith@dmyl.com; Ashley Caballero-Daltrey <ADaltrey@JSHFIRM.COM>; Kristian.Nelson@lewisbrisbois.com
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** RE: [External] 4:23-cv-00185 Doe v. Horne - Discovery

> **[External Sender]** This email originated from outside of Jones, Skelton & Hochuli. Do not reply, click any links or open attachments unless you recognize the sender, and know the content is safe.

Rachel,

Defendants Kyrene and Superintendent Toenjes do not plan to participate in the proposed depositions for any party, and, therefore, have no objections to the parameters set forth below.

Additionally, while I can be available for a call with chambers, Defendants Kyrene and Superintendent Toenjes do not have any position on the current discovery disputes, so please feel free to proceed in my absence.

Sincerely,
-Jordan

---

**From:** Rachel Berg <RBerg@nclrights.org>
**Sent:** Friday, February 16, 2024 4:16 PM
**To:** 'Justin Smith' <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; 'Dennis Wilenchik'

<diw@wb-law.com>; 'McKay Worthington' <mckayw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'Ashley Caballero-Daltrey' <adaltrey@jshfirm.com>; 'Kristian.Nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Amy Whelan <AWhelan@nclrights.org>; Colin Proksel <cproksel@omlaw.com>; Jyotin Hamid <jhamid@debevoise.com>; Rassi, Justin R. <jrassi@debevoise.com>; Zimmerman, Amy <azimmerman@debevoise.com>
**Subject:** [External] 4:23-cv-00185 Doe v. Horne - Discovery

Counsel,

Plaintiffs and Intervenor-Defendants had a meet and confer earlier this afternoon regarding their outstanding discovery disputes. Plaintiffs will be moving to compel Intervenor-Defendants to sit for a deposition and to produce all documents and information that they have withheld based on the legislative privilege and deliberative process privilege. Plaintiffs will also be moving for a protective order regarding the depositions of Jane Doe and Megan Roe because, *inter alia*, such testimony is redundant of the testimony of their mothers and therefore unduly burdensome and not proportional to the needs of the litigation. In addition, depending on the nature of the questioning, such depositions may be emotionally difficult and harmful to the minor Plaintiffs.

Judge Zipps mentioned in our case management conference and her scheduling order that she prefers the parties call Chambers to see if she can rule on discovery issues before filing motions on the docket. Given the difficulty of arranging a time with the large number of parties involved and the judge's calendar as well as the desire to avoid any ex parte communications, Plaintiffs are proposing emailing Chambers and cc'ing all parties to request a time for a status conference for all parties or for the Court to go ahead and order a briefing schedule regarding the above disputes. Plaintiffs and Intervenor-Defendants agreed to the following proposed briefing schedule on our meet and confer: March 1 – opening briefs, March 18 – opposition briefs, March 25 – reply briefs. **Please let us know whether you agree with this approach by Wednesday (2/21).**

As to the depositions of Jane Doe and Megan Roe (minor Plaintiffs), Plaintiffs will be requesting that if the Judge denies their motion for a protective order that she order certain parameters to the depositions. Please see below for the requested parameters. Plaintiffs ask that any party who is planning to question the minor Plaintiffs agree to these parameters. **Please let us know by Friday (2/23) whether you agree to these parameters and if not, we will schedule a time to meet and confer with all relevant parties to discuss any outstanding issues.**

Best,
Rachel

-----

- Intervenor-Defendants/Defendants agree to use she/her pronouns for the minor Plaintiffs and use the pseudonyms in this case.
- Intervenor-Defendants/Defendants agree to not use minor Plaintiffs' birth names.
- Intervenor-Defendants/Defendants agree to redact minor Plaintiffs' birth names on any documents used in their depositions.
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that there will not be more than one attorney per party in the room.
- In the room for the depositions of the minor Plaintiffs, Intervenor-Defendants/Defendants agree that the minor Plaintiffs can be accompanied by one of their parents.
- Intervenor-Defendants/Defendants agree to not ask any questions regarding the minor Plaintiffs' genitalia or that focus on their bodies.
- Intervenor-Defendants/Defendants agree there will not be questioning concerning either the legitimacy or appropriateness of the minor Plaintiffs' medical and/or mental health treatment.

- Intervenor-Defendants/Defendants agree there will not be references to the minor Plaintiffs' medical records and letters from mental health providers or questions about the contents of those records/letters.
- Intervenor-Defendants/Defendants agree there will not be questions that attempt to probe whether serious issues of trauma have occurred in the minor Plaintiffs' lives. Those questions could in and of themself be upsetting and there is nothing in the record that would support such questioning.
- Intervenor-Defendants/Defendants agree to not ask questions that attack or undermine the minor Plaintiffs' parents or family members.
- Intervenor-Defendants/Defendants agree that they will not reference the minor Plaintiffs as a "male" or "boy."
- Intervenor-Defendants/Defendants agree that they will not ask questions referencing sexual abuse, assault, or misconduct (including given the lack of any basis for such questions based on the record).

**Rachel H. Berg | Staff Attorney**

*(Pronouns: she/her)*

rberg@nclrights.org

(415) 343-7679 office

*Licensed to practice law in Tennessee and New York*

 **National Center for Lesbian Rights**
*Feminist Founded, Advocates for All*

nclrights.org  |  Facebook  |  Twitter  |  Instagram

The information contained in this message may be privileged, confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify your sender immediately and delete this message from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.