D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Declaration of Justin D. Smith in Opposition to Plaintiffs' Motion to Compel Discovery** |

I, Justin D. Smith, declare as follows:

1.     I am an attorney at the James Otis Law Group, LLC and counsel for Intervenors-Defendants President Warren Petersen and Speaker Ben Toma (the "Legislative Leaders") in the above-captioned matter.  I am a member of the bar of the State of Missouri.  I submit this declaration in opposition to Plaintiffs' Motion to Compel Discovery.

2.     In this action, the Legislative Leaders have produced 415 documents totaling

1,130 pages of records.

3.      Attached as <u>Exhibit A</u> is a true and correct copy of correspondence dated March 7, 2024 relating to the Legislative Leaders' production of discovery.

4.      On November 29, 2023, the Legislative Leaders produced 335 pages of documents.  Ex. A, at 2.

5.      On January 19, 2024, the Legislative Leaders produced 89 pages of documents.  *Id.* at 1.

6.      On March 7, 2024, the Legislative Leaders produced 706 pages of documents.  *Id.*

7.      As set forth on their privilege log, the Legislative Leaders have withheld as privileged only five documents that total a combined 14 pages.  *See* Doc. 191-2, Ex. 5, Doc. #3, #6, #14, #15, #18.

8.      Attached as <u>Exhibit B</u> is a true and correct copy of Intervenor-Defendants' Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories, dated March 7, 2024.

9.      Attached as <u>Exhibit C</u> is a true and correct copy of Intervenor-Defendants' Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents, dated March 7, 2024.

10.     Attached as <u>Exhibit D</u> is a true and correct copy of correspondence dated February 7, 2024 from Plaintiffs' counsel containing requests for admission to the Legislative Leaders as well as discovery requests to Defendant Superintendent Horne and Defendant AIA.

11.     Plaintiffs' counsel sent written discovery to the Legislative Leaders, Defendant Horne, and Defendant AIA approximately two hours after demanding the depositions of the Legislative Leaders.  *Compare* Exhibit D *with* Doc. 191-2, Ex. 9, at 3 (PDF p. 96).

12.     Attached as <u>Exhibit E</u> is a true and correct copy of Plaintiffs' Initial Rule 26(a)(1) Disclosures dated September 29, 2023.

13.     No party identified the Legislative Leaders as witnesses in their initial disclosures.

14.     Plaintiffs have not taken any depositions in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: March 18, 2024                    _/s/ Justin D. Smith_____
                                         Justin D. Smith

# Justin Smith

| | |
|---|---|
| **From:** | Ken Capps |
| **Sent:** | Thursday, March 7, 2024 4:19 PM |
| **To:** | cproksel@omlaw.com; azimmerman@debevoise.com; jrassi@debevoise.com; jhamid@debevoise.com; awhelan@nclrights.org; rberg@nclrights.org; diw@wb-law.com; mckayw@wb-law.com; maria.syms@azed.gov; jellel@tuhsd.k12.az.us; dpotts@jshfirm.com; adaltrey@jshfirm.com; lasmith@dmyl.com; kristian.nelson@lewisbrisbois.com |
| **Cc:** | Justin Smith; John Sauer; Michael Talent |
| **Subject:** | RE: Doe v Horne - 4:23-cv-00185 - Intervenor Defendants Responses and Objections - Discovery |
| **Attachments:** | 2024.03.07 LL Supplemental Objections and Responses to Ps First Interrogatories.pdf; 2024.03.07 LL Supplemental Objections and Responses to Ps First RFPs.pdf |

Dear Counsel,

Regarding Doe v. Horne, 4:23-cv-00185, on behalf of Intervenor-Defendants please find the attached documents: (1) Supplemental objections and responses to Plaintiffs' first set of interrogatories; and (2) Supplemental objections and responses to Plaintiffs' first set of requests for production.

Additionally, each of you should soon receive a separate email with a secure link to complete the secure file transfer of a third production by Legislative Leaders. The documents span LL000425 – LL001130. The password to access the zip-file is: ██████████ .

Please know that no document has been withheld that needs to be added to the privilege log. Plaintiffs previously agreed that privileged communications between counsel and clients did not need to be logged. No other documents have been withheld as privileged.

Thank you,

Ken Capps

---

**From:** Ken Capps
**Sent:** Friday, January 19, 2024 4:24 PM
**To:** cproksel@omlaw.com; azimmerman@debevoise.com; jrassi@debevoise.com; jhamid@debevoise.com; awhelan@nclrights.org; rberg@nclrights.org; diw@wb-law.com; mckayw@wb-law.com; maria.syms@azed.gov; jellel@tuhsd.k12.az.us; dpotts@jshfirm.com; adaltrey@jshfirm.com; lasmith@dmyl.com; kristian.nelson@lewisbrisbois.com
**Cc:** Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>; Michael Talent <Michael.Talent@james-otis.com>
**Subject:** RE: Doe v Horne - 4:23-cv-00185 - Intervenor Defendants Responses and Objections - Discovery

Dear Counsel,

Regarding Doe v. Horne, 4:23-cv-00185, each of you should have received a separate email with a secure link to complete the secure file transfer of the second production by Legislative Leaders. The documents span LL000336 - LL000424. The password to access the zip-file is: ██████████ .

Thank you,



Ken Capps

---

**From:** Ken Capps
**Sent:** Wednesday, November 29, 2023 2:57 PM
**To:** 'cproksel@omlaw.com' <cproksel@omlaw.com>; 'azimmerman@debevoise.com' <azimmerman@debevoise.com>; 'jrassi@debevoise.com' <jrassi@debevoise.com>; 'jhamid@debevoise.com' <jhamid@debevoise.com>; 'awhelan@nclrights.org' <awhelan@nclrights.org>; 'rberg@nclrights.org' <rberg@nclrights.org>; 'diw@wb-law.com' <diw@wb-law.com>; 'mckayw@wb-law.com' <mckayw@wb-law.com>; 'maria.syms@azed.gov' <maria.syms@azed.gov>; 'jellel@tuhsd.k12.az.us' <jellel@tuhsd.k12.az.us>; 'dpotts@jshfirm.com' <dpotts@jshfirm.com>; 'adaltrey@jshfirm.com' <adaltrey@jshfirm.com>; 'lasmith@dmyl.com' <lasmith@dmyl.com>; 'kristian.nelson@lewisbrisbois.com' <kristian.nelson@lewisbrisbois.com>
**Cc:** Justin Smith <Justin.Smith@james-otis.com>; John Sauer <john.sauer@james-otis.com>
**Subject:** Doe v Horne - 4:23-cv-00185 - Intervenor Defendants Responses and Objections - Discovery

Dear Counsel,

Regarding Doe v. Horne, 4:23-cv-00185, on behalf of Intervenor-Defendants please find the attached documents: (1) Objections and Responses to Plaintiffs' first set of interrogatories; (2) Objections and Responses to Plaintiffs' first set of requests for production; and (3) a privilege log accompanying Intervenor-Defendants' document production.

The document production consists of documents bates-stamped LL000001 - LL000335.  Each of you will receive a separate email with a secure link to complete the secure file transfer of those documents.  The password to access the zip-file is: █████████ .

Thank you,

**Ken Capps** | Attorney
James Otis Law Group
ken.capps@james-otis.com

D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

Jane Doe, *et al.*,

Plaintiffs,

v.

Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,

Defendants.

Case No. 4:23-cv-00185-JGZ

**Intervenor-Defendants' Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories**

Intervenor-Defendants Senate President Warren Petersen and Speaker of the House Ben Toma (the "Legislative Leaders"), by and through undersigned counsel, hereby serve their Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who provided information in preparing your Motion to Dismiss, Opposition to Plaintiffs' Motion for a Preliminary Injunction, and responses to Plaintiffs' First Set of Requests for Production of Documents and these

EXHIBIT
**B**

Interrogatories, and for each such person, state the following: (a) their name, address, and telephone number; (b) their relationship to you and to Plaintiffs; and (c) a detailed description of the information that they provided.

**RESPONSE TO INTERROGATORY NO. 1:**  The Legislative Leaders object that this interrogatory seeks attorney work product and mental impressions. *See, e.g.*, *Becker v. TIG Ins. Co.*, No. 3:21-CV-05185-JHC, 2022 WL 13925733, at *1 (W.D. Wash. Oct. 24, 2022) (citing cases).  The Legislative Leaders further object that this interrogatory is outside the scope permitted by Rule 26(b)(1) because it is not relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:** Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.

No person provided the Legislative Leaders with information to prepare their Motion to Dismiss.

The only individuals that provided the Legislative Leaders with information to prepare their Opposition to Plaintiffs' Motion for a Preliminary Injunction were Dr. Gregory A. Brown, Dr. James. M. Cantor, and Dr. Chad Thomas Carlson.  All information they provided is contained in their publicly filed declarations, Docs. 82-1, 82-2, 82-3, 87-1, 87-2, and 87-3.  They may be contacted through counsel for the Legislative Leaders.

No person provided the Legislative Leaders with information to prepare their responses to Plaintiffs' First Set of Requests for Production or First Set of Interrogatories.

**INTERROGATORY NO. 2:** Without time limitation, identify any and all student athletes who have contacted you who are playing school sports in Arizona and who feel that they have been treated unfairly or faced unfair or unsafe competition as a result of a transgender girl's participation in their sport.

**RESPONSE TO INTERROGATORY NO. 2:**  The Legislative Leaders object to this interrogatory's lack of time limitation as outside the scope permitted by Rule 26(b)(1) because information from legislative sessions in which S.B. 1165 did not pass is not

relevant to any party's claim or defense, is not proportional to the needs of the case, and imposes an undue burden on the Legislative Leaders that outweighs its benefit. The Legislative Leaders further object to the extent this interrogatory seeks information protected by the legislative privilege. *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving these objections, the Legislative Leaders provide the following relevant, non-privileged information from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165. All testimony received by the Arizona Senate Committee on the Judiciary and Arizona House of Representatives Committee on the Judiciary in hearings on S.B. 1165 on January 20, 2022 and March 9, 2022, respectively, is publicly available and equally accessible to Plaintiffs. *See* Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057; Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027. Correspondence received by President Petersen and Speaker Toma relating to S.B. 1165 is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma. Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**   Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.   All testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), at https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=3055; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Correspondence received by President Petersen and Speaker Toma from August 19, 2019 to present is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**INTERROGATORY NO. 3:** Without time limitation, identify any and all complaints that you have received because of a transgender girl competing with or against students in a girls' school sports contest, and identify the complainant's affiliation with the school featured in the complaint.

**RESPONSE TO INTERROGATORY NO. 3:**   The Legislative Leaders object to this interrogatory's lack of time limitation as outside the scope permitted by Rule 26(b)(1) because information from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense, is not proportional to the needs of the case, and imposes an undue burden on the Legislative Leaders that outweighs its benefit.   The Legislative Leaders further object to the extent this interrogatory seeks information protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the

4

deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving these objections, the Legislative Leaders provide the following relevant, non-privileged information from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165.  All testimony received by the Arizona Senate Committee on the Judiciary and Arizona House of Representatives Committee on the Judiciary in hearings on S.B. 1165 on January 20, 2022 and March 9, 2022, respectively, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057; Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027.  Correspondence received by President Petersen and Speaker Toma relating to S.B. 1165 is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.  Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.  All testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human

Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), at https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=3055; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Correspondence received by President Petersen and Speaker Toma from August 19, 2019 to present is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**INTERROGATORY NO. 4:** Without time limitation, identify any and all Arizona student athletes who have reported to you that they have been physically injured by a transgender athlete, including the age and grade of the athletes involved, the sport in which the injury occurred, the date or dates of the alleged injuries, any known witnesses to the alleged injury, and the circumstances surrounding the alleged injury.

**RESPONSE TO INTERROGATORY NO. 4:** The Legislative Leaders object to this interrogatory's lack of time limitation as outside the scope permitted by Rule 26(b)(1) because information from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense, is not proportional to the needs of the case, and imposes an undue burden on the Legislative Leaders that outweighs its benefit. The Legislative Leaders further object to the extent this interrogatory seeks information protected by the legislative privilege. *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008). The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving these objections, the Legislative Leaders provide the following relevant, non-privileged information from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165.  All testimony received by the Arizona Senate Committee on the Judiciary and Arizona House of Representatives Committee on the Judiciary in hearings on S.B. 1165 on January 20, 2022 and March 9, 2022, respectively, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057; Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027.  Correspondence received by President Petersen and Speaker Toma relating to S.B. 1165 is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.  Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.  All testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), *at* https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=3055; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Correspondence received by President Petersen and Speaker Toma from August 19,

2019 to present is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**INTERROGATORY NO. 5:** Without time limitation, identify all students who participated in or are participating in interscholastic and/or intramural sports in Arizona who have reported to you that they have been denied the opportunity to advance in their respective sports, including but not limited to being denied a spot on a team or failing to obtain a college scholarship, because of students who are transgender participating on sports teams.

**RESPONSE TO INTERROGATORY NO. 5:**  The Legislative Leaders object to this interrogatory's lack of time limitation as outside the scope permitted by Rule 26(b)(1) because information from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense, is not proportional to the needs of the case, and imposes an undue burden on the Legislative Leaders that outweighs its benefit.  The Legislative Leaders further object to the extent this interrogatory seeks information protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving these objections, the Legislative Leaders provide the following relevant, non-privileged information from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second

Regular Session until the day the Arizona Governor signed S.B. 1165.  All testimony received by the Arizona Senate Committee on the Judiciary and Arizona House of Representatives Committee on the Judiciary in hearings on S.B. 1165 on January 20, 2022 and March 9, 2022, respectively, is publicly available and equally accessible to Plaintiffs. *See* Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057; Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027.  Correspondence received by President Petersen and Speaker Toma relating to S.B. 1165 is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma. Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.  All testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), at https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=3055; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Correspondence received by President Petersen and Speaker Toma from August 19, 2019 to present is available in the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**INTERROGATORY NO. 6:** Identify all governmental interests that you believe are advanced by Ariz. Rev. Stat. § 15-120.02.

**RESPONSE TO INTERROGATORY NO. 6:**  The Legislative Leaders object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.  Subject to and without waiving this objection, the Legislative Leaders identify the governmental interests that are expressed in S.B. 1165 § 2, the legislative record for S.B. 1165, and all briefing by the Legislative Leaders in this case, including but not limited to:

- Redressing past discrimination against women in athletics;
- Promoting fairness and equal opportunities for women in athletics;
- Providing safety for women in athletics;
- Providing clear and consistent application of sex separation rules in athletics; and
- Providing public accountability through an elected legislative body for sex separation rules in athletics.

**INTERROGATORY NO. 7:** For each of the governmental interests you identified in response to Interrogatory No. 6, state all facts that support your contention that Ariz. Rev. Stat. § 15-120.02 advances those governmental interests.

**RESPONSE TO INTERROGATORY NO. 7:**  The Legislative Leaders object that this interrogatory's requests for "all facts" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to this information than reproducing it here. The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that support the governmental interests

identified in response to Interrogatory No. 6 and which are too voluminous to reproduce here.  The burden on the Intervenor-Defendants of reproducing the requested facts here outweighs its likely benefit.  The Legislative Leaders further object to the extent this interrogatory seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.  The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving this objection, the Legislative Leaders identify and incorporate by reference the facts in the following documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the

11

preliminary injunction hearing.

- Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.

- Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant Horne's Response to Plaintiffs' Motion for Preliminary Injunction.

- Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the preliminary injunction hearing.

- Testimony received by the Arizona Senate Committee on the Judiciary and Arizona House of Representatives Committee on the Judiciary in hearings on S.B. 1165 on January 20, 2022 and March 9, 2022, respectively, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057; Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027.

- Documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders provide the following non-privileged information.

- Testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs.  *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human

Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), at https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=30 55; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

**INTERROGATORY NO. 8:** Explain how excluding Plaintiffs from competing in girls' school sports in Arizona remedies past discrimination and provides equal opportunities for women and safety to women athletes. *See* Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction at 5, 13.

**RESPONSE TO INTERROGATORY NO. 8:**   The Legislative Leaders object to this interrogatory to the extent it misstates the law by implying that a statute classifying on the basis of sex must be perfectly tailored.  *See Nguyen v. INS*, 533 U.S. 53, 70 (2001); *see also United States v. Edge Broad. Co.*, 509 U.S. 418, 427 (1993).  The Legislative Leaders further object that the Legislative Leaders have not yet received discovery from Plaintiffs.  Subject to and without waiving these objections, the Legislative Leaders identify facts in S.B. 1165 § 2, the legislative record for S.B. 1165, and all briefing by the Legislative Leaders in this case, including but not limited to:

- Remedying past discrimination and providing equal opportunities for women by preventing displacement of biological females on an athletic team or in an athletic competition by biological males.
- Remedying past discrimination and providing equal opportunities for women by preventing biological males from receiving awards, scholarships, or other recognition that otherwise would have been received by a biological female.
- Providing safety to women athletes by preventing biological males from competing against biological females in female sports.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is obtained.

13

1

2 **INTERROGATORY NO. 9:** Identify all persons involved in drafting, lobbying for,

3 testifying in support of, and/or advancing S.B. 1165 or Ariz. Rev. Stat. § 15-120.02, or any

4 other potential legislation regarding the participation of transgender athletes in Arizona.

5 For each such person, state the following: (a) their name, address, and telephone number;

6 (b) their relationship to you and/or Plaintiffs; and (c) a detailed description of their

7 involvement.

8 **RESPONSE TO INTERROGATORY NO. 9:**   The Legislative Leaders object to the

9 extent this interrogatory, and its requests relating to "drafting," "lobbying for," and

10 "advancing," seek information protected by the legislative privilege.  *See, e.g.*, *Lee v. City

11 of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290

12 (9th Cir. 2011).  The Legislative Leaders further object to the extent this interrogatory seeks

13 information protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*,

14 No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The

15 Legislative Leaders further object because who testified in support of S.B. 1165 is public

16 information and Plaintiffs thus have more convenient, less burdensome, and less expensive

17 access to this information than reproducing it here.  The Legislative Leaders further object

18 to this interrogatory's relevant time period, which according to Instruction #9 is January 1,

19 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because

20 information from legislative sessions in which S.B. 1165 did not pass is not relevant to any

21 party's claim or defense, is not proportional to the needs of the case, and imposes an undue

22 burden on the Legislative Leaders that outweighs its benefit.  The Legislative Leaders

23 further object to this interrogatory because "advancing" is vague and ambiguous.  The

24 Legislative Leaders further object to this interrogatory because "any other potential

25 legislation" is outside the scope permitted by Rule 26(b)(1) since legislation other than S.B.

26 1165 is not relevant to any party's claim or defense, and in addition is vague and ambiguous

27 about what is considered "potential legislation."

28          Subject to and without waiving these objections, the Legislative Leaders provide

14

the following relevant, non-privileged information from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165.

1. Hearing on S.B. 1165 before the Arizona Senate Committee on the Judiciary, 55th Legislature, Second Regular Session (Jan. 20, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022011057. Witnesses who testified in favor of S.B. 1165 included:

    a. Matt Sharp

    b. Amber Colon

    c. Christine Pierce

    d. Jadis Argiope

    e. Nicole Eidson

    f. Linda Rizzo

2. Hearing on S.B. 1165 before the Arizona House of Representatives Committee on Judiciary, 55th Legislature, Second Regular Session (Mar. 9, 2022), *at* https://www.azleg.gov/videoplayer/?eventID=2022031027. Witnesses who requested to speak in favor of S.B. 1165 included:

    a. Cathi Herrod

    b. Cynthia Couture

    c. Barbara Wyllie

    d. Julie Egea

    e. Carol Rogala

    f. Amber Zenczak

    g. Jadis Argiope

    h. James Bissonett

    i. Ron Johnson

    j. Kara Leong

    k. Shirley Dye

l.   Buffalo Rick Galeener

m. Kay Reardon

n.  Sandi Bartlett

o.  Jere Fredenburgh

p.  Rose Sperry

q.  Richard Rutkowski

r.   Susan Hicks

s.  Dennis Genge

t.   Dennis Beals

u.  Edward Treick

v.  Jennifer Wellsman

w. Brent Backus

x.  Todd Maxcy

y.  George Kundert

z.  Mike MacDonald

aa. Mark Logan

bb. Richard Sperry

cc. Steven Pettigrew

dd. Terrence Gillespie

ee. Jerry Clingman

ff.  Theresa Logan

gg. Charles McCain

hh. Geline Coulbourne

ii.  Sheryl Scala

jj.  Dan Van Dusen

kk. Baron Benham

ll.  Rachel Bauer

mm.     Chuck Kirkhuff

1          nn. Paul Rowe

2          oo. Stephen Harris

3          pp. Mary Morris

4          qq. Corinne Haynes

5          rr.  Valerie Giramberk

6          ss.  Bob Jolley

7          tt.  Barry Graham

8          uu. Richard Reitz

9          vv. Jeffrey Scott Christopher

10         ww.      Margie Heffnleder

11         xx. Merrianne Gelsdorf

12         yy. Cindy New

13         zz. Dorie Duff

14         aaa.     Kathy Walker

15         bbb.     Marcia Barlow

16         ccc.     Lois Scale

17         ddd.     Charmaine Roth

18         eee.     Nikki Colletti

19         fff. Dianna Gates

20         ggg.     Sheryl Schauer

21         hhh.     Linda Wix

22         iii. James McFadzean

23         jjj. Belva Barrick

24         kkk.     David Genge

25         lll. Hannah Toth

26         mmm.     Lynn Ludwig

27         nnn.     Linda Barnes

28         ooo.     Carol Wyatt

| | | |
|---|---|---|
| 1 | ppp. | Beverly Ross |
| 2 | qqq. | Mary Grace Werner |
| 3 | rrr. | Diana Dare |
| 4 | sss. | Bee Gordon |
| 5 | ttt. | Scott Kummerfeldt |
| 6 | uuu. | Alison Morris |
| 7 | vvv. | Vicki Smith |
| 8 | www. | Lorelei Nelson-DeNapoli |
| 9 | xxx. | Tami Smith |
| 10 | yyy. | Marcia Weiss |
| 11 | zzz. | Barbara Jennings |
| 12 | aaaa. | Craig Stephan |
| 13 | bbbb. | Catherine Tunget |
| 14 | cccc. | Barbara Smith |
| 15 | dddd. | Phillip Klein |
| 16 | eeee. | Rachel Walden |
| 17 | ffff. | Peggy Bricker |
| 18 | gggg. | John Pio |
| 19 | hhhh. | Linda Pio |
| 20 | iiii. | Carrie Heikkala |
| 21 | jjjj. | Diane Elrod |
| 22 | kkkk. | Jill Dunican |
| 23 | llll. | Robert Louchheim |
| 24 | mmmm. | JL Simpson |
| 25 | nnnn. | Henry Ganster |
| 26 | oooo. | Michelle Sullivan |
| 27 | pppp. | Denise Lockwood |
| 28 | qqqq. | Ruth Edwards |

1    rrrr.    Reid Gottschalk

2    ssss.    Kristine Rodriguez

3    tttt. Annie Gold

4    uuuu.    Claire Haggerty

5    vvvv.    Michael Sullivan

6    wwww.    Carrie Cox

7    xxxx.    James Roth

8    yyyy.    Christine Pierce

9    zzzz.    Janis Flavin

10   aaaaa.   E Seeley

11   bbbbb.   D Seeley

12   ccccc.   Lisa Fink

13   ddddd.   C David

14   eeeee.   Cathi Herrod

15   fffff.   Maral Moffitt

16   ggggg.   George Jennings

17   hhhhh.   Douglas Jennings

18   iiiii.   Mary Ganster

19   jjjjj.   John Justus

20   kkkkk.   Leslie Morrison

21   lllll.   David Seligson

22   mmmmm. Wendy Jonessee

23   3.  Individuals identified in documents produced in response to Plaintiffs' First Set of

24       Requests for Production of Documents to Intervenor-Defendants President Warren

25       Peterson [*sic*] and Speaker Ben Toma.

26   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**   Subject to and

27   without waiving all objections previously asserted, the Legislative Leaders provide the

28   following non-privileged information.

19

- Testimony received by the Arizona House of Representatives Committee on Health & Human Services in a hearing on H.B. 2706 on February 13, 2020, is publicly available and equally accessible to Plaintiffs. *See* Hearing on H.B. 2706 before the Arizona House of Representatives Committee on Health & Human Services, 54th Legislature, Second Regular Session (Feb. 13, 2020), at https://www.azleg.gov/videoplayer/?eventID=2020021411&startStreamAt=3055; https://www.azleg.gov/videoplayer/?eventID=2020021413.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged information is located.

Dated: March 7, 2024                         Respectfully submitted,

                                             JAMES OTIS LAW GROUP, LLC

                                             */s/ Justin D. Smith*
                                             D. John Sauer, Mo. Bar No. 58721*
                                             Justin D. Smith, Mo. Bar No. 63253*
                                             13321 North Outer Forty Road, Suite 300
                                             St. Louis, Missouri 63017
                                             (816) 678-2103
                                             Justin.Smith@james-otis.com
                                             * *pro hac vice*

                                             *Attorneys for Intervenor-Defendants*

D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,<br><br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Intervenor-Defendants' Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents** |

Intervenor-Defendants Senate President Warren Petersen and Speaker of the House Ben Toma (the "Legislative Leaders"), by and through undersigned counsel, hereby serve their Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents and communications concerning S.B. 1165 or Ariz.

**EXHIBIT C**

Rev. Stat. § 15-120.02, including without limitation documents and communications concerning its enactment, legislative history, the governmental interests that are allegedly advanced by S.B. 1165 or Ariz. Rev. Stat. § 15-120.02, its development, interpretation, and implementation, any complaints, concerns, emails, and texts regarding the impact of S.B. 1165, Ariz. Rev. Stat. § 15-120.02, and any other legislation that was considered regarding the participation of transgender athletes in Arizona.

**RESPONSE TO REQUEST NO. 1:**   The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege.  The Legislative Leaders further object because the legislative history for S.B. 1165 is public information and Plaintiffs thus have more convenient, less burdensome, and less expensive access to this information than reproducing it here.  The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.  The Legislative Leaders further object to this request because "any other legislation that was considered" is outside the scope permitted by Rule 26(b)(1) since legislation other than S.B. 1165 is not relevant to any party's claim or defense, and in addition is vague and ambiguous about what is "legislation that was considered."

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular

1  Session until the day the Arizona Governor signed S.B. 1165.

2  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:** Subject to and without waiving

3  all objections previously asserted, the Legislative Leaders are producing responsive, non-

4  privileged documents from August 19, 2019 to present.

5

6  **REQUEST NO. 2:**       Without       time limitation,       all       documents, policies,

7  and communications concerning the participation of transgender students in any school

8  sports at any level in Arizona, including without limitation communications between you

9  and any school district; complaints or concerns you have received; and briefing materials

10  provided to you.

11  **RESPONSE TO REQUEST NO. 2:** The Legislative Leaders object to the extent this

12  request seeks documents protected by the legislative privilege, such as "briefing materials."

13  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*,

14  643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this

15  request seeks documents like "briefing materials" protected by the deliberative process

16  privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL

17  2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the

18  extent this request seeks documents protected by the attorney-client privilege and/or the

19  work product privilege.  The Legislative Leaders further object to this request's lack of

20  time limitation as outside the scope permitted by Rule 26(b)(1) because documents from

21  legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or

22  defense and is not proportional to the needs of the case.

23  Subject to and without waiving these objections, the Legislative Leaders are

24  producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which

25  encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular

26  Session until the day the Arizona Governor signed S.B. 1165.

27  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:** Subject to and without waiving

28  all objections previously asserted, the Legislative Leaders are producing responsive, non-

1    privileged documents from August 19, 2019 to present.

2

3    **REQUEST NO. 3:** All documents and communications concerning Plaintiffs or this

4    action.

5    **RESPONSE TO REQUEST NO. 3:**   The Legislative Leaders object to the extent this

6    request seeks documents for "this action" protected by the legislative privilege.  *See, e.g.*,

7    *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d

8    278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request

9    seeks documents for "this action" protected by the deliberative process privilege.  *Fabbrini*

10   *v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal.

11   June 19, 2008).  The Legislative Leaders further object to the extent this request seeks

12   documents protected by the attorney-client privilege and/or the work product privilege.

13   The Legislative Leaders further object to this request's relevant time period, which

14   according to Instruction #8 is January 1, 2015 to the date of the response, as outside the

15   scope permitted by Rule 26(b)(1) because documents from legislative sessions in which

16   S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional

17   to the needs of the case.

18        Subject to and without waiving these objections, the Legislative Leaders are

19   producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which

20   encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular

21   Session until the day the Arizona Governor signed S.B. 1165.

22   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:** Subject to and without waiving

23   all objections previously asserted, the Legislative Leaders are producing responsive, non-

24   privileged documents from August 19, 2019 to present.

25

26   **REQUEST NO. 4:** All documents and communications you contend support your

27   assertion that banning transgender girls from competing in girls-only school sports

28   remedies past discrimination and provides equal opportunities for women and safety to

4

women athletes. *See* Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction at 5, 13.

**RESPONSE TO REQUEST NO. 4:**  The Legislative Leaders further object that this request for "all documents and communications" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here.  The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that are too voluminous to reproduce here.  The burden of reproducing the requested documents outweighs its likely benefit.  The Legislative Leaders further object to the extent this request seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.  The Legislative Leaders further object to the definition of "you" to the extent it encompasses other legislators and staff of the Arizona Senate and House of Representatives who are not parties to this lawsuit.

Subject to and without waiving these objections, the Legislative Leaders identify and incorporate by reference the following documents and the documents cited within these documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for

a Preliminary Injunction.

- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the preliminary injunction hearing.

- Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.

- Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant Horne's Response to Plaintiffs' Motion for Preliminary Injunction.

- Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the preliminary injunction hearing.

- Documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged documents are located.


**REQUEST NO. 5:** All documents, policies, and communications concerning sex-based separation in school sports in Arizona.

**RESPONSE TO REQUEST NO. 5:**  The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative

Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege.  The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders are producing responsive, non-privileged documents from August 19, 2019 to present.

**REQUEST NO. 6:** Without time limitation, all documents and communications, including without limitation data, reports, research, and/or studies, concerning any impact the participation of transgender students in interscholastic and/or intramural sports has or had on non-transgender students, including without limitation: (a) the opportunities for non-transgender students to participate in interscholastic and/or intramural sports and to advance in their respective interscholastic and/or intramural sports, including by obtaining college scholarships; (b) the fairness or preservation of girls' sports; and (c) the safety of non-transgender girls who participate in interscholastic and/or intramural sports, including any injuries incurred as a result of the participation of transgender students on sports teams.

**RESPONSE TO REQUEST NO. 6:**  The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-

7

1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege.  The Legislative Leaders further object that this request for "all documents and communications" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have more convenient, less burdensome, and less expensive access to these documents than reproducing them here.  The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that are too voluminous to reproduce here.  The burden of reproducing the requested documents outweighs its likely benefit.  The Legislative Leaders further object to the extent this request seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.

Subject to and without waiving these objections, the Legislative Leaders identify and incorporate by reference the following documents and the documents cited within these documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support

of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the preliminary injunction hearing.

- Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.

- Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant Horne's Response to Plaintiffs' Motion for Preliminary Injunction.

- Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the preliminary injunction hearing.

- Documents produced in response to Plaintiffs' First Set of Requests for Production of Documents to Intervenor-Defendants President Warren Peterson [*sic*] and Speaker Ben Toma.

Intervenor-Defendants will supplement this response if additional responsive, non-privileged documents are located.

**REQUEST NO. 7:** All documents from or exchanged between, and communications with, any representative of any advocacy organization, including without limitation the Alliance Defending Freedom, the Heritage Foundation, Eagle Forum, and the Family Research Council concerning the participation of transgender students in interscholastic and/or intramural sports in Arizona.

**RESPONSE TO REQUEST NO. 7:** The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege. *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011). The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege. *Fabbrini v. City of Dunsmuir*, No. CIVS07-

9

1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege.  The Legislative Leaders further object to this request's relevant time period, which according to Instruction #8 is January 1, 2015 to the date of the response, as outside the scope permitted by Rule 26(b)(1) because documents from legislative sessions in which S.B. 1165 did not pass is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without waiving these objections, the Legislative Leaders are producing relevant, non-privileged documents from July 1, 2021 to March 30, 2022, which encompasses the entire interim session prior to the Fifty-fifth Legislature – Second Regular Session until the day the Arizona Governor signed S.B. 1165.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**  Subject to and without waiving all objections previously asserted, the Legislative Leaders are producing responsive, non-privileged documents from August 19, 2019 to present.

**REQUEST NO. 8:** For each of the governmental interests you identified in response to Interrogatory No. 6, produce all documents and communications that support each interest.

**RESPONSE TO REQUEST NO. 8:**  The Legislative Leaders object to the extent this request seeks documents protected by the legislative privilege.  *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 290 (9th Cir. 2011).  The Legislative Leaders further object to the extent this request seeks documents protected by the deliberative process privilege.  *Fabbrini v. City of Dunsmuir*, No. CIVS07-1099-GEB-CMK, 2008 WL 2523550, at *5 (E.D. Cal. June 19, 2008).  The Legislative Leaders further object to the extent this request seeks documents protected by the attorney-client privilege and/or the work product privilege.  The Legislative Leaders further object that this request for "all documents and communications" is outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the case and Plaintiffs have

more convenient, less burdensome, and less expensive access to these documents than reproducing them here. The Legislative Leaders and Defendant Horne have filed and cited hundreds of pages of expert declarations, studies, and other evidence that are too voluminous to reproduce here. The burden of reproducing the requested documents outweighs its likely benefit. The Legislative Leaders further object to the extent this request seeks premature disclosure of expert reports, which the Legislative Leaders will produce in accordance with the Court's Scheduling Order.

Subject to and without waiving these objections, the Legislative Leaders identify and incorporate by reference the following documents and the documents cited within these documents:

- Facts and studies cited in S.B. 1165 § 2.
- Doc. 82-1 – Declaration of Dr. Gregory A. Brown, Ph.D., FACSM, in support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-2 – Declaration of James M. Cantor, Ph.D., in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 82-3 – Declaration of Dr. Chad Thomas Carlson, M.D., FACSM in Support of [Intervenors' Proposed] Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-1 – Rebuttal Declaration of Dr. Gregory A. Brown, Ph.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-2 – Rebuttal Declaration of James M. Cantor, Ph.D., in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.
- Doc. 87-3 – Supplemental Declaration of Dr. Chad Carlson, M.D., FACSM in Further Support of Intervenor-Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

1    - Doc. 87-4 to Doc. 87-31 – Exhibits 7-34 filed by Intervenor-Defendants for the
2      preliminary injunction hearing.
3    - Doc. 92-8 – Expert witness statement of Emma Hilton, PhD.
4    - Doc. 92-9 – Declaration of Dr. Linda Blade, Ph.D., in Support of Defendant
5      Horne's Response to Plaintiffs' Motion for Preliminary Injunction.
6    - Doc. 92-10 to Doc. 92-37 – Exhibits 6-33 filed by Defendant Horne for the
7      preliminary injunction hearing.
8    - Documents produced in response to Plaintiffs' First Set of Requests for
9      Production of Documents to Intervenor-Defendants President Warren Peterson
10     [*sic*] and Speaker Ben Toma.
11   Intervenor-Defendants will supplement this response if additional responsive, non-
12   privileged documents are located.
13
14   **REQUEST NO. 9:** All documents used by you or relied on by you in preparing your
15   Motion to Dismiss, Opposition to Plaintiffs' Motion for a Preliminary Injunction,
16   responses to Plaintiffs' First Set of Interrogatories, and your responses to these Requests
17   for Production.
18   **RESPONSE TO REQUEST NO. 9:**  The Legislative Leaders object that this request seeks
19   attorney work product and mental impressions. *See, e.g.*, *Becker v. TIG Ins. Co.*, No. 3:21-
20   CV-05185-JHC, 2022 WL 13925733, at *1 (W.D. Wash. Oct. 24, 2022) (citing cases).
21   The Legislative Leaders further object that this request is outside the scope permitted by
22   Rule 26(b)(1) because it is not relevant to any party's claim or defense.
23
24   Dated: March 7, 2024                  Respectfully submitted,
25
26                                         JAMES OTIS LAW GROUP, LLC
27                                         */s/ Justin D. Smith*
28                                         D. John Sauer, Mo. Bar No. 58721*

Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Intervenor-Defendants*

**Justin Smith**

| | |
|---|---|
| **From:** | Colin Proksel <cproksel@omlaw.com> |
| **Sent:** | Wednesday, February 7, 2024 6:59 PM |
| **To:** | 'diw@wb-law.com'; 'mckayw@wb-law.com'; 'Maria.Syms@azed.gov'; 'dpotts@jshfirm.com'; 'adaltrey@jshfirm.com'; 'lasmith@dmyl.com'; 'kristian.nelson@lewisbrisbois.com'; 'jellel@tuhsd.k12.az.us'; John Sauer; Justin Smith |
| **Cc:** | 'jhamid@debevoise.com'; 'jrassi@debevoise.com'; 'azimmerman@debevoise.com'; 'awhelan@nclrights.org'; 'rberg@nclrights.org' |
| **Subject:** | Doe v. Horne - Written Discovery Requests to Defendants Horne, AIA, and Intervenors |
| **Attachments:** | 2024-02-07 Doe v Horne - Third Set of ROGs to AIA.pdf; 2024-02-07 Doe v Horne - First Set of RFAs to Horne.pdf; 2024-02-07 Doe v Horne - First Set of RFAs to Intervenors.pdf; 2024-02-07 Doe v Horne - Second Set of RFAs to AIA.pdf; 2024-02-07 Doe v Horne - Second Set of RFPs to AIA.pdf |

All,

Please see the attached.

Best,

Colin Proksel

**Colin M. Proksel**
602-640-9393 (direct)

---

**OSBORN**
**MALEDON**

2929 N. Central Ave, Ste. 2000
Phoenix, AZ 85012
**omlaw.com**



Colin Proksel (034133)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:     (602) 640-9000
Facsimile:     (602) 640-9050
Email:         cproksel@omlaw.com
*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe; and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe, | Case No. 4:23-cv-00185-JGZ |
| Plaintiffs, | **PLAINTIFFS' INITIAL RULE 26(a)(1) DISCLOSURES** |
| v. | |
| Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc., | |
| Defendants. | |

**EXHIBIT**
**E**

Plaintiffs Jane Doe, by her next friends and parents Helen Doe and James Doe, and Megan Roe, by her next friends and parents Kate Roe and Robert Roe (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby submit the following Initial Disclosures ("Disclosures").

These disclosures are based on the information reasonably available to Plaintiffs as of this date and represent a good faith effort by Plaintiffs to identify discoverable information that they reasonably believe may be used to support their claims or defenses, as required.  These disclosures are made without waiving: (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object to any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Disclosures.

Plaintiffs expressly reserve the right to supplement or modify these Disclosures as additional information becomes available.  These Disclosures do not include information that may be used solely for impeachment purposes, or identify or otherwise include information concerning experts, as this subject is not covered by Fed. R. Civ. P. 26(a)(1). Plaintiffs will provide their expert disclosures, if applicable, pursuant to Fed. R. Civ. P. 26(a)(2) and the case management order.

1.      Witnesses (the name, and if known, the address and telephone number of the individual likely to have discoverable information—along with the subjects of the information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment).

///

///

///

///

///

| Name | Contact Information | Subject(s) of Information |
|------|--------------------|--------------------------|
| Jane Doe | Through counsel | That she is a girl who is transgender and has gender dysphoria; that she wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, humiliating, and deprives her of the well-known physical, mental, emotional, and developmental benefits of sports. |
| Helen Doe | Through counsel | That her daughter is a girl who is transgender and has gender dysphoria; that her daughter wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, and humiliating to her child and to their family, and deprives her child of the well-known physical, mental, emotional, and developmental benefits of sports. |
| James Doe | Through counsel | That his daughter is a girl who is transgender and has gender dysphoria; that his daughter wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, and humiliating to his child and to their family, and deprives his child of the well-known physical, mental, emotional, and developmental benefits of sports. |
| Megan Roe | Through counsel | That she is a girl who is transgender and has gender dysphoria; that she wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, humiliating, and deprives her of the well-known physical, mental, emotional, and developmental benefits of sports. |

| | | |
|---|---|---|
| Kate Roe | Through counsel | That her daughter is a girl who is transgender and has gender dysphoria; that her daughter wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, and humiliating to her child and to their family, and deprives her child of the well-known physical, mental, emotional, and developmental benefits of sports. |
| Robert Roe | Through counsel | That his daughter is a girl who is transgender and has gender dysphoria; that his daughter wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, and humiliating to his child and to their family, and deprives his child of the well-known physical, mental, emotional, and developmental benefits of sports. |
| Representatives of the Arizona Interscholastic Association | Through defense counsel | Information related to defendants' defenses; information related to AIA policies prior to Ariz. Rev. Stat. § 15-120.02. |
| Dr. Julie Sherrill, Head of School at The Gregory School | Through defense counsel | Information related to defenses. |

Plaintiffs also include other current and former employees and staff of the Arizona Department of Education ("ADOE") and the Arizona State Legislature not yet known to Plaintiffs. Plaintiffs further incorporate the witnesses identified by Defendants or any other party in this matter, whether those witnesses are later withdrawn or de-designated. Plaintiffs also include any custodians of records or other witnesses necessary to provide the required foundation for any exhibits, documents, or other materials.

Plaintiffs reserve the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information.

Plaintiffs further reserve the right to designate or call further witnesses at trial, including for purposes of rebuttal or impeachment.  If any persons not included herein are identified in any further discovery responses by either party or are deposed in this case, Plaintiffs hereby incorporate those persons as individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses.

2.    Documents (A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the disclosing party that the disclosing party may use to support its claims or defenses, unless solely for impeachment).

Without waiving any objections or claims of privilege or work product or stipulating to the relevancy of any materials; and expressly reserving their right to supplement, Plaintiffs identify the following hardcopy or electronic records in their possession, custody, or control:

i)    All pleadings in this matter and attachments thereto;

ii)    All discovery, documents, communications, or other information that is produced, served, exchanged, or filed in this matter;

iii)    All depositions taken in this matter and exhibits thereto.

Plaintiffs incorporate those documents identified by Defendants or any other party in this matter and reserve their right to supplement this list during discovery.

3.    Damages (A computation of any category or damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered).

Plaintiffs seek injunctive and declaratory relief and any other relief the Court deems proper.  Plaintiffs do not seek monetary damages.

4.    Insurance Agreements (For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be

1    liable to satisfy part or all of a judgment which may be entered in the action or to indemnify

2    or reimburse for payments made to satisfy the judgment).

3         Plaintiffs are not subject to, or aware of, any applicable insurance agreements.

4

5                                    Dated: September 29, 2023

6                                    /s/ Colin M. Proksel
                                     Colin M. Proksel (034133)
7                                    OSBORN MALEDON, P.A.
                                     2929 North Central Avenue, 21st Floor
8                                    Phoenix, Arizona 85012-2793
                                     Telephone: (602) 640-9000
9                                    Facsimile: (602) 640-9050
                                     Email: cproksel@omlaw.com
10
                                     Jyotin Hamid*
11                                   Justin R. Rassi*
                                     Amy C. Zimmerman*
12                                   DEBEVOISE & PLIMPTON LLP
                                     66 Hudson Boulevard
13                                   New York, New York 10001
                                     Telephone: (212) 909-6000
14                                   Facsimile: (212) 909-6836
                                     Email: jhamid@debevoise.com
15                                   Email: jrassi@debevoise.com
                                     Email: azimmerman@debevoise.com
16
                                     Amy Whelan*
17                                   Rachel Berg*
                                     NATIONAL CENTER FOR LESBIAN RIGHTS
18                                   870 Market Street, Suite 370
                                     San Francisco, California 94102
19                                   Telephone: (415) 343-7679
                                     Facsimile: (415) 392-8442
20                                   Email: awhelan@nclrights.org
                                     Email: rberg@nclrights.org
21
                                     *Admitted pro hac vice.
22

23

24

25

26

27

28