D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **Intervenor-Defendants President Petersen's and Speaker Toma's Opposition to Plaintiffs' Motion for a Protective Order** |

Plaintiffs demand a double standard in which they can depose high-ranking government officials who intervened (despite relevance and privilege barriers), but those officials cannot depose them, the individuals who initiated this lawsuit (and who lack relevance and privilege objections). This Court should treat these deposition requests consistently. If the Court denies the Plaintiffs' motion to compel the Legislative Leaders' depositions, the Plaintiffs will not be deposed. And if the Court orders the depositions of the Legislative Leaders, Plaintiffs must be deposed as well.

**FACTUAL BACKGROUND**

Plaintiffs Jane Doe and Megan Roe filed this action. Doc. 1. Doe raised allegations relating to medical treatment (*id.* at ¶ 51), interactions with teammates and coaches (*id.* at ¶ 47), and playing on different sports teams (*id.* at ¶¶ 52-53, 55). Roe raised similar allegations. *See id.* at ¶¶ 60-62, 65-67.

Doe and Roe also signed declarations containing factual assertions. Docs. 6, 8. The mothers of Doe and Roe submitted separate declarations. Docs. 7, 9. Plaintiffs' Motion for Preliminary Injunction repeatedly cited the declarations of Doe and Roe. *See* Doc. 3, pp. 4-6.

Both Doe and Roe also filed a claim alleging discrimination under the Americans with Disability Act and Section 504 of the Rehabilitation Act. Doc. 1, Count III. As part of this claim, Doe and Roe alleged they had a disability "based on their gender dysphoria, which results from physical impairments." *Id.* at ¶ 84. When asked in an interrogatory to identify all major life activities they claim their gender dysphoria substantially limits, Doe and Roe provided identical answers: "gender dysphoria substantially limits her from caring for herself, eating, sleeping, learning, reading, concentrating, thinking, and communicating, as well as the major bodily functions of neurological and brain functioning." Smith Decl., Ex. 1, at 11.

In their initial disclosures, Plaintiffs identified Doe and Roe as witnesses likely to have discoverable information. Doc. 198-1, Ex. E, at 2. According to Plaintiffs, Doe and Roe possess discoverable information, including "[t]hat she is a girl who is transgender and has gender dysphoria; that she wishes to compete in and experience the benefits of school sports like other girls; that the ban is stigmatizing, isolating, humiliating, and deprives her of the well-known physical, mental, emotional, and developmental benefits of sports." *Id.* The Legislative Leaders, Superintendent Horne, and the AIA also identified Doe and Roe as individuals likely to have discoverable information. Smith Decl., ¶ 3.

The Legislative Leaders asked for Plaintiffs' depositions only if the depositions of the Legislative Leaders are ordered. Doc. 196-1, Ex. A, at 4-5 (PDF pp. 9-10).

**ARGUMENT**

**I.     Support for Depositions of Plaintiffs.**

If the Legislative Leaders are deposed, Plaintiffs also should be deposed under the discovery rules and the facts of this case.  Under Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Plaintiffs do not argue that the depositions of Doe and Roe are privileged or not relevant.  *See* Doc. 196.  Plaintiffs mention only in passing that the depositions are not proportional to the needs of this litigation.  *Id.* at 2.  Plaintiffs do not provide support for this fleeting statement or argue any of the Rule 26(b)(1) factors to establish that the depositions are not proportional.

The Legislative Leaders should not be deposed for the many well-founded reasons set forth in their opposition.  *See* Doc. 198.  But in the event that the Legislative Leaders are ordered to be deposed, Doe and Roe, too, must be deposed because the basis for their depositions is far stronger than the basis for the Legislative Leaders' depositions.

1.     <u>Parties</u>.  Plaintiffs Doe and Roe chose to file this lawsuit.  Plaintiffs make the unsupported assertion that the "filing of this lawsuit . . . does not automatically entitle Intervenor-Defendants to depose them."  Doc. 196, at 5.  But it does.  It is well-settled that a defendant has the right to depose the plaintiff.  *Susilo v. Robertson*, No. CV 12-9796, 2013 WL 12151377, at *1 (C.D. Cal. Aug. 30, 2013) ("Defendants have a right to depose

Plaintiff"); *Diaz v. Vigil*, No. 1:03-CV-05108, 2007 WL 427122, at *1 (E.D. Cal. Feb. 6, 2007) ("Defendant has a right to depose plaintiff"). In contrast, the Legislative Leaders intervened to defend the constitutionality of a state statute after the attorney general declined to defend it. *See* Docs. 19, 19-1.

2. <u>Privilege</u>. Plaintiffs Doe and Roe do not claim that any privilege bars their depositions. *See* Doc. 196. In contrast, the Legislative Leaders are protected from depositions by the legislative privilege. *See* Doc. 198, at 3-12.

3. <u>Factual allegations</u>. Plaintiffs Doe and Roe filed a complaint containing numerous factual allegations about themselves. *See* Doc. 1, ¶¶ 51-53, 55, 60-62, 65-67, 84. Although Plaintiffs contend that the mothers of Doe and Roe "are well-positioned to answer any questions Intervenor-Defendants may direct toward Megan and Jane," Doc. 196, at 4, Plaintiffs submitted separate declarations for Doe and Roe and their mothers. Docs. 6, 8. It thus appears that Plaintiffs believed that Doe and Roe offered relevant factual information that their mothers could not provide. And in interrogatory responses, Doe and Roe also have identified alleged substantial limitations on major life activities that can be explored fully only with them and not their mothers, such as concentrating, thinking, and major bodily functions of neurological and brain functioning.[1] Smith Decl., Ex. 1, at 11; *cf. M.M. v. United States*, No. CV 19-631, 2020 WL 4037165, at *3 (C.D. Cal. June 30, 2020) ("[The minor plaintiff] is the only named plaintiff or percipient witness who can provide first-hand testimony"). In contrast, the Legislative Leaders have not filed an answer or made any factual assertions. Doc. 198, at 8.

4. <u>Deposition purpose</u>. The Legislative Leaders seek to depose Doe and Roe about their claims and their factual allegations. Doc. 196-1, Ex. A, at 1 (PDF p. 6). In contrast, Plaintiffs appear to seek to depose the Legislative Leaders only to "uncover" legislative motives, which is impermissible. Doc. 198, at 4-5.

---

[1] Even Plaintiffs' Motion for a Protective Order identifies factual information possessed by Doe and Roe: "Living openly as the girls that they are, including playing on girls' sports teams and receiving essential medical care, has required them to navigate many legal, administrative, and medical issues." Doc. 196, at 4.

4

5. <u>Witnesses</u>.  In their initial disclosures, Doe and Roe identified themselves as witnesses that possess discoverable information.  Doc. 198-1, Ex. E, at 2 (PDF p. 42). Three other parties identified Doe and Roe as witnesses as well.  Smith Decl., ¶ 3. According to a district court in the Ninth Circuit, "parties should, generally, be allowed to depose witnesses listed in Initial Disclosures." *Sawla v. B.E. Aerospace Inc.*, No. 2:16-CV-04661, 2017 WL 11635761, at *2 (C.D. Cal. May 3, 2017).  In addition, Plaintiffs have not stated that they will not testify at any trial in this matter.  Smith Decl., at ¶ 4.  "One of the purposes in deposing a witness, particularly a party, is to size her up to determine how she will be perceived by the jury." *Susilo*, 2013 WL 12151377, at *1.  In contrast, no party identified the Legislative Leaders as witnesses in initial disclosures, Doc. 198-1, ¶ 13, and the Legislative Leaders will not testify in this matter.  Doc. 191-2, Ex. 7, at 13 (PDF p. 81).

6. <u>Individual Characteristics</u>.  Plaintiffs argue that they should not be deposed because they are minors for whom depositions will be "emotionally harmful."  Doc. 196, at 1.  Plaintiffs' argument relies on a single court decision, *id.* at 4, but even that decision recognized that "[i]t is certainly the case that a minor can be deposed and even testify at trial." *Najera-Aguirre v. Riverside*, No. CV 18-762, 2019 WL 3249613, at *4 (C.D. Cal. Apr. 16, 2019).  Unlike here, the issue before the *Najera-Aguirre* court was whether to permit Defendants to take 27 depositions more than the ten-deposition limit.  *Id.* at *1. Because the minor plaintiffs were not expected to be trial witnesses and the defendants failed to show any "need to depose them for any other particular reason," the court declined to allow the minor depositions to exceed the ten-deposition limit.  *Id.* at *4.

Many courts have rejected arguments like those made by Plaintiffs and allowed depositions of minors to proceed.  *See, e.g., Askew v. City of Plantation*, No. 15-62154-CIV, 2017 WL 11678312, at *1–2 (S.D. Fla. Feb. 6, 2017) (citing cases); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-CV-79, 2015 WL 13908102, at *2 (N.D. W. Va. June 29, 2015) ("Other District Courts have not barred a minor from testifying at a deposition simply because he or she is a minor.").  As one court in the Ninth Circuit explained, "While the Court is sympathetic that these depositions are emotional for the minors involved, the

minors brought the claims in this action and Defendants are entitled to depose them." *A.G.1 v. City of Fresno*, No. 1:16-CV-01914, 2018 WL 2045092, at *1 (E.D. Cal. Apr. 30, 2018); *see also M.M. v. United States*, No. CV 19-631, 2020 WL 4037165, at *3 (C.D. Cal. June 30, 2020).

In contrast, the Legislative Leaders are high-ranking government officials who are protected from deposition by the *Morgan* and apex doctrines. Doc. 198, at 12-15.

As these differences demonstrate, Plaintiffs' objections to the depositions of Doe and Roe reinforce why Plaintiffs should not be permitted to depose the Legislative Leaders. But in the event that the Legislative Leaders' depositions are ordered, the Legislative Leaders have a right to depose Doe and Roe because they filed this lawsuit, raised factual allegations in their complaint and declarations, and identified themselves as witnesses.

## II.     No Specific Examples or Evidence for Protective Order.

Plaintiffs' primary basis for blocking the depositions of Doe and Roe is their claim that the depositions will cause embarrassment, oppression, or undue burden. Doc. 196, at 3-5. Plaintiffs recognize that they have the burden to show "specific prejudice or harm will result if no protective order is granted." *Id.* at 3 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). In this Circuit, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

The Ninth Circuit has signaled that affidavits or specific evidence should be submitted in support of a protective order motion. The Ninth Circuit has approvingly quoted a federal district court decision "requiring party requesting a protective order to provide 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D. Md. 1987)). District courts have rejected

protective orders seeking to block minor depositions when they were not properly supported by evidence. *See Askew v. City of Plantation*, No. 15-62154-CIV, 2017 WL 11678312, at *2 (S.D. Fla. Feb. 6, 2017) (allowing minor's deposition "in light of the absence of any evidence supporting the Plaintiff's assertion that the child would be traumatized by being deposed"); *Graham v. City of New York*, No. 08-CV-3518, 2010 WL 3034618, at *5 (E.D.N.Y. Aug. 3, 2010) ("plaintiff provides no support for his claim that he would become 'unnecessarily upset.' In the absence of any such documentary or other supporting evidence, the asserted concern that J.G. would be unnecessarily upset by defendants' questions is merely speculative.") (internal citation omitted).

Plaintiffs have provided no expert opinion, affidavits, or other evidence that depositions will cause "significant harm" to Doe and Roe. *See* Doc. 198, at 4. Without any evidence, Plaintiffs are merely speculating that the depositions will be "emotionally harmful." *Id.* at 1. Plaintiffs' motion for protective order thus fails because it lacks the "specific examples" and "specific prejudice" required by the Ninth Circuit. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d at 424; *Phillips*, 307 F.3d at 1210–11.

### III. The Legislative Leaders Have Preserved Their Privilege.

Plaintiffs fault the Legislative Leaders for "not even seek[ing] to depose Plaintiffs unless the Court grants Plaintiffs' motion to compel the depositions of Intervenor-Defendants." Doc. 196, at 4 n.4. In Plaintiffs' view, "[i]f Jane and Megan truly had information that was necessary to Intervenor-Defendants' defenses, they would not have made their request 'conditional.'" *Id.*

Not so. In their motion to compel the depositions of the Legislative Leaders, the case Plaintiffs believe is "squarely on point" relied heavily on a Third Circuit decision. *See Mi Familia Vota v. Fontes*, No. CV-22-00509, 2023 WL 8183557, at *2 (D. Ariz. Sept. 14, 2023) (discussing *Powell v. Ridge*, 247 F.3d 520 (3d Cir. 2001)). Plaintiffs also have cited *Powell*. Doc. 191, at 6. The *Powell* court repeatedly emphasized that the state legislators in that case were seeking the ability to "take depositions, but not be deposed." *Powell*, 247 F.3d at 522, 525. The court believed that the legislators were using legislative immunity

as both a sword and shield. *Id.* at 525. Another case cited by Plaintiffs reached the same conclusion. *Singleton v. Merrill*, 576 F. Supp. 3d 931, 940 (N.D. Ala. 2021) ("The Legislators here have the same sword/shield problem.").

By not deposing Plaintiffs or any other party, the Legislative Leaders have avoided the sword and shield issue that concerned the courts in *Powell* and *Singleton*. As Plaintiffs acknowledged in their initial disclosures, Doe and Roe have discoverable information that is relevant to the claims in this litigation. Though that information could be helpful to defending this case, the Legislative Leaders value the legislative privilege and the institutional interests surrounding it slightly more. Thus, the Legislative Leaders have not deposed Doe and Roe and will not do so if the Legislative Leaders are not deposed.

But if the reason for not taking the depositions of Doe and Roe—protecting the legislative privilege—no longer exists, then the Legislative Leaders seek discovery to which they are entitled. *See Graham*, 2010 WL 3034618, at *6 ("the court respectfully finds that granting plaintiffs a protective order unfairly prevents defendants from mounting a vigorous defense to the claims against them").

**IV.    Plaintiffs' Proposed Deposition Limitations Should Be Rejected.**

In the event Doe and Roe are deposed, Plaintiffs seek to prevent the Legislative Leaders from deposing them on three topics relating to treatment, medical records, and misconduct. Doc. 196, at 6-7. Plaintiffs provide no legal authority supporting their request to substantively narrow the depositions on these topics. *Id.*

Courts have rejected protective order requests like Plaintiffs. A district court in the Ninth Circuit denied a plaintiff's request to prevent deposition questions about medical records and mental health. *Hollis v. Bal*, No. 2:13-CV-02145, 2022 WL 1478927, at *3 (E.D. Cal. Apr. 27, 2022), *report and recommendation adopted,* No. 2:13-CV-02145, 2022 WL 3142372 (E.D. Cal. Aug. 5, 2022). Like in *Hollis*, the Plaintiffs "placed [their] medical records and mental health at issue," *id.*, by alleging a disability from gender dysphoria and issues relating to their diagnosis and "medically-prescribed treatment." Doc. 1, ¶¶ 32-33, 45-46, 51-52, 55, 57, 67, 84. "Accordingly, [their] medical records and evidence of [their]

mental health are relevant and within the scope of discovery, . . . ." *Hollis*, 2022 WL 1478927, at *3; *see also Cooey v. Kasich*, No. 2:04-CV-1156, 2011 WL 13302226, at *1 (S.D. Ohio Sept. 20, 2011) (denying protective order and allowing deposition inquiry into an individual's health condition and related treatment). Another court in this Circuit rejected the request, like Plaintiffs make here, Doc. 196, at 6, to block deposition questions that are "inappropriate." *Mills v. Jones*, No. 1:21-CV-01193, 2022 WL 14751447, at *1 (E.D. Cal. Oct. 25, 2022) ("Plaintiff fails to meet his burden as established by the Ninth Circuit in *Phillips*.").

Discovery is permitted on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiffs do not argue that any of the three topics are privileged or not proportional to the needs of this case. Doc. 196, at 6-7. Plaintiffs also do not argue that the first two topics are not relevant. *Id.* at 6.

Plaintiffs' only relevance objection is to the third topic, questions about sexual abuse, assault, or misconduct. Plaintiffs admit that the Legislative Leaders agreed to the limitation that Plaintiffs initially hoped to achieve. Doc. 196, at 6-7. Not satisfied, Plaintiffs now claim, without explanation, that any deposition questions are irrelevant about "inappropriate actions the minor Plaintiffs may have engaged in, such as in locker rooms or other areas." *Id.* at 7. But a governmental interest advanced by the law at issue is providing safety for women in athletics. Doc. 198-1, Ex. B, at 10 (PDF p. 15). Any knowledge that Plaintiffs have, for example, of a biological boy injuring a biological girl during an athletic event or taking any inappropriate action in a sports team's locker room, is relevant to the Legislative Leaders' defense of the law. "Defendants are entitled to seek relevant information from the minors as named Plaintiffs here, and it is not the Court's role to micromanage how Defendants do so by limiting exactly what topics may be discussed at the depositions of three percipient witnesses." *Tate v. City of Chicago*, No. 18-C-7439, 2020 WL 5800817, at *3 (N.D. Ill. Sept. 29, 2020). "As the Court has explained, the primary goal of this protective order is to limit the emotional strain on the minor Plaintiffs,

9

not provide Plaintiffs a strategic or tactical advantage by limiting Defendants to only those subjects that Plaintiffs feel are appropriate or helpful to their own case." *Id.*[2]

Because each topic is not privileged, is relevant, and is proportional to the needs of the case, deposition questioning of Doe and Roe should be permitted without the subject matter limitations demanded by Plaintiffs.

## **CONCLUSION**

The Court should deny Plaintiffs' Motion to Compel, which will render Plaintiffs' Motion for a Protective Order moot. But if it reaches this motion, the Court should deny Plaintiffs' Motion for a Protective Order.

Dated: March 22, 2024                    Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Intervenor-Defendants*

---

[2] Plaintiffs also argue that "[t]here is no evidence or information that minor Plaintiffs have engaged in any improper conduct whatsoever." Doc. 196, at 7. But "[d]epositions are allowed to be exploratory, and a questioning attorney does not have to prove in advance that a line of questioning will definitely yield useful answers, just that the questions are calculated to do so." *Brown v. City of Crescent City*, No. 18-CV-07826, 2021 WL 857694, at *2 (N.D. Cal. Mar. 8, 2021).

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 22, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

                                                                                            */s/ Justin D. Smith*