D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Reply in Support of Motion for Stay Pending Appeal** |

  The Legislative Leaders' motion for stay is substantially uncontested. Plaintiffs do not dispute four of the five *Bauman* factors, three of the Legislative Leaders' clear error arguments, an irreparable harm argument, or the many public interests supporting a stay. Plaintiffs do not distinguish or even cite the controlling Supreme Court and Ninth Circuit cases relied upon by the Legislative Leaders. The Court can grant the motion for stay based entirely on the arguments Plaintiffs do not contest.

  What little Plaintiffs do contest is contradicted by law and facts. The Legislative Leaders have established all factors needed for a stay. The Court should grant it.

# ARGUMENT

## I. The Legislative Leaders Are Likely to Succeed on the Merits.

Plaintiffs do not challenge four of the five *Bauman* factors that the Ninth Circuit will apply to the writ of mandamus. By failing to respond to the Legislative Leaders' arguments on these four factors, Plaintiffs are deemed to have waived these issues. *Scott v. City of Phoenix*, No. CV-09-0875-PHX-JAT, 2011 WL 3159166, at *10 (D. Ariz. July 26, 2011); *see also Touloudjian v. California Dep't of Corr. & Rehab.*, No. 2:20-CV-00520, 2021 WL 4812315, at *6 (C.D. Cal. May 24, 2021) ("Typically, 'failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.'") (citation omitted).

Plaintiffs only contest the clear error *Bauman* factor. Doc. 214, at 2-3. Plaintiffs claim that the Legislative Leaders "have provided no reason for the Ninth Circuit to reach a different outcome here" than in the *In re Toma* decision. *Id.* at 3. But the Legislative Leaders repeatedly did. *See* Doc. 212, at 7-10. For example, *In re Toma* did not involve the *Morgan* doctrine. *See In re Toma*, No. 23-70179, 2023 WL 8167206, at *1 (9th Cir. Nov. 24, 2023). The Legislative Leaders argued that the Court clearly erred by not addressing the Ninth Circuit's "extraordinary circumstances" test and by ruling, without any legal support, that the *Morgan* doctrine did not apply because of intervention. Doc. 212, at 7-9. Plaintiffs do not respond to these arguments, making these uncontested issues for purposes of clear error.

The *In re Toma* decision also did not involve the relevance of legislator motives. *In re Toma*, 2023 WL 8167206, at *1. In fact, the Ninth Circuit noted that the district court "did not explicitly rule" on relevance. *Id.* The Legislative Leaders argued the district court clearly erred by allowing discovery of legislative motives in contravention of Supreme Court authority that "no inquiry may be made concerning the motives or wisdom of a state Legislature acting within its proper powers." *State of Arizona v. State of California*, 283 U.S. 423, 455 n.7 (1931) (citing cases). Plaintiffs do not respond to this argument, making this another uncontested issue for purposes of clear error.

2

Plaintiffs' claim that this case involves the "same questions" as *In re Toma* and *Mi Familia Vota v. Fontes*, 691 F. Supp. 3d 1105 (D. Ariz. 2023), Doc. 214, at 2, is legally and factually incorrect.[1]  Because Plaintiffs do not contest the Legislative Leaders' arguments on the *Morgan* doctrine or relevance, the Legislative Leaders have satisfied the clear error factor.[2]

**II.     The Legislative Leaders Will Suffer Irreparable Harm Without a Stay.**

Based on Supreme Court and Ninth Circuit precedent, the Legislative Leaders identified three forms of irreparable harm they would suffer without a stay.  Doc. 212, at 5-6, 12-13.  Plaintiffs did not respond to the argument regarding "substantial costs imposed on the public interest."  *Perry v. Schwarzenegger*, 591 F.3d 1147, 1158 (9th Cir. 2010) (granting writ of mandamus to block document production).  Because Plaintiffs do not contest this irreparable harm argument, Doc. 214, at 3-4, the Legislative Leaders have satisfied the irreparable harm factor.

Plaintiffs' arguments on the other two forms of irreparable harm also fail.  Plaintiffs claim the case's protective order will prevent irreparable harm.  *Id.* at 3.  The Ninth Circuit already has rejected this argument, ruling that "[a] protective order limiting dissemination of this information will ameliorate but cannot eliminate these threatened harms."  *Perry*, 591 F.3d at 1164.  Plaintiffs present no other argument disputing that disclosure will cause irreparable harm.

Plaintiffs' other argument, dismissing the harm of sitting for a deposition, fares no better.  The Ninth Circuit has explicitly found that the "intrusion of the deposition itself" establishes harm that cannot be corrected on appeal.  *In re U.S. Dep't of Educ.*, 25 F.4th 692, 705 (9th Cir. 2022).  Another recent Ninth Circuit decision also found that compelling testimony constituted irreparable harm.  *In re Kirkland*, 75 F.4th 1030, 1051 (9th Cir.

---

[1] Far from "ignoring" it, Doc. 214, at 2, the Legislative Leaders briefed and argued why *Mi Familia Vota* does not apply to this case.  *See, e.g.*, Doc. 198, at 4 n.1, 6, 8, 9, 11, 13 n.4.

[2] The Legislative Leaders also have shown that the Court clearly erred by ruling they waived the legislative privilege.  Doc. 212, at 10-11.  Plaintiffs do not present any new arguments or cases disputing this.  Doc. 214, at 2-3.

2023). The non-sequitur that the Legislative Leaders somehow "undertook the burden" by intervening, Doc. 214, at 3, does not mean the Legislative Leaders are free from irreparable harm by sitting for a deposition. As the Ninth Circuit found when rejecting the idea that filing a lawsuit automatically subjected a high-ranking official to a deposition, "the executive branch's execution of the laws can be crippled if courts can unnecessarily burden secretaries with compelled depositions." *In re U.S. Dep't of Educ.*, 25 F.4th at 701.

The Legislative Leaders have satisfied the irreparable harm factor.

### III. Issuing a Stay Will Not Substantially Injure Any Other Interested Party.

No defendant opposed the Legislative Leaders' request for a stay. Plaintiffs argue without evidence that The Gregory School, the Kyrene School District, and the Arizona Interscholastic Association would be "benefitted by a swift resolution of these issues to plan for the remainder of Plaintiffs' time in secondary school." Doc. 214, at 4. While this does not come close to establishing substantial injury, these parties could have presented these arguments and any supporting evidence. They did not, and the Court should not credit Plaintiffs' unsupported assertions on their behalf. Thus, the Court only should consider whether Plaintiffs will be substantially injured by a stay.

Plaintiffs will not be substantially injured, and they do not claim any harm other than "unjustifiably prolong[ing] the speedy determination of this case." *See id.* at 4. Plaintiffs recognize that they "are currently protected by the preliminary injunction." *Id.* With this injunction in effect, Plaintiffs do not identify any specific harm a stay will cause them. *See id.* Instead, Plaintiffs merely suggest they "will benefit from a permanent and expedient resolution of this case so that it does not cloud their entire secondary education." *Id.* Plaintiffs "have only cited generic concerns regarding delay and have not identified any specific harms, such as loss of evidence." *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *4 (N.D. Cal. Jan. 11, 2012). From their own conduct, *see, e.g.*, Doc. 185, at 2-4, Doc. 212, at 13, "plaintiffs appear willing to suffer delay if it advances their own interests, which suggests the harm from delay is not that substantial." *Richards*, 2012 WL 92738, at *4.

Plaintiffs have failed to establish that a stay will substantially injure them.

### IV. A Stay Is in the Public Interest.

Plaintiffs do not dispute that the public has an interest in representative democracy, sound public policy, capable public servants, and in upholding state laws and state choices about representation. *Compare* Doc. 214, at 4-5 *with* Doc. 212, at 14-15. These uncontested public interests strongly favor a stay.

Plaintiffs' only public interest argument against a stay is "in ensuring that litigants before this Court are held to the same standard and subject to the same rules, including the rights to discover information and the burdens that come with it." Doc. 214, at 4. Even if this were a true characterization of this situation, which it is not, this would not outweigh the uncontested public interests, such as in representative democracy and sound public policy. Moreover, government officials always have different immunities and privileges—sovereign immunity, legislative privilege, executive privilege, judicial immunity—than private litigants, and respecting these well-established privileges is in the public interest. And just like the Legislative Leaders, Plaintiffs have asserted privileges they possess. *See, e.g.*, Doc. 191-2, Ex. 8, at 3.

The public interest strongly favors a stay.

### CONCLUSION

The Legislative Leaders respectfully request that the Court grant their Motion for Stay Pending Appeal. In the alternative, the Legislative Leaders respectfully request an administrative stay of the order on the motion to compel for 21 days to allow time for the Ninth Circuit to consider a motion to stay and request for administrative stay. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay) ("[A]n administrative stay buys the court time to deliberate."); *see also Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) (granting administrative stay); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Eur. GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *2 (N.D. Cal. July 21, 2017) (noting the Ninth Circuit granted a temporary stay of discovery orders followed by a full stay).

Dated: July 10, 2024

Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Intervenor-Defendants President Petersen and Speaker Toma*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*