**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

On June 20, 2024, this Court granted Plaintiffs' Motion to Compel Discovery and ordered Intervenor-Defendants to produce certain documents and sit for depositions. (Doc. 211.) On June 21, 2024, Intervenor-Defendants filed a Motion for Stay Pending Appeal stating their intention to seek a Writ of Mandamus from the Ninth Circuit Court of Appeals. (Doc. 212.) If their Motion for Stay is denied, Intervenor-Defendants request this Court grant a 21-day administrative stay to allow time for the Ninth Circuit to consider a motion for stay and request for administrative stay. (*Id.*) Plaintiffs oppose the Motion. (Doc. 214.) For the following reasons, the Court will deny Intervenor-Defendants' Motion for Stay Pending Appeal and Request for Administrative Stay.

Mandamus is a "drastic" remedy reserved for "extraordinary situations." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654 (9th Cir. 1977). A petitioner must demonstrate that the "right to issuance of the writ is clear and indisputable." *Bozic v. U.S. Dist. Ct. (In re Bozic)*, 888 F.3d 1048, 1052 (9th Cir. 2018). The Ninth Circuit considers five factors when examining a petition for issuance of a writ of mandamus: whether (1) Petitioners have "no

other adequate means, such as a direct appeal, to attain the relief ... desire[d]"; (2) Petitioners "will be damaged or prejudiced in a way not correctable on appeal"; (3) the "district court's order is clearly erroneous as a matter of law"; (4) the "order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) the "order raises new and important problems, or issues of law of first impression." *Bauman*, 557 F.2d at 654-55. The absence of factor three will always defeat a petition for mandamus. *Sussex v. U.S. Dist. Ct. (In re Sussex),* 781 F.3d 1065, 1071 (9th Cir. 2015).

When considering whether to grant a stay pending appeal, "a court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotation omitted). "[A] movant's failure to satisfy the stringent standard for demonstrating a substantial likelihood of success on the merits is an arguably fatal flaw for a stay application." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020).

The Intervenor-Defendants have not made a substantial showing that they are likely to succeed on a request for the extraordinary relief of mandamus. In granting Plaintiffs' Motion to Compel, the Court concluded that: (1) the Intervenor-Defendants waived their legislative privilege by intervening in this litigation and putting their motives at issue, and (2) the *Morgan* Doctrine, which protects high ranking government officials from being unduly entangled in civil litigation, does not apply to prevent Intervenor-Defendants from being deposed where they voluntarily intervened. (*See* Doc. 211.) The Intervenor-Defendants disagree, re-urging the arguments presented in their Objection to Plaintiffs' Motion to Compel. (*See* Docs. 198, 212.) These arguments have been addressed by the Court and found to be without merit.

Intervenor-Defendants are unlikely to succeed on their claim that Legislative Privilege shields Intervenor-Defendants from producing certain documents and being deposed. As Intervenor-Defendants acknowledge, (Doc. 212 at 3 nt. 1)*,* in a similar case

brought by the same Intervenor-Defendants, the Ninth Circuit ultimately concluded that the district court did not clearly err in determining that the legislators waived their legislative privilege by intervening in the action. *See In re Toma*, 2023 WL 8167206, at *1 (9th Cir. Nov. 24, 2023) (unpublished) (reasoning that the district court could not clearly err where no Ninth Circuit authority prohibited the course taken by the district court).

Intervenor-Defendants are unlikely to succeed on their claim that the *Morgan Doctrine* shields Intervenor-Defendants from being deposed. The *Morgan* doctrine serves to protect high ranking officials from being "unduly entangled" in civil litigation. *In re Gold King Mine Release in San Juan Cnty.*, 2021 WL 3207351, at *2 (D.N.M. Mar. 20, 2021). The underlying rationale of protecting high ranking officials from being forced to participate in litigation is not applicable where the high ranking officials request to and voluntarily insert themselves as a party to a litigation and actively request discovery from other parties. Though Intervenor-Defendants argue that intervention does not affect the *Morgan* doctrine's application, they cite no relevant caselaw that would suggest this Court clearly erred in reaching its conclusion. *See In re U.S. Dep't of Educ.,* 25 F.4th 692, 698 (9th Cir. 2022) ("[T]he district court has erred when [the Ninth Circuit] has already directly addressed the question at issue or when similar cases from [the Ninth Circuit], cases from the Supreme Court, cases from other circuits, the Constitution, or statutory language definitively show us that a mistake has been committed."). Accordingly,

**IT IS ORDERED** that Intervenor-Defendant's Motion for Stay Pending Appeal and Request for Administrative Stay (Doc. 212) is **denied**.

Dated this 12th day of July, 2024.

_____
Jennifer G. Zipps
United States District Judge