**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN DOE, parent and next friend of Jane Doe; JAMES DOE, parent and next friend of Jane Doe; KATE ROE, parent and next friend of Megan Roe; ROBERT ROE, parent and next friend of Megan Roe,<br><br>              Plaintiffs - Appellees,<br><br>  v.<br><br>THOMAS C. HORNE, in his official capacity as State Superintendent of Public Instruction; LAURA TOENJES, in her official capacity as Superintendent of the Kyrene School District; KYRENE SCHOOL DISTRICT; GREGORY SCHOOL; ARIZONA INTERSCHOLASTIC ASSOCIATION INCORPORATED,<br><br>              Defendants - Appellees,<br><br>  v.<br><br>USA WOMEN OF ACTION, doing business as Arizona Women of Action; ANNA VAN HOEK; LISA FINK; AMBER ZENCZAK, | No. 23-3188<br><br>D.C. No.<br>4:23-cv-00185-JGZ<br><br>MEMORANDUM[*] |

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Movants - Appellants.

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 13, 2024[**]
San Fracisco, California

Before: McKEOWN and CHRISTEN, Circuit Judges, and EZRA, District Judge.[***]

Proposed Intervenors Anna Van Hoek, Lisa Fink, Amber Zenczak, and Arizona Women of Action (AWA) appeal the district court's denial of their motion for intervention of right and permissive intervention under Rule 24, Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** "We review the denial of a motion to intervene as of right de novo, with the exception of the timeliness prong, which we review for abuse of discretion." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011). We apply a four-part test to determine intervention of right under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). "[T]he party seeking to intervene bears the burden of showing those four elements are met." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). Here, Proposed Intervenors have not established the second and third requirements. We therefore affirm the denial of intervention of right.

    a.    "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use*, 647 F.3d at 897. We assume for purposes of our analysis that Proposed Intervenors have a legally protectable interest in not competing against transgender girls, *see* Ariz. Rev. Stat. § 15-120.02(B), (E), and that the parents of these girls have the right to sue on behalf of their minor children. But Proposed Intervenors have not established a relationship between these legally protected interests and the specific claims at issue in this litigation because, even if Plaintiffs obtain the as-applied relief they seek in this action, none

of Proposed Intervenors' daughters will compete against Plaintiffs. Van Hoek's daughter plays a different sport than Plaintiffs, and Fink's and Zencak's daughters compete in a different athletic association than Plaintiffs. Zenczak says that "[i]t is possible that my daughters could go to Kyrene School District or Tempe Union School District for better sports opportunities and improved prospects for college sports scholarship opportunities," but her daughters have no plans, let alone concrete plans, to enroll in the Kyrene School District, where Plaintiff Jane Doe plays.

     Proposed Intervenors alternatively contend that they have a protectable interest in this litigation because they supported passage of the Save Women's Sports Act (the "Act") while it was pending before the state legislature. In the past, however, we have applied this principle only to individuals and organizations that played a very significant role "in the enactment of the law or in the administrative proceedings out of which the litigation arose." *Glickman*, 82 F.3d at 837. Proposed Intervenors' involvement in the passage of the Act is not comparable to the involvement of the intervention applicants in those other cases. *See Prete*, 438 F.3d at 952, 955 ("chief petitioner" and "major supporter" of ballot initiative); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1396, 1398 (9th Cir. 1995) (organization that actively supported Endangered Species Act listing, including by "fil[ing] suit to compel a final ruling on the proposed listing");

*Yniguez v. Arizona*, 939 F.2d 727, 732–33 (9th Cir. 1991) ("principal sponsors" of ballot measure); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526–27 (9th Cir. 1983) (organization that "participated actively in the administrative process" establishing a conservation area); *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) (organization that "sponsored the initiative"); *Idaho v. Freeman*, 625 F.2d 886, 887 (9th Cir. 1980) (organization that had been the leading advocate for the Equal Rights Amendment for decades).

Proposed Intervenors' alternative argument that they have a legally protectable interest in this litigation because they have Article III standing fails because they do not, in fact, have standing. First, Van Hoek, Fink, and Zenczak cannot establish injury in fact because, as noted earlier, their daughters will not have to play against transgender girls even if Plaintiffs are successful in this lawsuit. Although Zenczak cites the possibility that her daughters could enroll in the Kyrene School District, where Plaintiff Jane Doe plays, "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992). Second, AWA cannot establish associational standing because it is not comparable to a membership organization, *see Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 344–45 (1977); *Am. Unites for Kids v.*

*Rousseau*, 985 F.3d 1075, 1096 (9th Cir. 2021), and because it has not shown that "at least one of its members would have standing to sue in his own right," *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1105 (9th Cir. 2006).  Proposed Intervenors' reliance on *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701, 718–19 (2007), is misplaced because the parents there faced the very real prospect of being impacted by the facially challenged student assignment policy.

    **b.**    The third requirement for intervention of right is satisfied "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action."  *Berg*, 268 F.3d at 822 (alteration in original) (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment).  Proposed Intervenors contend that they satisfy this requirement because this case could establish unfavorable Ninth Circuit precedent that would apply to them in future litigation involving their daughters.  *See United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1396 (9th Cir. 1992).  Proposed Intervenors, however, have not shown that their continued participation in this case as amici curiae would inadequately protect this interest.  *See Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 532–33 (7th Cir. 1988).

    This case is readily distinguishable from *United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988), upon which Proposed Intervenors rely.  The proposed

intervenors in that case were the residents of the very facility at issue in the litigation, the action would have decided whether the precise conditions to which they were subjected were constitutional, and, due to funding limitations, their exclusion from the action would have precluded them from protecting their interests in separate litigation. *Id.* at 638–39. Here, by contrast, Proposed Intervenors' "interest is abstract and indirect." *See In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 987 (9th Cir. 2008).

In sum, Proposed Intervenors have established neither a relationship between a legally protected interest and the claims at issue in this case nor that disposition of this case would put them at a practical disadvantage in protecting their interests. The district court therefore did not err by denying their motion to intervene of right. Having resolved this issue on these grounds, we need not address Rule 24(a)'s timeliness and adequate representation requirements.

2.   "We review a district court's denial of a motion for permissive intervention for abuse of discretion." *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022). Here, the district court acted within its discretion by denying permissive intervention given the attenuated connection between Proposed Intervenors' interests and the as-applied claims at issue, Proposed Intervenors' ability to participate as amici curiae, and the expectation that existing parties—Superintendent Horne and the Legislators—will continue to

vigorously represent the interests and perspective of cisgender girls who do not want to compete against transgender girls such as Proposed Intervenors' daughters. We reject Plaintiffs' argument that the motion for permissive intervention, filed "at an early stage of the proceedings," *Citizens for Balanced Use*, 647 F.3d at 897, was untimely.

    **AFFIRMED.**