D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
Michael E. Talent, Mo. Bar No. 73339*
Kenneth C. Capps, Mo. Bar No. 70908*
James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
Telephone: (816) 678-2103
Justin.Smith@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jane Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **Intervenor-Defendants' Response to Plaintiffs' Motion to Clarify** |

President of the Arizona State Senate Warren Petersen and Speaker of the Arizona House of Representatives Steve Montenegro (the "Legislative Leaders") are grateful that the Court granted their motion for intervention more than 18 months ago.  The Legislative Leaders already have taken steps to ensure efficiency in summary judgment briefing, and they are willing to work with the Court and Plaintiffs to reduce any perceived inefficiency or burden.  However, the Legislative Leaders oppose Plaintiffs' attempt to reconsider the Court's intervention order.

Plaintiffs' Motion to Clarify (Doc. 267 [hereinafter "Mot."]) does not seek clarification of this Court's intervention order. It cites only one (Doc. 79) of the two orders delineating the scope of the Legislative Leaders' intervention (Docs. 79 and 142), but it does not claim anything in the order is ambiguous. Instead, it simply requests that the Court—in the guise of clarification—require the Legislative Leaders and Superintendent Horne to file a single summary judgment motion.

Plaintiffs' failure to point to anything ambiguous in the Court's intervention order—or even the order itself—is dispositive proof that there is nothing ambiguous about this Court's prior orders: the Legislative Leaders, like any party in this case, can file their own summary judgment motion. Thus, far from being a motion to clarify, Plaintiffs bring a procedurally improper, substantively flawed, last-minute motion for reconsideration of the terms of the Legislative Leaders' intervention. *See* Mot. Given these flaws, clarifying or reconsidering the Legislative Leaders' intervention to limit their participation would run contrary to governing authority recognizing legislative intervention. *See, e.g.*, *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 194-195 (2022); *Mi Familia Vota v. Fontes*, 129 F.4th 691, 707 (9th Cir. 2025) ("Like the North Carolina statute in *Berger* that authorized the North Carolina House Speaker and Senate President to defend North Carolina's state laws on behalf of the State, Arizona Revised Statute § 12-1841(A) authorizes the Legislative Parties to defend Arizona's state laws on behalf of the State.").

Again, the Legislative Leaders are already working with Superintendent Horne to ensure relevant issues are efficiently addressed, and they are willing to work with the Court and Plaintiffs on other options. *See infra* § IV.

## ANALYSIS

**I.    The Court's orders unambiguously permit the Legislative Leaders to file their own summary judgment motion.**

The Legislative Leaders have been full parties to the case since August 22, 2023. On that date, the Court clarified its "intention to allow [the Legislative Leaders] the ability to represent their interests in the entirety of this action." Doc. 142, at 1. That order thus

resolved what the Court left open in its initial order granting the Legislative Leaders permissive intervention: the scope of their intervention. Initially, the Court said it was limiting "at this time" the Legislative Leaders "to presenting argument and evidence in opposition to Plaintiffs' motion for preliminary injunction." Doc. 79, at 9. But on August 22, 2023, the Court made the Legislative Leaders full parties to this case without any restrictions—as evidenced by its order that they participate in the Scheduling Conference, Doc. 142, at 1, which the Legislative Leaders did, *see* Doc. 144, at 1. As a result, the Legislative Leaders became full parties "permitted to litigate fully … ." *LULAC v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997).

As full parties to the case, the Legislative Leaders may file their own summary judgment motion. The Court's August 2023 Scheduling Order confirmed that: "No *party* shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court." Doc. 144, at ¶ 8 (emphasis added). By referring to "party," the Court's order plainly contemplates each party to the case having a right to file a motion for summary judgment.

Finally, allowing the Legislative Leaders to file their own summary judgment motion is consistent with federal court practice. Courts in this district,[1] and across the Ninth Circuit,[2] commonly allow defendants and defendant-intervenors to file separate

---

[1] *See, e.g.*, *Ctr. for Biological Diversity v. EPA*, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023); *Save the Colo. v. U.S. Dep't of the Interior*, 2022 WL 4236250, at *1 (D. Ariz. Sept. 13, 2022); *Town of Colorado City v. United Effort Plan Tr.*, 2013 WL 1932838, at *18 (D. Ariz. May 8, 2013); *FTN Fin. Cap. Mkts. v. Miller Johnson Steichen & Kinnard, Inc.*, 2006 WL 8440480, at *1 (D. Ariz. June 1, 2006); *Nat'l Ass'n of Home Builders v. Norton*, 2001 WL 1876349, at *1 (D. Ariz. Sept. 21, 2001).

[2] *See, e.g.*, *ForestWatch v. U.S. Forest Serv.*, 2022 WL 18356465, at *2 (C.D. Cal. Dec. 5, 2022); *Greater Hells Canyon Council v. Stein*, 2018 WL 3964801, at *1 (D. Or. Aug. 17, 2018); *Schultz Fam. Farms LLC v. Jackson County*, 2015 WL 3448069, at *6 (D. Or. May 29, 2015); *W. Watersheds Project v. Salazar*, 993 F. Supp. 2d 1126, 1131 (C.D. Cal. 2012); *Am. Rivers, Inc. v. NOAA Fisheries*, 2006 WL 1455629, at *1 (D. Or. May 23, 2006); *Siskiyou Reg'l Educ. Project v. Goodman*, 2006 WL 448731, at *2 (D. Or. Feb. 21, 2006); *Nw. Env't Advocs. v. Nat'l Marine Fisheries Serv.*, 2005 WL 1427696, at *11 (W.D. Wash. June 15, 2005); *Rocky Mountain Oil & Gas Ass'n v. U.S. Forest Serv.*, 157 F. Supp. 2d 1142, 1145 (D. Mont. 2000); *Or. Nat. Desert Ass'n v. Dombeck*, 1995 WL 917001, at *1 (D. Or. Aug. 9, 1995)

motions for summary judgment. This Court's orders, as well as caselaw and common practice, thus unambiguously establish the Legislative Leaders' status as separate parties with a right to file their own motion for summary judgment.

Plaintiffs do not argue that there is ambiguity about the terms this Court imposed on the Legislative Leaders' intervention (none) or their right to file a separate summary judgment motion. Rather, Plaintiffs note that this Court has "at least twice" indicated that duplicative briefing is disfavored. Mot. 2–3 (citing Docs. 79 and 111). But that duplicative briefing is disfavored as a general proposition does not mean that the Legislative Leaders cannot file their own summary judgment motion or that duplicative summary judgment briefing will occur. It certainly does not render the Court's order granting the Legislative Leaders intervention ambiguous.

For that matter, Plaintiffs do not even cite the order that they seek to clarify. To be sure, they cite (at 2–3) the Court's initial intervention order, Doc. 79. But they do not discuss the Court's subsequent clarification of Doc. 79 in Doc. 142. Since that is the Court's last word on the scope of the Legislative Leaders' intervention, that is the order that Plaintiffs needed to address. And in any event, the Court's initial intervention order clearly approved of the Legislative Leaders and Superintendent Horne taking independent actions. There, the Court directed the two parties to "confer prior to the hearing to ensure that duplicative evidence and argument will not be presented." Doc. 79, at 9. The premise of such a command is that the two will present their arguments separately—as they did.

The other order that Plaintiffs cite (at 2) is irrelevant. It set a briefing schedule for AWA's motion to intervene and directed AWA to address certain topics in its reply. *See* Doc. 111, at 4. It does not suggest that the Legislative Leaders are anything but full parties to the case with the right to their own summary judgment briefing. What is relevant is the Court's subsequent denial of AWA's motion to intervene. There, the Court confirmed what the Legislative Leaders say here, that it "amended [via Doc. 142] its decision [in Doc. 79] and allowed the Legislators to participate *as a party* to the litigation." Doc. 160, at 2 (emphasis added).

In sum, this Court's orders unambiguously establish that the Legislative Leaders are full parties to this litigation, with the rights of full parties—which includes the right to file their own summary judgment motion.

## II. Plaintiffs fail to show that clarification is required.

That this Court's prior orders clearly permit the Legislative Leaders' participation as full parties with the right to file their own summary judgment motion is underscored by Plaintiffs' failure to show that any relevant order of this Court "has more than one reasonable meaning." *Kisor v. Wilkie*, 588 U.S. 558, 589–90 (2019). They have therefore not put a motion for clarification before this court. The power "to construe and interpret the language of" a prior order is inherent in the "court's power to administer its decrees." *Cdm Holding Grp., LLC v. Tidal Commerce, Inc.*, 2023 WL 5167357, at *1 (C.D. Cal. July 3, 2023) (quoting *SEC v. Hermil, Inc.*, 838 F.2d 1151, 1153 (11th Cir. 1988)). A proper motion for clarification must ask for (1) an explanation of an "ambiguous or vague" order (2) "in a concrete context or particular factual situation." *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168–69 (D.D.C. 2011) (gathering authority).

Plaintiffs fail both requirements. They point to no order that they claim is ambiguous or vague. Indeed, they do not even discuss—much more ask clarification of— the order that they must seek clarification of: this Court's order granting the Legislative Leaders' intervention (*i.e.*, Doc. 142). Furthermore, by not referencing a past order that they claim is ambiguous or vague, Plaintiffs also do "not ask the Court to construe the scope of [an order] by applying it in a concrete context or particular factual situation." *Philip Morris USA Inc.*, 793 F. Supp. 2d at 168. Plaintiffs speculate that the Legislative Leaders and Superintendent Horne will file "duplicative" motions—they say, for instance, that such an event is "very likely" or "highly likely." Mot. 2. Nothing backs up the claim, which is also not true. *See infra* § IV.

Indeed, Plaintiffs have not even filed a motion for clarification. Rather, it appears that they have filed a motion for reconsideration of this Court's order permitting the Legislative Leaders to intervene as full parties. *See Bordallo v. Reyes*, 763 F.2d 1098, 1101

(9th Cir. 1985) (A party's "nomenclature is not controlling.") (quotations omitted).

Plaintiffs' reconsideration request is procedurally and substantively improper. Local Rule 7.2(g) governs such motions, which must "be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). It is far past 14 days from this Court's order providing the Legislative Leaders full intervention (which is also its latest order on the point), which issued on August 22, 2023. *See* Doc. 142, at 2.

Even if it were timely, Plaintiffs fail to provide—much less cite—the contents that Local Rule 7.2(g)(1) requires of a motion for reconsideration. They do not, for example, show "manifest error" or "new facts or legal authority that could not have been brought" to the Court's "attention earlier with reasonable diligence." *Id.* Nor do they "point out with specificity the matters [they] believe were overlooked and misapprehended by the Court, any new matters . . . and the reasons they were not presented earlier, and any specific modifications being sought . . . ." *Id.* "Failure to comply with the requirements of Rule 7.2(g)(1) 'may be grounds for denial of the motion.'" *Taylor v. County of Pima*, 2017 WL 6550602, at *3 (D. Ariz. June 6, 2017) (quoting LRCiv 7.2(g)(1)). Here, it is sufficient grounds. Plaintiffs cannot avoid the requirements of Local Rule 7.2(g), or that such motions "are disfavored and are not the proper means . . . to raise new arguments not stated in their past briefs," *Marquez v. Glendale Union High School District*, 2018 WL 6418540, at *3 (D. Ariz. Dec. 6, 2018), by mislabeling their motion.

**III.   Plaintiffs' request is inequitable.**

Furthermore, Plaintiffs' request that the Court reconsider intervention and force the Legislative Leaders and Superintendent Horne to file a combined brief is inequitable, inconsistent with the course of litigation, and far too late. From the start, the Legislative Leaders and Superintendent Horne have worked cooperatively, but separately. To illustrate: The two filed separate oppositions to Plaintiffs' preliminary injunction motion. *See* Docs. 40, 82. They filed separate Rule 26(a)(1) disclosure statements. *See* Docs. 152, 155. Each has propounded and produced their own discovery and expert witnesses.

Moreover, the Plaintiffs have understood that the Legislative Leaders are separate parties and treated them as such. For example, Plaintiffs deposed the Legislative Leaders by persuading the Court that they had become parties to this litigation. *See* Doc. 211, at 9 ("The purposes underpinning the *Morgan* doctrine simply do not apply when state legislators intentionally insert themselves as a party to the litigation.").

Plaintiffs provide no reason why the Legislative Leaders should be treated differently at the summary judgment stage. The only justification that they provide is judicial economy and efficiency. Mot. 2. But Plaintiffs speculate; they simply assert it is "very likely" or "highly likely" that the Legislative Leaders and Horne will file duplicative briefs. *Id.* But such bare assertions are insufficient. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2017 WL 1394355, at *4 (N.D. Cal. Apr. 7, 2016) (rejecting a similar request because the nonmovant failed to demonstrate "why it was necessary to limit Intervenors to a single brief"). Moreover, the Legislative Leaders and Superintendent Horne have already taken steps to reduce duplication in their summary judgment motions. *See infra* § IV. Furthermore, Plaintiffs could have raised this issue earlier, either at the intervention stage, *see Department of Fair Employment and Housing v. Lucent Technologies, Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (discussing a court's ability to impose conditions on intervention), or at some point in the 18 months since then as the parties and Court have been collaboratively discussing and modifying the case's schedule to ensure sufficient discovery and effective presentation of the issues.

**IV.    The Legislative Leaders are willing to work with the Court and Plaintiffs.**

Before Plaintiffs notified the parties that they would be filing a motion to clarify, the Legislative Leaders and Superintendent Horne already had discussed how to avoid duplicative filings. Under their current plan, the Legislative Leaders would file a motion for summary judgment primarily addressing Plaintiffs' Counts I and III, and Superintendent Horne would file a motion for summary judgment primarily addressing Plaintiffs' Count II. The Legislative Leaders and Superintendent Horne would then incorporate the other's arguments by reference in order to each advance a motion for

summary judgment on all Plaintiffs' claims.

The Legislative Leaders and Superintendent Horne have enjoyed a cooperative relationship to date. Although the Legislative Leaders and Superintendent Horne have not planned a consolidated filing and do not know if they will align on all arguments—for example, the Legislative Leaders moved to dismiss Count III while Superintendent Horne filed an answer, and that issue has not been briefed on appeal—the Legislative Leaders are willing to work in good faith with Superintendent Horne to see if a consolidated motion for summary judgment is possible. To facilitate consolidated filings—if the Court concludes that they are appropriate—the Legislative Leaders respectfully request that the Court double the page limits for a consolidated motion for summary judgment (34 pages); for Plaintiffs' opposition (34 pages); and for the Legislative Leaders' and Horne's consolidated reply (22 pages). The Legislative Leaders do not oppose Plaintiffs receiving the same number of pages for their briefs.

In the event that the Legislative Leaders and Superintendent Horne are not able to submit a consolidated motion and instead file separate motions, the Legislative Leaders do not oppose Plaintiffs filing a single response in opposition to all summary judgment motions filed.

The Legislative Leaders are also willing to discuss other alternatives in good faith in order to reduce any perceived inefficiency or burden on the Court or any party. The Legislative Leaders only ask that their intervention status not be changed, at this late stage, to force them to file a consolidated motion for summary judgment based on a fatally flawed reconsideration attempt.

### CONCLUSION

For these reasons, the Legislative Leaders respectfully request that the Court deny Plaintiffs' Motion to Clarify. However, the Legislative Leaders are willing to work with the Court and Plaintiffs on other case management solutions, such as expanded pages for consolidated briefs or a single response by Plaintiffs in opposition.

Dated: March 17, 2025

Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

/s/ Justin D. Smith_____
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
Michael E. Talent, Mo. Bar No. 73339*
Kenneth C. Capps, Mo. Bar No. 70908*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com
* *pro hac vice*

*Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 17, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

/s/ Justin D. Smith