Colin Proksel (034133)
John S. Bullock (034950)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone:   (602) 640-9000
Facsimile:   (602) 640-9050
Email:       cproksel@omlaw.com
Email:       jbullock@omlaw.com
*Attorney for Plaintiffs*
*Additional counsel listed in signature block*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe; and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>　　　　　Defendants,<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Steve Montenegro, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>　　　　　Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR CONSOLIDATED MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

1    Plaintiffs provide notice of the following supplemental authority in support of their
2    Consolidated Motion for Summary Judgment and Opposition to Defendants' Motion for
3    Summary Judgment (Dkt. 302): *United States v. Skrmetti*, 605 U.S. ___ (2025).

4    *Skrmetti* concerns a challenge to Tennessee's Prohibition on Medical Procedures
5    Performed on Minors Related to Sexual Identity, SB 1, 113th Gen. Assem., 1st Extra. Sess.;
6    Tenn. Code Ann. §68–33–101 *et seq.* (2023) ("SB1"). SB1 bans the use of certain medical
7    treatments for minors. As relevant here, the Supreme Court held that SB1 does not classify
8    based on sex or transgender status. Instead, the Supreme Court held that SB1 classifies
9    based on age (healthcare providers may administer certain medical treatments to
10   individuals ages 18 and older but not to minors) and medical use (healthcare providers may
11   administer puberty blockers or hormones to minors to treat certain conditions but not to
12   treat gender dysphoria, gender identity disorder, or gender incongruence).

13   Because the Supreme Court held SB1 does not classify based on transgender status,
14   the Supreme Court did not consider whether such laws are subject to heightened scrutiny
15   either because they are sex-based or because discrimination based on transgender status
16   warrants heightened scrutiny in its own right. The Court also did not address whether the
17   reasoning of *Bostock v. Clayton County*, 590 U. S. 644 (2020)—that "it is impossible to
18   discriminate against a person for being . . . transgender without discriminating against that
19   individual based on sex"—applies outside the Title VII context. *See Skrmetti*, 605 U.S. at
20   19. The Court also noted that the plaintiffs had not argued that SB1 was "motivated by an
21   invidious discriminatory purpose." Slip Op. 15.

22   *Skrmetti*'s rationale strongly supports Plaintiffs' arguments in their summary
23   judgment briefing. Contrary to the *Skrmettti* Court's analysis of SB1, the Ban does not
24   classify based on age or medical use. Rather, the Ban facially classifies only based on sex
25   and transgender status and at a minimum was enacted because of its disparate impact on
26   transgender girls. *See* Ariz. Statute § 15-120.02(B) ("Athletic teams or sports designated
27   for "females," "women," or "girls" may not be open to students of the male sex."); S.B.
28   1165, 55th Leg., 2d Reg. Sess. (Ariz. 2002), § 2 (A person's sex is determined at

fertilization and revealed at birth or, increasingly, in utero.); Plaintiffs' Consolidated Motion for Summary Judgment ("Plaintiffs' Motion"), ECF No. 302 at 16. As the Ninth Circuit and this Court correctly recognized, the Ban classifies based on transgender status because the Ban intentionally prohibits "only transgender female students . . . playing on teams consistent with their gender identity." *Horne*, 115 F.4th at 1104–05; *see also* PI Order ¶¶ 147–48; Plaintiffs' Motion at 16. In addition, the Ban applies only to transgender *girls* and not to transgender *boys*.

*Skrmetti*'s rationale also supports Plaintiffs' Title IX claim because sex is the but for cause of the Ban's operation. *See Skrmetti*, 605 U.S. at 18-21; see PI Order ¶ 168 ("The Act's classification of all transgender girls as male and its prohibition of students who are "male" from playing on girls' teams, Ariz. Stat. § 15-120.02(B), intentionally excludes all transgender girls, including Plaintiffs, from participating on girls' teams.").

Furthermore, as discussed above, the *Skrmetti* Court noted that the plaintiffs in that case did not argue that SB1 was "motivated by an invidious discriminatory purpose." Slip Op. 15. In contrast, here, substantial evidence supports this Court's prior finding that the Ban reflects an intention to discriminate against transgender persons. *See* PI Order ¶ 162.

For the foregoing reasons, *Skrmetti* supports Plaintiffs' positions in the pending summary judgment briefing.

Respectfully submitted this 25th day of June, 2025.

s/ John S. Bullock
Colin M. Proksel (034133)
John S. Bullock (034950)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com

Email: jbullock@omlaw.com

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.