Justin D. Smith, Mo. Bar No. 63253*
Kenneth C. Capps, Mo. Bar No. 70908*
James Otis Law Group, LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
Telephone: (816) 678-2103
Justin.Smith@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**Intervenor-Defendants' Response to the Court's September 23, 2025 Order** |

Intervenor-Defendants President of the Arizona State Senate Warren Petersen and Speaker of the Arizona House of Representatives Steve Montenegro have proudly and vigorously defended Arizona's Save Women's Sports Act throughout this litigation. The summary judgment record and arguments pending before the Court demonstrate that the Save Women's Sports Act is constitutional and should be upheld. *See, e.g.*, Docs. 283, 317.

Yet like the Court, Intervenor-Defendants recognize the significance of the cases pending before the Supreme Court. *See Little v. Hecox*, No. 24-38 (U.S.); *West Virginia v. B.P.J.*, No. 24-43 (U.S.). Indeed, President Petersen and Speaker Montenegro recently urged the Supreme Court to uphold the laws passed by Idaho and West Virginia. *See* Brief

for *Amici Curiae* President of the Arizona State Senate Warren Petersen and Speaker of the Arizona House of Representatives Steve Montenegro in Support of Petitioners, *West Virginia v. B.P.J.*, No. 24-43 (U.S. Sept. 19, 2025).[1]  Intervenor-Defendants agree with the Court that the Supreme Court "will decide legal issues that will likely have a significant, if not dispositive, effect on this case," Doc. 334, at 1, although Intervenor-Defendants have established that the Save Women's Sports Act is constitutional even under the standards in the Ninth Circuit and Fourth Circuit decisions that the Supreme Court is reviewing.

As the Intervenor-Defendants have consistently argued, *see* Doc. 82, at 17; Doc. 119, at 41-42; Doc. 132, at 12-15; Doc. 185, at 4; Doc. 317, at 28, the State of Arizona and its people will suffer continued irreparable injury from an injunction of the Save Women's Sports Act.  "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (internal quotation omitted). Arizona girls also will suffer irreparable injury because they will be forced to compete against, be displaced by, and risk injury from, biological males in girls' sports.  Plaintiffs already have displaced and dominated girls by winning races, scoring more aces and tips than other team members, making cut-sport teams, and receiving playing time. *See* Doc. 303, at ¶¶ 149-156, 162-165.  Allowing this displacement and domination to continue during a stay will cause further irreparable harm to girls in Arizona.  This irreparable harm could be ended through summary judgment for the Defendants, or by lifting the injunction during a stay. *See Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014) ("a district court may *sua sponte* order or modify injunctive relief").

But if the Court enters a stay with the preliminary injunction still in effect, the Intervenor-Defendants respectfully make two requests.

*First*, any stay should expire when the Supreme Court issues its decisions in both *Hecox* and *B.P.J.* or the traditional last date of the current Supreme Court term, June 30,

---

[1] *Available at* https://www.supremecourt.gov/DocketPDF/24/24-43/375167/20250919112846986_24-43%20Amicus%20Brief.pdf.

2026, whichever is earlier. As of this filing, the Supreme Court has not yet scheduled oral argument in either *Hecox* or *B.P.J.* While the Supreme Court is expected to issue a decision by the end of the October Term 2025, "it is speculative as to when the Supreme Court will reach a decision in the case, and the Ninth Circuit cautions against granting stays for such indefinite periods of time." *Weisbein v. Allergan, Inc.*, No. CV-20-0801, 2020 WL 6555051, at *2 (C.D. Cal. Nov. 6, 2020). The Supreme Court does not always issue decisions after hearing oral arguments, *see, e.g.*, *Moyle v. United States*, 603 U.S. 324, 325 (2024) (dismissing writs of certiorari before judgment as improvidently granted), and Hecox is now seeking to vacate the Ninth Circuit's judgment on mootness grounds, *see* Suggestion of Mootness, *Little v. Hecox*, No. 24-38 (U.S. Sept. 2, 2025). "[L]engthy and indefinite stays place a plaintiff effectively out of court" and "create a 'danger of denying justice by delay.'" *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citation omitted). Intervenor-Defendants thus request that any stay expire when the Supreme Court issues its decisions in both *Hecox* and *B.P.J.* or by June 30, 2026, whichever is earlier.

*Second*, expedited briefing and summary judgment consideration should commence immediately after the stay expires. Intervenor-Defendants respectfully request that any order require that, within fourteen (14) days of the stay's expiration, the parties submit simultaneous supplemental briefs of up to ten (10) pages addressing the Supreme Court's decisions and any other new developments affecting summary judgment. Intervenor-Defendants further respectfully request that the Court, if available, attempt to hold a hearing on the motions for summary judgment within thirty (30) days of the stay's expiration. Plaintiffs, their teammates, coaches, and sports associations deserve to know whether Plaintiffs are eligible to compete in the 2026-27 school sports season before that season begins. To provide this certainty, Intervenor-Defendants separately reserve the right, if necessary, to seek relief from the preliminary injunction if the Supreme Court upholds the Idaho and West Virginia laws, since Plaintiffs almost certainly would no longer be likely to prevail on the merits in this case.

## CONCLUSION

If the Court enters a stay, the Intervenor-Defendants respectfully request that the stay expire when the Supreme Court issues its decisions in both *Hecox* and *B.P.J.* or by June 30, 2026, whichever is earlier. In addition, the Intervenor-Defendants respectfully request that expedited briefing and summary judgment consideration commence immediately after the stay expires: within fourteen (14) days of the stay's expiration, the parties shall submit simultaneous supplemental briefs of up to ten (10) pages addressing the Supreme Court's decisions and any other new developments affecting summary judgment; and within thirty (30) days of the stay's expiration, the Court shall attempt to hold a hearing on the motions for summary judgment.

Dated: October 1, 2025                           Respectfully submitted,

                                                                   JAMES OTIS LAW GROUP, LLC

                                                                   */s/ Justin D. Smith*
                                                                   Justin D. Smith, Mo. Bar No. 63253*
                                                                   Kenneth C. Capps, Mo. Bar No. 70908*
                                                                   530 Maryville Centre Drive, Suite 230
                                                                   St. Louis, Missouri 63141
                                                                   (816) 678-2103
                                                                   Justin.Smith@james-otis.com
                                                                   * pro hac vice

                                                                   *Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 1, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

                                                                                                       */s/ Justin D. Smith*