# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., <br>     Plaintiffs, <br> v. <br> Thomas C Horne, et al., <br>     Defendants. | No. CV-23-00185-TUC-JGZ <br><br> **ORDER** |

On September 23, 2025, the Court ordered the parties to provide their positions on whether the above-captioned case should be stayed pending the Supreme Court's decisions in *Little v. Hecox*, No. 24-38 (U.S.) and *West Virginia v. B.P.J.*, No. 24-43 (U.S.). (*See* Doc. 334.)

A district court, pursuant to its inherent docket management authority, may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *In re PG&E Corp. Secs. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal quotation marks omitted) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Courts consider three non-exclusive factors when deciding whether to issue a docket management stay: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity a party may suffer in being required to go forward; and (3) judicial efficiency, i.e., the orderly course of justice in terms of simplifying or complicating issues, proof, or questions of law. *Id.* at 1085.

1    Defendant Horne does not oppose a stay but requests an expedited case track
2 following the Supreme Court's decision due to the prejudice that would result if the
3 preliminary injunction remains in effect while the case is stayed. (Doc. 335 at 2.)

4    Intervenor-Defendants also argue they, and girls in Arizona, will suffer continued
5 prejudice from the preliminary injunction during the stay. (Doc. 336 at 2.) If the Court
6 enters a stay with the preliminary injunction still in effect, Intervenor-Defendants request
7 that: (1) the stay expire when the Supreme Court issues its decisions in both *Hecox* and
8 *B.P.J.* or June 30, 2026, whichever is earlier; and (2) an expedited briefing and summary
9 judgment consideration commence immediately after the stay expires. (*Id.* at 3.) With
10 respect to the second request, Intervenor-Defendants propose that within 14 days of the
11 stay's expiration, the parties submit supplemental briefs of up to 10 pages addressing the
12 Supreme Court's decisions and any other new developments affecting summary judgment,
13 and within 30 days of the stay's expiration, the Court attempt to hold a hearing on the
14 motions for summary judgment. (*Id.*)

15    Plaintiffs do not oppose a stay. (Doc. 337.) Plaintiffs state that they will not suffer
16 prejudice as a result of a stay and acknowledge that a stay will promote judicial efficiency,
17 at least to some extent. (*Id.* at 2.)

18    Having considered the parties' positions, the Court finds that the benefits of a stay
19 outweigh any prejudice to the parties. The legal issues in *Hecox* and *B.P.J.* will
20 significantly affect the Court's analysis of the motions for summary judgment, and issuance
21 of a stay will serve the interest of judicial efficiency. The preliminary injunction has been
22 the status quo in the case for over two years. Any prejudice to Defendants as a result of the
23 injunction's continuance is minimal. No party claims any other source of prejudice.

24    Accordingly,

25    **IT IS ORDERED** that the above-captioned case is **stayed** pending the Supreme
26 Court's decisions in *Little v. Hecox*, No. 24-38 (U.S.) and *West Virginia v. B.P.J.*, No. 24-
27 43 (U.S.). The stay will expire when the Supreme Court issues its decisions in both *Hecox*
28 and *B.P.J.* If intervening events suggest the Supreme Court will not issue an opinion by the

traditional last date of the current Supreme Court term, June 30, 2026, the parties may request the Court reopen the case.

Within fourteen days of the expiration of the stay, the parties must submit supplemental briefs of up to 10 pages addressing the Supreme Court's decisions and any other new developments affecting summary judgment, and the Court will, subject to availability, attempt to schedule and hold a hearing on the motions for summary judgment within 30 days.

Dated this 2nd day of October, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge