Colin M. Proksel (034133)
John S. Bullock (034950)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
State Bar No. 034133
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Emails:  cproksel@omlaw.com
         jbullock@omlaw.com

*Attorneys for Plaintiffs*
*Additional counsel listed in signature block*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe, and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>Defendants.<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Steve Montenegro, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**PLAINTIFF MEGAN ROE'S MOTION TO REOPEN THE CASE FOR THE LIMITED PURPOSE OF RULING ON PLAINTIFF MEGAN ROE'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND PLAINTIFF MEGAN ROE'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** |

**INTRODUCTION**

Plaintiff Megan Roe has played volleyball at The Gregory School ("TGS") for the past three years. She is now a senior in high school and has completed her final volleyball season. Going forward, she does not desire or intend to play girls' sports—either at the high school or collegiate level—in Arizona and thus is no longer impacted by and therefore does not have standing to challenge the Arizona Save Women's Sports Act (the "Ban"). Megan therefore moves the Court (*i*) to lift the stay implemented in this case for the sole and limited purpose of considering her motion for voluntary dismissal with prejudice under Rule 41(a)(2); and (*ii*) to grant her motion for voluntary dismissal because she has no standing to bring this litigation and therefore the Court no longer has jurisdiction to hear Megan's claim. No Defendant will suffer any legal prejudice due to her dismissal.

**BACKGROUND**

On April 17, 2023, Plaintiffs filed this as-applied challenge to the Ban, alleging that, as applied to them, the Ban violated the Equal Protection Clause of the Fourteenth Amendment, Title IX of the Civil Rights Act, and the Americans with Disabilities and Rehabilitation Acts. The Court granted Plaintiffs' motion for a preliminary injunction on July 20, 2023, (Dkt. 127), and since then, Plaintiffs have both participated on girls' sports teams at their schools.

On September 23, 2025, after summary judgment was fully briefed by both sides, the Court ordered all parties to "submit their positions on whether they will suffer prejudice as a result of a stay" during the Supreme Court's consideration of two cases that the Court believed could have a "significant" effect on the disposition of this case: *B.P.J. by Jackson v. W. Va. State Bd. of Educ.*, 98 F.4th 542 (4th Cir. 2024), *cert. denied sub nom. W. Va. Secondary Sch. Activities Comm'n v. B.P.J. Next Friend Jackson*, 145 S. Ct. 568 (2024), *and cert. granted sub nom. W. Va. v. B. P. J.*, No. 24-43, 2025 WL 1829164 (U.S. July 3, 2025) ("*B.P.J.*"); and *Hecox v. Little*, 104 F.4th 1061 (9th Cir. 2024), *as amended* (June 14, 2024), *cert. granted*, 145 S. Ct. 2871 (2025) ("*Hecox*"). (Dkt. 334.) Plaintiffs did not oppose the stay, though they "reserve[d] all rights to petition the Court for relief to reopen the case should the circumstances in this case . . . change." (Dkt. 337.) On October 2, 2025, the Court stayed the proceedings

pending the Supreme Court's decisions in *B.P.J.* and *Hecox*.  (Dkt. 338.)

On the evening of November 4, 2025, Plaintiff Megan Roe finished her final volleyball season at TGS.  (Declaration of Kate Roe ("K. Roe Decl.") ¶ 6, Declaration of Megan Roe ("M. Roe Decl.") ¶ 7.)  Megan has not tried out for or played any other sport at TGS, and she has no desire or intention to play any other sport in her senior year.  (K. Roe Decl. ¶ 7; M. Roe Decl. ¶ 8.)  She also has no desire or intention to play any school sports in the future in Arizona, including at the collegiate level.  (K. Roe Decl. ¶ 8; M. Roe Decl. ¶ 9.)

On November 6, 2025, Plaintiffs notified Defendants that Megan Roe's volleyball season had ended and of her desire to voluntarily dismiss her claims under Rule 41(a)(1)(A)(ii) because she no longer has standing to bring her case and asked whether Defendants would stipulate to her dismissal pursuant to the requirements of Rule 41(a)(1)(A)(ii).  Plaintiffs also asked whether Defendants would consent to a motion to reopen the case for the sole and limited purpose of filing such a stipulation.  Defendants Horne, TGS, the Arizona Interscholastic Association, Kyrene School District, and Laura Toenjes did not oppose such a motion and would sign a stipulation.  Intervenor-Defendants alone opposed signing a stipulation of dismissal and opposed any motion to reopen the case.

In light of the foregoing, Plaintiffs informed all parties that they intended to move this Court to dismiss Megan from the case with prejudice under Federal Rule of Civil Procedure 41(a)(2), as well as move the Court to reopen the case for the limited purpose of considering the dismissal motion.  Again, all parties except Intervenor-Defendants stated that they had no objection to such a motion.  In addition, Defendant TGS notified Plaintiffs that it intended to join this motion.

**ARGUMENT**

**I.   THE COURT SHOULD GRANT MEGAN'S MOTION TO REOPEN THE CASE FOR THE SOLE AND LIMITED PURPOSE OF DISMISSING HER FROM THE CASE WITH PREJUDICE**

The Court should exercise its inherent docket management authority to temporarily lift the stay imposed in this case for the sole purpose of dismissing Megan Roe from the case with prejudice.  *See Ontiveros v. Zamora*, 2012 WL 13042504, at *2 (E.D. Cal. July 26, 2012)

("The corollary to [the power to stay an action] is the ability to lift a stay previously imposed." (internal quotations omitted)). Megan no longer wants to play on any girls' sports team in Arizona, and thus is no longer subject to the Ban. (K. Roe Decl. ¶¶ 7–8; M. Roe Decl. ¶¶ 8–9.) As discussed in greater detail below, Megan therefore no longer has standing in this litigation and the Court has no jurisdiction to hear her case. Because, with regard to Megan, the "circumstances supporting the stay have changed such that the stay is no longer appropriate," the Court should temporarily lift the stay. *Ontiveros*, 2012 WL 13042504, at *2 (internal quotations omitted) (lifting stay).

## II. THE COURT SHOULD GRANT MEGAN'S MOTION TO VOLUNTARILY DISMISS HER CLAIMS WITH PREJUDICE

The Court should grant Megan's motion to voluntarily dismiss her claims with prejudice under Federal Rule of Civil Procedure 41(a)(2) because she will soon graduate and no longer wishes to play school sports of any kind in Arizona ever again—and thus no longer possesses standing in this matter[1]—and because no Defendant will suffer any "plain legal prejudice" due to her dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.") This is especially true where, as here, the dismissal sought is with prejudice. *See id.* at 976 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion.")

---

[1] Courts have made clear that graduation and completion of a scholastic program makes a claim moot. *See Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (finding a case moot when "named plaintiffs in the action had graduated [because] in these circumstances, it seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners"); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) ("[T]he student-plaintiff already has suffered any injury that would result from the alleged [harm]. Because we cannot remedy the student-plaintiff's injury with injunctive or declaratory relief, the student-plaintiff's claims for those forms of relief are moot.").

Only Intervenor-Defendants object to Megan's dismissal. These parties voluntarily joined this lawsuit, and Megan seeks no injunctive relief against them. Regardless, neither Intervenor-Defendants nor any other Defendant will suffer legal prejudice from the dismissal of Megan's claims. Legal prejudice requires harm to "some legal interest, some legal claim, [or] some legal argument. *Smith*, 263 F.3d at 976. Granting Megan's motion would not change the case's current posture: fully briefed for summary judgment and stayed awaiting the Supreme Court's decisions in *Hecox* and *B.P.J.*

Because Megan's claims are now moot and no Defendant will suffer legal prejudice as a result of her dismissal, the Court should grant Megan's motion for voluntary dismissal.

**CONCLUSION**

For the foregoing reasons, Plaintiff Megan Roe respectfully requests that the Court grant her motions (*i*) to reopen the stay for the sole and limited purpose of considering her motion to voluntarily dismiss; and (*ii*) to voluntarily dismiss all of her claims with prejudice under Fed. R. Civ. P. 41(a)(2).

Respectfully submitted this 19th day of November, 2025

OSBORN MALEDON, P.A.

s/ *John S. Bullock*
Colin M. Proksel (034133)
John S. Bullock (034950)
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com
Email: jbullock@omlaw.com

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email:  jhamid@debevoise.com
Email:  jrassi@debevoise.com
Email:  azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LGBTQ RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF System.

s/ *John S. Bullock*
John Bullock

1  Colin M. Proksel
   OSBORN MALEDON, P.A.
2  2929 North Central Avenue, 21st Floor
   Phoenix, Arizona 85012-2793
3  State Bar No. 034133
   Telephone: (602) 640-9000
4  Facsimile: (602) 640-9050
   Email: cproksel@omlaw.com
5  *Attorney for Plaintiffs*
   *Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe, and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>Defendants.<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Ben Toma, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**DECLARATION OF KATE ROE IN SUPPORT OF MEGAN ROE'S MOTION TO RE-OPEN CASE FOR THE LIMITED PURPOSE OF DISMISSING MEGAN ROE'S CASE** |

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.

I, Kate Roe, declare as follows:

1. I make this declaration of my own personal knowledge, and, if called as witness, could and would testify competently to the matters stated here.

2. I am the mother of Megan Roe, one of the Plaintiffs in this case. My husband, Robert Roe, is Megan's father.

3. In the fall of 2023, Megan played on the girls' junior varsity volleyball team at The Gregory School ("TGS").

4. In the fall of 2024, Megan played on and was the captain of the girls' junior varsity volleyball team at her school. She also played in a few games on the varsity team, but not in all of them.

5. In the fall of 2025, Megan played on the varsity volleyball team at her school.

6. Megan's last volleyball game in the fall 2025 season was the evening of November 4, 2025.

7. Megan has no desire or intention to play any other sport in her senior year.

8. She also has no desire or intention to play any school sports in any manner in the future in Arizona, including at a collegiate level.

9. Accordingly, Megan no longer has any claims in this lawsuit, and I wish that her case be dismissed with prejudice.

This declaration was executed this 18th day of November, 2025, in Tucson, Arizona.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: *Kate Roe*
Kate Roe

1

| | |
|---|---|
| 1 | Colin M. Proksel |
| 2 | OSBORN MALEDON, P.A.<br>2929 North Central Avenue, 21st Floor |
| 3 | Phoenix, Arizona 85012-2793<br>State Bar No. 034133 |
| 4 | Telephone: (602) 640-9000<br>Facsimile: (602) 640-9050 |
| 5 | Email: cproksel@omlaw.com<br>*Attorney for Plaintiffs* |
| 6 | *Additional counsel listed on following page* |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe, and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc.,<br><br>Defendants.<br><br>Warren Petersen, in his official capacity as President of the Arizona State Senate, and Ben Toma, in his official capacity as Speaker of the Arizona House of Representatives,<br><br>Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ<br><br>**DECLARATION OF MEGAN ROE IN SUPPORT OF HER MOTION TO RE-OPEN HER CASE FOR THE LIMITED PURPOSE OF DISMISSING HER CASE** |

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: jrassi@debevoise.com
Email: azimmerman@debevoise.com

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.

I, Megan Roe, declare as follows:

1. I make this declaration of my own personal knowledge, and, if called as witness, could and would testify competently to the matters stated here.

2. I am one of the Plaintiffs in this case.

3. I am currently a senior in high school at The Gregory School ("TGS").

4. In the fall of 2023, I played on the girls' junior varsity volleyball team at TGS.

5. In the fall 2024, I played on and was the captain of the girls' junior varsity volleyball team at my school. I also played in a few games on the varsity team but not in all of them.

6. In the fall of 2025, I played on the varsity volleyball team at TGS.

7. My last volleyball game in the fall 2025 season was the evening of November 4, 2025. This was my last volleyball game in high school.

8. I have no desire or intention to play any other sport this year at school.

9. I also have no desire or intention to play any school sports in any manner in the future in Arizona, including at the collegiate level.

10. Accordingly, I no longer have any claims in this lawsuit, and I wish that my case be dismissed with prejudice.

This declaration was executed this 18th day of November, 2025, in Tucson, Arizona.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: *Megan Roe*

Megan Roe

1