Justin D. Smith, Mo. Bar No. 63253*
Kenneth C. Capps, Mo. Bar No. 70908*
James Otis Law Group, LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
Telephone: (816) 678-2103
Justin.Smith@james-otis.com

*Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>Thomas C. Horne, in his official capacity as State Superintendent of Public Instruction, *et al.*, <br><br>Defendants. | Case No. 4:23-cv-00185-JGZ <br><br>**Intervenor-Defendants' Response to Plaintiff Roe's Motion to Reopen the Case for the Limited Purpose of Ruling on Plaintiff Roe's Motion for Voluntary Dismissal with Prejudice and Plaintiff Roe's Motion for Voluntary Dismissal with Prejudice** |

On October 1, 2025, Plaintiffs told the Court that they "do not oppose the issuance of a stay in this case pending the Supreme Court's decisions" in *B.P.J.* and *Hecox*. Doc. 337, at 2. Plaintiffs confirmed that they "will not suffer prejudice as a result of a stay and acknowledge that a stay will promote judicial efficiency, given that the Supreme Court's opinions in *B.P.J.* and *Hecox* may have some application to the issues in the instant case." *Id.* Although Plaintiffs disagreed that the Supreme Court decisions in those cases would be dispositive in this case, Plaintiffs recognized that "the appropriate time to address any effect of *B.P.J.* and *Hecox* on Plaintiffs' claims is *after* the Supreme Court renders those decisions." *Id.* (emphasis added).

The Supreme Court has not yet ruled in *B.P.J.* or *Hecox*. Indeed, the Supreme Court

will not hold oral argument until January 13, 2026. Yet barely one month after this Court stayed the case pending the Supreme Court's decisions in *B.P.J.* and *Hecox*, Doc. 338, at 2, Plaintiffs suddenly cannot wait until the Supreme Court rules, *see* Doc. 339.

Plaintiffs do not explain why they did not bring this issue to the Court's attention in their October 1 submission—certainly they knew when volleyball season would end. Plaintiffs also do not explain why Roe cannot wait to dismiss until the stay is lifted—recall that Plaintiffs reported that they "will not suffer prejudice as a result of a stay," Doc. 337, at 2, and they do not claim that any prejudice has arisen since October 1. And Plaintiffs do not explain why they cannot wait for the Supreme Court to decide an analogous mootness issue in *Hecox*—after all, the Court entered the stay in the first place to wait for the Supreme Court to decide "factually and legally similar" issues. Doc. 334, at 3.

Because Plaintiff Roe stated that no prejudice will result during the stay, and the Legislative Leaders face potential legal prejudice if Roe is granted dismissal now, the Legislative Leaders respectfully ask the Court to leave the stay in place and address Roe's dismissal after the Supreme Court issues its opinions in *B.P.J.* and *Hecox* and the stay in this case is lifted.

**I.     The reasons for imposing the stay still exist.**

The Court "may lift a stay of litigation when the reasons for imposing the stay no longer exist." *Ralph v. HAJ, Inc.*, No. 17cv1332, 2019 WL 313098, at *2 (S.D. Cal. Jan. 24, 2019). The case cited by Plaintiffs applied the same standard using "circumstances" instead of "reasons." Doc. 339, at 3 (quoting *Ontiveros v. Zamora*, No. CV S-08-567, 2012 WL 13042504, at *2 (E.D. Cal. July 26, 2012)).

In its order staying the case, the Court identified the Supreme Court's resolution of two pending cases as the reason for granting the stay. As the Court explained, "The legal issues in *Hecox* and *B.P.J.* will significantly affect the Court's analysis of the motions for summary judgment, and issuance of a stay will serve the interest of judicial efficiency." Doc. 338, at 2. Roe's volleyball season schedule and Roe's desire to continue playing girls' sports were not reasons or considerations for the stay because Plaintiffs never raised

these issues. *See* Doc. 337. Thus, the reason for imposing the stay in this case still exists.

In fact, the reason for the stay—waiting on the Supreme Court to decide analogous legal issues—applies now more than ever. Like Roe, Plaintiff Hecox recently provided a sworn declaration that Hecox would not attempt to play girls' sports before graduation. *See* Suggestion of Mootness, *Little v. Hecox*, No. 24-38 (U.S. Sept. 2, 2025) ("Hecox Supreme Court Suggestion of Mootness"). Like Roe, Hecox argued that the case was now moot. *See id.* And like Roe, Hecox sought to dismiss the case with prejudice at the district court despite the continued existence of a previously unopposed stay. *See Hecox v. Little*, No. 1:20-CV-00184-DCN, 2025 WL 2917023, at *1-2 (D. Idaho Oct. 14, 2025).[1]

Despite Hecox's attempted dismissal with prejudice and the sworn declaration, the Supreme Court deferred Hecox's mootness request pending oral argument. *See Little v. Hecox*, No. 24-38, 2025 WL 2949566, at *1 (U.S. Oct. 20, 2025). In addition, the District of Idaho struck Hecox's notice of dismissal. *See Hecox*, 2025 WL 2917023, at *6.

These courts declined to immediately dismiss Hecox's case even though Hecox claimed that prejudice would result if the case continued. According to Hecox:

> From the beginning of this case, I have come under negative public scrutiny from certain quarters. I also have observed increased intolerance generally for people who are transgender and specifically for transgender women who participate in sports. I am afraid that if I continue my lawsuit, I will personally be subjected to harassment that will negatively impact my mental health, my safety, and my ability to graduate as soon as possible.

Hecox Supreme Court Suggestion of Mootness, App'x A, at ¶ 7.

---

[1] In its Joinder to Plaintiff Roe's Motion, The Gregory School incorrectly argues (Doc. 340, at 2) that the proper analogy is the stipulated dismissal of a *non-transgender* plaintiff who alleged privacy violations from a provision of Idaho law that has no counterpart in Arizona's Save Women's Sports Act. Doc. 1, *Hecox v. Little*, No. 1:20-cv-184 (D. Idaho Apr. 15, 2020), at ¶¶ 7, 46-50. These are stark differences that render that situation inapplicable here.

Roe does not identify any prejudice that will result if the stay is not lifted and the motion to dismiss is not granted before the Supreme Court issues its rulings in *Hecox* and *B.P.J. See* Doc. 339, at 13 (Decl. of Megan Roe). Of course, Roe could not claim prejudice comparable to Hecox since Roe has proceeded by pseudonym this entire litigation. *See* Doc. 44. Nor does Roe disclaim Plaintiffs' October 1, 2025 position that "Plaintiffs will not suffer prejudice as a result of a stay and acknowledge that a stay will promote judicial efficiency, given that the Supreme Court's opinions in *B.P.J.* and *Hecox* may have some application to the issues in the instant case." Doc. 337, at 2.[2]

The more prudent course of action, as this Court recognized when staying the case, is to wait for the Supreme Court's ruling on analogous legal issues pending before it, including now a mootness issue. The Supreme Court's decision can be applied to this case when the stay is lifted. Based on concerns raised by the Legislative Leaders, Doc. 336, at 3, the only provision for reopening the case prior to the Supreme Court's decisions is "[i]f intervening events suggest the Supreme Court will not issue an opinion by the traditional last date of the current Supreme Court term," Doc. 338, at 2-3. Plaintiffs do not contend that the Supreme Court will not issue an opinion this term. *See* Doc. 339. Nor have Plaintiffs demonstrated prejudice from the stay that they did not oppose, and they have not identified any valid reason to lift the stay prematurely.

**II.   The Legislative Leaders are at risk of legal prejudice from lifting the stay and dismissing Roe's claims.**

Before lifting the stay and dismissing the case, the Court must consider the prejudice to the non-moving defendants. *See Ralph*, 2019 WL 313098, at *2. Legal prejudice includes the "loss of a federal forum" or "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.

---

[2] No other party, including The Gregory School, has claimed that prejudice will result if the stay is not lifted and Roe's claims are not dismissed now. *See* Doc. 340. Indeed, The Gregory School entered a stipulation with Plaintiffs in July 2024 so that The Gregory School "will not be an active participant in this case going forward." Doc. 216, at 1. The combination of the stipulation and the stay protects The Gregory School from any prejudice if Roe is not dismissed right away.

1996).

The Legislative Leaders' petition for a writ of certiorari remains pending before the Supreme Court. *See Petersen v. Doe*, 24-449 (U.S.). Depending on the Supreme Court's resolution of the *Hecox* and *B.P.J.* cases, that petition could be granted to resolve outstanding issues. For example, one of Hecox's arguments for dismissal on mootness grounds is the pending petition from this case. *See* Reply in Support of Suggestion of Mootness, *Little v. Hecox*, No. 24-38 (U.S. Sept. 30, 2025), at 7 ("Regardless, any 'interest' petitioners may have in the issues presented in *Horne* are likely to be answered by *Horne* itself, which is currently pending on a petition for certiorari."). In the alternative, the petition from this case could be granted, the Ninth Circuit's opinion vacated, and the case remanded to the Ninth Circuit in light of the Supreme Court's decisions in *Hecox* and *B.P.J.*[3]

The Legislative Leaders thus will suffer prejudice if actions at the district court affect the Supreme Court's ability to rule on their pending petition for a writ of certiorari. After all, as the district court in *Hecox* recently recognized when it denied Hecox's attempted dismissal, "[a] dismissal at this stage without a vacatur of the Ninth Circuit's related decisions—which this Court does not have the authority to impose and which Hecox does not request—would leave these critical questions in limbo." *Hecox*, 2025 WL 2917023, at *5.

The natural rejoinder would be that another Plaintiff would remain in this case. But conspicuously absent from Plaintiffs' Motion is any reference to Plaintiff Doe. *See* Doc. 339. Assuring the Court and the parties that the case is certain to continue because of Plaintiff Doe would have supported Plaintiffs' Motion, yet Plaintiffs noticeably did not provide that assurance. Even if an assurance in good faith had been provided, Doe's

---

[3] Plaintiffs and The Gregory School complain that only the Legislative Leaders object to dismissal. *See* Doc. 339, at 4; Doc. 340, at 2. But one Supreme Court justice recently opposed vacatur when the parties stipulated to dismissal. *Chapman v. Doe by Rothert*, 143 S. Ct. 857 (2023) (Jackson, J., dissenting) ("Chapman contributed to the mootness of this case insofar as she stipulated to its dismissal.").

1  position could change before the Supreme Court issues its decisions in *Hecox* and *B.P.J.*
2  For example, assuming that Plaintiffs' October 1 filing on the stay was made before Roe
3  decided to no longer play girls' sports or challenge the Save Women's Sports Act, Roe's
4  position changed in approximately one month.

5   It is important for this case to continue until the Supreme Court resolves the
6  Legislative Leaders' petition for a writ of certiorari.  The Legislative Leaders have
7  "defended this case vigorously for years." *Hecox*, 2025 WL 2917023, at *5.  As the district
8  court in *Hecox* recognized when facing similar issues, "[i]t would be fundamentally unfair
9  to abandon the issue now on the eve of a final resolution." *Id.* "[Plaintiffs] (and similarly
10 situated individuals), as well as the citizens of [Arizona], deserve to have these important
11 legal questions answered." *Id.*  Moreover, "what is to prevent another individual from
12 taking up [Plaintiffs'] mantel and bringing an identical suit.  The parties (and the Court)
13 would be back to square one." *Id.* at *5 n.10.

14  The Court can avoid these issues by keeping the stay in place and addressing Roe's
15 dismissal after the Supreme Court issues its decisions in *Hecox* and *B.P.J.*, when the stay
16 is currently set to automatically expire.  No party has claimed that prejudice will result
17 from waiting, but prejudice could result by lifting the stay and dismissing Roe now.

18 **III.   If the Court grants Plaintiff Roe's requests, the Court should impose**
19 **conditions to protect the Legislative Leaders' interests and avoid prejudice.**

20  A voluntary  dismissal at this stage may only be accomplished "on terms that the
21 court considers proper," Fed. R. Civ. P. 41(a)(2), and "dismissal may be conditioned on
22 terms that are proper or necessary to avoid prejudice to the defendant," *United States v.*
23 *Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999), and to "protect the defendant's interests,"
24 *Sayegh v. Automatic Data Processing Inc.* No. CV-24-277, 2025 WL 3096848, at *1 (D.
25 Ariz. Nov. 6, 2025); *see also Bruce v. Teleflora, LLC*, No. CV13-3279, 2014 WL 2710974,
26 at *1 (C.D. Cal. June 16, 2014) (courts faced with motions to dismiss with prejudice should
27 consider "what terms and conditions, if any, should be imposed"). If the Court grants
28 Plaintiffs' request to dismiss Roe with prejudice, the Court should include conditions to

protect the Legislative Leaders' interests and avoid prejudice. At a minimum, following any dismissal with prejudice of Roe's claims, the case must remain stayed as previously ordered by the Court, *i.e.*, no dismissal of Doe until after the Supreme Court issues its decisions in *Hecox* and *B.P.J.* or it becomes clear that the Court will not rule by the traditional last date of the term. Doc. 338, at 2-3.

## CONCLUSION

The Legislative Leaders respectfully request that the Court deny Plaintiffs' Motion and keep the stay in place until the Supreme Court decides *Hecox* and *B.P.J.* In the alternative, the Legislative Leaders respectfully request that the Court impose conditions on a dismissal of Roe's claims with prejudice that include not lifting the stay again prior to the Supreme Court's decisions.

Dated: December 3, 2025                    Respectfully submitted,

                                                        JAMES OTIS LAW GROUP, LLC

                                                        */s/ Justin D. Smith*
                                                        Justin D. Smith, Mo. Bar No. 63253*
                                                        Kenneth C. Capps, Mo. Bar No. 70908*
                                                        530 Maryville Centre Drive, Suite 230
                                                        St. Louis, Missouri 63141
                                                        (816) 678-2103
                                                        Justin.Smith@james-otis.com
                                                        * pro hac vice

                                                        *Attorneys for Intervenor-Defendants President Petersen and Speaker Montenegro*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 3, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

                                                                                */s/ Justin D. Smith*