1  Colin M. Proksel (034133)
2  John S. Bullock (034950)
   OSBORN MALEDON, P.A.
3  2929 North Central Avenue, 21st Floor
   Phoenix, Arizona 85012-2793
4  State Bar No. 034133
5  Telephone: (602) 640-9000
   Facsimile: (602) 640-9050
6  cproksel@omlaw.com
7  jbullock@omlaw.com

8  *Attorneys for Plaintiffs*

9  *Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Jane Doe, by her next friend and parents Helen Doe and James Doe, and Megan Roe, by her next friend and parents, Kate Roe and Robert Roe, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Horne in his official capacity as State Superintendent of Public Instruction; Laura Toenjes, in her official capacity as Superintendent of the Kyrene School District; Kyrene School District; The Gregory School; and Arizona Interscholastic Association Inc., <br><br> Defendants. <br><br> Warren Petersen, in his official capacity as President of the Arizona State Senate, and Steve Montenegro, in his official capacity as Speaker of the Arizona House of Representatives, <br><br> Intervenor-Defendants. | Case No. 4:23-cv-00185-JGZ <br><br> **PLAINTIFF MEGAN ROE'S REPLY IN FURTHER SUPPORT OF HER MOTION TO REOPEN THE CASE FOR THE LIMITED PURPOSE OF RULING ON HER MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND HER MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** |

# INTRODUCTION

Intervenor-Defendants' response strains to avoid three essential points: Megan Roe's claims are now moot, the court no longer has jurisdiction to hear her case, and her dismissal with prejudice will neither hinder the Court's ability to resolve the pending summary judgment motion on a full record nor result in any prejudice to Intervenor-Defendants. Rather than address these issues, Intervenor-Defendants speculate about future legal harms, cite inapposite proceedings in *Hecox*, and attempt to impose on Megan a nonexistent burden to demonstrate prejudice from remaining in the case. None of these arguments is persuasive. Because Megan has finished her school sports career in Arizona and has no intention of participating in school sports in Arizona in the future, including in higher education, the Court should lift the stay for the limited purpose of granting her motion for dismissal under Rule 41(a)(2).

# ARGUMENT

## I. THE REASONS FOR THE STAY NO LONGER APPLY TO MEGAN

Intervenor-Defendants' opposition offers no reason why the Court should not exercise its inherent docket management authority to temporarily lift the stay for the limited purpose of dismissing Megan from the case with prejudice. Intervenor-Defendants assert that the reasons for which the Court originally imposed the stay "still exist," but ignore that Megan's claims are moot: her high school athletic career has concluded and she has no intention of playing school sports in Arizona again. (Intervenor-Defendants' Response to Plaintiff Roe's Motion to Reopen the Case for the Limited Purpose of Ruling on Plaintiff Roe's Motion for Voluntary Dismissal with Prejudice and Plaintiff Roe's Motion for Voluntary Dismissal with Prejudice ("Resp.") at 2.) The reasons for the stay—to serve the interests of judicial efficiency by allowing the Court to benefit from the Supreme Court's rulings in *B.P.J.* and *Hecox* before ruling on the parties' fully-briefed summary judgment motions—no longer apply to Megan. Intervenor-Defendants rely on the district court's decision in *Hecox v. Little*, which struck plaintiff's voluntary notice of dismissal under Rule 41(a)(1)(A)(i) while proceedings in that court were stayed pending the Supreme Court's grant of *certiorari*. 2025 WL 2917023 (D.

Idaho Oct. 14, 2025). But *Hecox* is inapposite. There, the court addressed whether a plaintiff could file a self-executing notice of dismissal while a stay was in place without first moving to lift the stay—a decision the court emphasized was "based on the unique circumstances in [that] case." *Id.* at *6. Here, by contrast, Megan has moved to lift the stay for the limited purpose of seeking dismissal under Rule 41(a)(2), which requires court approval. The *Hecox* court itself grounded its ruling in the court's "inherent power to control [its] docket," *id.* at *4—the same authority that supports granting Megan's motion here.

## II.     INTERVENOR-DEFENDANTS HAVE NOT DEMONSTRATED THAT THEY WILL SUFFER PLAIN LEGAL PREJUDICE

The Court should grant Megan's motion to voluntarily dismiss her claims with prejudice because Intervenor-Defendants have not identified any "plain legal prejudice" they will suffer if she is dismissed. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."). Instead, they speculate about future harms, cite *Hecox* again, and attempt to shift their burden to Megan. None of these arguments is persuasive.

*First*, Intervenor-Defendants do not dispute that dismissing Megan from this case with prejudice will "not change the case's current posture: fully briefed for summary judgment and stayed awaiting the Supreme Court's decisions in *Hecox* and *B.P.J.*" (Plaintiff Megan Roe's Motion to Reopen the Case for the Limited Purpose of Ruling on Plaintiff Megan Roe's Motion for Voluntary Dismissal with Prejudice and Plaintiff Megan Roe's Motion for Voluntary Dismissal with Prejudice ("Mot.") at 4.) Instead, they assert that dismissing Megan's claims puts them "at risk of legal prejudice" should a series of three speculative events occur: (1) the Supreme Court grants *certiorari* in this case; (2) Plaintiff Jane Doe moves to dismiss her claims while that case is pending; and (3) this Court grants Jane's motion. (Resp. at 4–6.) Speculation does not constitute "plain legal prejudice." *Sayegh v. Automatic Data Processing Inc.*, 2025 WL 3096848, at *3 (D. Ariz. Nov. 6, 2025) ("[S]peculation cannot

provide the bases for a finding of legal prejudice"); *see also Plastronics Socket Partners Ltd. v. HighRel Inc.*, 2020 WL 377130, at *4 (D. Ariz. Jan. 23, 2020) (granting voluntary dismissal without prejudice under Rule 41(a)(2) in part because defendants' claim for plain legal prejudice, including that plaintiff was attempting to dismiss to "avoid a near certain adverse ruling" was "entirely speculative").

*Second*, *Hecox*—is neither "analogous" nor "similar" to this case. (Resp. at 4, 6.) In *Hecox*, the Supreme Court has granted *certiorari* and will hear that case this term. Here, the Court stayed the case not because the Supreme Court is considering Megan's or Jane's case, but because the Supreme Court's decisions in *B.P.J.* and *Hecox* might inform the disposition of this case. (Dkts. 334, 338.) Megan's dismissal will not interfere with the Court's ability to benefit from those decisions.

The posture of *Hecox* is also different. Dismissing plaintiff Hecox—the only remaining plaintiff in that case—would moot the entire case and require the Supreme Court to vacate the Ninth Circuit opinion.[1] Here, Plaintiff Jane Doe remains in the case.[2] Unlike in *Hecox*, dismissing Megan will not "abandon" any issue or leave Arizona without resolution as to the constitutionality of the Ban. (Resp. at 6.)[3] The core dispute in *Hecox*—whether the plaintiff is attempting to avoid an unfavorable Supreme Court ruling and whether defendants have an interest in having the Ninth Circuit decision reversed—has no bearing here.

---

[1] Contrary to Intervenor-Defendants' assertion, Megan has never argued here that "the *case* [is] now moot." (Resp. at 3 (emphasis added)). She instead argues that her *claims* are moot.

[2] Intervenor-Defendants insinuate that Plaintiffs were required to "provide [an] assurance" that Jane will remain in the case while at the same time confusingly arguing that such an assurance would be of little value because her plans could still change in the future. (Resp. at 5–6.) Regardless, the only appropriate time for the Court to consider the impact of Jane's dismissal from the case would be if Jane were to seek to dismiss her case.

[3] Further, while Intervenor-Defendants assert that they would be "back to square one" if the Court somehow dismissed both Megan and Jane as Plaintiffs, Megan's and Jane's as-applied challenge never "prevent[ed] another individual from taking up [the] mantel [sic] and bringing an identical suit." (Resp. at 6.)

3

*Third*, Intervenor-Defendants' assertion that *Megan* must demonstrate prejudice if she is not dismissed (Resp. 4, 6) turns the standard for voluntary dismissal on its head. *Smith*, 263 F.3d at 975 (requiring a defendant, not the plaintiff, to demonstrate plain legal prejudice). Regardless, the Court should consider the impact of forcing Megan—a transgender youth subject to potential harassment, bullying, and discrimination—to remain in litigation she no longer wishes to pursue, lacks standing to bring, and over which the Court lacks jurisdiction.

## CONCLUSION

For the aforementioned reasons, the Court should grant Plaintiff Megan Roe's Motion to Reopen the Case and Motion for Voluntary Dismissal.

Respectfully submitted this 10th day of December, 2025

*/s/ John S. Bullock*
Colin M. Proksel (034133)
John S. Bullock (034950)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
Email: cproksel@omlaw.com
Email: jbullock@omlaw.com

Jyotin Hamid*
Justin R. Rassi*
Amy C. Zimmerman*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email:  jhamid@debevoise.com
Email:  jrassi@debevoise.com
Email:  azimmerman@debevoise.com

4

Amy Whelan*
Rachel Berg*
NATIONAL CENTER FOR LGBTQ RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Telephone: (415) 343-7679
Facsimile: (415) 392-8442
Email: awhelan@nclrights.org
Email: rberg@nclrights.org

*Admitted pro hac vice.

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF System.

                                            */s/ John S. Bullock*
                                            John S. Bullock