**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Doe, et al., | No. CV-23-00185-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas C Horne, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Megan Roe's Motion to Reopen the Case to rule on her Motion for Voluntary Dismissal with Prejudice. (Doc. 339.)

On October 2, 2025, the Court stayed this case pending the Supreme Court's decisions in *Little v. Hecox*, No. 24-38 (U.S.) and *West Virginia v. B.P.J.*, No. 24-43 (U.S.). (Doc. 338.) On November 4, 2025, Megan's final volleyball season ended, and she asserts she has no intention to play other school sports in Arizona, including in college. (Doc. 339 at 3.) Plaintiffs sought consent from all parties to stipulate to dismissal of Megan's claims under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). All parties except Intervenor-Defendants consented. Thus, Megan's Motion seeks dismissal with prejudice by court order under Rule 41(a)(2). (*Id.*)

I.  **Motion to Lift Stay**

The Court's inherent authority to manage its own docket includes the power to stay proceedings. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). The power to grant a stay includes the power and discretion to lift that stay. *See Thomas v.*

*Home Depot USA Inc.*, No. C06-02705 MJJ, 2007 WL 2140917, at *1 (N.D. Cal. July 25, 2007). The conclusion of Megan's participation in school sports warrants lifting the stay to consider her Motion for Voluntary Dismissal.

## II. Motion for Voluntary Dismissal

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Plain legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Uncertainty because a dispute remains unresolved or subject to potential future litigation is not plain legal prejudice. *Lenches*, 263 F.3d at 976.

Intervenor-Defendants fail to show plain legal prejudice would result from dismissing Megan's claims. Intervenor-Defendants argue they *could* suffer legal prejudice if the entire case were dismissed prior to a final resolution. (Doc. 341 at 5–6.) Even if that were true, Plaintiffs do not seek to dismiss Jane Doe's claims,[1] and "speculation cannot provide the bases for a finding of legal prejudice." *See Sayegh v. Automatic Data Processing Inc.*, No. CV-24-00277-PHX-SMB, 2025 WL 3096848, at *3 (D. Ariz. Nov. 6, 2025). The risk of Megan bringing her claims in a future lawsuit does not amount to plain legal prejudice and, in any event, the risk is eliminated because she seeks dismissal of her claims with prejudice.

Intervenor-Defendants cite the district court's denial of the plaintiff's notice of voluntary dismissal in *Hecox v. Little* for support. *See* No. 1:20-CV-00184-DCN, 2025 WL 2917023 (D. Idaho Oct. 14, 2025). However, that decision's reasoning is not applicable in the context of the instant Motion. There, the plaintiff argued a voluntary dismissal notice under Rule 41(a)(1)(A)(i) was self-executing regardless of the stay, dismissal would have applied to the entire case, and the Supreme Court had granted certiorari in that case. *See*

---

[1] Plaintiffs' Title IX claim applies only to Jane. (*See* Doc. 302 at 32 & n.6.) Therefore, if Megan is dismissed, all three counts alleged in the Complaint and briefed for summary judgment will remain pending.

*id.* Here, Megan seeks voluntary dismissal by court order under Rule 41(a)(2), Jane will remain in the case if Megan's claims are dismissed, and Intervenor-Defendants' petition for a writ of certiorari remains pending.

Intervenor-Defendants will suffer no legal prejudice from Megan's dismissal from the case, and the Court will grant her Motion.

### III.   Conclusion

If Megan's claims are dismissed, Intervenor-Defendants request the Court impose the condition that the stay will not be lifted again until after the Supreme Court issues decisions in *Hecox* and *B.P.J.*, including for the purpose of dismissing Jane Doe's claims. The Court declines to impose such a condition at this time.

Accordingly,

**IT IS ORDERED**

1. Plaintiff Megan Roe's Motion to Reopen the Case for the Limited Purpose of Ruling on Plaintiff Megan Roe's Motion for Voluntary Dismissal with Prejudice and Plaintiff Megan Roe's Motion for Voluntary Dismissal with Prejudice (Doc. 339) is **granted.**

2. The stay is lifted for the limited purpose of ruling on Plaintiff Roe's Motion for Voluntary Dismissal and is reinstated following the issuance of this Order.

3. Plaintiff Megan Roe's claims are **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2).

Dated this 13th day of February, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge